UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EMILE MAZLOUM,                      )
                                    )
            Plaintiff,              )   Civil Action No. 1:06 CV 00002
                                    )   (JDB)
       v.                           )
                                    )
DISTRICT OF COLUMBIA                )
METROPOLITAN POLICE                 )
DEPARTMENT, *et al.*,               )
                                    )
            Defendants.             )
_____)

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Pursuant to Rules 26(d), 33(a), and 33(b)(3) of the Federal Rules of Civil Procedure and Local Rule 7(b), plaintiff Emile Mazloum ("Mazloum"), by his undersigned attorneys, respectfully moves this Court for leave to seek expedited discovery from certain defendants before or at the time their answers are filed.

Plaintiff specifically asks this Court for (a) permission to immediately serve defendants the District of Columbia (the "District") and Night and Day Management, LLC with interrogatories intended solely to elicit the true names and addresses of the "John Doe" defendants named in the Complaint; (b) an expedited interrogatory response time of seven business days; and (c) an expedited time of five business days for defendants to respond to this motion. A copy of the proposed order accompanies this motion, along with the proposed interrogatory requests.

**PRELIMINARY STATEMENT**

On the night of March 11-12, 2005, Plaintiff Emile Mazloum was beaten by two off-duty police officers and a bouncer at Fur Nightclub (the "Nightclub") due to his Arab heritage. As a result, he filed the present lawsuit on January 4, 2006 against the Nightclub, the District, and several other individuals who were involved in the incident, including on-duty uniformed police, off-duty police, and Nightclub personnel.[1] The Complaint names all of the individual defendants except (i) the second off-duty police officer who beat him (John Doe #2), (ii) the Nightclub's bouncer who beat him (John Doe #1), (iii) the two uniformed police officers who arrived on the scene yet refused to take Mazloum's complaint (John Doe #3 and John Doe #4), and (iv) the second manager of the Nightclub (John Doe #5). Because Mazloum does not know those defendants' names, he was forced to identify such defendants as "John Does."

Two of Mazloum's causes of action, assault and battery and violation of the D.C. Human Rights Act ("DCHRA"), have one-year statutes of limitations. If Mazloum cannot learn the true identities of the Doe defendants in time to amend the Complaint and then serve those individuals prior to March 11, 2006, the statutes of limitations will run, barring his claims. Therefore, Mazloum seeks leave through this motion to take limited expedited discovery, in the form of two discrete interrogatories each directed at the District and Night and Day Management, LLC (owner of the Nightclub) so that he may amend the Complaint and properly serve the Doe defendants in time.

Pursuant to Local Rule 7(m), Plaintiff's counsel raised the possibility of obtaining on an expedited basis the information sought in the proposed interrogatories with counsel for the District in a telephone call on January 26, 2006 relating to the District's dilatory request for an extension of

---

1 Mazloum is aware the District has asserted that named defendant the D.C. Metropolitan Police Department, as a District agency, is *sui non juris*. Plaintiff named the MPD as a defendant out of an abundance of caution, as it appears that doing so is mandated by certain statutes underlying Plaintiff's causes of action.

time to file its answer in this matter. Counsel for the District was noncomittal as to their ability to obtain the information, and did not respond substantively to Plaintiff's proposal that the District seek to obtain this information in five business days. Accordingly, Plaintiff is compelled to seek the relief herein by motion.[2]

## ARGUMENT

A party upon whom interrogatories are served normally has 30 days to answer under Rule 33(b)(3), although a court may direct a shorter response time. *See* Fed. R. Civ. P. 33(b)(3). But, under normal circumstances, parties cannot even engage in written discovery so early into a lawsuit, before the initial Pretrial Conference. Rather, a party must obtain leave of court to serve interrogatories prior to the time the parties meet and confer as required by Rule 26(f). *See* Fed. R. Civ. P. 26(d), (f), 33(a). Upon filing a motion seeking such leave, an opposing party normally has 11 days to respond to the motion under Local Rule 7(b); however, this Court may order a shorter response time.

This Court has recognized two parallel legal tests for determining whether expedited discovery is appropriate—the *Notaro* test and the "reasonableness" test. *See In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 142 (D.D.C. 2005).[3] Under the *Notaro* test, the plaintiff must demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury the

---

[2] Defendant Night and Day Management LLC has not yet entered an appearance in this case nor has it answered. Plaintiff nevertheless contends that this Court should enter the relief it seeks against Night and Day and permit Plaintiff to serve the limited expedited discovery as soon as that defendant appears or answers (which must occur soon if Night and Day is to avoid entry of a default judgment).

[3] As neither test seems to be predominant in this Court, expedited discovery is warranted if the movant can meet one of them. *See Fannie Mae*, 227 F.R.D. at 142 (denying motion after finding that "expedited discovery is inappropriate under

defendant will suffer if the expedited relief is granted. *See Fannie Mae*, 227 F.R.D. at 142 (citing *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)). Under the "reasonableness" test, a court "should decide the motion based on the reasonableness of the request in light of all of the surrounding circumstances." *Fannie Mae*, 227 F.R.D. at 142 (internal quotation omitted). Factors the court will consider include: (1) whether a preliminary injunction is pending; (2) the breadth of discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *See id.* at 143 (internal citation omitted).

