UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EMILE MAZLOUM,                      )
                                    )
       Plaintiff,              )   Civil Action No. 1:06 CV 00002
                                    )      (JDB)
  v.                                )
                                    )
DISTRICT OF COLUMBIA                )
METROPOLITAN POLICE                 )
DEPARTMENT, et al.,                 )
                                    )
       Defendants.             )
_____ )

**PLAINTIFF'S EXPEDITED INTERROGATORIES TO
DEFENDANT NIGHT AND DAY MANAGEMENT, LLC**

Plaintiff, Emile Mazloum ("Mazloum"), by his undersigned attorneys, pursuant to Rule 33 of the Federal Rules of Civil Procedure and this Court's Order, requests that the Defendant Night and Day Management, LLC answer the following interrogatories under oath, within five (5) business days of receipt.

**INSTRUCTIONS AND DEFINITIONS**

In the Interrogatories below, the following definitions shall apply:

    All/Each.    The terms "all" and "each" shall be construed as all and each.

    And/Or.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    Mazloum.    The term "Mazloum" means Emile Mazloum.

<u>Fur Nightclub</u>. The term "Fur Nightclub" means the night club located at 33 Patterson Street, N.E. in the District of Columbia.

<u>Identify</u>. The term "identify," when used with respect to an individual or natural person, shall mean to state: (1) his name; (2) any other name used by him presently or in the past; (3) his present or last known business address, residence address and telephone numbers; and (4) the corporation, partnership, association, foundation, trust, organization or other entity, and the functional division thereof, with which he is now associated, and his title, status, position, rank or classification with such entity at the present and through the time period specified.

<u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

<u>Person</u>. The term "person" means any natural person or any business, legal or government entity or association, and any functional division thereof.

## INSTRUCTIONS

1. A party may object to an interrogatory while simultaneously providing partial or incomplete answers to the request. If a partial or incomplete answer is provided, the answering party shall state that the answer is partial or incomplete.

2. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request.

3. In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory and information is not provided on the basis of such assertion:

a. The party asserting the privilege shall, in the objection to the interrogatory, document request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

b. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information;

    i. For oral communications:

        a) the name of the person making the communication and the names of persons present while the communication was made, and where not apparent, the relationship of the persons present to the person making the communication;

        b) the date and place of the communication; and

        c) the general subject matter of the communication.

    ii. For documents:

        a) the type of document;

        b) the general subject matter of the document;

        c) the date of the document; and

        d) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

4. You are required to answer the following interrogatories separately and fully in writing and under oath, within the five business day time period provided in the Court's Order. When answering the interrogatories, you are required to furnish such information as is available to you, including but not limited to information known to your officers, employees, agents or anyone acting for or on your behalf.

5. If you have no information about the subject of a particular interrogatory or if for some other reason you are unable to answer it, the response to that interrogatory should specifically so state, and no interrogatory should be without some response.

6. If you cannot answer an interrogatory completely, answer as fully as you can and specify the ways in which your response may be incomplete because of your lack of knowledge. If you do not know individual facts with certainty, but you have information from which you can make an appropriate or estimated answer, do so, and indicate that the answer is appropriate or estimated because you lack more precise information.

7. Documents in lieu of answering, pursuant to Federal Rule of Civil Procedure 33(d), should be expressly identified by the interrogatory to which-they pertain.

8. Except as otherwise expressly directed herein, each paragraph and subparagraph of the interrogatories should be construed independently and not by reference to any other paragraph or subparagraph herein for the purpose of limiting the scope of the interrogatory being answered.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the name and address of the member of Fur Nightclub's security detail (the "bouncer") who on the night of March 11-12, 2005 was first involved in an incident with Emile Mazloum that began as Mazloum descended the staircase leading from the stage adjacent to the main dance floor inside Fur Nightclub.

**RESPONSE:**


**INTERROGATORY NO. 2:** Identify the name and address of the person known as "John," who co-managed Fur Nightclub with Michael Rehman (a/k/a "Mike Romeo") as of the night of March 11-12, 2005, and who met with Mr. Imad Alkadi (Mazloum's friend) on the evening following the incident described in Interrogatory No. 1.

**RESPONSE:**

| | |
|---|---|
| Dated:  January 27, 2006 | /s/_____<br>Brian H. Corcoran (Bar No. 15268)<br>Katten Muchin Rosenman LLP<br>1025 Thomas Jefferson St., NW<br>Suite 700 East Lobby<br>Washington, D.C.  20007<br>Ph: (202) 625-3500<br>Fax: (202) 298-7570<br>Brian.Corcoran@kattenlaw.com<br><br>Susan Huhta (Bar No. 453478)<br>Warren R. Kaplan (Bar No. 034470)<br>Washington Lawyers' Committee for<br>Civil Rights and Urban Affairs<br>11 Dupont Circle, NW<br>Suite 400<br>Washington, D.C.  20036<br>Ph: (202) 319-1000<br>Fax: (202) 319-1010<br>Sue_Huhta@washlaw.org<br>Warren_Kaplan@washlaw.org<br><br>Attorneys for Plaintiff Emile Mazloum |