IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM

    Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.,*

    Defendants.

C.A. No. 06-00002 (JDB)

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION REQUESTING EXPEDITED DISCOVERY AND MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER STAYING DISCOVERY**

Defendant District of Columbia[1], through counsel, respectfully moves to stay these proceedings, or alternatively for a protective order staying discovery among the parties, until the resolution of a criminal investigation of the incident underlying this lawsuit.

The grounds in support of this motion are fully set forth in the accompanying memorandum of points and authorities, which is attached hereto and incorporated by reference.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

---

[1] The complaint also names MPD, a *non sui juris* agency, Police Officer Anthony Ramirez and John Does 2, 3, and 4 as potential police officer defendants. Service of the officer may not have been perfected.

        _____/s/_____
        NICOLE L. LYNCH [471953]
        Section Chief
        General Litigation § II


BY: _____/s/_____
    E. LOUISE R. PHILLIPS [422074]
    Assistant Attorney General
    441 4th Street, N.W., Sixth Floor South
    Washington, D.C.  20001
    (202) 724-6519, (202) 724-6669
    louise.phillips@dc.gov


## LOCAL RULE 7(m) CERTIFICATE

  A courtesy copy of this motion is also being served upon Ms. Lynn Holliday, Assistant United States Attorney, U.S. Attorney's Office, 555 4th Street, N.W., Washington, DC 20001.


BY: _____/s/_____
    E. LOUISE R. PHILLIPS [422074]
    Assistant Attorney General

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.,* <br><br> Defendants. | C.A. No. 06-00002 (JDB) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA'S MOTION TO STAY PROCEEDINGS OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER STAYING DISCOVERY</u>

I.   INTRODUCTION

Plaintiff brings this action alleging that on March 11, 2005, several Metropolitan Police officers, and others, assaulted and battered him while was in the FUR Nightclub. Raising constitutional and common law claims, the lawsuit names as defendants the District of Columbia and Officer Ramirez and several unknown officers.

In response to the complaint, the District of Columbia filed a motion to extend time to respond to the complaint. No scheduling order has been entered in the case.

Meanwhile, the U.S. Attorney's Office and the Federal Bureau of Investigation are conducting a criminal investigation of the alleged police misconduct in this case. During a phone call with undersigned counsel on February 9, 2006, the Assistant United States Attorney assigned to the matter, Ms. Lynn Holliday, estimated that the criminal investigation would take another month to complete, baring unforeseen circumstances.

In light of the pending criminal investigation, the District of Columbia respectfully requests a stay of proceedings, or alternatively a stay of discovery, until resolution of the criminal investigation. As

explained below, a stay would prevent severe prejudice to defendants that would result from overlapping criminal and civil proceedings in this matter. To protect the plaintiff's interests, the District at this time seeks a stay for only a limited duration – until the conclusion of the criminal investigation, which should occur within one months time. Further, the District of Columbia would agree to file a status report as soon as the criminal investigation is resolved or, in any event, every ninety days from the entry of a stay.

## II.  ARGUMENT

"[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders or conditions 'when the interests of justice seem to require such action.'" Securities and Exchange Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980), quoting United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) (alterations omitted). Generally, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Dresser, 628 F.2d at 1375-76.

Courts have recognized the severe prejudice to a defendant simultaneously facing related criminal and civil proceedings. If the pending civil action is not stayed, then those civil proceedings could well "undermine the party's Fifth Amendment privilege against self-incrimination, expand the rights of criminal discovery beyond the limits of [criminal procedure], expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." Id. at 1376. "When a defendant has been indicted, his situation is particularly dangerous . . . for the risk to his liberty, the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest." Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).

To prevent such prejudice, federal courts have stayed civil proceedings until the conclusion of

overlapping criminal proceedings against the same defendant. See Doe v. City of Chicago, 360 F. Supp. 2d 880 (N.D. Ill. 2005) (granting stay where defendant officer criminally charged for misconduct arising out of the same events underlying plaintiff's civil lawsuit); Cruz v. County of DuPage, 1997 U.S. Dist. LEXIS 9220, No. 96 C 7170, 1997 WL 370194, at *4 (N.D. Ill. June 27, 1997) (granting stay of all discovery in civil case against defendants "because there is a distinct possibility that the parallel proceedings would undercut the defendants' privileges against self-incrimination"); Volmar Distributors, Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (finding that defendants "have a real and immediate interest in staying discovery" because an indictment based on the same factual background was currently pending against them).

