**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM,<br><br> Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMENT,<br><br>DISTRICT OF COLUMBIA,<br><br>ANTHONY RAMIREZ,<br><br>NIGHT AND DAY MANAGEMENT, LLC, d/b/a FUR NIGHTCLUB,<br><br>MICHAEL REHMAN, a/k/a "MIKE ROMEO",<br><br>and<br><br>JOHN DOES #1-5,<br><br> Defendants. | Case No. 1:06-CV-00002-JDB |

**ANSWER OF NIGHT & DAY MANAGEMENT, LLC
AND MICHAEL REHMAN**

 Defendants Night & Day Management, LLC t/a The Fur Factory ("N&D"), incorrectly identified as Night and Day Management, LLC d/b/a Fur Nightclub, and Michael Rehman ("Rehman") (together, the "N&D Defendants"), by and through counsel, respond to the Complaint of Plaintiff Emile Mazloum as follows:

**FIRST DEFENSE**

 The N&D Defendants respond to the numbered paragraphs of the Complaint as follows:

 1-4. Denied

{D0057508.2 }

5-6. The allegations in these paragraphs constitute legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied as to the N&D Defendants.

7. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

8-9. Admitted, upon information and belief.

10. Admitted that N&D is a limited liability company incorporated under the laws of the District of Columbia, albeit doing business as a nightclub under the name "Fur Factory," located at 33 Patterson Street, N.E., in the District of Columbia.

11-13. Admitted that "John Doe #1"—Mr. Michael Persons—was at all relevant times employed as a bouncer by N&D at the Fur Nightclub. Admitted that Anthony Ramirez was and is an officer with the Metropolitan Police Department in the District of Columbia. The N&D Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of these paragraphs.

14. Admitted that Michael Rehman is and was a manager of N&D. Mr. John Fiorito—denominated in Plaintiff's Complaint as "John Doe #5"—performed services for N&D at and around the time of the incident complained of by Plaintiff. Otherwise, denied.

15. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

16. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph concerning Mr. Mazloum. Admitted that Michael Rehman is and was a manager of N&D and that Mr. John Fiorito—denominated in Plaintiff's Complaint as "John Doe #5"— performed services for N&D at and around the time of the

incident complained of by Plaintiff.  Admitted that Mr. Fiorito is a former MPD officer. Otherwise, denied.

17. Denied that Nightclub bouncers dressed at the time of the incident in dark suits. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph concerning who, if anyone, accompanied Mr. Mazloum to the Nightclub on the evening in question.  Otherwise, admitted.

18. Denied that Mr. Mazloum was on the Nightclub's stage dancing and denied that he had permission to be on the stage.  Otherwise, admitted.

19. Denied.

20. Denied.

21. Admitted that one or more MPD officers attempted to aid Mr. Persons after he had been attacked by Mr. Mazloum and his two friends and that Officer Ramirez was ultimately able to place handcuffs on Mr. Mazloum, despite Mr. Mazloum's frenetic attempts to disregard the officers' orders to surrender.  Otherwise, denied.

22. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

23. Denied.

24. Denied as to the N&D Defendants and any of their agents and employees, and denied that Mr. Mazloum was beaten in the premises of The Fur Factory (the "Nightclub") or by any employees thereof.  Otherwise, the N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of these paragraphs.

25-28. Denied as to the N&D Defendants and any of their agents and employees, and denied that Mr. Mazloum was beaten in the premises of The Fur Factory (the "Nightclub") or by

any employees thereof. Otherwise, the N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of these paragraphs.

29. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

30-41 The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of these paragraphs.

42. Denied.

43. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

44. Admitted that Mr. Alkadi met with Mr. Rehman and Mr. Fiorito, as well as David McCloud and Michael Persons, following the incident. Otherwise, denied.

45. Denied.

46. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

47. The N&D Defendants are without knowledge or information as to the "actions" that are being ascribed to anyone affiliated with N&D but deny that the N&D Defendants or anyone acting on their behalf committed any wrongful conduct.

48. Denied as to any persons employed or affiliated with N&D.

49. The N&D Defendants incorporate their responses to paragraphs 1-48 herein.

50-58. These allegations are asserted against defendants other than the N&D Defendants and, therefore, no response is required on behalf of the N&D Defendants.

59. The N&D Defendants incorporate their responses to paragraphs 1-58 herein.

60. Denied as to any John Doe purportedly employed by or affiliated with N&D. Otherwise, the N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

61. Denied that Mr. Mazloum was injured at any time while he was in the Nightclub or injured by any John Doe employed by or affiliated with N&D.

62. Denied as to any John Doe employed by or affiliated with N&D and denied that Mr. Mazloum suffered any bodily injury within the Nightclub.

63. The allegations in this paragraph constitute a legal conclusion to which no response is required.

64. Denied that any persons or entities employed by or affiliated with N&D committed tortious conduct and denied that the Nightclub would be vicariously liable for the conduct alleged in any event.

65. Denied.

66. The N&D Defendants incorporate their responses to paragraphs 1-65 herein.

67-69. Denied as to the N&D Defendants or anyone employed by or affiliated with them.

70. The N&D Defendants incorporate their responses to paragraphs 1-69 herein.

71. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

72-73. Denied.

