UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EMILE MAZLOUM,                      )
                                    )
          Plaintiff,                )   Civil Action No. 1:06 CV 00002
                                    )   (JDB)
      v.                            )
                                    )
DISTRICT OF COLUMBIA,               )
*et al.*,                           )
                                    )
          Defendants.               )
_____)

### PLAINTIFF'S RESPONSE TO MOTION TO VACATE DEFAULT

Plaintiff Emile Mazloum, by counsel, for his Response to Defendants Night & Day Management, LLC t/a The Fur Factory ("N&D") and Michael Rehman's ("Rehman") (together, the "FUR Defendants") Motion to Vacate the defaults entered against them on February 13, 2006, hereby states as follows:

Plaintiff filed his Complaint on January 4, 2006, and properly served the FUR Defendants promptly thereafter on January 5, 2006 and January 14, 2006, respectively. Although the latest of the FUR Defendants' answers was due at the beginning of February, these Defendants never contacted Plaintiff's counsel to seek an extension – even though, as their Motion to Vacate acknowledges, they were fully aware of the existence of the lawsuit. Indeed, it appears the sole factor that prompted them to take action in response to the suit was the fact that default was entered against them on February 13, 2006. Even then, it took two additional weeks for the FUR Defendants to appear.

Plaintiff respectfully submits that the FUR Defendants cannot justify their total failure to appear in this action in a timely fashion. The FUR Defendants' brief in support of the Motion to

Vacate blames their failure to file a responsive pleading on various "unintended delays" that resulted from, among other things, their counsel being out of the country. *See* Motion at 1-2. This explanation is, however, inadequate, given these Defendants' knowledge of the existence of the lawsuit. At the very least, a representative of N&D - a corporation which should be presumed to be of a reasonable level of sophistication as far as legal matters go - should have contacted Plaintiff's counsel in January to provide assurances that they were being diligent in attempting to file a responsive pleading.[1]

Plaintiff also notes that the FUR Defendants' motion is replete with inaccurate and self-serving factual assertions which, they argue, establishes the existence of material issues in dispute. In particular, Plaintiff vigorously disputes the allegations that N&D Defendants make in section I.B.[2] of the Memorandum, which spans pages 2 – 7 of the document. Indeed, what "actually occurred" during the early morning hours of March 12, 2005 is a matter that has, for now, been decided in favor of the Plaintiff. And again – if the FUR Defendants so believe the Plaintiff's lawsuit is baseless, one wonders why they did not act the moment they were served with it.

Despite the above, Plaintiff recognizes that, pursuant to Federal Rule of Civil Procedure 55(c), courts may readily set aside clerk-entered defaults. Accordingly, Plaintiff realistically acknowledges (although it opposes) the likelihood that Defendant's Motion to Vacate will be granted. Plaintiff notes, however, that the FUR Defendants failed to file a Verified Answer to Plaintiff's

---

[1] The FUR Defendants incorrectly suggest that, when they did request additional time, Plaintiff's counsel refused. Motion to Vacate at 2. In fact, Plaintiff's counsel merely conditioned its consent on the FUR Defendants' willingness to identify the John Does associated with FUR, such as the bouncer who first became involved in the altercation with Mr. Mazloum that led to police involvement. Because FUR Defendants' counsel was unwilling to so agree, Plaintiff's counsel withheld its consent initially.

[2] Section I.B. has the argumentative heading "The Complaint's Allegations Avoid Describing What Actually Occurred." It would seem parties in default, like the FUR Defendants, might want to approach vacating their default with a greater degree of humility.

Complaint[3] as is required by Local Rule 7(g).  Accordingly, any order granting the Motion to Vacate should be conditioned upon the FUR Defendants immediately filing a proper Verified Answer.

Dated:  March 7, 2006

/s/
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C.  20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C.  20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Sue_Huhta@washlaw.org
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum

---

[3] Specifically, the FUR defendants have filed an Answer that is not notarized or otherwise verified as required by Local Rule 7(g) of the United States District Court Rules for the District of Columbia.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2006, I caused a true copy of the foregoing Response To Motion To Vacate Default to be served by ECF notice and first-class mail upon the following:

Thomas S. Schaufelberger, Esq.
Paul A. Fitzsimmons, Esq.
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue, NW
Suite 920
Washington, D.C. 20015-2030

*Counsel for Night & Day Management, LLC
t/a The Fur Factor (N&D), and
Michael Rehman*

Robert J. Spagnoletti, Esq.
Attorney General for the District of Columbia

George C. Valentine, Esq.
Deputy Attorney General
Civil Litigation Division

Nicole L. Lynch, Esq.
Section Chief
General Litigation § II

E. Louise R. Phillips, Esq.
Assistant Attorney General
441 4th Street, N.W., sixth Floor South
Washington, D.C. 20001
(202) 724-6519, (202) 724-6669
*Counsel for Defendant District of Columbia*

/s/_____
Brian H. Corcoran