UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
EMILE MAZLOUM,                      )
                                    )
        Plaintiff,                  )    Civil Action No. 1:06 CV 00002
                                    )    (JDB)
    v.                              )
                                    )
DISTRICT OF COLUMBIA                )
METROPOLITAN POLICE                 )
DEPARTMENT, *et al.,*               )
                                    )
        Defendants.                 )
_____ )

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF STAY ORDER AND
FOR THE IMPOSITION OF SANCTIONS**

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, respectfully requests that this Court reconsider its February 21, 2006 Order (the "Order") staying these civil proceedings until April 7, 2006.[1]

The grounds for this motion can be summarized succinctly: the District of Columbia sought (and obtained) a stay of proceedings on the ground that it was precluded by the pending criminal investigation from investigating the case or talking to the defendant police officers (who might become criminal defendants) because it would be improper to require these officers to waive their Fifth Amendment rights. But this argument was totally disingenuous. Yet the District's Metropolitan Police Department had already interviewed and taken written statements from those involved, including both defendant Ramirez (the off-duty officer whom plaintiff accuses of being the primary

---

[1] Pursuant to Local Rule 7(m), Plaintiff's counsel certifies that on March 13, 2006, it contacted counsel for the District by phone to determine whether the District would consent to the relief sought herein. Plaintiff's counsel left two messages for the District's counsel, but neither was returned. Accordingly, the District's consent to this motion could not

perpetrator of the beating he endured) and defendant Persons, the club bouncer whom plaintiff accuses of initiating the assault upon him. Compounding the District's duplicitousness, the District has apparently shared its investigative files with counsel for the nightclub defendants, even as it continues to bar plaintiff from taking any discovery or otherwise moving the case forward. Thus, the granting of the stay of this action was predicated on false representations and should accordingly be vacated.

## ARGUMENT

Defendant District of Columbia's (the "District") February 9, 2006 Motion to Stay asserted that, under a 2001 agreement with the U.S. Department of Justice, the District could not interview Metropolitan Police Department officers until the conclusion of the criminal investigation being conducted by the U.S. Attorney's Office and the Federal Bureau of Investigation into the alleged police misconduct underlying this litigation. See District's Motion at 6. As a result – or so claimed the District -- it would be severely prejudiced if the civil proceedings were not stayed pending conclusion of the criminal investigation, "because the District cannot mount an effective defense without its officers' testimony." Id. In his Opposition to the motion for stay, Plaintiff argued, among other things, that the District's assertion that it had not conducted any investigation into the alleged police misconduct was incredible, especially given Plaintiff's allegations in his Complaint that he had filed a complaint and thus initiated a police investigation almost immediately after being beaten by off-duty police officers on the night of March 11, 2006.

As it turns out, Plaintiff's instincts were dead-on. On February 28, 2006, Defendants Michael Rehman and Night & Day Management, LLC (referred to together as the "FUR Defendants") filed a Motion to Vacate the defaults entered against them on February 13, 2006 for failure to respond to

---

be obtained.

Plaintiff's complaint. In their supporting memorandum, the FUR Defendants rely heavily upon two attached MPD investigation police statements concerning the events of March 11-12, 2005: (a) a five page Q&A interview of Night & Day Management employee Michael Persons taken on April 25, 2005; and (b) an four page, single spaced interview of the primary perpetrator, MPD police officer Anthony Ramirez, taken on July 25, 2005. See Exhibits 1 and 2 to Certification of Michael Rehman, appended to Motion to Vacate Default. Both Mr. Persons, the nightclub employee identified as "John Doe #1" in Plaintiff's complaint, and Officer Ramirez, one of the two off-duty police officers involved in this incident, are key figures in this litigation and named defendants. Thus, as the FUR Defendants' Motion reveals, the District not only investigated the misconduct shortly after it occurred, but interviewed and took written statements from two of the primary wrong-doers as well. Clearly, the District has for months had the information necessary to defend itself in this litigation.

