IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA<br>METROPOLITAN POLICE<br>DEPARTMENT ET AL.,<br><br>    Defendants. | Case No. 1:06-cv-00002-JDB |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO VACATE DEFAULT**

Defendants Night & Day Management, LLC t/a The Fur Factory ("N&D"), incorrectly identified as Night and Day Management, LLC d/b/a Fur Nightclub, and Michael Rehman ("Rehman") (together, the "N&D Defendants"), by and through their undersigned counsel, submit this reply memorandum in further support of their Motion to Vacate Default.

Notwithstanding the fact that this litigation is yet in its early days—with Plaintiff Emile Mazloum having served the N&D Defendants in January of this year—and the fact that this Court has ordered a stay of proceedings until April 7, 2006, Plaintiff sees fit to oppose formally the N&D Defendants' Motion to Vacate Default. Plaintiff's opposition presents, though, no good grounds for this Court's denying N&D Defendants' Motion.

Towards the end of resolving disputes on their merits, a court clerk's entry of default may be set aside if, under Federal Rule of Civil Procedure 55(c), a court determines that "good cause" therefor exists based upon a balancing of equities and, more

specifically, upon a weighing of the following factors: (a) whether the default was willful, (b) whether setting aside the default would prejudice the opposing party, and (c) whether the defendant has a meritorious defense to the lawsuit. *Jackson v. Beech*, 205 U.S.App.D.C. 84, 89, 636 F.2d 831, 836 (D.C.Cir. 1980) ("*Jackson*").  Plaintiff has not seriously contested that any of these three factors weigh in favor of denying N&D Defendants' Motion.

Regarding the first balancing factor—willfulness—Plaintiff seems to imply, yet without the benefit of any supporting authority, that the N&D Defendants' knowledge of the suit and failure to respond might, *per se*, be dispositive.  (Plaintiff's Response to Motion to Vacate Default ("Opp.Mem.") at 1-2.)  However, Plaintiff does not refute the testimony of N&D manager Michael Rehman (*see* February 27, 2006 Certification of Michael Rehman (the "Rehman Cert."), at ¶ 5) that the N&D Defendants' having fallen into default was merely the result of ministerial and logistical difficulties and that in no way did the N&D Defendants intentionally seek to ignore or delay this Court's proceedings.[1]

As to the second balancing factor—prejudice to Plaintiff—the N&D Defendants have been unable to identify any argument in Plaintiff's opposition concerning possible prejudice to him were this Court to vacate the default entered against them.  Certainly the opportunity for the N&D Defendants to have a fair shot at their day in court cannot reasonably be counted as "prejudicial" in this respect.  Thus, the second balancing factor,

---

[1] Concerning N&D Defendants' counsel's earlier request for additional time to answer, Plaintiff seems to suggest that his counsel "withheld its consent initially" because N&D Defendants' counsel did not immediately consent to identify two "John Doe" defendants. (Opp.Mem. at 2 n.1.)  Those two defendants have, though, since been identified to Plaintiff, yet Plaintiff still objects to this Court's vacating the default.

like the first, must be regarded as supporting the N&D Defendants' position on their Motion.

Concerning the third balancing factor—the merit of the N&D Defendants' defense—Plaintiff's largest complaint seems to be that those defendants indeed have a compelling story to tell, as supported by statements already given under penalty of perjury (appended to the N&D Defendants' opening memorandum[2]). Plaintiff would have the N&D Defendants speak softly in this regard—"It would seem parties in default, like the FUR Defendants, might want to approach vacating their default with a greater degree of humility" (Opp.Mem. at 2 n.2)—but the N&D Defendants respectfully decline to hide the truth under a bushel. The facts will ultimately establish here that Plaintiff was merely a drunken, violent patron of the Fur Factory who attacked one of its bouncers and who then had to be forcibly removed from premises by several Metropolitan Police Department officers.

In sum, because the defaults here of Night & Day Management, LLC and Michael Rehman were neither willful nor prejudicial to the Plaintiff and because those Defendants have substantial defenses to present against Plaintiff Emile Mazloum's case against them, those defaults, entered by the Clerk of this Court, should be vacated and the matter heard on the merits.

---

[2] Regarding "Plaintiff's Motion For Reconsideration Of Stay Order And For The Imposition Of Sanctions" filed earlier today, the N&D Defendants would state here, through their counsel, that the written witness statements referenced by Plaintiff were in the N&D Defendants' possession well before Plaintiff's civil suit was filed. More specifically concerning Plaintiff's assertion of a supposed "fraud which the District has perpetrated upon the court" (*id*. at 4), the N&D Defendants did not obtain those documents from counsel for the District of Columbia.

WHEREFORE, for the above stated reasons, Michael Rehman and Night And Day Management, LLC respectfully request that the Court vacate the Clerk's entry of default against them and receive as filed their earlier-submitted Answer. In further support thereof, the N&D Defendants are filing herewith a "Verification of Michael Rehman," signed on his own behalf as well as on behalf of Night And Day Management, LLC pursuant to Local Rule 7(g) (*see* Opp.Mem. at 2-3 and 3 n.3).

    Respectfully submitted,

    /s/ Paul A. Fitzsimmons
    _____
    Thomas S. Schaufelberger, Bar No. 71934
    Paul A. Fitzsimmons, Bar No. 444829
    WRIGHT, ROBINSON, OSTHIMER & TATUM
    5335 Wisconsin Avenue
    Suite 920
    Washington, D.C. 20015-2030
    (202) 244-4668
    Counsel for
    Night & Day Management, LLC
    t/a The Fur Factory ("N&D"),
    and Michael Rehman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing is being served this 14th day of March, 2006 either by Notice of Electronic Filing or first-class United States mail, postage prepaid upon:

>Brian H. Corcoran, Esq.
>Katten Muchin Rosenman, LLP
>1025 Thomas Jefferson Street, NW
>Suite 700 East Lobby
>Washington, DC  20007
>*Co-Counsel for Plaintiff Emile Mazloum*
>
>Washington Lawyers' Committee for Civil Rights and Urban Affairs
>Susan Huhta, Esq.
>Warren R. Kaplan, Esq.
>11 Dupont Circle, NW
>Suite 400
>Washington, DC  20036
>*Co-Counsel for Plaintiff Emile Mazloum*
>
>E. Louise R. Phillips, Esq.
>Assistant Attorney General
>441 Fourth Street, NW
>6th Floor South
>Washington, DC  20001
>*Co-Counsel for Defendant District of Columbia*
>
>Officer Anthony Ramirez
>c/o District of Columbia Metropolitan Police Department
>First District Station
>415 Fourth Street, SW
>Washington, DC  20024

/s/ Paul A. Fitzsimmons
_____
Paul A. Fitzsimmons