UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Civil Action No. 06-0002 (JDB) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS
MOTION FOR RECONSIDERATION OF STAY ORDER**

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, respectfully submits this reply in support of his motion for reconsideration by this Court of its February 21, 2006 Order (the "Order") staying these civil proceedings.

**ARGUMENT**

As the District's Opposition acknowledges, there is no longer any pending federal criminal investigation, much less the potential for criminal charges: The U.S. Attorney has made a determination not to prosecute, and a declination letter is forthcoming.

Yet the District inexplicably persists in its request for a stay "until the federal investigation is complete." Its position is untenable and betrays its true motivation, which is merely to delay the forward movement of this case and to gain additional time in which to possibly conduct further investigation before having to respond to Plaintiff's complaint—time the Federal Rules do not provide for. Several months have already passed since Plaintiff filed his complaint, and the District has yet to file its Answer. Rather than conducting a preliminary factual investigation and answering the complaint, as required by the Federal Rules, the District again seeks to stay this litigation,

despite lacking any legitimate basis for such a request.

The District has had ample opportunity to investigate this incident sufficiently to answer the complaint and begin discovery. In its response to this motion, the District admits that its Force Investigation Team ("FIT Team") spent two weeks investigating the incident, which culminated in a preliminary report that the FIT Team provided to the Executive Assistant Chief of Police. The FIT Team then presented the case to the Assistant U.S. Attorney for possible criminal prosecution of the officers involved. Even then, under its agreement with the Department of Justice, MPD was not prevented from investigating or requesting statements from officers; it merely could not "compel or order" statements from officers. *See* 2001 Memorandum of Agreement § 60.

According to the District, the federal investigation nevertheless prevented investigating the underlying facts and responding to Plaintiff's complaint for two reasons. First, the District claimed that, under its 2001 agreement with the Department of Justice, it could not interview the police officers involved. Second, the District expressed concern that interviewing the officers would jeopardize the officers' Fifth Amendment rights. Both of these concerns have evaporated with the declination by the federal prosecutors. The District may now proceed to interview the officers without concern for the 2001 agreement. Furthermore, with no prospect of criminal prosecution, the officers' Fifth Amendment rights are no longer at issue. *See Kastigar v. United States*, 406 U.S. 441, 444-45 (1972) (stating that the Fifth Amendment privilege against self-incrimination "protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used").

The District still seeks to stay this matter based upon a new argument, that a potential internal MPD administrative investigation of the incident provides an independent basis for staying the present lawsuit. But this argument is particularly unpersuasive, given that the District cites no

2

authority for the proposition that an internal administrative investigation warrants a stay of litigation (nor is there any such authority). In fact, dismissing or staying a civil case during an administrative investigation is only warranted where Congress has expressly required exhaustion of the administrative remedy. *Cf. Porter v. Nussle*, 534 U.S. 516, 523 (2002) ("Ordinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court."). No statutory exhaustion provision applies here. Therefore, under the Federal Rules, the District must investigate the facts (to the extent it has not already done so) and promptly answer the complaint.

To the extent the MPD now wishes to continue evaluating the propriety of Officer Ramirez's and others' conduct, in order to impose whatever additional disciplinary and/or remedial measures it deems appropriate, it is free to do so. To be sure, when one gets sued in a civil case, there may be other consequences. But the District cannot claim that its duty to investigate this incident for the purposes of answering the complaint and defending this lawsuit is in conflict with a possible simultaneous administrative investigation. An investigation is not incompatible with a lawsuit.

The District's other efforts to distance itself from evidence that it plainly *has* been investigating this matter are unavailing. Thus, the District denies any connection to what it claims was an "unofficial" investigation undertaken by Mr. Skip Coburn, Chairman of the First District Citizens Advisory Council. This is despite the facts that Mr. Coburn (1) is listed on MPD's website, (2) has a "dccouncil.us" email address, and (3) has been provided with official MPD investigation forms on which to take witness statements.

