THE UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, ) | |
| ) | |
| Plaintiff, ) | 06-CV-0002 (JDB) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS ANTHONY RAMIREZ, RICHMOND PHILLIPS, THADDEUS MODLIN AND LOUIS SCHNEIDER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Anthony Ramirez, Richmond Phillips, Thaddeus Modlin and Louis Schneider (hereinafter "defendants"), by and through counsel, answer plaintiff's First Amended Complaint as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

1.      These defendants admit the existence of the statutes cited in paragraph number 1 of the Amended Complaint, but deny that the statutes confer any jurisdiction or liability upon them.

2.      These defendants deny the allegations contained in paragraph number 2 of the Amended Complaint.

3.      These defendants deny the allegations contained in paragraph number 3 of the Amended Complaint.

4.      These defendants deny the allegations contained in paragraph number 4 of the Amended Complaint.

5. These defendants admit the existence of the statutes cited in paragraph number 5 of the Amended Complaint, but deny that the statutes confer any jurisdiction or liability upon them.

6. These defendants admit the existence of the statutes cited in paragraph number 6 of the Amended Complaint, but deny that the statutes confer any jurisdiction or liability upon them.

7. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 7 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

8. These defendants admit the allegations contained within paragraph number 8 of the Amended Complaint.

9. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 9 of the Amended Complaint.

10. These defendants admit that at the time of the incident that is the subject of this lawsuit, they were employed as officers with the D.C. Metropolitan Police Department. Further answering, these defendants admit that they were off-duty when they visited the Nightclub on March 12, 2005.

11. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 11 of the Amended Complaint.

12. These defendants admit that Jose Acosta and David Smith were police officers with the D.C. Metropolitan Police Department on March 12, 2005. These defendants lack sufficient information to either admit or deny the remaining allegations contained within paragraph number 12 of the Amended Complaint.

13. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 13 of the Amended Complaint.

14. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 14 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

15. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 15 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

16. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 16 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

17. These defendants admit that the club was crowded and that people were dancing on the stage. These defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph number 17 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

18. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 18 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

19. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 19 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

20. These defendants admit that Modlin and Phillips tried to stop plaintiff's attack of the bouncer and admit that defendant Ramirez handcuffed plaintiff. These defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph number 20 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

21. These defendants admit that they informed the patrons at the Nightclub that they were police officers. These defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph number 21 of the Amended Complaint. To the extent a response is required, defendants deny these allegations and demand strict proof at trial.

22. These defendants deny the allegations contained in paragraph number 22 of the Amended Complaint.

23. These defendants deny the allegations contained in paragraph number 23 of the Amended Complaint.

24. These defendants deny the allegations contained in paragraph number 24 of the Amended Complaint.

25. These defendants deny the allegations contained in paragraph number 25 of the Amended Complaint.

26. These defendants deny the allegations contained in paragraph number 26 of the Amended Complaint.

27. Defendant Ramirez denies that he handcuffed plaintiff with the new handcuffs. These defendants lack sufficient knowledge or information to form a belief as to whether the MPD

officers responded in response to a call placed by someone at the nightclub. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

28. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 28 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

29. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 29 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

30. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 30 of the Amended Complaint. To the extent a response is required, defendants deny these allegations and demand strict proof at trial.

31. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 31 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

32. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 32 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

33. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 33 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

34. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 34 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

35. Defendants Phillips, Modlin and Schneider lack sufficient information to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint. Defendant Ramirez admits that he saw plaintiff at the police station and was informed that plaintiff intended to file a complaint. Defendant Ramirez lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 35 of the Amended Complaint. To the extent a response is required, these defendants deny the remaining allegations and demand strict proof at trial.

36. Defendants Phillips, Modlin and Schneider lack sufficient information to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint. Defendant Ramirez admits that he inquired as to plaintiff's personal information, and that his supervisor interviewed plaintiff.

37. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 37 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

38. These defendants admit that no disciplinary action, administrative proceedings or criminal proceedings have been taken against them. Further answering, these defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph number 38 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

39. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 39 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

40. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 40 of the Amended Complaint.

41. These defendants deny the allegations contained in paragraph number 41 of the Amended Complaint.

42. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 42 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

43. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 43 of the Amended Complaint. To the extent a response is required, these defendants deny these allegations and demand strict proof at trial.

44. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 44 of the Amended Complaint.

45. The allegations contained in paragraph 45 of the Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, any actions taken by these defendants while at the Nightclub on March 12, 2005, would have been in connection with their employment with MPD.

