UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No. 06-0002 (JDB) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
|        and | ) |
| JOSE ACOSTA<br>Metropolitan Police Department<br>First District Station<br>415 4th Street, S.W.<br>Washington, DC 20024 | ) |
|        and | ) |
| DAVID SMITH<br>Metropolitan Police Department<br>First District Station<br>415 4th Street, S.W.<br>Washington, DC 20024 | ) |
|        Defendants. | ) |

## DEFENDANTS JOSE ACOSTA AND DAVID SMITH'S MOTION TO DISMISS THE COMPLAINT

Defendants Jose Acosta and David Smith, through counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move to dismiss the complaint. As the grounds for this motion, defendants Acosta and Smith submit that plaintiff's allegations fail to state any claim against them upon which relief could be provided. Defendants also submit that they are entitled to qualified immunity based on the allegations of the complaint.

The grounds in support of this motion are fully set forth in the accompanying memorandum of points and authorities, which is attached hereto and incorporated by reference.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email: carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-0002 (JDB) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOSE ACOSTA AND DAVID SMITH'S MOTION TO DISMISS THE COMPLAINT

I.   INTRODUCTION

Defendants Smith and Acosta should be dismissed because the complaint fails to state a claim against them. Plaintiff brings this action alleging that during the night of March 11-12, 2005, several individuals, including a bouncer and an off-duty Metropolitan Police Department (MPD) officer, assaulted him at a nightclub in the District of Columbia. In addition to suing the individuals allegedly involved in the assault, plaintiff also names as defendants Jose Acosta and David Smith. According to the plaintiff's complaint, defendants Acosta and Smith did not participate in the alleged assault but were uniformed MPD officers who arrived afterwards in their squad car following a call to police from the nightclub. (Compl. ¶ 27).

Upon arriving at the scene, defendants Acosta and Smith separately questioned both sides of the alleged altercation. (Id. ¶ 27-29). First they talked to defendant Anthony Ramirez, an off-duty police officer, and defendant Michael Persons, a nightclub bouncer. (Id. ¶ 27-28). Defendant Persons told defendants Acosta and Smith that he wanted to file an assault complaint against plaintiff. (Id. ¶ 28). Defendants Acosta and Smith then talked with the plaintiff about the incident. (Id. ¶ 29). Following their questioning of both sides, defendants Acosta and/or Smith asked the plaintiff's friend to

take plaintiff home. (Id. ¶ 30). Plaintiff, however, wanted to file a complaint against his alleged assailants and got into the back of defendants' squad car so that he could be taken to the police station to make his complaint. (Id. ¶ 31). Defendants Acosta and Smith again suggested that plaintiff go home, and they removed the plaintiff from their squad car. (Id.)

The following afternoon, plaintiff went to the MPD's First District police station and filed a formal complaint against his alleged assailants. (Id. ¶ 35).

Plaintiff raises claims against defendants Acosta and Smith under 42 U.S.C. § 1983 (Count I), 42 U.S.C. § 1985 (Count III), the D.C. Human Rights Act (Count V), and a theory of "common law conspiracy" (Count VI). As against these two defendants, these counts are based on plaintiff's "initial unsuccessful efforts on the night of March 11-12 to file a formal police report with defendants Acosta and Smith." (Compl. ¶ 77).

II.   ARGUMENT

In reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), a court must accept the facts alleged in the complaint as true and draw any reasonable inferences from those facts in a light favorable to the plaintiff. Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997). Applying this standard, this Court should dismiss the complaint against defendants Acosta and Smith because plaintiff's allegations fail to state any claim against them. Defendants are also entitled to qualified immunity based on the allegations of the complaint.

