UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0002 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS JOSE ACOSTA AND DAVID SMITH'S MOTION TO STAY DISCOVERY PENDING DISPOSITIVE MOTION

Defendants Jose Acosta and David Smith, through counsel, hereby request a stay of discovery until a ruling on defendants' pending motion to dismiss the complaint. Defendants are entitled to have their dispositive motion decided before undergoing the burdens of discovery since defendants' motion asserts the defense of qualified immunity. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities, which is attached hereto and incorporated by reference.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

NADINE C. WILBURN
Assistant Deputy Attorney General
Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III

        /s/ Carl J. Schifferle /s/
        CARL J. SCHIFFERLE [463491]
        Assistant Attorney General
        Suite 600S
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6624
        (202) 727-3625 (fax)
        Email:  carl.schifferle@dc.gov

## LOCAL RULE 7(m) CERTIFICATE

At the parties' Rule 26(f) conference on May 11, 2006, plaintiff's counsel refused consent to the relief requested herein.

        /s/ Carl J. Schifferle ./s/
        CARL J. SCHIFFERLE
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0002 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
JOSE ACOSTA AND DAVID SMITH'S MOTION TO STAY DISCOVERY PENDNG
DISPOSITIVE MOTION**

I.      INTRODUCTION

Plaintiff brings this action alleging that during the night of March 11-12, 2005, several individuals assaulted him at a nightclub in the District of Columbia. In addition to suing his alleged assailants, plaintiff also names as defendants Jose Acosta and David Smith. According to the plaintiff's complaint, defendants Acosta and Smith did not participate in the alleged assault but were uniformed MPD officers who were called to the scene. (Compl. ¶ 27). As against these two defendants, plaintiff raises constitutional and local law claims based on plaintiff's "initial unsuccessful efforts on the night of March 11-12 to file a formal police report with defendants Acosta and Smith." (Compl. ¶ 77).

On May 9, 2006, defendants Acosta and Smith responded to the complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Their motion to dismiss argued, inter alia, that defendants were entitled to qualified immunity. At the parties' Rule 26(f) conference, plaintiff's counsel refused consent to a stay of discovery pending a ruling on defendants' motion

to dismiss. Accordingly, defendants now move for a stay of discovery until resolution of their dispositive motion.

II.   ARGUMENT

This Court should stay discovery until ruling on defendants' motion to dismiss. Under the Civil Rules, courts are empowered, upon motion and for good cause shown, to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including an order that discovery not be conducted. Fed. R. Civ. P. 26(c). Similarly, a court may alter the sequence and timing of discovery "for the convenience of the parties and witnesses." Fed. R. Civ. P. 26(d).

In light of these general principles, courts should stay discovery when a dispositive motion is pending and a discovery request would be immaterial to the issue before the Court. See, e.g., Chagnon v. Bell, 642 F.2d 1248, 1265-66 (D.C. Cir. 1980); Moldea v. New York Times Co., 137 F.R.D. 1, 2 (D.D.C. 1990). In the present case, a stay is appropriate because any discovery is irrelevant to the grounds raised in defendant's motion to dismiss, filed under Fed. R. Civ. P. 12(b)(6). Under this Rule, a motion to dismiss simply tests the legal sufficiency of the allegations in the complaint and does not reach any matters outside the pleadings.

A stay of discovery is also required because defendants' motion to dismiss is based on qualified immunity. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). According to the Supreme Court, a stay of discovery is required because qualified immunity is not just a defense to liability but an "entitlement not to

2

stand trial or face the other burdens of litigation," and such entitlement "would be effectively lost" if the case were to proceed toward discovery and trial.  Id.

III.     CONCLUSION

Accordingly, defendants Acosta and Smith respectfully request that this Court stay discovery pending its ruling on defendants' motion to dismiss the complaint.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>NADINE C. WILBURN
>Assistant Deputy Attorney General
>Civil Litigation Division
>
>/s/ Holly M. Johnson /s/
>HOLLY M. JOHNSON [476331]
>Chief, General Litigation Section III
>
>/s/ Carl J. Schifferle /s/
>CARL J. SCHIFFERLE [463491]
>Assistant Attorney General
>Suite 600S
>441 Fourth Street, N.W.
>Washington, D.C. 20001
>(202) 724-6624
>(202) 727-3625 (fax)
>Email:  carl.schifferle@dc.gov

3