UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EMILE MAZLOUM,                      )
                                    )
            Plaintiff,              )      Civil Action No. 1:06 CV 00002
                                    )      (JDB)
      v.                            )
                                    )
DISTRICT OF COLUMBIA, et al.,       )
                                    )
            Defendants.             )
_____ )

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS
ACOSTA AND SMITH'S MOTION TO STAY DISCOVERY**

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, for his response to the motion of defendants Jose Acosta and David Smith to stay discovery pending a ruling on their motion to dismiss, dated May 9, 2006, states as follows:

**PRELIMINARY STATEMENT**

This case was filed at the start of 2006. After months of delay, the matter is now ready for discovery. Two defendants, however (out of eleven in total) now ask to stay all discovery in this action simply because they have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The relief they request in this motion is not only completely unnecessary but would be grossly unfair to the plaintiff, who has already weathered earlier motions to stay the proceedings by defendant District of Columbia and is at last entitled to proceed. This Court should accordingly deny the motion to stay.

## ARGUMENT

I. **Defendants Acosta and Smith Have not Established Grounds Under Fed. R. Civ. P. 26(c) for Staying Discovery in the Entire Case.**

Defendants Acosta and Smith have failed to sustain their burden of showing why a stay is appropriate. *Ellsworth Assoc., Inc. v. United States,* 917 F. Supp. 841, 845 (D.D.C.1996)(party seeking protective order under Fed. R. Civ. P. 26(c) has the burden of establishing "good cause" for the requested relief). They appear to believe that, simply by filing a 12(b)(6) motion (which, by its nature involves determination of questions of law), they are automatically entitled to a stay of discovery. This is not the case. 6 *Moore's Federal Practice* § 26.105[3][c] (3rd Ed. 2005); *see also Skellerup Indus. Ltd., v. City of Los Angeles,* 163 F.R.D. 598, 600-01 (C.D. Cal. 1995)("[h]ad the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision for that effect" (*citing Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

Instead, to determine whether a motion to dismiss in question entitles these defendants to a complete stay, this Court must consider the following factors:

- Whether the motion in question would be thoroughly dispositive of the claims at issue;

- Whether discovery is necessary to obtain facts to defend against the motion at issue;

- Whether the motion affects all defendants to the action;

- The overall complexity of the case and likely need for significant discovery; and

- Whether the plaintiff will be prejudiced by a stay.

6 *Moore's Federal Practice* § 26.105[3][c] (3rd Ed. 2005); *Institute Pasteur v. Chiron Corp.,* 315 F. Supp.2d 33, 37 (D.D.C. 2004)(decision to stay discovery is reserved to the sound discretion of the district court); *Skellerup*, 163 F.R.D. at 601 (denying request to stay discovery).

Application of the above factors to the circumstances of the case leads to the conclusion that discovery should not be stayed. First, the motion in question will not be dispositive of the entire case, since it involves only two of the eleven named defendants. Nor can it be taken for granted that resolution of the motion will necessarily end the case for Acosta and Smith, as they have made several different challenges to each of the four claims asserted against them, not all of which overlap. Thus, for example, Acosta and Smith only assert the defense of qualified immunity with respect to Counts I and III (based on federal civil rights statutes), while making separate and independent legal challenges to the other two counts asserted against them (violation of the D.C. Human Rights Act and the common law tort of civil conspiracy). Plaintiff vigorously contests the motion (and will be filing its opposition to it this week), because it is based on faulty or conclusory application of the law – far from the sort of "slam dunk" motion that might make entry of a stay appropriate.

This raises a second objection to the motion – the fact that there are numerous other defendants in the case against whom discovery is sought. Indeed, plaintiff has already served initial discovery requests upon defendants District of Columbia and FUR Nightclub. Such discovery is merited no matter how the Acosta/Smith motion is resolved. The complete stay of all discovery requested herein is simply too broad under the circumstances.

