**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EMILE MAZLOUM,                                     )
                                                  )
            Plaintiff,                            )        06-CV-0002 (JDB)
                                                  )
    v.                                            )
                                                  )
DISTRICT OF COLUMBIA, *et al.*,                   )
                                                  )
            Defendant.                            )
_____ )

**DEFENDANT ANTHONY RAMIREZ'S AMENDED ANSWER AND COUNTERCLAIM**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Anthony Ramirez, (hereinafter "defendant"), by and through counsel, answers

plaintiff's First Amended Complaint as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

1.      This defendant admits the existence of the statutes cited in paragraph number 1 of

the Amended Complaint, but denies that the statutes confer any jurisdiction or liability upon him.

2.      This defendant denies the allegations contained in paragraph number 2 of the

Amended Complaint.

3.      This defendant denies the allegations contained in paragraph number 3 of the

Amended Complaint.

4.      This defendant denies the allegations contained in paragraph number 4 of the

Amended Complaint.

5.      This defendant admits the existence of the statutes cited in paragraph number 5 of

the Amended Complaint, but denies that the statutes confer any jurisdiction or liability upon him.

6.      This defendant admits the existence of the statutes cited in paragraph number 6 of the Amended Complaint, but denies that the statutes confer any jurisdiction or liability upon them.

7.      This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 7 of the Amended Complaint.  To the extent a response is required, this defendant denies this allegations and demands strict proof at trial.

8.      This defendant admits the allegations contained within paragraph number 8 of the Amended Complaint.

9.      This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 9 of the Amended Complaint.

10.     This defendant admits that at the time of the incident that is the subject of this lawsuit, he was employed as an officer with the D.C. Metropolitan Police Department.  Further answering, this defendant admits that he was off-duty when he visited the Nightclub on March 12, 2005.

11.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 11 of the Amended Complaint.

12.     This defendant admits that Jose Acosta and David Smith were police officers with the D.C. Metropolitan Police Department on March 12, 2005.  This defendant lacks sufficient information to either admit or deny the remaining allegations contained within paragraph number 12 of the Amended Complaint.

13.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 13 of the Amended Complaint.

14.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 14 of the Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

15.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 15 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

16.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 16 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

17.     This defendant admits that the club was crowded and that people were dancing on the stage.  This defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph number 17 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

18.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 18 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

19.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 19 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

20.     This defendant admits that Modlin and Phillips tried to stop plaintiff's attack of the bouncer and admits that defendant Ramirez handcuffed plaintiff.  This defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph

number 20 of the Amended Complaint. To the extent a response is required, this defendant denies

these allegations and demands strict proof at trial.

21.   This defendant admits that they informed the patrons at the Nightclub that they

were police officers. This defendant lacks sufficient knowledge or information to either admit or

deny the remaining allegations in paragraph number 21 of the Amended Complaint. To the extent a

response is required, defendant denies these allegations and demands strict proof at trial.

22.   This defendant denies the allegations contained in paragraph number 22 of the

Amended Complaint.

23.   This defendant denies the allegations contained in paragraph number 23 of the

Amended Complaint.

24.   This defendant denies the allegations contained in paragraph number 24 of the

Amended Complaint.

25.   This defendant denies the allegations contained in paragraph number 25 of the

Amended Complaint.

26.   This defendant denies the allegations contained in paragraph number 26 of the

Amended Complaint.

27.   Defendant Ramirez denies that he handcuffed plaintiff with a new set of

handcuffs. This defendant lacks sufficient knowledge or information to either admit or deny that

MPD officers responded in response to a call placed by someone at the nightclub.

28.   This defendant lacks sufficient knowledge or information to either admit or deny the

allegations in paragraph number 28 of the Amended Complaint. To the extent a response is

required, this defendant denies these allegations and demands strict proof at trial.

29.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 29 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

30.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 30 of the Amended Complaint.  To the extent a response is required, defendant denies these allegations and demands strict proof at trial.

31.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 31 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

32.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 32 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

33.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 33 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

34.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 34 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

35.     Defendant Ramirez admits that he saw plaintiff at the police station and was informed by plaintiff that he intended to file a complaint.  Defendant Ramirez lacks sufficient information to either admit or deny the remaining allegations in paragraph 35 of the Amended Complaint. To the extent a response is required, this defendant denies the remaining allegations and demands strict proof at trial.

36.     Defendant Ramirez admits that he inquired as to plaintiff's personal information, and that his supervisor interviewed plaintiff.

