UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | Civil Action No. 06-0002 (JDB) |

**PLAINTIFF'S SUR-REPLY BRIEF IN FINAL OPPOSITION TO
DEFENDANTS ACOSTA AND SMITH'S MOTION TO DISMISS**

**1.      Mazloum's 42 U.S.C. § 1983 Claim**

In their Reply, Defendants Acosta and Smith argue for the first time that controlling Supreme Court precedent - *Christopher v. Harbury*, 536 U.S. 403, 414-17 (2002) - prohibits trying in a single action a constitutional denial-of-access claim, such as that asserted against them by Mazloum, along with the underlying tort claim which the plaintiff alleges has been hindered.  But *Harbury* does not stand for that proposition.  Rather, in *Harbury* the Court explained that denial-of-access claims can be based, more generally, on "cases that cannot now be tried . . . with all material evidence." *Id.* at 413-14.  Missing from one of the lines Defendants quoted was the Court's accompanying footnote explaining that "the [underlying] claim may still be timely and subject to trial, but for a different remedy than the one sought under the access claim, or against different defendants." *Id.* at 416 n.13.  In the instant case, Mr. Mazloum alleges that Acosta and Smith acted to cover up evidence of their fellow officers' torts (*i.e.*, claims asserted against different defendants).  The basis for the punitive damages sought from these defendants (to punish them for failing to take appropriate action once they were alerted to what their fellow officers had accomplished) varies from the rationale for asking

1

similar damages from those police officers alleged to have directly assaulted Mazloum, Accordingly, the fact that Mr. Mazloum's underlying tort claims against other defendants have yet to be fully tried does not preclude Mr. Mazloum from simultaneously pursuing a denial-of-access action against Acosta and Smith.

Under the circumstances, It is thus an effective use of judicial resources to litigate the Section 1983 claims asserted against Acosta and Smith as part of this overall action. The facts underpinning the denial-of-access claims here are substantially intertwined with the facts underlying the other claims asserted. Furthermore, assuming *arguendo* that the jury finds no liability on Mr. Mazloum's tort and other claims, it is most fair and logical to pose to the very same jury the alternative question of what effect Acosta and Smith's actions had on Mr. Mazloum's case.

**2.     Mazloum's D.C. Human Rights Act Claim**

Defendants Acosta and Smith also contend, for the first time in their reply papers, that they cannot be liable under the D.C. Human Rights Act (the "DCHRA") because Plaintiff did not specifically explain to them -- at the time he expressed his desire to file a complaint -- that he believed he had been beaten because of his race, religion, national origin, or personal appearance. But this argument attempts to interpose an additional element for assertion of a DCHRA claim that does not exist. Under this construction of the DCHRA, an individual who, like Plaintiff, suffers a severe beating (and, consequently, is under severe stress) would be required to plead that he had invoked the "magic words" at the time of the challenged incident in order to state a claim under the DCHRA. Of course, nothing in the language of the DCHRA sets forth this as an element of a cause of action under the statute. Indeed, such an element would be inconsistent with the broad, remedial nature of the DCHRA. *See George Washington Univ. v. Dist. of Columbia Bd. of Zoning Adjustment*, 831 A.2d 921, 939 (D.C. 2003) (noting that the DCHRA is "a broad remedial statute,

2

and it is to be generously construed").[1]

As a fallback position, Acosta and Smith argue that as a matter of law they could not be found to have violated the DCHRA because it was "sufficient to permit plaintiff to file his report at the police station, which he did that afternoon." Defendants' Reply, at 6. This argument also has no merit. As a threshold matter, it ignores the context of the facts as pled, in which Plaintiff only filed a complaint with the MPD on the afternoon of Saturday, March 12, 2005 *because* Defendants Acosta and Smith had refused to allow him to do so the night before. More significantly, it discounts the entire basis for Mazloum's Human Rights Act claim in the first place. The DCHRA specifically prohibits "interfere[nce] with any person in the exercise or enjoyment of ... any right granted or protected under [the DCHRA.]" D.C. Code § 2-1402.61 (2006). Here, Acosta and Smith are alleged to have interfered with Mazloum's right to file a formal police report following his beating. This violation is not erased simply because Plaintiff later – and on his own initiative -- succeeded in filing a complaint with *other* MPD officers.

In sum, Plaintiff's DCHRA claim against Acosta and Smith meets the "notice pleading" requirements of the Federal Rules, and, therefore, dismissal of this claim is improper.

---

[1] The case cited by defendants, *Howard Univ. v. Green*, 652 A.2d 41 (D.C. 1994), as requiring this element concerned an employee's failure to make out a prima facie case of retaliation and, therefore, is inapposite.

                                        Respectfully submitted,

Dated:  June 8, 2006                /s/
                                        Brian H. Corcoran (Bar No. 456976)
                                        David Gonen (admitted *pro hac vice*)
                                        Katten Muchin Rosenman LLP
                                        1025 Thomas Jefferson St., NW
                                        Suite 700 East Lobby
                                        Washington, D.C.  20007
                                        Ph: (202) 625-3500
                                        Fax: (202) 298-7570
                                        Brian.Corcoran@kattenlaw.com

                                        Susan Huhta (Bar No. 453478)
                                        Warren R. Kaplan (Bar No. 034470)
                                        Washington Lawyers' Committee for
                                        Civil Rights and Urban Affairs
                                        11 Dupont Circle, NW
                                        Suite 400
                                        Washington, D.C.  20036
                                        Ph: (202) 319-1000
                                        Fax: (202) 319-1010
                                        Sue_Huhta@washlaw.org
                                        Warren_Kaplan@washlaw.org

                                        Attorneys for Plaintiff
                                        Emile Mazloum