UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0002 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

DEFENDANTS JOSE ACOSTA AND DAVID SMITH'S RESPONSE TO PLAINTIFF'S SUR-REPLY IN FINAL OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

1.   Constitutional Claims

Plaintiff's sur-reply addresses Christopher v. Harbury, 536 U.S. 403 (2002), by quoting two phrases out of context and otherwise ignoring the substance of the decision. Under the Harbury decision, plaintiff's constitutional right of access to the courts has not been violated because he still has a viable, underlying claim of assault. Id. at 415. Plaintiff will not suffer a constitutional injury unless he loses that underlying claim and the loss of the claim is because of defendants' alleged denial of access. Without first establishing such a constitutional violation, plaintiff can seek no remedy, including punitive damages, against defendants Acosta and Smith. Id. at 415-16. While plaintiff suggests that litigating the access claims together with the underlying claims is an effective use of judicial resources, the Supreme Court has expressly foreclosed this option. In holding that a defendant has a right to "early dismissal" of a premature access claim, the Supreme Court also reasoned that judicial resources are best conserved by trying only the underlying claim first. Id. at 415-17. As in Harbury, the plaintiff's access claim is similarly foreclosed here.

2.  D.C. Human Rights Act Claim

In his sur-reply, plaintiff concedes he did not seek to file a complaint with defendants Acosta and Smith for discrimination under the D.C. Human Rights Act (DCHRA). He only complained to defendants about an assault. Because defendants Acosta and Smith had no notice or knowledge that plaintiff's rights under the DCHRA were involved, they could not have violated the Act. The Act's anti-retaliation provision, upon which plaintiff relies, prohibits conduct intentionally designed to thwart the exercise of rights under the Act. See D.C. Code § 2-1401.61(a) ("It shall be an unlawful discriminatory practice to coerce, threaten, retaliate against, or interfere with" a person for exercising rights under the DCHRA.). Since defendants had no notice that plaintiff was trying to exercise a right under the Act, they could not have intentionally obstructed the exercise of any such right by failing to take an ordinary assault complaint. Plaintiff simply fails to state a DCHRA claim against defendants.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

NADINE C. WILBURN
Assistant Deputy Attorney General
Civil Litigation Division

/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email: carl.schifferle@dc.gov