THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 06-0002 (JDB) |
| | ) |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

### DEFENDANTS JOSE ACOSTA AND DAVID SMITH'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendants Jose Acosta and David Smith ("defendants"), through counsel, hereby respond to plaintiff's First Amended Complaint ("Complaint") as follows.

### First Defense

1. Defendants acknowledge the statutes cited in paragraph 1 of the Complaint but deny all liability thereunder.

2. The allegations contained in paragraph 2 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendants lack sufficient knowledge or information to either admit or deny the allegations contained therein.

3. The allegations contained in paragraph 3 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 3 of the Complaint. To the extent that any allegations are made against these defendants, defendants deny the allegations.

1

4. The allegations contained in paragraph 4 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendants lack sufficient knowledge or information to either admit or deny the existence or nature of the plaintiff's alleged injuries, damages, and expenses. To the extent that any allegations are made against these defendants, defendants deny the allegations.

## Jurisdiction and Venue

5. Defendants acknowledge the statutes cited in paragraph 5 of the Complaint but deny that jurisdiction is necessarily conferred thereby.

6. Defendants acknowledge the statute cited in paragraph 6 of the Complaint but deny that jurisdiction is necessarily conferred thereby.

## The Parties

7. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 13 of the Complaint.

Factual Allegations Applicable to All Counts

14. The allegations contained in paragraph 14 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required and any allegations are made against these defendants, defendants deny the allegations.

15. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit that they arrived on the scene in their squad car in response to a call, that they got out of the squad car, that defendant Ramirez took defendant Smith's handcuffs, and that defendant Ramirez handcuffed plaintiff with the new set of handcuffs, removing his own. Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint, except that defendants admit that, at some point later that night, a bouncer wanted to make a complaint of assault, but that the defendants believed that this complaint was not credible.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint, except that defendants admit speaking with plaintiff, requesting identification, and observing blood and scratches or abrasions on the plaintiff. Defendants also admit that plaintiff, at some point, required assistance standing due to intoxication.

30. Defendants admit that at some point plaintiff's handcuffs were removed and identification returned, that plaintiff's friends offered to take the plaintiff home, and that defendants suggested that the friends take plaintiff to a hospital.

31. Defendants deny the allegations contained in paragraph 31 of the complaint, except that defendants admit that, as defendants were driving away from the scene, plaintiff jumped into the

back of their car, demanding to be arrested and taken to the police station. Defendants admit telling plaintiff to leave their car and then removing the plaintiff after he failed to comply.

    32.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 32 of the Complaint.

    33.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 33 of the Complaint.

    34.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 34 of the Complaint.

    35.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 35 of the Complaint.

    36.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 36 of the Complaint.

    37.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 37 of the Complaint.

    38.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 38 of the Complaint.

    39.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 39 of the Complaint.

    40.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 40 of the Complaint.

    41.    Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 45 of the Complaint, except that defendants admit that they were acting within the scope of their employment.

46. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 46 of the Complaint.

47. The allegations contained in paragraph 47 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required and any allegations are made against these defendants, defendants deny the allegations.

## Causes of Action

### Count I – 42 U.S.C. § 1983

Pursuant to this Court's Memorandum Opinion and Order dated June 27, 2006, defendants Acosta and Smith are no longer parties to the 42 U.S.C. § 1983 claim in this case, and they are thus not required to respond to the allegations contained under this count.

### Count II – Assault and Battery

This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

### Count III – Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

Pursuant to this Court's Memorandum Opinion and Order dated June 27, 2006, defendants Acosta and Smith are no longer parties to the 42 U.S.C. § 1985 claim in this case, and they are thus not required to respond to the allegations contained under this count.

### Count IV – Racial Discrimination (42 U.S.C. § 1981)

This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

### Count V – D.C. Human Rights Act (D.C. Code §§ 2-1401.01 *et seq.*)

73. Defendants incorporate by reference their responses to paragraphs 1-72 of the Complaint.

74. Defendants acknowledge the statute cited in paragraph 74 of the Complaint but deny all liability thereunder.

75. Defendants acknowledge the statute cited in paragraph 75 of the Complaint but deny all liability thereunder.

76. Paragraph 76 of the Complaint contains conclusions of the law or of the pleader to which no response is required. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendants lack sufficient knowledge or information to either admit or deny the allegations, except that defendants deny that the plaintiff requested to file a formal police report with them on the night of March 11-12.

78. Paragraph 78 of the Complaint contains conclusions of the law or of the pleader to which no response is required; to the extent that a response is required, defendants deny the allegations contained therein.

79. Paragraph 79 of the Complaint contains conclusions of the law or of the pleader to which no response is required; to the extent that a response is required, defendants lack sufficient knowledge or information to either admit or deny the allegations. To the extent that any allegations are made against these defendants, defendants deny the allegations.

80. Paragraph 80 of the Complaint contains conclusions of the law or of the pleader to which no response is required; to the extent that a response is required, defendants lack sufficient knowledge or information to either admit or deny the existence or nature of the plaintiff's alleged injuries, damages, and expenses. To the extent that any allegations are made against these defendants, defendants deny the allegations.

### Count VI – Common Law Conspiracy

Pursuant to this Court's Memorandum Opinion and Order dated June 27, 2006, this count has been dismissed, and defendants are thus not required to respond to the allegations contained under this count.

### Count VII – Negligence

This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

### Count VIII – Reckless/Negligent Spoliation of Evidence

This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

Count IX – Aiding and Abetting Spoliation of Evidence

This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

Any allegations in the Complaint not expressly admitted are hereby denied.

Second Defense

Plaintiff may have failed to mitigate his injuries and/or damages.

Third Defense

Plaintiff may have failed to satisfy the mandatory notice requirements of D.C. Code § 12-309.

Fourth Defense

Defendants are entitled to absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity.

Fifth Defense

The actions of defendants were taken in good faith and with reasonable belief in their lawfulness.

Sixth Defense

If the plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

<u>Seventh Defense</u>

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of acts or omissions of a person or persons other than defendants Acosta and Smith.

<u>JURY TRIAL DEMAND</u>

Defendant hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    NADINE C. WILBURN
    Assistant Deputy Attorney General
    Civil Litigation Division


    /s/ Holly M. Johnson /s/
    HOLLY M. JOHNSON [476331]
    Chief, General Litigation Section III


    /s/ Carl J. Schifferle /s/
    CARL J. SCHIFFERLE [463491]
    Assistant Attorney General
    Suite 600S
    441 Fourth Street, N.W.
    Washington, D.C. 20001
    (202) 724-6624
    (202) 727-3625 (fax)
    Email:  carl.schifferle@dc.gov