IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, ANTHONY RAMIREZ, NIGHT AND DAY MANAGEMENT, LLC, d/b/a FUR NIGHTCLUB, MICHAEL REHMAN, a/k/a "MIKE ROMEO", MICHAEL PERSONS, THADDEUS MODLIN, RICHMOND PHILLIPS, LOUIS SCHNEIDER, JOSE ACOSTA, DAVID SMITH, and JOHN FIORITO,<br><br>    Defendants. | Case No. 1:06-CV-00002-JDB |

**AMENDED ANSWER OF NIGHT & DAY MANAGEMENT, LLC,
MICHAEL REHMAN, AND JOHN FIORITO
TO FIRST AMENDED COMPLAINT
AND
ANSWER OF MICHAEL PERSONS
TO FIRST AMENDED COMPLAINT**

Defendants Night & Day Management, LLC t/a The Fur Factory ("N&D"), incorrectly identified as Night and Day Management, LLC d/b/a Fur Nightclub, Michael Rehman ("Rehman"), John Fiorito, and Michael Persons ("Persons") (together, the "N&D Defendants"), by and through counsel, respond to the Complaint of Plaintiff Emile Mazloum as follows:

**FIRST DEFENSE**

The N&D Defendants respond to the numbered paragraphs of the Complaint as follows:

1-4.    Denied

    5-6.    The allegations in these paragraphs constitute legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied as to the N&D Defendants.

    7.    The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

    8.    Admitted, upon information and belief.

    9.    Admitted that N&D is a limited liability company incorporated under the laws of the District of Columbia.

    10.    Admitted that the named individuals were and/or are MPD officers. Otherwise, the N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

    11.    Admitted that Mr. Persons was a member of N&D's security team in and around March 2005. Otherwise, denied.

    12.    The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

    13.    Admitted that Rehman has managed The Fur Factory (the "Nightclub") and that Rehman and John Fiorito were acting within the scope of their employment at all times relevant to this litigation. Otherwise, denied.

    14-40.    Denied as to the N&D Defendants and any of their agents and employees, and denied that Mr. Mazloum was beaten in the premises of the Nightclub or by any employees thereof. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of these paragraphs.

    41-44.    Denied.

45. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

46. The N&D Defendants are without knowledge or information as to the "actions" that are being ascribed to anyone affiliated with N&D but deny that the N&D Defendants or anyone acting on their behalf committed any wrongful conduct.

47. Denied as to any persons employed by or affiliated with N&D.

48. The N&D Defendants incorporate their responses to paragraphs 1-47 herein.

49-57. These allegations are asserted against defendants other than the N&D Defendants and, therefore, no response is required on behalf of the N&D Defendants.

58. The N&D Defendants incorporate their responses to paragraphs 1-57 herein.

59. Denied as to any person purportedly employed by or affiliated with N&D.

60. Denied that Mr. Mazloum was injured at any time while he was in the Nightclub or injured by any person employed by or affiliated with N&D.

61. Denied as to any person employed by or affiliated with N&D and denied that Mr. Mazloum suffered any bodily injury within the Nightclub.

62. The allegations in this paragraph constitute a legal conclusion to which no response is required.

63. Denied that any persons or entities affiliated with N&D committed tortious conduct and denied that the Nightclub would be vicariously liable for the conduct described in any event.

64. Denied.

65-72. [Counts III and V, stated through these several paragraphs of Plaintiff's First Amended Complaint, were dismissed by Order of Court on June 27, 2006.]

73. The N&D Defendants incorporate their responses to paragraphs 1-72 herein.

74-75. The allegations in these paragraphs constitute legal conclusions to which no response is required.

76-77. Denied.

78. The allegations in this paragraph constitute a legal conclusion to which no response is required.

79-80. Denied.

81. The N&D Defendants incorporate their responses to paragraphs 1-80 herein.

82-84. Denied.

85. The N&D Defendants incorporate their responses to paragraphs 1-84 herein.

86-89. These allegations are asserted against a defendant other than the N&D Defendants and, therefore, no response is required on behalf of the N&D Defendants.

90. The N&D Defendants incorporate their responses to paragraphs 1-89 herein.

91. Denied.

92. Denied that there is or ever was any evidence to support any claim against the N&D Defendants or that they had the legal duty described.

