UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EMILE MAZLOUM,                      )
                                    )
            Plaintiff,              )   Civil Action No. 1:06 CV 00002
                                    )   (JDB)
        v.                          )
                                    )
DISTRICT OF COLUMBIA, *et al.*,     )
                                    )
            Defendants.             )
_____)

## MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, hereby requests that this Court enter its proposed Order Regarding Confidentiality of Discovery Material (the "Confidentiality Order"), and to that end states as follows:

On July 10, 2006, Plaintiff' counsel circulated among the Defendants a draft Confidentiality Order for comment (a copy of which is attached as Exhibit A). The Order is intended to facilitate the production of documents in discovery in cases where a party might feel reluctant to do so because a given document contains sensitive or proprietary information. *Cobell v. Norton*, 213 F.R.D. 48, 52 (D.D.C. 2003) ("[u]pon motion by a party or by the person from whom discovery is sought and for good cause shown, a district court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). Such an order, which was drafted based on confidentiality orders Plaintiff's counsel has used successfully in other litigations and in matters before this Court as well, is commonly viewed is appropriate in civil litigation. *See, e.g.,* Ann. Manual Complex Lit § 11.432 (4th ed. 2006)("an umbrella [protective]

order will expedite production, reduce costs, and avoid the burden on the court of document-by-document adjudication").

To date, counsel for only one set of Defendants has commented on the draft – despite the admonition of Plaintiff's counsel that a failure to provide comments by July 19, 2006 would be deemed acceptance of the draft. Plaintiff is aware of documents already withheld by Defendants because of their allegedly proprietary nature, such as the personnel records of the individual police officer Defendants. *See* Excerpts from District of Columbia's Objections and Responses to Plaintiff's First Set of Document Requests, attached as Exhibit B. Because depositions of these same police officers will soon be taken, it is imperative that Plaintiff be in possession of all relevant documents in advance so that meaningful questioning of the deponents can occur. Accordingly, Plaintiff respectfully requests that the Court enter the enclosed Order.

As noted above, Plaintiff acknowledges that counsel for Defendants Acosta and Smith did provide brief comments to the draft order. *See* e-mail, dated July 13, 2006, attached as Exhibit C. But those comments provide no basis for altering the terms of the order. Thus, Acosta and Smith assert that they believe certain non-attorney/client privileged information, such as police addresses, is too sensitive to be produced – even though a confidentiality order is intended ***precisely*** to enable the production of such information by restricting its disclosure outside the litigation. Similarly, they question putting the burden of designation on the producing party – despite the fact that not only is this the common practice[1], but in fact is sensible as well, as the party so designating must do so in

---

1  The terms of the Plaintiff's draft confidentiality order are very similar in this sense to the form confidentiality order promulgated by the Maryland District Court. *See* Local Rules for the U.S. District Court for the District of Maryland, Appendix D, "Stipulated Order Regarding Confidentiality of Discovery Material, Section 1(a). Indeed, the District of Columbia itself recently included similar language in its own offered confidentiality order. *See* Joint Motion to Enter Protective Order, *Adeyemi v. District of Columbia*, 2006 WL 354587 (D.D.C.) (No. 1:04-1684 January 6, 2006) ("[a]ny party or other person (including non-parties) producing or furnishing documents or information of a non-public nature to another party may designate any document, material or information as CONFIDENTIAL if such party in good faith believes that such designation is necessary to protect confidential or sensitive non-public information protected under

good faith and must be able to, when challenged, provide a persuasive justification for having so acted. These objections are not grounds for refusing to enter the order as drafted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the motion for entry of the Confidentiality Order be granted.

Dated: July 21, 2006

/s/
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Sue_Huhta@washlaw.org
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum

Fed. P. Civ. R. 26(c).