**Answer:**     Please see Exhibit 2, the unofficial report compiled by Skip Coburn known as Exhibit 3, and Exhibit 4.

2.     All documents identified in, or relied upon to prepare, your responses to Plaintiff's First Set of Interrogatories.

**Answer:**     Please see Exhibits 1, 2, and 4.

3.     All statements (as that term is used in Federal Rule of Civil Procedure 26(b) (3)) that were previously made by you concerning this action or its subject matter.

**Answer:**     The Defendant objects to this interrogatory as the information which is protected under the attorney work product, deliberative process privilege and attorney work product privilege. Finally, the request is vague, overbroad, and unduly burdensome.

4.     Copies of the personnel files for Officer Ramirez, Officer Modlin, Officer Phillips, Officer Schneider, Officer Acosta, and Officer Smith.

**Answer:**     Defendant objects to this interrogatory because it seeks confidential personnel information protected under D.C. Official Code §§ 1-631.01, 1-632.3 and § 3102.1 of the District Personnel manual, and as it constitutes an unwarranted invasion of personal privacy. Without waiving objection, once a mutually agreed upon Protective Order is in place relevant documents will be produced.

5.     All written evaluations related to the conduct or performance of Officer Ramirez, Officer Modlin, Officer Phillips, Officer Schneider, Officer Acosta, or Officer Smith as MPD police officers, whether on-duty or off-duty.

**Answer:**    Defendant objects to this interrogatory because it seeks confidential personnel information protected under D.C. Official Code §§ 1-631.01, 1-632.3 and § 3102.1 of the District Personnel manual, and as it constitutes an unwarranted invasion of personal privacy.    Without waiving objection, once a mutually agreed upon Protective Order is in place relevant documents will be produced.

6.    All documents evidencing, relating or otherwise referring to any claims or complaints, whether formal or informal, raised or filed by any person or entity against Officer Ramirez, Officer Modlin, Officer Phillips, Officer Schneider, Officer Acosta, or Officer Smith concerning their conduct or performance as MPD police officers, whether on or off-duty.

**Answer:**    The Defendant objects to this interrogatory as being vague, overbroad, unduly burdensome, and irrelevant because it seeks documents not designed to lead to the discovery of dismissible evidence, specifically any document which occurred after the event in question and those that may involve complaints other than those relating to "use of excessive force." This document requests documents before the Memorandum of Agreement Between the United States Department of Justice and the District of Columbia and the District of Columbia Metropolitan Police Department, June 13, 2001 (MOA). Also Defendant objects to this document request because it seeks confidential personnel information protected under D.C. Official Code §§ 1-631.01, 1-632.3 and § 3102.1 of the District Personnel manual, and as it constitutes an unwarranted invasion of personal privacy.    In addition, the District objects to

3

answering any discovery request regarding Officer Smith and Acosta because a Stay is in place.

7.    All documents evidencing, relating or otherwise referring to any disciplinary action taken by the MPD at any time against Officer Ramirez, Officer Modlin, Officer Phillips, Officer Schneider, Officer Acosta, or Officer Smith, including but not limited to any disciplinary action taken by the MPD in connection with the Altercation.

> **Answer:**    Defendant objects to this interrogatory because it seeks information regarding remedial action and confidential personnel information protected under D.C. Official Code §§ 1-631.01, 1-632.3 and § 3102.1 of the District Personnel manual, and as it constitutes an unwarranted invasion of personal privacy. The District also objects to the term "altercation." In addition, the District objects to answering any discovery request regarding with Officer Smith and Acosta because a Stay is in place, and the interrogatory is irrelevant because it seeks documents not designed to lead to the discovery of dismissible evidence, specifically any document which occurred after the event in question and those that may involve complaints other than those relating to "use of excessive force."

8.    All documents evidencing, relating or otherwise referring to the resignation(s), suspensions, and/or termination(s) of Officer Ramirez, Officer Modlin, Officer Phillips, Officer Schneider, Officer Acosta, or Officer Smith, as members of the MPD.

**Answer:**    Defendant objects to this interrogatory because it seeks confidential personnel information protected under D.C. Official Code §§ 1-631.01, 1-632.3 and § 3102.1 of the District Personnel manual, and as it constitutes an unwarranted invasion of personal privacy, also the officers are represented by other counsel.  In addition the District objects to answering anything that has to deal with Officer Smith and Acosta because a Stay is in place.

9.    All documents evidencing, referring or otherwise relating to the Altercation.

**Answer:**    The District also objects to the term "altercation."  Please see Exhibit 1, 2, and 3, the unofficial report to Skip Coburn.

10.    All documents evidencing, referring or otherwise relating to the Interview.

**Answer:**    Please see Exhibit 1 and 2.

11.    All documents evidencing, referring or otherwise relating to Mr. Mazloum.

**Answer:**    Please see Exhibit 1, 2, and 3, the unofficial report to Skip Coburn.

12.    All documents evidencing, referring or otherwise relating to Mr. Alkadi.

**Answer:**    Please see Exhibit 1, 2, and 3, the unofficial report to Skip Coburn.

13.    All documents evidencing, referring or otherwise relating to Mr. Abi-Aad.

**Answer:**    Please see Exhibit 1, 2, and 3, the unofficial report to Skip Coburn.

14.    All police reports and/or handwritten or typed notes filed or made by any member of the MPD concerning the Altercation or the Interview.

**Answer:**    Objection, this request is overly broad and the District also objects to the term "altercation." Without waiving any objections, see Exhibit 1 and 2.

5