UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMILE MAZLOUM, | ) | |
| | ) | |
| Plaintiff, | ) | 06-CV-0002 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT ANTHONY RAMIREZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS POSITION THAT PLAINTIFF SHOULD PAY THE COSTS OF TRAVEL AND LODGING FOR HIS DEPOSITION IN THE DISTRICT OF COLUMBIA

Defendant Anthony Ramirez, (hereinafter "defendant"), by and through counsel, hereby submits the following Memorandum of Points and Authorities in support of his position that he should not bear the costs of travel and lodging to attend a deposition in the District.

**I.   PLAINTIFF SHOULD BEAR THE COSTS OF TRAVEL AND LODGING FOR DEFENDANT RAMIREZ BECAUSE RAMIREZ WAS A RESIDENT OF ARIZONA AT THE TIME THE COMPLAINT WAS FILED.**

Defendant Ramirez was a resident of Arizona at the time plaintiff filed his complaint. Defendant Ramirez was served at his home address in Arizona. *See* Court Docket, #25.[1] Plaintiff seeks to depose defendant Ramirez sometime during the week of August 7-11, 2006.[2] Defendant Ramirez submits that plaintiff should bear the costs of travel and lodging if plaintiff wishes to depose him in the District.

---

[1] Court Docket #6 states that defendant Ramirez was served in the District. A review of that document shows that defendant was not personally served. Instead, his summons was left with an employee of the General Counsel's Office for the Metropolitan Police Department.
[2] Discovery does not close in this case until December 20, 2006.

If a person, whether a party or not, is taken away from their residence and work, they are entitled to witness fees and traveling costs as a condition of being deposed.  *See Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 212 F.R.D. 429, 431 (D.D.C. 2003); *Martin v. Howard University*, 209 F.R.D. 20, 21 (D.D.C. 2002).  In *Martin*, the court denied the plaintiff a motion to reconsider the court's denial of a previous request to relieve her of paying witness fees to deponents.  *Martin,* 209 F.R.D at 20.  While the witness to be deposed was not a party in the litigation, the court stated, "whether a party or not, the law requires that [the deponent] be compensated as a condition of that deposition being taken."  *Id* at 21.

The court in *Judicial Watch* held similarly to the *Martin* Court when it granted a motion for witness fees.  *Judicial Watch,* 212 F.R..D. at 430.  There, a non-party deponent, who lived in the District at the time of the filing of the Complaint, moved to California.  *Id*  He then flew from California to D.C. on a total of six occasions and was not compensated.  *Id.* at 431.  The court held that it is "beyond all doubt" that the party taking the deposition must pay witness fees and travel costs.  *Id.*  The court concluded that appropriate travel expenses are those incurred when taking a common carrier and the most economical rate reasonably available.  *Id.* (citing 28 U.S.C. § 1821(c)(1)(1994)).  The Court ordered plaintiff to pay the witness fees at the statutory rate of $40 per day for the six days of deposition and the three days of "going to and returning from the place of attendance." *See* 28 U.S.C.A. § 1821(b)(1994). Additionally, the witness was entitled to his actual expenses of travel.

Although Ramirez is a party defendant, he, like the witness in *Judicial Watch*, is an out-of-state witness who would be required to incur great expense and time to travel

for deposition. *See id. at 431*. In *Judicial Watch*, the witness was originally served in D.C. and he was aware that he would be called for depositions. *Id* at 430. Despite this, the court still awarded the witness travel expenses. *Id.* at 431. In this case, Ramirez moved to Arizona before the complaint against him was even filed. Plaintiff therefore knew that Ramirez was a resident of Arizona and elected to name him as a defendant nonetheless. Accordingly, Ramirez should not have to bear the burden of travel and lodging expenses to appear for deposition.[3]

Alternatively, plaintiff may travel to Arizona and conduct the deposition there. Courts have stated "[in] the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D.N.M. 2004) (quoting *Metrex Research Corp. v. United States,* 151 F.R.D. 122, 125 (D. Colo. 1993).

In *Rivera*, the court granted defendant's Motion for Protective Order and Notice of Non-Appearance for the defendant's deposition by the plaintiff. *Rivera,* 229 F.R.D. at 189. In *Rivera,* the defendant lived in Colorado, and the plaintiff lived in New Mexico. *Id.* at 188. The court had jurisdiction over the defendant, but held that an "out-of-state deponent is under no obligation to travel to the location where the case was filed for deposition." *Id.* at 188-89. Short of the plaintiff showing an undue hardship to travel to Colorado, the deposition would have to be held in Colorado. *Id.* at 189.

---

[3] Plaintiff will likely argue that because Ramirez filed a counterclaim, he should have to bear his own expenses for a deposition in furtherance of his counterclaim. Defendant Ramirez submits that this argument is irrelevant. Ramirez filed his counterclaim as part of his answer to plaintiff's amended complaint. Clearly, if plaintiff had not named Ramirez as a defendant, there would be no counterclaim.

Just like the defendant in *Rivera*, Ramirez lives a substantial distance from the location of this litigation. *See id.* at 188. In fact, Ramirez lives even farther away than the defendant in *Rivera* as the distance between Arizona and D.C. is much greater than New Mexico to Arizona. *See id.* If this Court finds that plaintiff should not have to bear the expense of bringing Ramirez to the District for his deposition and/or plaintiff determines that he cannot or will not bear the expenses for Ramirez to travel to the District for deposition, this Court should rule that absent consent of the parties as to where the deposition should be held, it must be held in Arizona.

Respectfully submitted,

EUGENE A. ADAMS
Chief Deputy Attorney General for the District of Columbia

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Sec. IV

_____/s/_____
MICHAEL BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail: Michael.Bruckheim@dc.gov