UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EMILE MAZLOUM, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 1:06 CV 00002 (JDB) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S MEMORANDUM ON DISCOVERY DISPUTE

Despite the fact that he is demanding the sum of $1,000,000 in damages from Plaintiff Mazloum, by way of counterclaims for defamation and intentional infliction of emotional distress, Defendant Anthony Ramirez objects to coming to the District of Columbia for his deposition unless Plaintiff agrees to pay <u>all</u> travel expenses – rejecting Plaintiff's reasonable offer to split those expenses.[1]  His justification for his position is that he is an Arizona resident, even though the assault Plaintiff alleges was committed by Ramirez occurred in this forum barely a year ago, when he was unquestionably "in" D.C.  Moreover, Ramirez studiously ignores the fact that he has asserted a permissive counterclaim in this action, thus making himself amenable to being hailed into this jurisdiction for a deposition.

Ordinarily, the informal practice of federal district courts is that defendants are submitted to deposition in their district of residence.  *Fortune Management, Inc. v. Bly*, 118 F.R.D. 21 (D.Mass.

---

[1] Ramirez's counsel has also demanded that the witness's appearance be subpoenaed – despite the fact that, as a party to this lawsuit, a subpoena is unnecessary.  Wright & Miller, 8A *Federal Practice and Procedure* Civ.2d § 2112 (2006)("[i]f the person to be examined is a party to the action, a subpoena is not required and the notice is sufficient to require his or her presence").

1987). However, courts have the discretion to set the location for a deposition, taking into account a variety of factors. *See, e.g., McKesson Corp. v. Islamic Republic of Iran,* 185 F.R.D. 70, 80-81 (D.D.C. 1999)(compelling defendant witness to travel from Iran to D.C. for deposition).[2]

Here, the proper application of such factors favors deposing Defendant Ramirez in D.C. As all counsel, as well as the remaining parties, are resident in the D.C. area, it will clearly be more efficient to depose Ramirez here than to send counsel (of which there are, including Plaintiff, four sets) to Arizona. The conduct at issue in this case unquestionably occurred in D.C. Ramirez is a key defendant (as he is alleged to have personally led the assault and battery against Mazloum) and was a D.C. police officer at the time. Indeed, Ramirez lived in the D.C. region in March 2005, not even a year-and-a-half ago. And Ramirez's current Arizona residency should not be given great weight; indeed, it may merely be a consequence of his alleged misconduct in this very incident, as he appears to have been suspended in some form from the MPD after the incident.

The fact that Ramirez has chosen to assert counterclaims in this action is also relevant to determining the proper location for his deposition. *Armsey v. Medshares Management Services, Inc.,* 184 F.R.D. 569, 572 (W.D. Va. 1998)(observing generally that the filing of counterclaims in the forum established that the defendant "consciously chose to avail itself of the services" of the forum court). Federal courts view permissive counterclaims[3] as putting a defendant in the position of a party plaintiff, thereby making it appropriate to depose such a defendant in the forum. *Fortune*, 118 F.R.D. at 22-23. Here, it is plainly the case that Ramirez's counterclaims are permissive under the

---

[2] Factors considered by courts in evaluating where to locate a deposition are location of counsel and parties; likelihood of significant discovery disputes arising during deposition; whether the defendant travels often to forum; the equities with regard to the nature of the claim and the parties' relationship. *See Armsey v. Medshares Management Services, Inc.,* 184 F.R.D. 569, 571 (W.D.Va. 1998).

[3] Although Ramirez designates his counterclaim as compulsory under Fed. R. Civ. P. 13(a), such a classification is self-serving and does not prohibit the Court from determining the actual nature of the counterclaims at issue.

appropriate test.[4]  The legal issues raised by Plaintiff's discrimination and tort claims are wholly separate from Ramirez's assertions of defamation and infliction of emotional distress.  Ramirez's counterclaims are, in fact, somewhat dependent upon the outcome of this case, since proof of the falsity of the allegations against him will only be obtainable after this matter is adjudicated.  And they are based on statements allegedly made about Ramirez at the press conference announcing this lawsuit, held <u>subsequent</u> to (and thus independent of) the filing of this case.

Other federal courts (in particular, the Fifth Circuit) have expressly found that defamation claims asserted by police officers in reaction to civil rights-style claims of the sort at issue in this case are permissive, for the simple fact that they have not fully matured at the time of their assertion. *See, e.g., Young v. New Orleans,* 751 F.2d 794, 801 (5th Cir. 1985).  More generally, many courts have ruled that defamation-based counterclaims simply are not compulsory in nature.  *Greater New Orleans Fair Housing Action Center, Inc., v. B.W. Brister,* No. Civ. A. 02-3797, 2005 WL 517338 (E.D.La. March 1, 2005)(applying *Young* to defamation claims); *see also Computer Assoc. Int'l, Inc. v. Altai, Inc.,* 893 F.2d 26, 29 (2d Cir. 1990)("[a] counterclaim which stems from the filing of the main action and *subsequent* alleged defamations is not a compulsory counterclaim")(emphasis in original), *quoting Harris v. Steinem,* 571 F.2d 119, 123 (2d Cir. 1978).

In light of the above, this Court should order Ramirez's deposition to occur in D.C., with travel expenses shared between him and the Plaintiff.

---

4  As set forth in *Fortune*, Courts consider the following factors in determining if a counterclaim is permissive or compulsory: (a) are the issues of fact and law raised by the claim and the counterclaim largely the same? (b) would *res judicata* bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule? (c) will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim? and (d) is there any logical

Dated: July 24, 2006

/s/ _____
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Sue_Huhta@washlaw.org
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum

---

relationship between the claim and the counterclaim? (the one compelling test for compulsoriness). *Fortune,* 118 F.R.D. at 23.