IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, ANTHONY RAMIREZ, NIGHT AND DAY MANAGEMENT, LLC, d/b/a FUR NIGHTCLUB, MICHAEL REHMAN, a/k/a "MIKE ROMEO", MICHAEL PERSONS, THADDEUS MODLIN, RICHMOND PHILLIPS, LOUIS SCHNEIDER, JOSE ACOSTA, DAVID SMITH, and JOHN FIORITO,<br><br>　　Defendants. | Case No. 1:06-CV-00002-JDB |

**ANSWER TO DEFENDANT DISTRICT OF COLUMBIA'S CROSS CLAIM
BY DEFENDANTS NIGHT AND DAY MANAGEMENT, LLC,
MICHAEL REHMAN, JOHN FIORITO, AND MICHAEL PERSONS
AND THEIR CROSS CLAIM AGAINST DEFENDANT DISTRICT OF COLUMBIA**

Defendants Night & Day Management, LLC t/a The Fur Factory ("N&D"), incorrectly identified as Night and Day Management, LLC d/b/a Fur Nightclub, Michael Rehman ("Rehman"), John Fiorito, and Michael Persons ("Persons") (together, the "N&D Defendants"), by counsel, and for their response to the Cross Claim of defendant District of Columbia ("D.C." or "the District") state as follows:

　　1.　　Admitted, upon information and belief.

　　2.　　The N&D Defendants admit, upon information and belief, that this action was instituted following an incident that took place involving Plaintiff Emile Mazloum at The Fur Factory on or about March 12, 2005. Otherwise, denied.

3.  The allegations in Paragraph 3 constitute legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

4.  Denied.

5.  Denied.

6.  Denied.

7.  All allegations not specifically admitted above are hereby denied.

## SECOND DEFENSE

8.  The Cross Claim fails to state a claim against the N&D Defendants upon which relief can be granted.

## THIRD DEFENSE

9.  The Court lacks subject matter jurisdiction over the N&D Defendants.

## FOURTH DEFENSE

10. Even if Plaintiff obtained against the District the relief he seeks in this litigation, D.C. would not be entitled to indemnification from the N&D Defendants. The N&D Defendants and D.C. are not in privity and were not in privity at the time the event at issue took place.

## FIFTH DEFENSE

11. The N&D Defendants did not commit any acts that would entitle Plaintiff to the relief he seeks against the N&D Defendants. Thus, even if Plaintiff obtained the relief he seeks against the District in this litigation, D.C. would not be entitled to contribution from the N&D Defendants.

WHEREFORE, the foregoing considered, the N&D Defendants respectfully request that the District's Cross Claim be dismissed with prejudice.

## CROSS CLAIM

For their cross claim against the District of Columbia, the N&D Defendants respectfully represent to the Court as follows:

1. In his First Amended Complaint (the "Complaint"), Plaintiff Emile Mazloum seeks recovery against the N&D Defendants and D.C. pursuant to claims of, *inter alia*, assault and battery, racial discrimination, and violation of the D.C. Human Rights Act.

2. In the event that Plaintiff is successful in obtaining the relief he seeks in this litigation against the N&D Defendants, D.C. was responsible in causing all or a portion of the harm Plaintiff allegedly incurred.

3. In the event that Plaintiff is successful in obtaining the relief he seeks in this litigation against the N&D Defendants, the N&D Defendants are entitled to contribution and/or indemnification from D.C. in whole or in part.

WHEREFORE, in the event that Plaintiff is successful in obtaining the relief he seeks in this litigation against the N&D Defendants, the N&D Defendants seek:

(a) a finding that defendant District of Columbia was responsible in causing harm to Plaintiff and is a joint tortfeasor and/or liable defendant along with the N&D Defendants;

(b) a determination of whether defendant District of Columbia is wholly or partially responsible for the harm Plaintiff allegedly incurred;

(b) entry of an order decreeing that the damages awarded to Plaintiff be apportioned among the N&D Defendants and defendant District of Columbia according to the Court's determination pursuant to subsection (c) immediately above; and

(d) such other and further relief as this Court deems equitable and just.

        Respectfully submitted,

        /s/ Paul A. Fitzsimmons
        _____
Thomas S. Schaufelberger, DC Bar No. 412217
Paul A. Fitzsimmons, DC Bar No. 444829
SAUL EWING LLP
1025 Thomas Jefferson Street, N.W.
Suite 425 West
Washington, DC  20007
202-295-6621
FAX 202-295-6721
E-mail: tschauf@saul.com
E-mail: pfitzsimmons@saul.com

*Counsel for Night & Day Management, LLC,
Michael Rehman, John Fiorito, and
Michael Persons*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 31st day of July, 2006, a true and correct copy of the foregoing was served via ECF notice upon:

Brian H. Corcoran, Esq.
David J. Gonen, Esq.
Katten Muchin Rosenman, LLP
1025 Thomas Jefferson Street, NW
Suite 700 East Lobby
Washington, DC  20007
brian.corcoran@kattenlaw.com
david.gonen@kattenlaw.com
Facsimile:  202-298-7570
*Counsel for Plaintiff*

Susan E. Huhta, Esq.
Warren K. Kaplan, Esq.
Washington Lawyers' Committee For
Civil Rights And Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC 20036
sue_huhta@washlaw.org
warren_kaplan@washlaw.org
Facsimile: (202) 319-101
*Counsel for Plaintiff*

E. Louise R. Phillips, Esq.
Assistant Attorney General
Office of the Attorney General
441 4th Street, NW
Sixth Floor South
Washington, DC  20001-2714
louise.phillips@dc.gov
Facsimile:  202-727-3625
*Counsel for Defendant
District of Columbia*

Michael Bruckheim, Esq.
Leticia L. Valdes, Esq.
Assistant Attorneys General
Office of the Attorney General
441 4th Street, NW
Sixth Floor North
Washington, DC  20001-2714
michael.bruckheim@dc.gov
leticia.valdes@dc.gov
Facsimile:  202-727-3625
*Counsel for Defendants Anthony
Ramirez, Richmond Phillips,
Thaddeus Modlin, and Louis Schneider*

Carl J. Schifferle, Esq.
Assistant Attorney General
Office of the Attorney General
441 4th Street, NW
Sixth Floor South
Washington, DC  20001-2714
carl.schifferle@dc.gov
Facsimile:  202-727-3625
*Counsel for Defendants Jose Acosta
and David Smith*

/s/ Paul A. Fitzsimmons
_____
Paul A. Fitzsimmons