UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 0 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EMILE MAZLOUM,

Plaintiff,

v.

DISTRICT OF COLUMBIA, et al.,

Defendants.

Civil Action No. 06-0002 (JDB)

## ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

Before the Court is [74] plaintiff's motion for entry of confidentiality order. Defendants Acosta and Smith have submitted informal comments to plaintiff, and the remaining defendants have not submitted a response to plaintiff or the Court. The Court has reviewed the proposed confidentiality order, and concludes that the terms are, for the most part, reasonable.

The Court does, however, have three concerns. First, the method for designating documents "confidential" has the potential for overbroad application. The Court will, however, rely on the good faith of the parties in designating documents "confidential" and will resolve any issues of improper designation if and when they arise. Second, the terms and conditions governing the two classes of materials -- "confidential" (Proposed Order, ¶ 3) and "highly confidential" (Proposed Order, ¶ 4) are substantially the same. The only significant difference is that "highly confidential" materials would, ostensibly, be limited to "attorneys eyes only." This limitation is, however, unrealistic, and indeed is contradicted by the proposed terms that would govern disclosure of "highly confidential" materials, which would authorize disclosure to court reporters, consultants, investigators, and experts. Thus, the label "attorneys eyes only" is

confusing as well as unrealistic. The Court concludes that the terms and conditions governing "confidential" materials are sufficient to protect materials that the parties may consider "highly confidential," and thus only one class of protected information -- "confidential" -- will be created. Moreover, creation of one class of protected materials governed by a single set of procedures will facilitate compliance with the terms and conditions of this Order.

Third, the proposed paragraph on inadvertent production of confidential material (Proposed Order, ¶ 7), would determine the legal impact of inadvertent disclosure. Whether a privilege has been waived, however, would present an issue of law that cannot be predetermined by the parties or the Court. The Court agrees that a protective order may govern the conduct of the parties, and thus may properly provide that a party will not assert a claim of waiver of privilege, and may also provide that a party will destroy documents inadvertently disclosed (as the proposed order also contemplates). But the legal standards governing the attorney-client privilege and protection of work product cannot be crafted by this means. The Court will adopt paragraph seven, with modifications consistent with these concerns.

For the foregoing reasons, and good cause having been shown pursuant to Fed. R. Civ. P. 26(c), it is hereby

ORDERED that plaintiff's motion is GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that the following terms and conditions shall govern the production of materials designated confidential by the parties unless modified by subsequent order of the Court:

1.   Definitions. "Confidential" shall refer to documents produced that are stamped "confidential" (subject to the provisions of Paragraph 2(a)).

2. <u>Designation of Discovery Materials as Confidential.</u> All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material designate it as confidential only when such person in good faith believes it contains sensitive personal information or financial information that would cause competitive damage if it were disclosed to another person. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the parties' facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. The parties shall not assert waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as

-3-

"CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosure may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to two identified employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Prior to disclosure to any such employees, such person must agree to be bound by the terms of this Order by executing a written statement in the form attached hereto as Exhibit A.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making

photocopies of documents, such person must agree to be bound by the terms of this Order by executing a written statement in the form attached hereto as Exhibit A.

        (iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing, by executing a written statement in the form attached hereto as Exhibit A, to be subject to the provisions of this Order requiring that the documents and information be held in confidence. Each expert shall be identified to the other party prior to making such disclosure, including a resume, current address, and any consultations within the past five years. If any party objects, no disclosure shall be made to such individual or business until the matter is resolved.

    (e)    Except as provided in Subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

    (f)    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

    3.    <u>Confidential Information Filed with Court.</u> To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party)

with the Clerk of Court in an envelope or box marked "DOCUMENT UNDER SEAL" or "DOCUMENTS SUBJECT TO PROTECTIVE ORDER," or the equivalent, pursuant to LCvR 5.1(j)(2). The face of the envelope/box shall also contain the case number, the title of the Court, a descriptive title of the document and the case caption unless such information is to be, or has been included among the information ordered sealed, pursuant to LCvR 5.1(j)(3). The face of the envelope/box shall also contain the date of any order, or the reference to any statute permitting the item to be sealed, pursuant to LCvR 5.1(j)(3).

4. <u>Party Seeking Greater Protection Must Obtain Further Order.</u> No information may be withheld from discovery on the ground that responsive material requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

5. <u>Challenging Designation of Confidentiality.</u> A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

6. <u>Inadvertent Production of Confidential Material.</u> In the event of inadvertent production of any privileged or otherwise protected information, the producing party shall notify the receiving party in writing. Upon receiving written notice from the producing party that the material was inadvertently produced, the receiving party shall return all such information, and all copies thereof, to the designating party, and the receiving party shall not use such information for any purpose. A receiving party shall purge any data-bases, analyses, memoranda, summaries, notes, or other writings and records in hard-copy or electronic form of any inadvertently produced information. A receiving party shall not assert a claim of waiver or impairment of any

claim of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work-product materials.

7. <u>Return of Confidential Material at Conclusion of Litigation.</u> At the conclusion of the litigation of the above-captioned matter, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

SO ORDERED.

_____
JOHN D. BATES
United States District Judge

Dated: August 2, 2006