## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM

    Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.,*

    District.

C.A. No. 06-00002 (JDB)

### DISTRICT OF COLUMBIA'S ANSWER TO THE
### DEFENDANTS NIGHT AND DAY MANAGEMENT, LLC, REHMAN, FIORITO AND
### PERSONS' CROSS CLAIM

The District of Columbia, through counsel, responds to the cross claim filed by the above named co-defendants as follows:

### FIRST DEFENSE

The cross claim fails to state a claim against the Defendant District of Columbia ("the District") upon which relief may be granted.

### SECOND DEFENSE

1.      The District admits to the summary of the allegations contained in paragraph one.

2.      Deny.

3.      Deny.

The remaining paragraphs in the cross claim contain co-defendants' prayer for relief which the District denies. Further answering, the District denies all allegations of wrongful conduct, either intentional or negligent, not specifically answered or otherwise responded to.

**THIRD DEFENSE**

District denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

**FOURTH DEFENSE**

District, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

**FIFTH DEFENSE**

If Plaintiff was injured and damaged as alleged in the amended complaint and cross claim, such injuries were the result of his own intentional, illegal and otherwise wrongful conduct.

**SIXTH DEFENSE**

To the extent that Plaintiff suffered any injuries alleged in the amended complaint and cross claim, those injuries resulted from Plaintiff's reckless, willful, and/or wantonly negligent conduct, his sole, concurrent or contributory negligence and his assumption of the risk.

**SEVENTH DEFENSE**

If Plaintiff was injured and damaged as alleged in the amended complaint and cross claim, such injuries and damages were the result of a person or persons other than District, its employees, agents and servants acting within the scope of their employment.

## EIGHTH DEFENSE

If Plaintiff was injured and damaged as alleged in the amended complaint and cross claim, such injuries and damages were the result of the criminal acts of a person or persons other than District, its agents, employees, and servants acting within the scope of their employment.

## NINTH DEFENSE

The District is not liable for the criminal or tortious acts of its agents, employees, and/or servants, as such acts are considered to be outside the scope of their employment.

## TENTH DEFENSE

To the degree the District or their agents acting within the scope of their employment are alleged to have arrested or detained the Plaintiff, they did so with reasonable and articulable suspicion, probable cause and/or a good faith belief in the lawfulness of their conduct.

## ELEVENTH DEFENSE

To the degree the District or their agents acting within the scope of their employment are alleged to have used force on the Plaintiff, they did so with a reasonable and good faith belief that it was necessary in the defense of third persons, or in defense of self.

## TWELFTH DEFENSE

At all times relevant herein, District, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

## THIRTEENTH DEFENSE

District asserts governmental immunity, absence of bad faith and absence of gross negligence and/or reckless indifference.

**FOURTEENTH DEFENSE**

District are immune from the claims of this lawsuit. Liability is barred by the doctrines of sovereign immunity, governmental immunity, qualified immunity, privilege, and discretionary function.

**FIFTEENTH DEFENSE**

Acts or omissions of District, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**SIXTEENTH DEFENSE**

Plaintiff and co-defendants may have failed to fully comply with the mandatory notice requirements of D.C. Official Code §12-309 (2001 ed.)

**SEVENTEENTH DEFENSE**

Plaintiff's and co-defendants' claims may be barred by the statute of limitations.

**EIGHTEENTH DEFENSE**

Plaintiff and co-defendants may have failed to mitigate his damages.

**NINETEENTH DEFENSE**

Plaintiff's and co-defendants' claims may be barred by collateral estoppel and res judicata.

**TWENTIETH DEFENSE**

Plaintiff and co-defendants are not entitled to an award of punitive damages against the District.

## TWENTY-FIRST DEFENSE

Plaintiff and therefore, co-defendants are not entitled to an award of attorney's fees.

District reserves the right to amend its Answer to the cross claim and to assert any additional defenses that are supported by facts learned through discovery or at trial herein.

## SET-OFF

District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

The District of Columbia claims a set-off against any judgment obtained by Plaintiff for any treatment, other benefits or assistance provided by the District of Columbia.

WHEREFORE, the District seeks indemnity and/or contribution from co-defendants and dismissal of their cross claim against it.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation § II

BY: _____/s/_____
E. LOUISE R. PHILLIPS [422074]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6519 fax (202) 727-3625
louise.phillips@dc.gov