UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 06-0002 (JDB) |

### DEFENDANTS JOSE ACOSTA AND DAVID SMITH'S MOTION FOR SUMMARY JUDGMENT

Defendants Jose Acosta and David Smith ("defendants"), through counsel and pursuant to Fed. R. Civ. P. 56, respectfully move for summary judgment on plaintiff's remaining claim against them. Defendants are entitled to summary judgment on the claim under the D.C. Human Rights Act because plaintiff did not voice a complaint of discrimination.

The grounds in support of this motion are fully set forth in the accompanying memorandum of points and authorities, which is attached hereto and incorporated by reference.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

NADINE C. WILBURN
Assistant Deputy Attorney General
Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0002 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOSE ACOSTA AND DAVID SMITH'S MOTION FOR SUMMARY JUDGMENT

I.  NATURE OF THE CASE

Plaintiff brings this action alleging that during the night of March 11-12, 2005, several individuals, including a bouncer and an off-duty Metropolitan Police Department (MPD) officer, assaulted him while removing him from a nightclub in the District of Columbia. In addition to suing the individuals allegedly involved in the assault, plaintiff also names as defendants Jose Acosta and David Smith. These defendants did not participate in the alleged assault but were uniformed MPD officers who arrived at the club afterwards. (Compl. ¶ 27). Plaintiff spoke with Officers Acosta and Smith outside the nightclub about the alleged incident. The only remaining claim that plaintiff has against these two defendants is under the D.C. Human Rights Act for allegedly failing to take a formal police report regarding the incident.

## II. STANDARD OF REVIEW

A party against whom a claim is asserted "may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor." Fed. R. Civ. P. 56(b). Summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A moving party is 'entitled to judgment as a matter of law' against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Waterhouse v. District of Columbia, 298 F.3d 989, 992 (D.C. Cir. 2002), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive summary judgment, an opposing party "may not rest upon the mere allegations or denials" of the pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. ARGUMENT

Defendants Acosta and Smith are entitled to summary judgment because plaintiff did not voice a complaint of discrimination, which is necessary to establish a claim under the D.C. Human Rights Act (DCHRA). Plaintiff's claim alleges that these defendants violated the DCHRA by failing to take a formal police report from plaintiff about his allegedly discriminatory removal from the nightclub. (Count V). By Memorandum Opinion and Order of July 27, 2006, this Court granted defendants' motion to dismiss the other claims against these defendants, but denied defendants' motion to dismiss the DCHRA claim. Based on plaintiff's

2

responses to requests for admission, however, plaintiff's DCHRA claim against defendants is now ripe for summary judgment.

In declining to dismiss the DCHRA claim, this Court concluded that plaintiff was required to have voiced his complaint to defendants Acosta and Smith about the allegedly unlawful discriminatory treatment.  (Op. 15, citing e.g., Carter-Obayuwana v. Howard Univ., 764 A.2d 779, 791 (D.C. 2001)).  "Indeed, this prerequisite flows logically from the requirements that a plaintiff allege a protected activity and causation, for the protected activity (opposing discrimination) can have a causal connection to adverse action only if the defendant is aware that the plaintiff opposed such discrimination."  (Op. 16).  According to the Court, though, plaintiff's allegations could be read to mean that plaintiff voiced a complaint of discriminatory conduct.  The Court stated that "one could infer that defendants Acosta and Smith were aware that plaintiff's complaint concerned discriminatory conduct" because "one may reasonably infer" that plaintiff's explanation of the incident to the defendants included an alleged derogatory reference to plaintiff as "Al-Qaeda." (Op. 17).

Plaintiff's responses to requests for admission, however, concede that plaintiff voiced no such complaint of discrimination.  Plaintiff now admits that he did not tell Officers Acosta and Smith about a derogatory reference to him as "Al-Qaeda."  (Exh. A, Resp. to Req. No. 5-6). Plaintiff also admits that he did not tell Officers Acosta and Smith about any statements referencing his race, national origin or religion.  (Exh. A, Resp. to Req. No. 7-10).  Plaintiff further admits that he did not tell Officers Acosta and Smith his race, national origin, or religion, nor did Officers Acosta or Smith refer to his race, national origin or religion.  (Exh. A, Resp. to Req. No. 11-18).  Because plaintiff admittedly did not voice a complaint of discrimination to defendants Acosta and Smith, plaintiff's DCHRA claim against them fails.

3

Although discovery has just begun in this case, summary judgment is presently warranted. In the interests of justice, defendants Acosta and Smith should not be forced to incur the considerable time and expense involved in defending this case through the conclusion of discovery, when it is established that plaintiff has no legal basis for his claim against them. The Court generously read plaintiff's complaint to permit it to survive a motion to dismiss, but plaintiff now admits that such generous reading was factually inaccurate. To rectify this situation, defendants Acosta and Smith respectfully submit that the proper remedy is the prompt entry of summary judgment on their behalf and their dismissal from this suit.

       Respectfully submitted,

       ROBERT J. SPAGNOLETTI
       Attorney General for the District of Columbia

       NADINE C. WILBURN
       Assistant Deputy Attorney General
       Civil Litigation Division

       /s/ Holly M. Johnson /s/
       HOLLY M. JOHNSON [476331]
       Chief, General Litigation Section III

       /s/ Carl J. Schifferle /s/
       CARL J. SCHIFFERLE [463491]
       Assistant Attorney General
       Suite 600S
       441 Fourth Street, N.W.
       Washington, D.C. 20001
       (202) 724-6624
       (202) 727-3625 (fax)
       Email: carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0002 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

1.      Plaintiff and Officers Jose Acosta and David Smith spoke in the early morning hours of March 12, 2005, outside the FUR Nightclub in Washington, D.C, about an incident involving the plaintiff earlier that night.

2.      Plaintiff did not voice a complaint of discrimination to Officers Acosta and Smith regarding the incident. (Exh. A, Resp. to Req. Adm.).

3.      Plaintiff did not tell Officers Acosta and Smith about a derogatory reference to him as "Al-Qaeda." (Exh. A, Resp. to Req. No. 5-6).

4.      Plaintiff did not tell Officers Acosta and Smith about any statements referencing his race, national origin or religion. (Exh. A, Resp. to Req. No. 7-10).

5.      Plaintiff did not tell Officers Acosta and Smith his race, national origin, or religion. (Exh. A, Resp. to Req. No. 11-14).

6.      Officers Acosta and Smith did not refer to plaintiff's race, national origin or religion. (Exh. A, Resp. to Req. No. 15-18).

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

NADINE C. WILBURN
Assistant Deputy Attorney General
Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

2