UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0002 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

### DEFENDANTS JOSE ACOSTA AND DAVID SMITH'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs' opposition cannot dispute that plaintiff failed to voice a complaint of discrimination to defendants Acosta and Smith. Indeed, plaintiffs' responses to requests for admission concede as much. Plaintiff's opposition nevertheless argues that, although plaintiff did not voice a complaint of discrimination to the defendants, he intended to do so. Plaintiff also contends that Acosta and Smith could have learned from defendant Ramirez his alleged discriminatory motivation for the alleged assault. Even assuming the truth of both arguments, they still would not establish that plaintiff voiced a complaint of discrimination, which is a necessary prerequisite for plaintiff's DCHRA claim.

As this Court has already held, plaintiff must have voiced a complaint of discrimination in order to satisfy two necessary elements of his DCHRA claim: (1) his engagement in a protected activity and (2) a causal connection between that activity and any adverse action. (Op. 15-16). While plaintiff reminds the Court yet again that no "magic words" are required to voice a complaint of discrimination (Opp. 4), plaintiff was still required to make defendants aware that his complaint was 'about allegedly discriminatory conduct.'" Chandamuri v. Georgetown Univ.,

274 F.Supp.2d 71, 84 (D.D.C. 2003), quoting Carter-Obayuwana v. Howard Univ., 764 A.2d 779, 790 (D.C. 2001).

Plaintiff's mere intent to complain of discrimination is insufficient to support his DCHRA claim. Plaintiff claims that, on the scene, Officers Acosta and Smith "came back to speak with me . . . and then asked me what happened." (Mazloum Aff. ¶ 8). Plaintiff believes, however, that the officers were not particularly interested his story and that they "seemed more concerned with whether or not I had anyone with me who could take me home." (Id.) He claims he intended to tell the officers about the Al-Qaeda remark and about his belief that he was beaten because of his ethnicity, but that he never actually did so. His unexpressed intention to complain of discrimination is not a protected activity. See Howard Univ. v. Green, 652 A.2d 41, 48 (D.C. 1995) ("Plaintiff cannot have it both ways; she cannot withhold a discrimination complaint . . . and then complain of retaliation based on a complaint which omits the charge.").

Because plaintiff did not voice a complaint of discrimination, it is also irrelevant for plaintiff to speculate that Acosta and Smith learned from defendant Ramirez his alleged discriminatory motivation for the alleged assault. Once again, among the necessary elements of plaintiff's DCHRA claim, "the onus is on the [plaintiff] to clearly voice [his] opposition to receive the protections provided by the Act." Id. A plaintiff's vague complaint of mistreatment does not suffice – "the plaintiff must alert the [defendant] that she is lodging a complaint about allegedly discriminatory conduct." Id. at 46. Because plaintiff just complained of an assault – and admittedly in no way expressed to Officers Acosta and Smith that he was complaining of discrimination – plaintiff's DCHRA claim fails as a matter of law.

Since plaintiff can raise no argument and conduct no discovery that can overcome the admission that plaintiff did not voice a complaint of discrimination, this Court should enter

2

summary judgment in favor of defendants Acosta and Smith on plaintiff's remaining claim against them under the DCHRA.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        NADINE C. WILBURN
        Assistant Deputy Attorney General
        Civil Litigation Division


        /s/ Kimberly Matthews Johnson /s/
        KIMBERLY MATTHEWS JOHNSON [435163]
        Chief, General Litigation Section I


        /s/ Carl J. Schifferle /s/
        CARL J. SCHIFFERLE [463491]
        Assistant Attorney General
        Suite 600S
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6624
        (202) 727-3625 (fax)
        Email:  carl.schifferle@dc.gov