UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | Civil Action No. 06-0002 (JDB) |

**PLAINTIFF'S MOTION *IN LIMINE* REGARDING COLLATERAL ESTOPPEL
AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, files this motion *in limine* seeking entry of an order finding that (i) Defendant Anthony J. Ramirez ("Ramirez") is collaterally estopped from contradicting the factual findings of a prior tribunal that firmly established March 10, 2005 as the date on which Ramirez left enraged voicemails on his former wife's cell phone where he threatened to kill her and the children, and (ii) such evidence is admissible as proof of Ramirez' state of mind as of the next day, March 11, 2005 – the date of the violent assault on Mazloum, as alleged in the Complaint.

**PRELIMINARY STATEMENT**

Mazloum makes this Motion *in limine* to estop Defendant Ramirez from making assertions that contradict factual findings reached in Ramirez's recent criminal trial before the Phoenix, Arizona Municipal Court, *Arizona v. Ramirez*, No. 20059036831 (the "Arizona Criminal Proceeding"), and to establish the admissibility of such proof at trial.[1]

---

[1] Plaintiff is aware that its motion precedes the trial of this matter, but believes that, given the nature of the evidence at

In the Arizona Criminal Proceeding, it was determined that on March 10, 2005 – the day before the incident at issue in this lawsuit, which, as this court is aware, involves an alleged act of intentional violence against Mazloum - Ramirez had made extremely violent death threats to his wife and family. Mazloum herein seeks to preclude Ramirez from denying that he left the messages on March 10th. Establishing this fact will demonstrate to the jury Ramirez's emotional state of mind just prior to the alleged assault on March 11, 2005. Without firmly establishing March 10th as the date on which the voicemails were left, Mazloum will be forced to relitigate the issue of the date so that he can present this critical evidence to the jury. Because the doctrine of collateral estoppel gives preclusive effect to the findings of fact in Ramirez's prior proceeding, and because such evidence is probative of Ramirez's state of mind on March 11, 2005, Mazloum's Motion *in limine* should be granted.

## Statement of Facts

On November 4, 2005, a misdemeanor complaint was filed against Ramirez in Phoenix alleging that Ramirez had left voicemail messages on the cell phone of his ex-wife, Kelly Wink ("Wink"), in which he expressed an intent to kill her and their children. *See* Misdemeanor Complaint, a true copy of which is attached as Exhibit A, at 1; text of March 10, 2005 voicemail messages , a true copy of which is attached as Exhibit B. In pertinent part, the messages stated:

*"…When I get back to Phoenix as soon as I can get my hands on you I'm going to fucking kill you and the kids. When you check the messages you call the police I don't give a fucking shit…*

*Every time that I call this fucking telephone and you don't answer, your children will suffer…Call my dad…I don't give a fuck. I'll kill him, too. I hate him and everybody else associated with him….I told you that if you ever do anything with another man you're dead. Now you've done it, and now you're dead….*

---

issue and the fact that granting the motion will avoid further discovery on the issue, judicial economy and the prosecution of plaintiff's claims is served by the interposition of this motion at this stage of the proceedings.

2

> *…I told you to answer your phone, you fucking bitch. Now I'm obsessing about you being fucked tonight by somebody. So, now I'm going to have to kill you, you fucking bitch. The cops can't help you."*

See Ex. B.

In the Arizona Criminal Proceeding, Ramirez admitted to leaving the messages transcribed in Exhibit B but disputed the date on which they were left. *See* attached Court Transcript for *Arizona v. Ramirez* Proceeding at 36, a true copy of which is attached as Exhibit C. Wink testified that the messages had been received on March 10, 2005; Ramirez, by contrast, testified on more than one occasion that the calls were made on March 2, 2005. *Id*. at 2; *Id.* at 34. Determining the date on which the voicemails were left was essential to the court's judgment in the tribunal, because the date was used to establish the court's jurisdiction over the matter. *Id.* at 63. On September 5, 2006, at the conclusion of the trial, the presiding judge made a finding of fact that the voicemails were left on March 10, 2005. *Id.*

Despite this factual finding, Ramirez, in <u>this</u> proceeding, continues to deny that the voicemails were left on March 10, 2005. Specifically, in responding to recent interrogatories served by Mazloum, he disputed that he had left the messages on March 10th – despite the fact that it had *already* been determined in the criminal proceeding that he had left the messages on that very date. *See* Defendant Anthony Ramirez' Answers to Plaintiff's First Set of Interrogatories, Interrogatory No. 3, dated September 22, 2006, a true copy of which is attached as Exhibit D. Plaintiff's counsel has been unsuccessful in persuading Ramirez's counsel to reconsider the veracity of this interrogatory answer. *See, e.g.,* Defendant's Counsel's email correspondence, dated October 5, 2006, a true copy of which is attached as Exhibit E.

