UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, ) | |
| ) | |
| Plaintiff, ) | CA No.: 06-002 (JDB) |
| ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANT ANTHONY RAMIREZ'S MOTION IN LIMINE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* REGARDING COLLATERAL ESTOPPEL**

Defendant Anthony Ramirez (hereinafter "Ramirez"), by and through counsel, hereby moves *in limine* to preclude introduction of evidence relating to his divorce action, any messages he left on his wife's voicemail, and his conviction in Arizona relating to those messages. Additionally, Ramirez opposes plaintiff's Motion *In Limine* Regarding Collateral Estoppel. The phone messages that are the subject of plaintiff's motion are not relevant to this matter. Even if they are admitted into evidence in this matter, defendant should be allowed to challenge the date of the phone messages. In support of its opposition, Ramirez attaches his memorandum of points and authorities.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

_____\s_____
PATRICIA A. JONES [428132]
Chief, Civil Litigation, Section IV

_____\s_____
MICHAEL BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 727-6295; (202) 727-3625 (fax)
E-mail: Michael.Bruckheim@dc.gov

## **CERTIFICATION PURSUANT TO 7(m)**

I hereby certify that on November 29th, 2006, undersigned counsel contacted counsel for plaintiff to seek consent to the relief requested of in this motion. Consent was not given, thereby necessitating the filing of this motion.

_____\s_____
MICHAEL BRUCKHEIM [455192]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EMILE MAZLOUM, | ) | |
| | ) | |
| Plaintiff, | ) | CA No.: 06-002 (JDB) |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANT ANTHONY RAMIREZ'S MOTION IN LIMINE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* REGARDING COLLATERAL ESTOPPEL**

In support of his motion and opposition, defendant Anthony Ramirez herein files this memorandum of points and authorities, and states as follows:

**I.    PRELIMINARY STATEMENT**

On January 4, 2006, plaintiff filed a complaint against the District of Columbia and several on- and off-duty police offers, alleging, *inter alia,* that defendant Ramirez violated plaintiff's civil rights while at FUR night club in the District.  The alleged incident occurred in the very early morning hours of March 12, 2005.  Plaintiff alleges that Ramirez, without any provocation, beat him while in the nightclub in front of hundreds of witnesses, and then dragged him outside and made derogatory statements to him.  *See* Plaintiff's Complaint.

Plaintiff is attempting to link defendant Ramirez's behavior to alleged past transgressions that arose during the course of his divorce.  Specifically, plaintiff is alleging that Ramirez was angry at his wife on March 10, 2005, and left several threats on her cell phone voicemail.  Plaintiff theorizes that Ramirez's state of mind on March 10, 2005 is relevant to his state of mind on March 12, 2005, and seeks to admit the content of these messages to prove their unsupported

3

theory. Ramirez was criminally tried and convicted in Phoenix, AZ for leaving the messages; however, Ramirez disputes and continues to dispute the date of the messages. Plaintiff seeks to estop Ramirez from contesting the date of these messages at trial.

For the reasons stated below, plaintiff's motion must be denied. The alleged messages at issue are clearly more prejudicial than probative, and are in no way relevant to the alleged facts in this case. Plaintiff has concocted a theory that Ramirez was still angry and upset with his wife when he arrived at Fur nightclub the night of the incident, and looked to release his aggression on plaintiff. Plaintiff has absolutely no record evidence to support their contention that Ramirez was angry when he went to Fur nightclub, and they cannot link the phone messages to any alleged intent by Ramirez to physically assault plaintiff as alleged in the Complaint. Plaintiff therefore should be precluded from utilizing both the messages and Ramirez's criminal conviction at trial in this Court action as the two are unrelated to the facts in this case.

Furthermore, even if the messages were to somehow be found admissible, Ramirez should not be estopped from disputing the date of those messages, as ample evidence exists to show that the messages were left on March 2, 2005, not March 12, 2005. Specifically, the alleged victim, swore under oath that the phone threats were made on March 2, 2005.[1] Exhibit #1, Petition for Order of Protection. As set forth below, plaintiff's motion should be denied in its entirety.

---

[1] It should be noted that counsel for plaintiff was well aware of the date of the phone messages. Counsel for plaintiff possessed a copy of Kelly Wink's Petition for Order of Protection and questioned Ramirez about it at his deposition several months ago.

