**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, ) | |
| ) | |
|     Plaintiff, ) | CA No.: 06-002 (JDB) |
| ) | |
| ) | |
| DISTRICT OF COLUMBIA, <u>et al.</u>, ) | |
| ) | |
|     Defendants. ) | |
| _____) | |

## <u>DEFENDANT ANTHONY RAMIREZ'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*</u>

Defendant Anthony Ramirez (hereinafter "defendant"), by and through counsel, hereby submits the following Reply to plaintiff's opposition to defendant's motion *in limine* with respect to the phone messages that Ramirez allegedly left on March 10, 2005, on the cell phone voicemail for his wife.

**II.    ARGUMENT**

    **a)  The Phone Messages Should be Precluded under Fed. R. Evid. 403.**

Plaintiff argues that the messages are relevant to establish Ramirez's intent on the evening of the incident at issue in this case. However, plaintiff cannot establish a link between these messages and plaintiff's state of mind on the night of the incident. There is no record evidence, and plaintiff has proffered none, that states that Ramirez was angry or upset before he went out to Fur nightclub, or that his actions resulted from or was connected to the dispute with his wife. Thus, there is no basis for this Court to conclude that Ramirez was upset or enraged as a result of leaving these messages.

Plaintiff specifically argues that the messages show that Ramirez was predisposed to vent his alleged anger on anyone he could. The messages in question do not reference any intent on

1

the part of Ramirez to seek out individuals of Arab descent and assault them and call them names. The messages were clearly directed towards plaintiff's wife and were left in the wake of the unraveling of their marriage.

Fed. R. Evid. 403 provides for the exclusion of evidence, even if relevant, if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Any probative value of the phone messages left by Ramirez are clearly outweighed by the danger for unfair prejudice and for confusion of the issues in this matter. No credible inference could be drawn that Ramirez was so angry after leaving these messages for his wife that, over 36 hours later, he decided to vent his anger in a public place upon an individual of Arab descent. The probative value of these messages to Ramirez's wife is far outweighed by its prejudicial effect on this defendant. The messages have no bearing on or relevance to the alleged events of March 12, 2005. Plaintiff cannot offer any corroborative evidence about Ramirez's state of mind, and a jury would be left to speculate whether Ramirez's dispute with his wife led to the subject incident, some 36 hours later. Furthermore, the messages will confuse the issues in this case, as the jurors will essentially be forced to hear a retrying of Ramirez's divorce case in Arizona.

This matter concerns alleged civil rights violations. Whatever transpired between Ramirez and his wife has no relevance whatsoever to this action. In light of the nature of these messages, Ramirez would clearly be prejudiced under Rule 403 if a jury were permitted to hear them.

**b) The Phone Messages Should be Precluded under Fed. R. Evid. 404(a) and 404(b).**

Fed. R. Evid. 404(a) states that "[e]vidence of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular action." *Only* through a

showing of admissibility under Fed. R. Evid. 404(b) could the messages be admitted. "A proper analysis under Rule 404(b) begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity?" *See U.S. v. Bowie,* 232 F.3d 923, 930.

The messages to defendant Ramirez's wife bear no relevance to this litigation. Plaintiff attempts to overcome this hurdle by arguing that the messages left by Ramirez speak to his intent to go out and assault plaintiff in public 36 hours later. While plaintiff relies on several cases in which previous acts of violence were admitted to show intent, those cases related to acts of physical violence, not *phone* messages. Evidence of Ramirez's intent may be relevant to an action involving his wife, but not involving this plaintiff. There were no allegations that physical acts of violence were involved between Ramirez and his wife. Only messages that were directed towards Ramirez's wife in the wake of the implosion of their marriage. Ramirez never expressed any intent to assault individuals of Arab descent, or any other persons not involved in the marriage relationship. Moreover, these messages allegedly were left 36 hours prior to the time of the alleged incident in this case. Plaintiff cannot prove that Ramirez was *still* in an aggravated state of mind on the night of the incident, and he cannot prove that Ramirez's anger towards his wife was somehow redirected towards plaintiff in a public setting.

The messages to defendant Ramirez's wife would only serve to prejudice Ramirez because he made threats to his wife, which were unrelated to this incident, and confuse the jury

3

as to the issues alleged in this case. Accordingly, the messages should be precluded from this action.

                Respectfully submitted,

                EUGENE A. ADAMS
                Interim Attorney General for the District of Columbia


                _____\s_____
                PATRICIA A. JONES [428132]
                Chief, General Litigation, Section IV


                _____\s_____
                MICHAEL BRUCKHEIM [455192]
                Assistant Attorney General
                441 4th Street, N.W., 6th Floor North
                Washington, DC 20001
                (202) 724-6649; (202) 727-6295
                (202) 727-3625 (fax)
                E-mail: Michael.Bruckheim@dc.gov