UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EMILE MAZLOUM,                      )
                                    )
            Plaintiff,              )   Civil Action No. 1:06 CV 00002
                                    )   (JDB)
      v.                            )
                                    )
DISTRICT OF COLUMBIA, *et al.*,     )
                                    )
            Defendants.             )
_____)

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, hereby moves pursuant to Fed. R. Civ. P. 15(a) and Local Rule 15.1 of the United States District Court for the District of Columbia for leave to amend his First Amended Complaint, dated March 7, 2006. Mazloum specifically seeks to file a Second Amended Complaint (a true copy of which is attached hereto as Exhibit A), for the following purposes: (i) to add a claim of negligence against certain of the defendants (as well as revise the basis for its existing negligence claim against the District of Columbia (the "District")),[1] (ii) to plead diversity of jurisdiction, and (iii) to refine certain of his factual allegations and formally remove claims that have been dismissed. Because the requested amendments will not prejudice the Defendants, this motion should be granted.

## BACKGROUND

As the Court is well aware, this lawsuit alleges a variety of federal statutory and common law tort claims against the District, several MPD officers, and the FUR Nightclub and certain of its

---

[1] The Second Amended Complaint eliminates Plaintiff's prior theory of negligence against the District, which was

employees. These allegations arising out of a beating Plaintiff received while a patron at the Nightclub in March of 2005. The lawsuit was filed in January 2006 and then subsequently amended once, in March 2006, once the identities of the police officers alleged to have been involved in the beating incident had been disclosed. There have been no other amendments to the Complaint.

The primary substantive change contained in Plaintiff's proposed Second Amended Complaint is the addition of a new legal theory: a claim for negligence arising directly out of the same set of facts already in contention in this lawsuit. Discovery has revealed that the conduct of the Nightclub's employees (in particular its "bouncer," Michael Persons, who initiated the assault against Mazloum), as well as the off-duty police officers who subsequently intervened, violated a number of official guidelines and policies governing those parties' respective conduct. Mr. Persons for his part was obligated, by written Nightclub policy, to involve other security in dealing with what he misunderstood to be a problem involving Mazloum – but he did not. He was also prohibited from using force against Mazloum – but he has admitted in discovery he struck Mazloum. *See* Excerpts from FUR Employee Manual, true copies of which are attached hereto as Exhibit B.

The same violation of duty is apparent with respect to the conduct of the MPD off-duty officers who beat Mazloum. Official MPD General Orders prohibit off-duty officers from being under the influence of alcoholic beverages – yet all of the off-duty officer/defendants at issue in this case were in fact drinking at the time they interceded in the dispute between Mazloum and Persons. *See* "Table of Offenses and Penalties," Attachment A to MPD General Order PER-120.21, a true copy of which is attached hereto as Exhibit C. In addition, off-duty officers are trained under applicable MPD guidelines to avoid interceding in disputes when drinking off-duty, but instead to "call in" such disputes for handling by uniformed officers. *See* Excerpts from Deposition of Frank Allman, dated December 18, 2006, at 36:22 – 41:5, 68:4-70:10, a true copy of which is attached as

---

based upon the District's alleged failure to properly train and/or monitor its officers.

Exhibit D.[2]  Here, by contrast, the off-duty officers interceded (violently, it turned out) in a dispute that otherwise might have been handled by the Nightclub, and it can be inferred that their decision to do so was based on impaired judgment (as the facts later underscored with the release of Mazloum).

Such conduct violated duties of care owed to Mazloum as a citizen and patron of the Nightclub.  The result was that he was severely injured.  Thus, Plaintiff can, based upon facts already adduced in discovery, establish negligence on the parts of these individual defendants.  Because Persons and the off-duty officers are employees of the Nightclub and the District, respectively, both principals are liable for this negligence under a *respondeat superior* theory.

Other than the addition of the negligence claim, the proposed Second Amended Complaint makes no substantive changes to Plaintiff's allegations.  Thus, all claims that have been dismissed (such as the conspiracy-based causes of action) have been excised from the Amended Complaint.  Plaintiff has added, in an abundance of caution, a recital that diversity of jurisdiction (in addition to federal question jurisdiction) exists under 28 U.S.C. § 1332.  And Plaintiff has refined some of its factual allegations in light of what has been adduced in discovery.

## ARGUMENT

As the Supreme Court has instructed, under Rule 15(a) of the Federal Rules of Civil Procedure, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, absent undue delay, prejudice, bad faith, or futility, leave to amend a pleading should be "freely given." *Foman,* 371 U.S. at 182; *see also Vann v. Kempthorne,* 467 F. Supp.2d 56, 73 (D.D.C. 2006).  Although the decision whether to grant leave to

---

[2] Upon information and belief, the MPD has officially promulgated guidelines for how off-duty officers are instructed to react when they witness an occurrence requiring police intervention.  Those materials were requested in formal discovery by Plaintiff from the District, but have yet to be produced.  They are also the subject of an outstanding FOIA request; Plaintiff anticipates receiving those materials any day now.

amend rests within the sound discretion of the district court, the Federal Rules strongly favor granting leave. *Steinbuch v. Cutler,* 463 F. Supp.2d 1, 3 (D.D.C. 2006)(presumption runs in favor of plaintiff permitting amendment); *Jones v. Greenspan,* 445 F. Supp.2d 53, 56 (D.D.C. 2006)("[t]he court must heed Rule 15's mandate that leave is to be "freely given when justice so requires.")(quoting Fed. R. Civ. P. 15(a)).