1. **Without obtaining the names of John Does 1 through 5 on an expedited basis, two of Mazloum's claims may become barred by statutes of limitations.**

    Count II of Mazloum's Complaint alleges a cause of action for assault and battery against, *inter alia*, John Doe #1 (the Nightclub's bouncer) and John Doe #2 (the second off-duty police officer involved with named defendant Ramirez in the beating of Plaintiff). The statute of limitations for assault and battery is one year. D.C. Code § 12-301(4) (2001). Count V of Mazloum's complaint alleges a cause of action under the DCHRA against all defendants, including John Does 1-5. The statute of limitations under the DCHRA is also one year. D.C. Code § 2-1403.04(a) (2002). Therefore, the limitations periods for Mazloum's assault and battery and DCHRA claims will run on March 11, 2006.

    Without obtaining the names and addresses of the Doe defendants on an expedited basis, Mazloum would have to proceed via a typical discovery schedule, which would not even commence until after a Rule 26(f) conference. Thus, the likely earliest date by which Mazloum would obtain answers to interrogatories aimed at disclosure of the John Does' names would occur well past the March 11, 2006 date upon which the statutes of limitations will run.

either test").

If Mazloum is unable to amend his Complaint to include the true names and addresses of the Doe defendants and then serve them prior to March 11, 2006, there is a serious risk that these two claims will be time-barred as to the John Doe defendants. An amended complaint will relate back to the date of the original pleading only if the party against whom a claim is asserted "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits." Fed. R. Civ. P. 15(c)(3)(A). *See Jackson v. District of Columbia*, No. 85-1339, 1987 WL 16332, at *2-3 (D.D.C. 1987) (allowing amended complaint replacing "Doe" defendants with the actual names to relate back to original complaint because defendants had received notice prior to running of limitations period). *Cf. Bruce v. Smith*, 581 F.Supp. 902, 909 (W.D.Va. 1984) (holding amended complaint did not relate back where plaintiff failed "to come before the Court and request expedited discovery in order that she may have secured the names of the unknown officers prior to the running of the two year limitations period"). If Mazloum is not able to amend his Complaint until after the limitations periods run, such an Amended Complaint would not be allowed to relate back to the original Complaint, and his claims will be barred (unless prior to the end of the limitations period the newly-named defendants somehow actually receive notice of the action against them, which is out of Mazloum's control, as at present he cannot identify them to effect such notice and cannot be expected to rely on the currently-named defendants to do so for him).

**2.      Under the circumstances, Mazloum should be allowed expedited discovery.**

The requested expedited discovery is appropriate under either applicable test. First, applying the *Notaro* test, there is a serious risk Mazloum will suffer irreparable injury if he is unable to name the Doe defendants in an amended complaint prior to March 11, 2006. In addition, Mazloum's complaint contains extensive factual support and certainly demonstrates at least "some" probability of success on the merits. There is also a strong connection between taking the requested expedited

5

discovery and avoiding irreparable injury, because permitting the first will diminish the likelihood of the second. Finally, whereas the harm to Mazloum if he is unable to obtain the names is great (he could lose two of his claims), having to comply with this very limited expedited discovery would hardly inconvenience the defendants (they would merely have to answer two discrete interrogatories, a duty the discovery rules would obligate them to perform in any case).

Mazloum also meets the "reasonableness" test for expedited discovery. Mazloum must amend his complaint to name the Doe defendants prior to the running of the statutes of limitations. The breadth of Mazloum's expedited discovery requests is very narrow, as he is seeking merely the names and addresses of the five unnamed defendants. Mazloum's purpose in seeking expedited discovery is not to burden or harass the already-named defendants, but merely to ensure he may pursue legitimate claims against those defendants, without losing them due to statutes of limitations. As noted above, the burden on the affected defendants to comply with this very limited expedited discovery inquiry is very low – whereas requiring Mazloum to adhere to the usual discovery time period could completely eliminate two of Mazloum's claims.

## **CONCLUSION**

Accordingly, to avoid prejudicing the plaintiff, this motion for expedited discovery should be granted and the proposed order entered.

Dated: January 27, 2006				/s/_____
					Brian H. Corcoran (Bar No. 15268)
					Katten Muchin Rosenman LLP
					1025 Thomas Jefferson St., NW
					Suite 700 East Lobby
					Washington, D.C. 20007
					Ph: (202) 625-3500
					Fax: (202) 298-7570
					Brian.Corcoran@kattenlaw.com

					Susan Huhta (Bar No. 453478)
					Warren R. Kaplan (Bar No. 034470)
					Washington Lawyers' Committee for
					Civil Rights and Urban Affairs
					11 Dupont Circle, NW
					Suite 400
					Washington, D.C. 20036
					Ph: (202) 319-1000
					Fax: (202) 319-1010
					Sue_Huhta@washlaw.org
					Warren_Kaplan@washlaw.org

					Attorneys for Plaintiff
					Emile Mazloum

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2006, I caused a true copy of the foregoing Motion of Emile Mazloum for Expedited Discovery to be served by ECF notice and first-class mail upon the following:

Robert J. Spagnoletti, Esq.
Attorney General for the District of Columbia

George C. Valentine, Esq.
Deputy Attorney General
Civil Litigation Division

Nicole L. Lynch, Esq.
Section Chief
General Litigation § II

E. Louise R. Phillips, Esq.
Assistant Attorney General
441 4th Street, N.W., sixth Floor South
Washington, D.C. 20001
(202) 724-6519, (202) 724-6669

Counsel for Defendant District of Columbia

/s/_____
Brian H. Corcoran