"The fact that an indictment has not yet been returned – while it may be a factor counseling against a stay of civil proceedings – does not make consideration of the stay motion any less appropriate." Brock v. Tulkow, 109 F.R.D. 116 (E.D.N.Y. 1985) (granting stay of discovery pending outcome of criminal investigation); see Jones v. City of Indianapolis, 216 F.R.D. 440, 451-52 (S.D. Ind. 2003) (finding a limited stay of discovery "reasonable and appropriate" to protect the defendant officers' Fifth Amendment rights in the event that pending criminal investigation later resulted in indictments); Walsh Securities, Inc. v. Cristo Property Mngmt., Ltd., 7 F. Supp. 2d 523, 529 (D.N.J. 1998) (although no criminal indictment yet returned, "the strong potential for an unjust result" warranted stay to prevent prejudice to defendants and to uphold their Fifth Amendment rights); Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 380 n. 4 (D.D.C. 1977) (noting that the appropriateness of a stay is not limited "only to persons after they become a 'defendant.'").

In determining whether to stay an action, this Court "must balance the competing interests of the parties." Ellsberg v. Mitchell, 353 F. Supp. 515, 517 (D.D.C. 1973), citing Landis v. North American Co., 299 U.S. 248, 254-55 (1935) and Dellinger v. Mitchell, 442 F.2d 782, 786, 787 (D.C. Cir. 1971). The issuance of a stay "would require not only a showing of 'need' in terms of protecting the

5

other litigation involved but would also require a balanced finding that such need overrides the injury to the parties being stayed." Dellinger, 442 A.2d at 787.  The initial burden is on the party applying for the stay "to demonstrate a need, however slight, which justifies a delay in the proceedings." Ellsberg, 353 F. Supp. at 517 (emphasis added).

In this case, a limited stay of proceedings is appropriate to prevent severe prejudice to defendants.  Proceeding immediately with this civil action, while an active criminal investigation is nearing conclusion, would force the several defendant officers into the difficult choice of waiving their Fifth Amendment privileges or effectively forfeiting the civil suit.  The District of Columbia is as equally prejudiced as the individual officers because the District cannot mount an effective defense without its officers' testimony.   Under the terms of the 2001 Memorandum of Agreement between the U.S. Department of Justice and the District of Columbia (MOA), for example, the District cannot require an officer to speak about the incident if the U.S. Attorney's Office has not issued a written criminal declination. (See Exh. A, MOA ¶ 60, 71).  Thus, the District cannot interview its officers and complete its own internal investigation of the officers' alleged misconduct until at least the conclusion of the criminal investigation.  See also Volmar Distributors, 152 F.R.D. at 40-42 (granting stay as to all defendants where stay appropriate as to two defendants who were "central figures" in the case).

The requested stay pending the criminal investigation would protect the plaintiff's interests as well.  While plaintiff generally has an interest in prosecuting his civil action without delay, plaintiff has only very recently instituted this action.  The District's requested stay is for a limited duration of time, which the Assistant U.S. Attorney handling the investigation anticipates will last one more month.  In addition, the District would agree as part of a stay to submit a status report every ninety days and to permit plaintiff to seek reconsideration of the stay at any time.  Therefore, the District submits that the requested stay will not cause any appreciable prejudice to the plaintiff.

Moreover, a stay has the potential to conserve the parties' resources and enhance judicial

6

efficiency. If the U.S. Attorney's Office issues a letter of declination upon completion of its investigation, the Metropolitan Police Department can promptly complete its own internal investigation, which must occur within ninety days thereafter. (See Exh. A, MOA ¶ 61, 74). Both the District and the plaintiff would benefit from a completed internal investigation to guide these proceedings at the outset, especially with respect to discovery. In the event that the defendant officers are cleared both criminally and administratively, by the U.S. Attorney's Office and the Metropolitan Police Department respectively, then this would also eliminate a potential conflict of interest that otherwise prevents the defendant officers, if they so requested, from being jointly represented by undersigned counsel for the District. Joint representation of all defendants, to the extent possible, would vastly simplify scheduling matters and generally promote speedy and efficient progress of these proceedings.

On the other hand, if the criminal investigation does result in criminal charges, then the parties will be in a better position to determine the appropriateness of any further stay. Of course, the institution of criminal charges against a defendant officer would bring into stark relief the prejudice to the defendant officer, who could not defend this action without imperiling his defense to the criminal charges. In addition to allowing a better assessment of prejudice to defendants, a limited stay now would also permit a more accurate assessment of the benefits of any future stay in terms of judicial economy. For example, the availability of transcripts and other evidence from any criminal trial may eliminate the need for certain depositions. See Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1011 (E.D.N.Y. 1992) ("The stay in this action may streamline later discovery since transcripts from the criminal case will be available to the civil parties."). A verdict in any criminal trial may also serve as collateral estoppel, eliminating the need even to litigate certain issues in this action.

The public interest is one additional consideration that supports the issuance of a stay. Because this civil case is a private action for money damages, the public has no real stake in its outcome. Cf. Dresser, 628 F.2d at 1380 (finding public interest in protecting investors and securities markets was

served by parallel SEC criminal and civil enforcement proceedings). Plaintiff makes no request for equitable relief or any allegation that the alleged harm is ongoing. The relevant public interest in the prosecution of those responsible for criminal misconduct is fully served by the ongoing criminal investigation. The pending civil action would not benefit that criminal investigation and even runs the risk of interfering with the investigation by, for example, discouraging reluctant witnesses to come forward. See Tuite v. Henry, 98 F.3d 1411, 1417 (D.C. Cir. 1996) (noting factor supporting law enforcement investigatory privilege is whether release of information would "discourage citizens from giving the government information"); Jones, 216 F.R.D. 440, 445-46 (upholding law enforcement investigatory privilege in civil rights action based on potential chilling effect on witnesses). Therefore, the public interest supports a stay in this case.

      As a result of the balancing of all the interests involved, the District submits that plaintiff's action should properly be stayed until the United States Attorney's criminal investigation is completed. Even assuming, though, that a stay of proceedings is not warranted, a sound exercise of this Court's discretion would alternatively be to enter a protective order staying discovery. See Gordon v. Federal Deposit Ins. Corp., 427 F.2d 578, 580 (D.C. Cir. 1970) (stating that, in light of a pending criminal investigation, "the fact the civil case is not stayed does not mean that discovery must proceed in the same way as ordinary civil litigation.") Once again, in addition to the authority to stay civil proceedings, a court is also authorized to "postpone civil discovery, or impose protective orders or conditions 'when the interests of justice seem to require such action.'" Dresser, 628 F.2d at 1375-76. For all the reasons stated in support of this motion, a protective order staying discovery would also be appropriate relief.

III.     CONCLUSION

For the foregoing reasons, this Court should enter an order staying these proceedings, or alternatively a protective order staying discovery, consistent with the proposed order attached hereto.

            Respectfully submitted,

            ROBERT J. SPAGNOLETTI
            Attorney General for the District of Columbia

            GEORGE C. VALENTINE
            Deputy Attorney General, Civil Litigation Division


            _____/s/_____
            NICOLE L. LYNCH [471953]
            Section Chief
            General Litigation § II


BY: _____/s/_____
   E. LOUISE R. PHILLIPS [422074]
   Assistant Attorney General
   441 4th Street, N.W., Sixth Floor South
   Washington, D.C.  20001
   (202) 724-6519, (202) 724-6669
   louise.phillips@dc.gov


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion with accompanying memorandum of points and authorities and proposed order was sent on this 9th day of February, 2006, by first-class mail, postage prepaid, to:

Lynn Holliday, Esq.
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W.
Washington, DC 20001

9

BY: _____/s/_____
       E. LOUISE R. PHILLIPS [422074]
       Assistant Attorney General

10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM

      Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.,*

      Defendants.

C.A. No. 06-00002 (JDB)

## ORDER

Upon consideration of the defendant District defendants' opposition to plaintiff's motion for expedited discovery and motion to stay proceedings or, in the alternative, for a protective order staying discovery, the memorandum of points and authorities in support thereof, and any opposition thereto, it is by the Court this _____ day of _____, 2006,

ORDERED, that the defendant District of Columbia's motion to stay proceedings is hereby GRANTED; and it is,

FURTHER ORDERED, that proceedings in this case are stayed until the conclusion of the U.S. Attorney's criminal investigation of the incident underlying this lawsuit; and it is,

FURTHER ORDERED, that the District of Columbia shall file a status report upon the conclusion of the criminal investigation, whether resulting in criminal charges or a letter of declination, or if no conclusion, every ninety (90) days from the entry of this Order; and it is,

FURTHER ORDERED, that plaintiff by motion may seek reconsideration of this stay at any time.

_____
John D. Bates
UNITED STATES DISTRICT JUDGE