74. The N&D Defendants incorporate their responses to paragraphs 1-73 herein.

75-76. The allegations in these paragraphs constitute legal conclusions to which no response is required.

77-78. Denied.

79. The allegations in this paragraph constitute a legal conclusion to which no response is required.

80-81. Denied.

82. The N&D Defendants incorporate their responses to paragraphs 1-81 herein.

83-85. Denied.

86. The N&D Defendants incorporate their responses to paragraphs 1-85 herein.

87-90. These allegations are asserted against defendants other than the N&D Defendants and, therefore, no response is required on behalf of the N&D Defendants.

91. The N&D Defendants incorporate their responses to paragraphs 1-90 herein.

92. Denied.

93. Denied that there is or ever was any evidence to support any claim against the N&D Defendants or that they had the legal duty described.

94. Denied.

95. Admitted that witnesses who were present at the alleged scene will truthfully testify contrary to Mr. Mazloum's version of events and deny his allegations as to destruction of any videotape. Otherwise, denied.

96-98. Denied.

99. The N&D Defendants incorporate their responses to paragraphs 1-98 herein.

100-103. Denied.

104. All allegations not specifically admitted above are hereby denied.

## SECOND DEFENSE

105. The Complaint fails to state a claim against the N&D Defendants upon which relief can be granted.

## THIRD DEFENSE

106. The Court lacks subject matter jurisdiction over the N&D Defendants.

## FOURTH DEFENSE

107. Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

108. Plaintiff's claims are barred by his own misconduct and assault.

## SIXTH DEFENSE

109. Plaintiff's claims are barred by the doctrines of contributory negligence and/or assumption of risk.

## SEVENTH DEFENSE

110. Any conduct by the N&D Defendants, or anyone acting on their behalf, was a reasonable response to the actions of and threat posed by Plaintiff and his companions.

## EIGHTH DEFENSE

111. N&D is not liable for conduct outside the course and scope of employment of any of N&D's employees or agents.

## NINTH DEFENSE

112. Plaintiff has failed to state a claim for punitive damages.

## TENTH DEFENSE

113. Plaintiff's claims are barred by the doctrine of self-defense.

**ELEVENTH DEFENSE**

114.    Plaintiff has failed to state a claim for conspiracy to interfere with civil rights (42 U.S.C. 1985) and for common law conspiracy upon which relief can be granted.

**TWELFTH DEFENSE**

115.    Plaintiff has failed to state a claim under 42 U.S.C. § 1981 or D.C. Code § 2-1402.31 upon which relief can be granted.

**THIRTEENTH DEFENSE**

116.    Plaintiff has failed to state a claim for spoliation of evidence upon which relief can be granted.

**FOURTEENTH DEFENSE**

117.    Plaintiff seeks relief for the conduct of parties for whom the N&D Defendants are not responsible. Neither the N&D Defendants nor any of their agents, servants, or employees committed any wrongs alleged.

    Respectfully submitted,

    /s/ Thomas S. Schaufelberger
    _____
    Thomas S. Schaufelberger, DC Bar No. 412217
    Paul A. Fitzsimmons, DC Bar No. 444829
    WRIGHT, ROBINSON, OSTHIMER & TATUM
    5335 Wisconsin Avenue, NW
    Suite 920
    Washington, DC  20015-2054
    Telephone:  202-244-4668
    Facsimile:  202-244-5135
    *Counsel for Night & Day Management, LLC and Michael Rehman*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing Answer of Night & Day Management, LLC and Michael Rehman is being served this 28th day of February, 2006 either by Notice of Electronic Filing or first-class United States mail, postage prepaid upon:

     Brian H. Corcoran, Esq.
     Katten Muchin Rosenman, LLP
     1025 Thomas Jefferson Street, NW
     Suite 700 East Lobby
     Washington, DC  20007
     *Co-Counsel for Plaintiff Emile Mazloum*

     Washington Lawyers' Committee for Civil Rights and Urban Affairs
     Susan Huhta, Esq.
     Warren R. Kaplan, Esq.
     11 Dupont Circle, NW
     Suite 400
     Washington, DC  20036
     *Co-Counsel for Plaintiff Emile Mazloum*

     District of Columbia Metropolitan Police Department
     300 Indiana Avenue, NW
     6th Floor
     Washington, DC  20001

     Robert J. Spagnoletti, Esq.
     Attorney General for the District of Columbia
     441 Fourth Street, NW
     6th Floor South
     Washington, DC  20001
     *Co-Counsel for Defendant District of Columbia*

     George C. Valentine, Esq.
     Deputy Attorney General
     Civil Litigation Division
     441 Fourth Street, NW
     6th Floor South
     Washington, DC  20001
     *Co-Counsel for Defendant District of Columbia*

Nicole L. Lynch, Esq.
Section Chief
General Litigation § II
441 Fourth Street, NW
6th Floor South
Washington, DC  20001
*Co-Counsel for Defendant District of Columbia*

E. Louise R. Phillips, Esq.
Assistant Attorney General
441 Fourth Street, NW
6th Floor South
Washington, DC  20001
*Co-Counsel for Defendant District of Columbia*

Officer Anthony Ramirez
c/o District of Columbia Metropolitan Police Department
First District Station
415 Fourth Street, SW
Washington, DC  20024

                                        /s/ Paul A. Fitzsimmons
                                _____
                                      Paul A. Fitzsimmons