Accordingly, subsequently-revealed facts establish that the District has not carried its burden of showing "good cause" to stay these proceedings pending conclusion of the criminal investigation. *See Horn v. District of Columbia*, 210 F.R.D. 13, 16 n.7 (D.D.C. 2002). The District's prior assertions that it would be prejudiced if these proceedings are not stayed because it "cannot interview its officers" are plainly disingenuous, as it has already done so. Indeed, it is likely the District's interviews have extended to other members of the MPD involved in or possessing information concerning the incident. Simply put, the District is not, as it claims, handicapped in this litigation pending the outcome of the criminal investigation. Accordingly, and given that the criminal investigation is not only still pending but in fact may not yield prosecutions, it is appropriate that the stay be lifted forthwith.

It seems apparent from undisputed facts that the District's Motion to Stay was predicated upon a blatantly false assertion. What is not yet apparent is the full extent of the fraud which the District has perpetrated upon the court. We think it is incumbent upon the District, in its response to this motion, for the District to answer (and the Court should so require) the following questions:

1. In addition to the written statements obtained from Officer Ramirez and Mr. Persons (the club bouncer), what other witnesses were interviewed by the Metropolitan Police Department, and on what dates?

2. How did the written investigative statements of Officer Ramirez and Mr. Persons make their way from the investigation files of the Metropolitan Police Department to the hands of counsel for the nightclub defendants?

3. In arguing to this court that the District was precluded from investigating the case pending the criminal investigation, was counsel for the District aware of the existence of the witness statements that had been taken by the Metropolitan Police Department, and if not, when and under what circumstances did counsel become so aware?

## **CONCLUSION**

The District of Columbia has dealt fast and loose with the truth. It has told the Court that it could not investigate the case and defend itself, concealing from the Court the inconvenient fact that it had *already* extensively investigated the case, and taken statements from those primarily involved. It then compounded its misbehavior by simultaneously sharing the results of its investigation with its co-defendants (with whom it is accused in the complaint of conspiring to cover up the wrong-doing), while successfully barring the Plaintiff from being able to depose anyone, or take any discovery whatever.

The District's conduct in this matter – even to the limited extent that this conduct has been disclosed thus far – offends the integrity of the tribunal and the credulity of this Court, and should be dealt with accordingly. The stay of proceedings entered on Feb. 21, 2006 should be lifted immediately, and sanctions should be imposed commensurate with the gravity of the offense.

For the reasons set forth above, Plaintiff respectfully requests that this Court grant his Motion for Reconsideration and enter the attached Order.

                                          Respectfully submitted,

Dated:  March 14, 2006              /s/
                                          Brian H. Corcoran (Bar No. 456976)
                                          Katten Muchin Rosenman LLP
                                          1025 Thomas Jefferson St., NW
                                          Suite 700 East Lobby
                                          Washington, D.C.  20007
                                          Ph: (202) 625-3500
                                          Fax: (202) 298-7570
                                          Brian.Corcoran@kattenlaw.com

                                          Susan Huhta (Bar No. 453478)
                                          Warren R. Kaplan (Bar No. 034470)
                                          Washington Lawyers' Committee for
                                          Civil Rights and Urban Affairs
                                          11 Dupont Circle, NW
                                          Suite 400
                                          Washington, D.C.  20036
                                          Ph: (202) 319-1000
                                          Fax: (202) 319-1010
                                          Sue_Huhta@washlaw.org
                                          Warren_Kaplan@washlaw.org

                                          Attorneys for Plaintiff
                                          Emile Mazloum

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March 2006, I caused a true copy of the foregoing Plaintiff's Motion for Reconsideration of Stay Order to be served by ECF notice upon the following:

> Robert J. Spagnoletti, Esq.
> Attorney General for the District of Columbia
>
> George C. Valentine, Esq.
> Deputy Attorney General
> Civil Litigation Division
>
> Nicole L. Lynch, Esq.
> Section Chief
> General Litigation § II
>
> E. Louise R. Phillips, Esq.
> Assistant Attorney General
> 441 4th Street, NW, Sixth Floor South
> Washington, D.C. 20001
> (202) 724-6519, (202) 724-6669
>
> *Counsel for Defendant District of Columbia*
>
> Thomas S. Schaufelberger, Esq.
> Paul A. Fitzsimmons, Esq.
> Wright, Robinson, Osthimer & Tatum
> 5335 Wisconsin Avenue, NW
> Suite 920
> Washington, D.C. 20015-2030
>
> *Counsel for Night & Day Management, LLC*
> *t/a The Fur Factor (N&D), and*
> *Michael Rehman*
>
> /s/ _____
> Brian H. Corcoran