Indeed, the fact that no less than eight active duty MPD officers were apparently willing to give Mr. Coburn detailed written statements strongly suggests that the MPD approved and abetted this investigation. Mr. Coburn's complete investigative report, including all of the witness

statements, was turned over to the MPD (for whom it was likely prepared) and a copy of that report is surely in the file of the Assistant Attorney General assigned to this case. The District also seeks to distance itself from an investigation conducted by its own Sergeant Richard Moats, which the District claims was undertaken "without authority." But the same Sergeant Moats shared the statements he took with Mr. Coburn. Finally, and perhaps most tellingly, Officer Ramirez in fact *was suspended* from the force shortly after the incident, presumably as a result of the FIT Team investigation. Overall, there is compelling evidence that this case has already been investigated extensively by and on behalf of the Metropolitan Police Department.

Emile Mazloum complained to the Metropolitan Police Department just one day after the incident that is the basis of the lawsuit. It has now been nearly one year since he was severely and unjustifiably beaten, and Mr. Mazloum faces continued stalling tactics on the part of the District. Meanwhile, witnesses' memories fade and evidence disappears. Initially, the District claimed a stay of this case was warranted in light of an ongoing federal criminal investigation. However, that investigation is now over. This case should now proceed without further delay.

## CONCLUSION

The federal investigation of the incident underlying this lawsuit has concluded and resulted in no criminal charges. Therefore, the District cannot claim to be hamstrung by its agreement with the Department of Justice, and it cannot claim to be concerned with protecting the officers' Fifth Amendment rights. Nor does any internal administrative investigation by MPD provide reason to further stay this lawsuit. In summary, no grounds remain for this stay.

Therefore, for the reasons set forth above, Plaintiff respectfully requests that this Court lift the current stay order immediately or, alternatively, allow the stay to expire and this case to resume as of the status hearing scheduled for April 7, 2006.

                                            Respectfully submitted,

Dated: April 3, 2006                  /s/ _____

                                            Brian H. Corcoran (Bar No. 456976)
                                            Katten Muchin Rosenman LLP
                                            1025 Thomas Jefferson St., NW
                                            Suite 700 East Lobby
                                            Washington, D.C. 20007
                                            Ph: (202) 625-3500
                                            Fax: (202) 298-7570
                                            Brian.Corcoran@kattenlaw.com

                                            Susan Huhta (Bar No. 453478)
                                            Warren R. Kaplan (Bar No. 034470)
                                            Washington Lawyers' Committee for
                                            Civil Rights and Urban Affairs
                                            11 Dupont Circle, NW
                                            Suite 400
                                            Washington, D.C. 20036
                                            Ph: (202) 319-1000
                                            Fax: (202) 319-1010
                                            Sue_Huhta@washlaw.org
                                            Warren_Kaplan@washlaw.org

                                            Attorneys for Plaintiff
                                            Emile Mazloum

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April 2006, I caused a true copy of the foregoing Plaintiff's Motion for Reconsideration of Stay Order to be served by ECF notice upon the following:

>Robert J. Spagnoletti, Esq.
>Attorney General for the District of Columbia
>
>George C. Valentine, Esq.
>Deputy Attorney General
>Civil Litigation Division
>
>Nicole L. Lynch, Esq.
>Section Chief
>General Litigation § II
>
>E. Louise R. Phillips, Esq.
>Assistant Attorney General
>441 4th Street, NW, Sixth Floor South
>Washington, D.C. 20001
>(202) 724-6519, (202) 724-6669
>
>*Counsel for Defendant District of Columbia*
>
>Thomas S. Schaufelberger, Esq.
>Paul A. Fitzsimmons, Esq.
>Wright, Robinson, Osthimer & Tatum
>5335 Wisconsin Avenue, NW
>Suite 920
>Washington, D.C. 20015-2030
>
>*Counsel for Night & Day Management, LLC*
>*t/a The Fur Factor (N&D), and*
>*Michael Rehman*
>
>/s/ _____
>Brian H. Corcoran