46. These defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph number 46 of the Amended Complaint.

47. These defendants deny the allegations set forth in paragraph 47 of the Amended Complaint.

## COUNT I – 42 U.S.C. § 1983
### (as against Defendants Ramirez, Persons, Modlin, Phillips, Schneider, Acosta, Smith, and the District of Columbia)

48. The responses set forth in paragraphs 1–47 are incorporated herein by reference.

49. The allegations set forth in paragraph 49 of the Amended Complaint state legal conclusions to which no response is required. These defendants deny that they violated plaintiff's civil rights under the Constitution.

50. These defendants deny allegations set forth in paragraph 50 of the Amended Complaint.

51. The allegations set forth in paragraph 51 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, these defendants admit that they displayed their badges and identified themselves as police officers. Further answering, these defendants deny the remaining allegations set forth in paragraph 51 of the Amended Complaint.

52. These defendants deny the allegations set forth in paragraph 52 of the Amended Complaint.

53. These defendants deny the allegations set forth in paragraph 53 of the Amended Complaint.

54. These defendants deny the allegations set forth in paragraph 54 of the Amended Complaint.

55. These defendants deny the allegations set forth in paragraph 55 of the Amended Complaint.

56. The allegations set forth in paragraph 56 are directed to defendants Acosta and Smith, to which no response is required by these defendants.

57. These defendants deny the allegations set forth in paragraph 57 of the Amended Complaint.

### COUNT II – Assault and Battery
**(as against Defendants Ramirez, Persons, Modlin, Phillips, Schneider, District of Columbia, and FUR Nightclub)**

58. The responses set forth in paragraphs 1–57 are incorporated herein by reference.

59. These defendants deny the allegations set forth in paragraphs 59 of the Amended Complaint.

60. These defendants deny the allegations set forth in paragraphs 60 of the Amended Complaint.

61. These defendants deny the allegations set forth in paragraphs 61 of the Amended Complaint.

62. These defendants deny the allegations set forth in paragraph 62 of the Amended Complaint.

63. The allegations set forth in paragraph 63 of the Amended Complaint state legal conclusions to which no response is required.

64. These defendants deny the allegations set forth in paragraph 64 of the Amended Complaint.

### COUNT III – Conspiracy to Interfere With Civil Rights (42 U.S.C. § 1985)
**(as against Defendants Ramirez, Persons, Acosta, Smith, Fiorito, Rehman, Night & Day and District of Columbia)**

65. The responses set forth in paragraphs 1–64 are incorporated herein by reference.

66. The defendants deny the allegations set forth in paragraph 66 of the Amended Complaint.

67. The defendants deny the allegations set forth in paragraph 67 of the Amended Complaint.

68. These defendants deny the allegations set forth in paragraph 68 of the Amended Complaint.

**COUNT IV – Racial Discrimination (42 U.S.C. § 1981)**
**(as against Defendants District of Columbia, Ramirez, Modlin, Phillips and Schneider)**

69. The responses set forth in paragraphs 1–68 are incorporated herein by reference.

70. These defendants lack sufficient information or knowledge at this time to either deny or admit the allegations set forth in paragraph 70 of the Amended Complaint. To the extent a response is required, these defendants deny the allegations.

71. These defendants deny the allegations set forth in paragraphs 71 of the Amended Complaint.

72. These defendants deny the allegations set forth in paragraphs 72 of the Amended Complaint.

**COUNT V – D.C. Human Rights Act (D.C. Code §§ 2-1401.01 *et seq.*)**
**(as against all defendants)**

73. The responses set forth in paragraphs 1–72 are incorporated herein by reference.

74. The allegations set forth in paragraph 74 of the Amended Complaint state legal conclusions to which no response is required.

75. The allegations set forth in paragraph 75 of the Amended Complaint state legal conclusions to which no response is required.

76. These defendants deny the allegations set forth in paragraph 76 of the Amended Complaint.

77. The allegations set forth in paragraph 77 of the Amended Complaint state legal conclusions to which no response is required.

78. The allegations set forth in paragraph 78 of the Amended Complaint state legal conclusions to which no response is required.

79. These defendants lack sufficient information or knowledge at this time to either deny or admit the allegations set forth in paragraph 79 of the Amended Complaint. To the extent a response is required, these defendants deny the allegations.

80. These defendants deny the allegations set forth in paragraph 80 of the Amended Complaint.

**COUNT VI – Common Law Conspiracy**
**(as against Defendants Ramirez, Persons, Acosta, Smith, Fiorito, Rehman, Nigh & Day and District of Columbia)**

81. The responses set forth in paragraphs 1–80 are incorporated herein by reference.

82. These defendants deny the allegations set fourth in paragraph 82 of the Amended Complaint.

83. These defendants deny the allegations set forth in paragraph 83 of the Amended Complaint.

84. These defendants deny the allegations set forth in paragraph 84 of the Amended Complaint.

**COUNT VII – Negligence**
**(as against Defendant District of Columbia)**

85. The responses set forth in paragraphs 1–84 are incorporated herein by reference.

86. The allegations set forth in paragraph 86 of the Amended Complaint state legal conclusions to which no response is required.

87. These defendants deny the allegations set forth in paragraph 87 of the Amended Complaint.

88. These defendants deny the allegations set forth in paragraph 88 of the Amended Complaint.

89. These defendants deny the allegations set forth in paragraph 89 of the Amended Complaint.

### COUNT VIII Reckless/Negligent Spoliation of Evidence
### (as against Defendants Rehman/Romeo, the Nightclub, and Fiorito)

90. The responses set forth in paragraphs 1–89 are incorporated herein by reference.

91. The allegations set forth in paragraph 91 are directed to defendants Rehman/Romeo, the Nightclub, and Fiorito, to which no response is required by these defendants. To the extent a response is required, these defendants deny the allegations.

92. The allegations set forth in paragraph 92 are directed to defendants Rehman/Romeo, the Nightclub, and Fiorito, to which no response is required by these defendants.

93. The allegations set forth in paragraph 93 are directed to defendants Rehman/Romeo, the Nightclub, and Fiorito, to which no response is required by these defendants.

94. The allegations set forth in paragraph 94 are directed to defendants Rehman/Romeo, the Nightclub, and Fiorito, to which no response is required by these defendants.

95. These defendants deny the allegations set forth in paragraph 95 of the Amended Complaint.

96. The allegations set forth in paragraph 96 are directed to defendants Rehman/Romeo, the Nightclub, and Fiorito, and/or are legal conclusions of the pleader to which no response is required by these defendants.

97. The allegations set forth in paragraph 97 are directed to defendants Rehman/Romeo, the Nightclub, and Fiorito, to which no response is required by these defendants.

### COUNT IX – Aiding and Abetting Spoliation of Evidence
### (as against Defendant Ramirez)

98. The responses set forth in paragraphs 1–97 are incorporated herein by reference.

99. The allegations set forth in paragraph 99 are not directed to defendants Phillips, Modlin and Schneider and therefore require no response from them.  Defendant Ramirez denies the allegations set forth in paragraph 99 of the Amended Complaint.

100. The allegations set forth in paragraph 100 are not directed to defendants Phillips, Modlin and Schneider and therefore require no response from them.  Defendant Ramirez denies the allegations set forth in paragraph 100 of the Amended Complaint

101. The allegations set forth in paragraph 101 are not directed to defendants Phillips, Modlin and Schneider and therefore require no response from them.  Defendant Ramirez denies the allegations set forth in paragraph 101 of the Amended Complaint

102. The allegations set forth in paragraph 102 are not directed to defendants Phillips, Modlin and Schneider and therefore require no response from them.  Defendant Ramirez denies the allegations set forth in paragraph 102 of the Amended Complaint.

Further answering, these defendants deny all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

### THIRD DEFENSE

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action against these defendants pursuant to 42 U.S.C. § 1983, *et seq.*

### FOURTH DEFENSE

These defendants are entitled to qualified immunity for their complained of conduct.

### FIFTH DEFENSE

The actions of these defendants were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

### SIXTH DEFENSE

The actions of these defendants were taken in good faith and with a reasonable belief in their lawfulness, and/or the actions taken by these defendants were the result of their privilege.

### SEVENTH DEFENSE

The actions of these defendants complied with all applicable laws and met or exceeded all applicable standards of care.

### EIGHTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

**NINTH DEFENSE**

If plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

**TENTH DEFENSE**

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

**ELEVENTH DEFENSE**

Plaintiff may have failed to mitigate his damages.

**TWELFTH DEFENSE**

The action may be barred by issue or claim preclusion, or not yet have accrued.

**THIRTEENTH DEFENSE**

The actions of these defendants were in the scope of their employment and the principle of *respondeat superior liability* applies to the common law tort claims filed against them.

**JURY DEMAND**

These defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, having fully answered, these defendants request that plaintiff's Amended Complaint be dismissed with prejudice, with costs awarded.

FURTHER, these defendants reserve the right to amend their answer pursuant to Federal Rule of Civil Procedure 15.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

EUGENE A. ADAMS
Chief Deputy Attorney General for the District of Columbia

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Sec. IV

_____/s/_____
MICHAEL BRUCKHEIM [455192]
LAUREN J. BIRNBAUM [483515]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail: Michael.Bruckheim@dc.gov;
Lauren.birnbaum@dc.gov