A.   Plaintiff Fails to Allege that Defendants Acosta and Smith Violated His Constitutional Rights (Counts I, III).

The complaint does not allege that defendants Acosta and Smith violated any constitutional right of the plaintiff. Defendants Acosta and Smith cannot be held liable for the alleged assault because they

2

were not involved. The assault had already occurred before they arrived at the scene. (Compl. ¶ 27). Further, the defendants' alleged failure to take a formal complaint from the plaintiff about the claimed assault is not a constitutional violation. See Hullett v. Smiedendorf, 52 F. Supp. 2d 817, 824 (W. D. Mich. 1999) (finding no constitutional claim based on a falsified police report that delayed for two weeks an investigation of alleged police misconduct). Defendants' alleged failure to take an immediate, formal complaint also did not obstruct any redress of plaintiff's alleged injuries, since plaintiff promptly filed a formal complaint at the appropriate police station the following afternoon. (Compl. ¶ 35). Plaintiff's constitutional claims should therefore be dismissed.

B. In the Alternative, Defendants Are Entitled to Qualified Immunity on Plaintiff's Constitutional Claims (Counts I, III).

Assuming arguendo that plaintiff's complaint states a constitutional claim, defendants Acosta and Smith are entitled to qualified immunity. To evaluate qualified immunity, a court must determine whether, at the time of the police officer's actions, it was "clearly established" in a "particularized" sense that the officer was violating the Constitution in the "situation [he] confronted." Brosseau v. Haugen, 543 U.S. 194, 199-200 (2004), quoting Saucier v. Katz, 533 U.S. 194, 202 (2001). "If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." Id. at 198. Qualified immunity is a question of law for the Court to decide "at the earliest possible stage of litigation." Saucier, 533 U.S. at 200-01.

Plaintiff alleges no conduct by defendants Acosta and Smith that violates any clearly established constitutional right. It is not "clear" how defendants can be held liable for an assault in which they were not involved and which occurred before they even arrived on the scene. Moreover, it is not "clearly established" that a police officer has a constitutional duty to take an immediate, formal complaint from

3

an alleged assault victim, particularly when a formal complaint can readily be filed in person at the police station.  Indeed, the available case law indicates there is no such duty at all.  See Hullett, 52 F. Supp. 2d at 824.  Because defendants' actions did not violate a clearly established constitutional right, defendants Acosta and Smith are entitled to qualified immunity.

        C.      Plaintiff Fails to Allege that Defendants Acosta and Smith Violated Plaintiff's Rights under the D.C. Human Rights Act (Count V).

Although plaintiff's D.C. Human Rights Act (DCHRA) claim is asserted against "all defendants," this claim makes no specific reference to any conduct by defendants Acosta and Smith that purportedly violates the Act.  (Compl. ¶ 76-80).  Assuming that plaintiff nevertheless intends to bring a DCHRA claim against defendants Acosta and Smith, they once again cannot be held liable for an assault that did not involve them and that had already occurred before they arrived on the scene.  (Compl. ¶ 27).  In addition, the defendants' alleged failure to take an immediate, formal complaint from the plaintiff about the alleged assault violates no duty under the DCHRA.  See D.C. Code § 2-1402.31 (2001).  Since plaintiff alleges no other misconduct by these defendants, any claims against defendants Acosta and Smith under the DCHRA should therefore be dismissed.

        D.      Plaintiff's Claim of Common Law Conspiracy (Count VI) Should Also Be Dismissed Because It Is Not an Independent Tort.

Plaintiff fails to state a claim against defendants Acosta and Smith for "common law conspiracy."  As the D.C. Court of Appeals has explained, civil conspiracy is "not an independent action; it is, rather, a means for establishing vicarious liability for the underlying tort."  Weipshal v. Sowers, 771 A.2d 1014, 1023-24 (D.C. 2001), citing Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983).  Because civil conspiracy is not an independent action, plaintiff cannot state a

separate claim of civil conspiracy.  As shown previously, plaintiff also does not state an underlying tort claim against defendants Acosta and Smith.  In this case, the only possible underlying tort is assault, but defendants Acosta and Smith were not involved in the alleged assault of plaintiff.  (Compl. ¶ 27).  Accordingly, plaintiff's claim for "common law conspiracy" should also be dismissed.

III.    CONCLUSION

For the foregoing reasons, this Court should dismiss the complaint against defendants Jose Acosta and David Smith.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

5