Finally, there is no doubt that the plaintiff will be prejudiced if a stay is entered. Mr. Mazloum has been patiently awaiting to "begin" this lawsuit for months. A prior stay was obtained based on circumstances (a parallel criminal investigation) that have since evaporated; that stay would have continued if the District had had its way. Given that the events at issue happened over a year

ago, and given the importance that witness testimony will have to the disposition of the lawsuit, it can only prejudice plaintiff to require him to wait even longer before he may begin discovery in this suit, simply because two out of eleven named defendants have filed a 12(b)(6) motion.

II.  **The Asserted Qualified Immunity Defense Does not Justify a Complete Stay of All Discovery in this Case.**

As an alternative argument, defendants Acosta and Smith point out that their motion to dismiss is based in part on the defense of qualified immunity, which they allege provides another automatic entitlement to a stay. Admittedly, there is case law supporting the proposition that the "threshold" issue of immunity to the claims in a lawsuit should be resolved before discovery commences, in order to give effect to the underlying rationale for granting immunity to governmental officials in the first place. *See, e.g., Williamson v. U.S. Dep't of Agriculture,* 815 F.2d 368, 382 (5th Cir. 1987). However, such case law (including that referenced fleetingly in defendants' motion) does not stand for the proposition that a complete cessation of discovery as to *all claims and all defendants* is required. Certainly Acosta and Smith have not provided any precedential support for the sweeping relief they request.

Defendants Acosta and Smith's invocation of the qualified immunity defense must be viewed in the proper context. This qualified immunity defense is only asserted with respect to two of the four claims asserted against these two defendants; thus, resolution of their motion to dismiss will not wholly turn on determination of the issue. There are also eight other defendants in the litigation who have been served, yet none have filed a motion to dismiss, and will accordingly not be affected by a favorable ruling for Acosta and Smith (since their motion turns on facts unique to their circumstances). Responses to outstanding discovery requests already served on some of the defendants can be made without any interference with disposition of the motion to dismiss. Thus,

Acosta and Smith's request for a complete stay of all discovery simply because they assert a special defense, applicable to them alone, to a narrow set of claims in the overall lawsuit asks for too much.

Plaintiff's efforts to litigate his extremely serious claims of police misconduct have been delayed repeatedly. As noted above, it is simply unfair to ask Plaintiff to continue to wait, as the defendants think of new reasons to further delay the case. At best, if the Court is at all inclined to grant Acosta and Smith's motion, plaintiff requests that the requested stay be limited only to those two defendants.

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the motion of defendants Acosta and Smith to stay discovery be denied in its entirety.

Dated:  May 23, 2006

/s/
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C.  20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C.  20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Sue_Huhta@washlaw.org
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2006, I caused a true copy of the foregoing Plaintiff's Brief in Opposition to Defendants Acosta and Smith's Motion to Stay Discovery to be served by first class mail postage prepaid and facsimile on:

E. Louise R. Phillips
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 724-6669
(202) 727-3625 (fax)
louise.phillips@dc.gov

*Counsel for Defendant District of Columbia*

Michael Bruckheim
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
Michael.Bruckheim@dc.gov

*Counsel for Defendants Anthony Ramirez, Richmond Phillips, Thaddeus Modlin, and Louis Schneider*

Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
carl.schifferle@dc.gov

*Counsel for Defendants Jose Acosta and David Smith*

The following Defendants were served by hand delivery and facsimile:

>Thomas S. Schaufelberger
>Paul A. Fitzsimmons
>Saul Ewing LLP
>1025 Thomas Jefferson Street, N.W.
>Suite 425 West
>Washington, DC  20007
>202-295-6621
>202-295-6721 (fax)
>tschauf@saul.com
>pfitzsimmons@saul.com
>
>*Counsel for Defendants Night and Day Management, LLC, t/a The Fur Factory, Michael Rehman, and John Fiorito*

/s/_____
Brian H. Corcoran

2