37.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 37 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

38.     This defendant admits that no disciplinary action, administrative proceedings or criminal proceedings have been taken against him.  Further answering, this defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph number 38 of the Amended Complaint.

39.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 39 of the Amended Complaint.

40.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 40 of the Amended Complaint.

41.     This defendant denies the allegations contained in paragraph number 41 of the Amended Complaint.

42.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 42 of the Amended Complaint.

43.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 43 of the Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

44.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 44 of the Amended Complaint.

45.      The allegations contained in paragraph 45 of the Amended Complaint are the

legal conclusions of the pleader to which no response is required.  To the extent a response is

required, any police actions taken by this defendant while at the Nightclub on March 12, 2005,

would have been in connection with his employment with MPD.

46.      This defendant lacks sufficient knowledge or information to either admit or deny the

allegations in paragraph number 46 of the Amended Complaint.

47.      This defendant denies the allegations set forth in paragraph 47 of the Amended

Complaint.

### COUNT I – 42 U.S.C. § 1983
**(as against Defendant Ramirez, Persons, Modlin, Phillips, Schneider, Acosta, Smith, and
the District of Columbia)**

48.      The responses set forth in paragraphs 1–47 are incorporated herein by reference.

49.      The allegations set forth in paragraph 49 of the Amended Complaint state legal

conclusions to which no response is required.  This defendant denies that he violated plaintiff's

civil rights under the Constitution.

50.      This defendant denies allegations set forth in paragraph 50 of the Amended

Complaint.

51.      The allegations set forth in paragraph 51 of the Amended Complaint state legal

conclusions to which no response is required.  To the extent a response is required, this

defendant admits that he displayed his badge and identified himself as a police officer.  Further

answering, this defendant denies the remaining allegations set forth in paragraph 51 of the

Amended Complaint.

52.      This defendant denies the allegations set forth in paragraph 52 of the Amended

Complaint.

53.     This defendant denies the allegations set forth in paragraph 53 of the Amended Complaint.

54.     This defendant denies the allegations set forth in paragraph 54 of the Amended Complaint.

55.     This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 55 of the Amended Complaint.  To the extent a response is required, this defendant denies the allegations.

56.     The allegations set forth in paragraph 56 are directed to defendant Acosta and Smith, to which no response is required by this defendant.  To the extent a response is required, this defendant denies the allegations.

57.     This defendant denies the allegations set forth in paragraph 57 of the Amended Complaint.

## COUNT II – Assault and Battery
### (as against Defendant Ramirez, Persons, Modlin, Phillips, Schneider, District of Columbia, and FUR Nightclub)

58.     The responses set forth in paragraphs 1–57 are incorporated herein by reference.

59.     This defendant denies the allegations set forth in paragraphs 59 of the Amended Complaint.

60.     This defendant denies the allegations set forth in paragraphs 60 of the Amended Complaint.

61.     This defendant denies the allegations set forth in paragraphs 61 of the Amended Complaint.

62.     This defendant denies the allegations set forth in paragraph 62 of the Amended Complaint.

63.     The allegations set forth in paragraph 63 of the Amended Complaint state legal

conclusions to which no response is required.  Further answering, this defendant admits that he

identified himself as a police officer and took police action on the date of the incident that is the

subject of this litigation, and that he was acting within the scope of employment at all relevant

times thereto.

64.     This defendant denies the allegations set forth in paragraph 64 of the Amended

Complaint.

## COUNT III – Conspiracy to Interfere With Civil Rights (42 U.S.C. § 1985)
**(as against Defendant Ramirez, Persons, Acosta, Smith, Fiorito, Rehman, Night & Day and District of Columbia)**

65.     The responses set forth in paragraphs 1–64 are incorporated herein by reference.

66.     The defendant denies the allegations set forth in paragraph 66 of the Amended

Complaint.

67.     The defendant denies the allegations set forth in paragraph 67 of the Amended

Complaint.

68.     This defendant denies the allegations set forth in paragraph 68 of the Amended

Complaint.

## COUNT IV – Racial Discrimination (42 U.S.C. § 1981)
**(as against Defendant District of Columbia, Ramirez, Modlin, Phillips and Schneider)**

69.     The responses set forth in paragraphs 1–68 are incorporated herein by reference.

70.     This defendant lacks sufficient information or knowledge at this time to either

denies or admits the allegations set forth in paragraph 70 of the Amended Complaint.  To the

extent a response is required, this defendant denies the allegations.

71.     This defendant denies the allegations set forth in paragraphs 71 of the Amended

Complaint.

72.     This defendant denies the allegations set forth in paragraphs 72 of the Amended

Complaint.

### COUNT V – D.C. Human Rights Act (D.C. Code §§ 2-1401.01 *et seq.*)
### (as against all defendant)

73.     The responses set forth in paragraphs 1–72 are incorporated herein by reference.

74.     The allegations set forth in paragraph 74 of the Amended Complaint state legal

conclusions to which no response is required.

75.     The allegations set forth in paragraph 75 of the Amended Complaint state legal

conclusions to which no response is required.

76.     This defendant denies the allegations set forth in paragraph 76 of the Amended

Complaint.

77.     This defendant denies the allegations set forth in paragraph 77 of the Amended

Complaint.

78.     The allegations set forth in paragraph 78 of the Amended Complaint state legal

conclusions to which no response is required.

79.     This defendant denies the allegations set forth in paragraph 79 of the Amended

Complaint.

80.     This defendant denies the allegations set forth in paragraph 80 of the Amended

Complaint.

### COUNT VI – Common Law Conspiracy
### (as against Defendant Ramirez, Persons, Acosta, Smith, Fiorito, Rehman, Nigh & Day and District of Columbia)

81.     The responses set forth in paragraphs 1–80 are incorporated herein by reference.

82.     This defendant denies the allegations set fourth in paragraph 82 of the Amended

Complaint.

83.     This defendant denies the allegations set forth in paragraph 83 of the Amended Complaint.

84.     This defendant denies the allegations set forth in paragraph 84 of the Amended Complaint.

### COUNT VII – Negligence
### (as against Defendant District of Columbia)

85.     The responses set forth in paragraphs 1–84 are incorporated herein by reference.

86.     The allegations set forth in paragraph 86 of the Amended Complaint state legal conclusions to which no response is required.

87.     This defendant denies the allegations set forth in paragraph 87 of the Amended Complaint.

88.     This defendant denies the allegations set forth in paragraph 88 of the Amended Complaint.

89.     This defendant denies the allegations set forth in paragraph 89 of the Amended Complaint.

### COUNT VIII Reckless/Negligent Spoliation of Evidence
### (as against Defendant Rehman/Romeo, the Nightclub, and Fiorito)

90.     The responses set forth in paragraphs 1–89 are incorporated herein by reference.

91.     The allegations set forth in paragraph 91 are directed to defendant Rehman/Romeo, the Nightclub, and Fiorito, to which no response is required by this defendant. To the extent a response is required, this defendant denies the allegations.

92.     The allegations set forth in paragraph 92 are directed to defendant Rehman/Romeo, the Nightclub, and Fiorito, to which no response is required by this defendant.

93.     The allegations set forth in paragraph 93 are directed to defendant

Rehman/Romeo, the Nightclub, and Fiorito, to which no response is required by this defendant.

94.     This defendant denies the allegations set forth in paragraph 94 of the Amended

Complaint.

95.     This defendant denies the allegations set forth in paragraph 95 of the Amended

Complaint.

96.     The allegations set forth in paragraph 96 are directed to defendant

Rehman/Romeo, the Nightclub, and Fiorito, and/or are legal conclusions of the pleader to which

no response is required by this defendant.

97.     The allegations set forth in paragraph 97 are directed to defendant

Rehman/Romeo, the Nightclub, and Fiorito, to which no response is required by this defendant.

To the extent a response is required, this defendant denies the allegations.

### COUNT IX – Aiding and Abetting Spoliation of Evidence
### (as against Defendant Ramirez)

98.     The responses set forth in paragraphs 1–97 are incorporated herein by reference.

99.     Defendant Ramirez denies the allegations set forth in paragraph 99 of the

Amended Complaint.

100.     Defendant Ramirez denies the allegations set forth in paragraph 100 of the

Amended Complaint

101.     Defendant Ramirez denies the allegations set forth in paragraph 101 of the

Amended Complaint.

102.     Defendant Ramirez denies the allegations set forth in paragraph 102 of the

Amended Complaint.

Further answering, this defendant denies all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

### THIRD DEFENSE

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action against this defendant pursuant to 42 U.S.C. § 1983, *et seq.*

### FOURTH DEFENSE

This defendant is entitled to qualified immunity for his complained of conduct.

### FIFTH DEFENSE

The actions of this defendant were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

### SIXTH DEFENSE

The actions of this defendant were taken in good faith and with a reasonable belief in their lawfulness, and/or the actions taken by this defendant were the result of his privilege.

### SEVENTH DEFENSE

The actions of this defendant complied with all applicable laws and met or exceeded all applicable standards of care.

### EIGHTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

### NINTH DEFENSE

If plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk.

13

## TENTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

## ELEVENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## TWELFTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

## THIRTEENTH DEFENSE

The actions of this defendant were in the scope of his employment and the principle of *respondeat superior liability* applies to the common law tort claims filed against him.

## JURY DEMAND

This defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, having fully answered, this defendant request that plaintiff's Amended Complaint be dismissed with prejudice, with costs awarded.

## DEFENDANT ANTHONY RAMIREZ'S COUNTERCLAIM AGAINST PLAINTIFF EMILE MAZLOUM

Defendant Anthony Ramirez (hereinafter "Ramirez"), by and through counsel and pursuant to FRCP 13(a), hereby brings the following counterclaim for defamation and intentional infliction of emotional distress against plaintiff Emile Mazloum (hereinafter "Mazloum"). Defendant Ramirez states as follows:

### Nature of the Case

1.      This is an action for defamation and intentional infliction of emotional distress against plaintiff for the derogatory and untrue statements he made to the press about this counter-claimant on or about January 4, 2006.

2.      As a result of plaintiff's actions, this defendant has suffered damages, both emotionally and professionally.

## Jurisdiction and Venue

3.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because all events giving rise to the claims asserted herein occurred in this judicial district.

## Factual Allegations and Common Law Claims
### (Defamation and Intentional Infliction of Emotional Distress)

5.      On January 4, 2006, Emile Mazloum filed a civil action against, *inter alia,* Ramirez, alleging civil rights violations and common law claims of assault and battery and conspiracy that arose from an altercation at Fur nightclub on Patterson Street, NE, Washington, DC.

6.      On that same date, Mazloum and his attorneys held a press conference at the office of his attorney, the Washington Lawyers' Committee for Civil Rights & Urban Affairs, located at 11 Dupont Circle, NW, Washington, DC.   Mazloum specifically named Ramirez, and made public statements that Ramirez assaulted and battered him and violated his civil rights.

7.      Mazloum stated to the press that Ramirez dragged him from the club, kicked him, and called him "a fucking al Quaeda."

8.      On January 5, 2006, the *Washington Post* published an article about Mazloum's press conference.  The article mentioned Ramirez by name, and repeated Mazloum's public statements that Ramirez dragged Mazloum from the club, kicked him, and called him "a fucking al Quaeda."

9.      At the time Mazloum made these public statements, he knew them to be false. Notwithstanding, Mazloum made these statements with the intent of injuring Ramirez in his profession as a police officer and to lower him in the estimation of the community at large.

10.     Mazloum's conduct in knowingly and intentionally publishing false claims to the public at large against a respected police officer was extreme and outrageous conduct causing severe emotional distress to Ramirez.

11.     Ramirez suffered professional and personal injury as a result of Mazloum's false statements, including but not limited to, lost wages from his job as a Metropolitan Police Department officer, the inability to obtain other employment as a police officer, the prospect of having limited custody of his four children, severe embarrassment, and damaged reputation and stature within the community and amongst his family and friends.

12.     Ramirez is entitled to compensatory damages and punitive damages against Mazloum as a result of Mazloum's defamatory statements and his outrageous and extreme conduct in knowingly making public, false statements.

### Prayer for Relief

WHEREFORE, Ramirez prays for judgment as follows:

a)  An award of compensatory damages against Mazloum in the sum of $1 million for the damages and injuries Ramirez has suffered as a result of Mazloum's conduct;

b)  An award of punitive damages against Mazloum to punish him and deter him and others from engaging in similar destructive behavior;

c)  An award of reasonable attorney fees and cost incurred to defend the suit against the false claims of Mazloum, to the extent available under applicable law;

d) A public apology to Ramirez by Mazloum for bringing these false accusations against

him;

e) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

EUGENE A. ADAMS
Chief Deputy Attorney General for the District of
Columbia

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Sec.  IV

_____/s/_____
MICHAEL BRUCKHEIM [455192]
LAUREN J. BIRNBAUM [483515]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  Michael.Bruckheim@dc.gov;
Lauren.birnbaum@dc.gov