93. Denied.

94. Admitted that witnesses who were present at the alleged scene will truthfully testify contrary to Mr. Mazloum's version of events and deny his allegations as to any destruction of videotape. Otherwise, denied.

95-97. Denied.

98. The N&D Defendants incorporate their responses to paragraphs 1-97 herein.

99-102. Denied.

103. All allegations not specifically admitted above are hereby denied.

## SECOND DEFENSE

104. The Complaint fails to state a claim against the N&D Defendants upon which relief can be granted.

## THIRD DEFENSE

105. The Court lacks subject matter jurisdiction over the N&D Defendants.

## FOURTH DEFENSE

106. Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

107. Plaintiff's claims are barred by his own misconduct and assault.

## SIXTH DEFENSE

108. Plaintiff's claims are barred by the doctrines of contributory negligence and/or assumption of risk.

## SEVENTH DEFENSE

109. Any conduct by the N&D Defendants, or anyone acting on their behalf, was a reasonable response to the actions of and threat posed by Plaintiff and his companions.

## EIGHTH DEFENSE

110. The conduct described by Plaintiff would be outside the course and scope of employment.

## NINTH DEFENSE

111. Plaintiff has failed to state a claim for punitive damages.

## NINTH DEFENSE

112. Plaintiff's claims are barred by the doctrine of self-defense.

## TENTH DEFENSE

113.    Plaintiff has failed to state a claim for common law conspiracy upon which relief can be granted.

## ELEVENTH DEFENSE

114.    Plaintiff has failed to state a claim under 42 U.S.C. § 1981 or D.C. Code § 2-1402.31 upon which relief can be granted.

## TWELFTH DEFENSE

115.    Plaintiff has failed to state a claim for spoliation of evidence upon which relief can be granted.

## THIRTEENTH DEFENSE

116.    Plaintiff seeks relief for the conduct of parties for whom the N&D Defendants are not responsible. Neither the N&D Defendants nor any of their agents, servants, or employees committed the wrongs alleged.

        Respectfully submitted,

        /s/ Paul A. Fitzsimmons
        _____
Thomas S. Schaufelberger, DC Bar No. 412217
Paul A. Fitzsimmons, DC Bar No. 444829
SAUL EWING LLP
1025 Thomas Jefferson Street, N.W.
Suite 425 West
Washington, DC  20007
202-295-6621
FAX 202-295-6721
E-mail: tschauf@saul.com
E-mail: pfitzsimmons@saul.com

*Counsel for Night & Day Management, LLC,
Michael Rehman, and John Fiorito*

766505.1         -7-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 18th day of July, 2006, a true and correct copy of the foregoing was served via ECF notice upon:

Brian H. Corcoran, Esq.
David J. Gonen, Esq.
Katten Muchin Rosenman, LLP
1025 Thomas Jefferson Street, NW
Suite 700 East Lobby
Washington, DC  20007
brian.corcoran@kattenlaw.com
david.gonen@kattenlaw.com
Facsimile:  202-298-7570
*Counsel for Plaintiff*

Susan E. Huhta, Esq.
Warren K. Kaplan, Esq.
Washington Lawyers' Committee For
Civil Rights And Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC 20036
sue_huhta@washlaw.org
warren_kaplan@washlaw.org
Facsimile: (202) 319-101
*Counsel for Plaintiff*

E. Louise R. Phillips, Esq.
Assistant Attorney General
Office of the Attorney General
441 4th Street, NW
Sixth Floor South
Washington, DC  20001-2714
louise.phillips@dc.gov
Facsimile:  202-727-3625
*Counsel for Defendant
District of Columbia*

Michael Bruckheim, Esq.
Leticia L. Valdes, Esq.
Assistant Attorneys General
Office of the Attorney General
441 4th Street, NW
Sixth Floor North
Washington, DC  20001-2714
michael.bruckheim@dc.gov
leticia.valdes@dc.gov
Facsimile:  202-727-3625
*Counsel for Defendants Anthony Ramirez, Richmond Phillips, Thaddeus Modlin, and Louis Schneider*

Carl J. Schifferle, Esq.
Assistant Attorney General
Office of the Attorney General
441 4th Street, NW
Sixth Floor South
Washington, DC  20001-2714
carl.schifferle@dc.gov
Facsimile:  202-727-3625
*Counsel for Defendants Jose Acosta and David Smith*

/s/ Paul A. Fitzsimmons
_____
Paul A. Fitzsimmons