3

**ARGUMENT**

I. **RAMIREZ IS COLLATERALLY ESTOPPED FROM DENYING THAT HE LEFT THREATENING VOICEMAILS ON WINK'S PHONE ON MARCH 10, 2005.**

The doctrine of collateral estoppel, or issue preclusion, "renders conclusive in the same or a subsequent action determination of an issue of fact or law when (1) the issue is actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum." *Bryson v. Gere* 268 F. Supp.2d 46, 57 (D.D.C. 2003), *citing Washington Medical Center v. Holle,* 573 A.2d 1269, 1283 (D.C. 1990). The doctrine relieves parties of the cost and vexation of multiple lawsuits and conserves judicial resources by preventing inconsistencies in decisions, thus encouraging reliance on former adjudications. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

These four requirements are met in this case. First, the issue of the date on which Ramirez left the death threats on Wink's phone was actually litigated in the Arizona Criminal Proceeding. In fact, according to the judge hearing that matter, the issue of the date was "the *only* issue before [the] court" in Ramirez' prior tribunal. *See* Exhibit C at 63.

Second, in the prior Arizona Criminal Proceeding, the Judge clearly ruled that based on the evidence and testimony of the witnesses, "[Ramirez' threatening voicemail] messages ***were left*** on March 10." *Id* (emphasis added). The final judgment and sentence in Ramirez' tribunal were not appealed by either party and the statue of limitations on the appeal expired on September 19, 2006. *See* Exhibit C at 68. Accordingly, the judgments of the Arizona court were valid, final and based on the merits.

Third, the parties were given a "full and fair opportunity to litigate the issue" of the date on

4

which he left the death threats on Wink's voicemail. The parties were given an evidentiary hearing, the opportunity to make opening and closing statements, to call witnesses, to cross-examine witnesses, and to introduce exhibits. The District of Columbia Court of Appeals has held that a party similarly situated, had an "adequate opportunity to litigate" for the purposes of issue preclusion. *See Oubre v. District of Columbia*, 630 A.2d 699, 703 (D.C. 1993) (court upheld collateral estoppel claim in an appeal from an administrative agency decision, which was deemed to be equivalent to a judicial proceeding, where party had an evidentiary hearing, the opportunity to make opening and closing statements, to call witnesses, to cross-examine witnesses, and to introduce exhibits).

Finally, a determination of when Ramirez left the voicemail messages was "essential to the judgment and not merely dictum" because the date dictated whether or not the Phoenix Municipal Court had jurisdiction over Wink's complaint. If, in fact, the voicemail messages had been left on March 2, 2005, as Ramirez alleged, then the court would not have had jurisdiction over the complaint as both Wink and Ramirez were outside of the state of Arizona on this date. If both parties had been outside of the jurisdiction of the State on the date of the threatening voicemails, then Ramirez could not have been prosecuted by the Phoenix Municipal Court.

Taking into account the equitable nature of the collateral estoppel doctrine, it is unreasonable to permit Ramirez to continue to challenge this issue. *Maryland Casualty Co. v. Armco, Inc.*, 822 F.2d 1348, 1355 (4th Cir. 1987). After a thorough evaluation of all of the relevant evidence, the Arizona Criminal Proceeding found that Ramirez did in fact leave those voicemails on March 10, 2005. There is nothing in the record to suggest that this was not a fair and valid judgment based on the merits of the proceeding and Ramirez did not appeal the court's decision. Accordingly, it is reasonable to find this issue conclusively determined, as this will avoid an unnecessary expansion of

5

the discovery process for both parties and prevent increasing the cost of litigation.

## II. THE TIMING OF THE RAMIREZ PHONE MESSAGES IS RELEVANT TO SHOW HIS STATE OF MIND AS OF MARCH 11, 2005.

Mazloum intends at trial to offer evidence of the death threats and the dates they were made as proof of Ramirez's state of mind at the time he is alleged to have assaulted Mazloum. These threats, which the transcript shows were clearly made while Ramirez was suffering an uncontrolled rage, were found by the prior court to have been made a *single day* before Ramirez is alleged to have assaulted Mazloum. Because such evidence is probative of the intent elements of the assault claim asserted against Ramirez, it warrants admission in this case. *See, e.g., Lassiter v. District of Columbia*, 447 A.2d 456, 460 (D.C. 1982) (police officer's reason for responding to situation by striking appellant on the head was "a key issue in the dispute" before the earlier tribunal).

As Rule 404(b) of the Federal Rules of evidence states, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, . . .[and] intent." Under a test promulgated in the Seventh Circuit, such proof is admissible if: "(1) evidence is directed toward establishing something at issue other than party's propensity to commit act charged; (2) other act is similar enough and close enough in time to be relevant to matter at issue; (3) evidence is such that jury could find act occurred and party in question committed it; and (4) prejudicial effect of evidence does not substantially outweigh the probative value." *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 494 (7th Cir. 1998).

The sort of proof that Mazloum asks the Court to find admissible herein has been admitted in other contexts. For example, proof of prior litigation experience has been used to demonstrate a

6

defendant's methods or practices. *Gastineau,* 137 F.3d at 495 (admitting evidence of prior litigation to demonstrate the defendants *modus operandi* of creating fraudulent documents in anticipation of litigation against his employers.)  More relevant to the present case, police performance evaluation reports (which revealed that the police defendants at issue had problems in controlling their temper) have been found to be admissible under the "intent" exception to show a police officer's intent to use excessive force on a plaintiff in a civil rights action.  *See Carson v. Polley*, 689 F.2d 562, 573 (5th Cir. 1982).

Here, Mazloum alleges, among other things, that Ramirez intentionally committed an act of excessive force against him in violation of 42 U.S.C. § 1983.  Ramirez's state of mind at the time of the incident is relevant to such a claim, because an "intent" to commit the alleged violent act lies at the heart of the alleged constitutional violation.  *Daniels v. Williams,* 474 U.S. 327, 330 (1986)(negligence is not a basis for liability for constitutional torts).  In order to prove this intent, it is reasonable for Mazloum to seek to show that Ramirez possessed an "aggravated state of mind" when the alleged act was committed.  *O'Neill v. Krzeminski,* 839 F.2d 9, 11 n.1 (2d Cir. 1988)(upholding admission of proof of prior judgment against police office for use of excessive force less than one month before incident at issue), *citing Ladnier v. Murray,* 769 F.2d 195, 199 n.4 (4th Cir. 1985).

Ramirez denies that he intended to harm, or did harm, Mazloum.  Instead, he has asserted, in his deposition testimony and in statements he made describing the incident, that he used only the minimum force necessary to control Mazloum's alleged aggression.  *See* Metropolitan Police Department Complaint/Suspect Statement for Anthony J. Ramirez, dated July 25, 2005 (a true copy of which is attached as Exhibit F) at 4.  This defense places Ramirez' intent and state of mind squarely in issue.  Given the close proximity of the voice mail messages to the date on which the

7

assault is alleged to have occurred, together with the obvious tone of deeply felt rage in which the death threats were communicated, it would be logical and reasonable for a jury to conclude from these messages that Ramirez was strongly predisposed to commit an act of violence a mere day later. The jury may properly infer that on the night of the assault, Ramirez was taking out on Mazloum the anger and rage which he felt toward his wife, who was out of reach in Arizona.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Defendant Ramirez be collaterally estopped from contradicting the relevant factual findings made in the Arizona Criminal Proceeding regarding the date of the voicemail messages, and that this Court determine that the evidence of these messages to be admissible in this matter.

Dated: November 15, 2006        /s/
                                Brian H. Corcoran (Bar No. 456976)
                                Katten Muchin Rosenman LLP
                                1025 Thomas Jefferson St., NW
                                Suite 700 East Lobby
                                Washington, D.C.  20007
                                Ph: (202) 625-3500
                                Fax: (202) 298-7570
                                Brian.Corcoran@kattenlaw.com

                                Susan Huhta (Bar No. 453478)
                                Warren R. Kaplan (Bar No. 034470)
                                Washington Lawyers' Committee for
                                Civil Rights and Urban Affairs
                                11 Dupont Circle, NW
                                Suite 400
                                Washington, D.C.  20036
                                Ph: (202) 319-1000
                                Fax: (202) 319-1010
                                Sue_Huhta@washlaw.org
                                Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum

9

Case 1:06-cv-00002-JDB    Document 87    Filed 11/15/2006    Page 10 of 12

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2006, a true copy of the foregoing Plaintiff's Motion *in Limine* was served by email, pursuant to the Stipulation Regarding Service Under Fed. R. Civ. P. 5(b)(2)(D) filed June 9, 2006, on the following:

Robert J. Spagnoletti
Attorney General for the District of Columbia

George C. Valentine
Deputy Attorney General
Civil Litigation Division

Nicole L. Lynch
Section Chief
General Litigation § II

E. Louise R. Phillips
Assistant Attorney General
441 4th Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6519; (202) 724-6669
**202-727-3625 (fax)**
**louise.phillips@dc.gov**

*Counsel for Defendant District of Columbia*


Michael Bruckheim
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 442-9754; (202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
**Michael.Bruckheim@dc.gov**

*Counsel for Defendants Anthony Ramirez,*
*Richmond Phillips, Thaddeus Modlin, and*
*Louis Schneider*

Carl J. Schifferle
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
**carl.schifferle@dc.gov**

*Counsel for Defendants Jose Acosta
and David Smith*


Paul A. Fitzsimmons
Saul Ewing LLP
2600 Virginia Avenue, N.W.
Suite 1000 - The Watergate
Washington, D.C. 20037-1922
202-295-6621
**202-295-6721 (fax)**
tschauf@saul.com
**pfitzsimmons@saul.com**

*Counsel for Defendants Night and Day
Management, LLC, t/a The Fur Factory,
Michael Rehman, and John Fiorito*


/s/_____
Brian H. Corcoran