4

## II. ARGUMENT

### A. Legal Standard for Granting a Motion *in Limine*

The purpose of a motion *in limine* is to allow a party to obtain an order excluding inadmissible evidence "without having to object to, and thereby emphasize, the evidence before the jury." *Banks v. District of Columbia,* 551 A.2d 1304, 1310 (D.C. 1988) (Schwelb, J., concurring in part, dissenting in part) (quoting *Department of Public Works, etc. v. Suit Oil Co.,* 383 N.E. 2d 634, 636 (Ill. 1978)).  The motion affords an opportunity to the court to rule on the admissibility of evidence in advance and prevents encumbering the record with immaterial or prejudicial matter, as well as providing a means of ensuring that privileged material as to which discovery has been allowed by the court will not be used at trial if it is found to be inadmissible. It recognizes that the mere asking of an improper question in the hearing of the jury may prove so prejudicial that, notwithstanding an instruction by the court to disregard the offensive matter, the moving party will be denied his [or her] right to a fair trial.  75 Am. Jur. 2d *Trial* § 94 at 306-07 (1991).

It is within the trial court's broad discretion to determine whether proffered evidence is not sufficiently relevant or probative.  *Shephard v. United States,* 538 A.2d 1115, 1116 (D.C. 1988).

### B. Ramirez's Voicemail Messages and Criminal Conviction in Arizona Should Be Precluded From the Trial of this Matter.

Plaintiff proposes to introduce evidence at the trial of this matter that is not relevant to the issues in this litigation.  According to plaintiff, the messages left by Ramirez on his wife's voicemail are relevant to show Ramirez's state of mind in the morning of the incident on March

12, 2005. He therefore moves *in limine* to preclude Ramirez from challenging the dates of those messages.

The voicemail messages are not probative evidence in this case. Instead, they are prejudicial evidence relating to Ramirez's domestic relationship. Fed. R. Evid. 403 provides for the exclusion of evidence, even if relevant, if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Any probative value of the phone messages left by Ramirez is clearly outweighed by the danger for unfair prejudice and for confusion of the issues in this matter. Even if Ramirez left these messages on his wife's voicemail on March 10, 2005, there is no credible connection between those messages and his alleged conduct on March 12, 2005.

Submission of evidence of this nature to a jury would require the jury to engage in prohibited speculation. A jury would have to believe plaintiff's theory that Ramirez left these messages, went on duty as a police officer, went home to go to bed, got up the next morning on March 11, 2005, went to work, and then went out on the night of March 11, 2005. Over 36 hours later, Ramirez allegedly assaulted plaintiff without provocation in the middle of a nightclub in front of hundreds of spectators because he was still upset with his wife. This theory lacks credibility to such a degree that it cannot serve as the basis for admitting evidence that is undoubtedly prejudicial and inflammatory. The messages Ramirez left on his wife's voicemail were directed towards her. The messages have no bearing or relevance to the alleged events of March 12, 2005. Other than the messages Ramirez left for his wife with whom he was engaged in divorce proceedings, plaintiff cannot offer any corroborative evidence about Ramirez's state of mind. The messages will confuse the issues in this case, as the jurors will essentially be forced to hear a retrying of Ramirez's divorce case in Arizona.

This matter concerns alleged civil rights violations. Whatever transpired between Ramirez and his wife has no relevance whatsoever to this action. Plaintiff's theory is unsupported by any evidence and also lacks any credibility. Not only should plaintiff's motion *in limine* be denied, plaintiff should be precluded from introducing the messages or any evidence of Ramirez's subsequent conviction at trial.

### C. The Phone Messages Should be Precluded under Fed. R. Evid. 404(a).

Fed. R. Evid. 404(a) states that "evidence of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular action." Thus, the messages are *per se* inadmissible. Only through a showing of admissibility under Fed. R. Evid. 404(b) could the messages be admitted. Plaintiff attempts to overcome this hurdle by arguing that the messages left by Ramirez speak to his intent to go out and assault plaintiff in public 36 hours later. Plaintiff's reliance on *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 494 (7th Cir. 1998), is misplaced. Plaintiff argues that under *Gastineau,* the phone messages are admissible if: 1) evidence is directed toward establishing something at issue other than a party's propensity to commit the act charged, 2) other act is similar enough and close enough in time to be relevant to matter at issue, 3) evidence is such that jury could find act occurred and party in question committed it, and 4) prejudicial effect of evidence does not substantially outweigh the probative value.

Plaintiff arguments fail to satisfy the *Gastineau* elements. Plaintiff freely admits that he seeks to prove Ramirez's propensity to commit the alleged act against him. Plaintiff cannot prove that the messages are directed toward establishing something at issue other than Ramirez's alleged propensity to commit the act. Because Rule 403 provides that "evidence of a person's character is not admissible for the purpose of proving action in conformity therewith on a

7

particular action," plaintiff's masked attempt to prove Ramirez's propensity to commit the act requires preclusion of this evidence.

Plaintiff cannot prove similarity and proximity. The messages were exactly that…*phone* messages. There were no physical acts of violence involved…only words. Furthermore, the messages were directed towards Ramirez's wife in the wake of the implosion of their marriage. Ramirez never expressed any intent to assault individuals of Arab descent. And as noted before, these messages allegedly were left 36 hours prior to the time of the alleged incident in this case. Plaintiff cannot prove that Ramirez was *still* in an aggravated state of mind on the night of the incident, and he cannot prove that Ramirez's anger towards his wife was somehow redirected towards plaintiff in a public setting.

There is no evidence in this record that Ramirez's wife felt that he posed an immediate danger to her because she did not file a Petition for an Order of Protection until over three months after the date of the messages. Exhibit #1. In fact, by her very allegations in the Petition, she and Ramirez had contact several times before she even filed for protection. Thus, if the alleged victim felt no fear of Ramirez in the immediate wake of these messages, then the notion that Ramirez was an immediate threat to others should also be summarily rejected.

While Ramirez does not deny leaving the messages, he does deny that he left them on March 10, 2005. The messages serve no probative value as to whether Ramirez committed the acts alleged in the complaint. The messages would only serve to prejudice Ramirez and confuse the jury as to the issues alleged in this case. Accordingly, the messages should be precluded from this action.

### D.      Ramirez Should be Allowed to Dispute the Date of the Messages

Plaintiff seeks to preclude Ramirez from challenging the date of the alleged voicemail messages to his wife. To the extent this Court finds that the messages are relevant and admissible evidence, Ramirez should be allowed to challenge the evidence. Generally, a criminal conviction will estop a defendant from disputing that conviction if that conviction is at issue during a subsequent civil case against the same defendant. *Travelers Indemnity Company v. Walburn,* 378 F. Supp. 860, 865-67 (D.D.C. 1974). In this case, Ramirez does not dispute the criminal conviction. Instead, Ramirez disputes the date of the messages. Ramirez maintains that the date of those messages was March 2, 2005, not March 10, 2005. Furthermore, Ramirez's wife swore under oath in her Petition for Order of Protection that the messages were left on March 2, 2005. Exhibit #1. Ramirez's wife filed this Petition on June 27, 2005, over three months after the date of the messages. *Id.* Moreover, she testified that she did not even report Ramirez's messages to the police until August, 2005. Plaintiff's Exhibit #B, p.8.

Ramirez's messages to his wife are not at issue in this case. This case is about alleged civil rights violations. In *Travelers,* the issue of whether the defendant committed second degree murder or whether the death was an accident was the direct issue in *both* the criminal case and the subsequent civil case. *See generally, Travelers Indemnity Company v. Walburn,* 378 F. Supp. 860 (D.D.C. 1974). The Court estopped defendant from arguing that the death was an accident in the civil trial. *Id.* Contrary to the *Walburn* case, in this case, the issue of whether

Ramirez left the messages on March 10, 2005, or on March 2, 2005, has no bearing on plaintiff's allegations in his complaint. Accordingly, plaintiff's motion must be denied.

        Respectfully submitted,

        EUGENE A. ADAMS
        Interim Attorney General for the District of Columbia

        _____\s_____
        PATRICIA A. JONES [428132]
        Chief, Civil Litigation, Section IV

        _____\s_____
        MICHAEL BRUCKHEIM [455192]
        Assistant Attorney General
        441 4th Street, N.W., 6th Floor North
        Washington, DC 20001
        (202) 724-6649; (202) 727-6295
        (202) 727-3625 (fax)
        E-mail:  Michael.Bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, ) | |
| ) | |
|     Plaintiff, ) | CA No.: 06-002 (JDB) |
| ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

**ORDER**

Upon consideration of Anthony Ramirez' Motion in Limine, plaintiff's opposition thereto, if any, and the record herein, it is this \_\_\_ day of _____, 2006,

ORDERED:  Ramirez's Motion *In Limine* is hereby GRANTED for the reasons set forth in his motion; and it is,

FURTHER ORDERED:  that plaintiff is precluded from introducing evidence at trial regarding the voicemail messages Ramirez left on his wife's cellphone Regarding Collateral Estoppel is hereby DENIED for the reasons set forth in the District's opposition.

_____
Judge Bates
U.S. District Court for DC

11

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, )<br>)<br>Plaintiff, )<br>)<br>)<br>DISTRICT OF COLUMBIA, <u>et al.</u>, )<br>)<br>Defendants. )<br>_____) | CA No.: 06-002 (JDB) |

**ORDER**

Upon consideration of Plaintiff's Motion in Limine, Defendant Anthony Ramirez's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion *In Limine* Regarding Collateral Estoppel, any reply thereto, and the record herein, it is this ___ day of _____, 200__,

ORDERED: Plaintiff's Motion *In Limine* Regarding Collateral Estoppel is hereby DENIED for the reasons set forth in Ramirez's opposition.

_____
Judge Bates
U.S. District Court for DC

12