None of the factors that mitigate against granting a motion for leave to amend are present in this case. Any delay in bringing this motion is not sufficiently "undue" to justify denial of the motion, since the motion has nevertheless been made sufficiently in advance of trial (now scheduled for January 2008). The negligence claim is based on facts already known to all parties and arises out of the same circumstances that give rise to this case. The interposition of this claim into the lawsuit will require no additional discovery and will not otherwise affect the existing dispositive motion schedule.

Because the negligence claim merely adds a new legal theory of recovery, delay by itself is not grounds for denial of Plaintiff's motion without an additional showing of prejudice. *Harrison v. Rubin,* 174 F.3d 249, 252-53 (D.C. Cir. 1999). But in fact, for the reasons stated above, the Defendants will not suffer any prejudice from the requested amendment – nor can they carry their burden of showing otherwise. *Kempthorne,* 467 F. Supp.2d at 73, *citing* 3 Moore's Fed. Prac. § 15.15[2] (3d ed. 2000)(defendant must establish prejudice to justify denial of motion for leave to amend).

In addition, amendment would not be futile, because the proposed negligence claim is neither facially nor substantively deficient. It states a claim for negligence under applicable D.C. common law, and therefore would survive a motion under Rule 12(b)(6). *D.C. v. Chinn,* 839 A.2d 701, 706 (D.C. 2003)(to state a claim for negligence, a plaintiff must plead an applicable standard of care, deviation from that standard by the defendant, and a causal relationship between the deviating

4

conduct and the plaintiff's injury)(*citing Holder v. D.C.,* 700 A.2d 738, 741 (D.C. 1997)).

The fact that this lawsuit already contains an assault and battery claim does not preclude the addition of a separate negligence claim, even though both claims arise out of the same facts. Courts in this District have recognized that negligence claims often overlap with assault and battery claims in suits where the reasonableness of police conduct is at issue. *See Brooks v. D.C.,* No. 05-362 (GK), 2006 WL 3361521, at *5 (D.D.C. Nov. 20, 2006)(observing that negligence and battery claims "often converge in police brutality suits"). Admittedly, a claim for "negligent assault" is untenable, but an otherwise properly-pled negligence claim is not always subsumed by a claim for assault and battery. Rather, as long as "at least one distinct element, involving an independent breach of a standard of care beyond that of using excess force in making an arrest," is alleged in the negligence claim, and there exists evidence supporting that claim, then the negligence claim should survive summary judgment. *Brooks,* 2006 WL 3361521 at *5, *quoting Chinn,* 839 A.2d at 707.

That is the case here. Adjudication of the alleged negligence of the off-duty officers will require consideration of whether these officers complied with MPD policies when they chose to intervene in what they saw as an altercation between Mazloum and Defendant Persons. Those policies state that (i) officers may never be under the influence of alcohol, whether on or off duty, and (ii) off-duty officers who have ingested alcoholic beverages and may be intoxicated should take extra caution before exercising their police powers. Mazloum alleges, and will seek to prove at trial, that the officers were negligent in failing to restrain themselves from becoming involved in the altercation between Mazloum and Mr. Persons *in the first place*, before any of the officers landed a single blow upon Mazloum (and thus committed a separate intentional tort). Accordingly, the circumstances here are different from those faced by the *Chinn* court, where the claimant asserted that MPD officers' negligence was merely their violation of an MPD regulation prohibiting excessive use of force. *Chinn,* 839 A.2d at 705, 711.

The same goes for Mazloum's negligence claim against Persons (and, via the theory of *respondeat superior*, his claim against FUR Nightclub). Mr. Persons owed certain duties to patrons of the Nightclub like Mazloum, as spelled out in the FUR Employee handbook. He violated those policies by choosing to act on his own in "dealing" with Mazloum, without involving another member of security as required by the handbook. As a result of this negligent conduct, the dispute between Mazloum and Persons (which discovery has shown was due to Mr. Persons's misapprehension about Mazloum's conduct in the Nightclub) instantly exploded into an outright five-against-one beating, with Mazloum – no one else – ending up in the hospital when the dust settled.

There is no bad faith or dilatory motive associated with the filing of this motion. To the contrary, this is the first time that the Plaintiff has sought to amend his Complaint in any significant manner. Plaintiff merely seeks to ensure he has a full and fair opportunity to litigate all claims he wishes to assert against the Defendants, in light of the evidence that has been obtained in discovery. It should be noted that the negligence claim Mazloum seeks to plead in his proposed Second Amended Complaint could just as appropriately be addressed by the Plaintiff under Rule 15(b), which permits claimants to seek to conform pleadings to the facts. Fed. R. Civ. P. 15(b). Such relief is often granted as late as after a case has been tried, and may be obtained even without a motion. *Salazar v. Islamic Republic of Iran*, 370 F Supp.2d 105, 111 n.8 (D.D.C. 2005)(Bates, J.). The claims herein arise completely from admissible proof that will be offered at trial on other claims. Accordingly, since such amendment would likely be permitted after the fact, this Court should have no hesitation granting it by motion at this stage of the proceedings, eight months prior to trial.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that it be granted leave to file the attached Second Amended Complaint.

Dated: April 27, 2007

/s/
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Sue_Huhta@washlaw.org
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum