UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMILE MAZLOUM, | ) | |
| | ) | |
| Plaintiff, | ) | CA No.: 06-002 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>DEFENDANTS ANTHONY RAMIREZ, THADDEUS MODLIN, RICHMOND PHILLIPS
AND LOUIS SCHNEIDER'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT</u>**

Defendants Anthony Ramirez, Thaddeus Modlin, Richmond Phillips and Louis Schneider (hereinafter "defendants"), by and through counsel, hereby oppose plaintiff's Motion for Leave to File Second Amended Complaint. In support of their opposition, these defendants state as follows:

**I.     PRELIMINARY STATEMENT**

On January 4, 2006, plaintiff filed a complaint against defendants, alleging, *inter alia,* that they violated plaintiff's civil rights while at FUR night club in the District of Columbia. Specifically, plaintiff alleges that defendants, without provocation, assaulted and battered him while he was a patron at FUR night club. See Complaint, at Docket #1. On March 7, 2006, plaintiff filed an amended complaint against the defendants. *See* Court Docket #28. Fact discovery in this matter concluded on March 2, 2007. Expert discovery closed on April 30, 2007. *See* Court Docket #94. Plaintiff now seeks to amend his complaint to add a count of negligence against defendants. For the reasons set forth below, this Court should deny plaintiff's Motion to Amend.

## II.   STANDARD OF REVIEW

Federal Rule Civil Procedure 15(a) provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  The standard for evaluating whether a complaint should be amended under FRCP 15(a) was articulated in *Hisler v. Gallaudet University,* 206 F.R.D. 11; 2002 U.S. Dist. LEXIS 3080 (D.D.C. January 10, 2002), and *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Both Courts held that absent undue delay, prejudice, bad faith, or futility, leave to amend a pleading should be "freely given."  As set forth below, plaintiff's leave to amend should not be granted because such an amendment would be both futile and prejudicial.

## III.   ARGUMENT

### A.   PLAINTIFF MAY NOT MAINTAIN A NEGLIGENCE CAUSE OF ACTION AGAINST THESE DEFENDANTS.

The gravaman of plaintiff's claims is that he was allegedly assaulted and battered at FUR Night Club by defendants.  *See* Amended Complaint, at ¶¶ 20-26.  By seeking to amend his complaint to add a count of negligence, plaintiff is effectively seeking to allege a "negligent battery."  As the following case law makes clear, such a claim is defective under District of Columbia law.

In *Maddox v. Bano*, 422 A.2d 763 (D.C. 1980), the District of Columbia Court of Appeals held that a claim alleging excessive force involved only assault and battery, not negligence.  The Court stated, "Appellant's complaint described an injury received as a consequence of excessive force alleged to have been exercised by the arresting officers.  There is no dispute that the physical contact was intentional, and such intentional contact constitutes

2

battery." The Court also opined that "The only tortious conduct clearly pled [was] assault and battery. The terms 'carelessly and negligently' are conclusory assertions, and without more the complaint does not raise a cognizable claim of negligence." The *Maddox* Court found that "the trial court was not bound by plaintiff's characterization of the action." *Maddox*, 422 A.2d at 764-65.

In *District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C. 1997), the Court held that "excessive force is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties." The Court went on to say that nothing in the case law on excessive force even "hints at an element of negligence, or a tort distinct from assault and battery." *Id*.

In *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000), the Court stated, "[A] plaintiff cannot seek to recover by 'dressing up the substance' of one claim, here assault, in the 'garments' of another, here negligence." The *Sabir* Court noted that plaintiff had alleged that the arresting officers 'negligently caused [their] assault and battery, arrest and detention….'" *Sabir*, 755 A.2d at 452. The Court noted that the trial judge entered a directed verdict for the defendants, stating that "[Y]ou can't convert an intentional tort to a negligence cause of action." *Id.* The Court then concluded that the *Sabir* plaintiff combined the two theories of negligence and assault and battery into a single cause of action, "in essence pleading a nonexistent cause of action." *Id.*

In this case, plaintiff avers that the conduct of the defendants on March 12, 2005, amounted to assault and battery. See Amended Complaint, at ¶¶ 20-26. Although plaintiff refers to his proposed amended count as "negligence," his complaint clearly states a claim for assault and battery, resulting from the alleged excessive force used by the defendants. As the *Maddox*

3

Court stated, just because plaintiff characterized his claim as "negligence," it does not make it an actual negligence claim, especially if the facts otherwise point to a claim of assault and battery.

Plaintiff argues that his claim of negligence involves the conduct of the defendants *prior* to the alleged assault and battery; specifically, that the defendants were negligent for consuming alcohol while off duty and were negligent for even attempting to get involved in the melee which they witnessed.  There is no factual support developed during this litigation that any of these defendants had any duty to refrain from drinking while **off-duty,** or that because they had been allegedly drinking, they had a duty not to involve themselves in the alleged melee.  Plaintiff's conclusory allegations do not support amending his complaint.  More importantly, defendants are a part of this action because of the alleged assault and battery, and not because of any violations of a standard of care.  As so poignantly held by the *Sabir* Court, "[t]here is no such thing as a negligent assault."  *Id.* at 452 (quoting 1 F. Harper & F. James, The Law of Torts, § 3.5 at 3:19 (3d ed. 1996).   Plaintiff's proposal to amend his complaint to plead the exact cause of action fails for the same reasons set forth by the *Sabir* Court.  Such an amendment would prove futile, and as such, plaintiff's motion should be denied.

    **B.**    **DEFENDANTS WOULD BE PREJUDICED BY AN AMENDED COMPLAINT BASED ON PLAINTIFF'S UNDUE DELAY IN SEEKING THE AMENDMENT.**

Plaintiff initiated this lawsuit on January 4, 2006, and had the opportunity to include a claim for negligence therein but chose not to do so.  *See* Complaint, at Docket Entry #1.  On March 7, 2006, plaintiff amended his complaint.  Again, he failed to include any claim for negligence in the amended complaint.  *See* Amended Complaint, at Docket Entry #28.  Fact discovery in this litigation closed on March 2, 2007, and expert discovery closed on April 30, 2007.  Plaintiff waited until all discovery was closed prior to seeking to amend his complaint.

4

Plaintiff's delay in seeking leave of Court to amend his complaint prejudices these defendants since discovery has already closed in this litigation, and the dispositive motion deadline is scheduled for May 30, 2007.  Because plaintiff's proposed amended complaint is futile and causes prejudice to these defendants, this Court should deny plaintiff's Motion for Leave to Amend.  To the extent this Court grants plaintiff's motion to amend, discovery may be warranted based on plaintiff's alleged "new cause of action," and the dispositive motion deadline should be extended.

WHEREFORE, these defendants request that plaintiff's Motion for Leave to File A Second Amended Complaint be denied.

Respectfully submitted,

EUGENE ADAMS
Chief Deputy Attorney General for the District of Columbia

\_\_\_\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____\s\_____
MICHAEL BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor North
Washington, DC 20001
(202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  Michael.Bruckheim@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM,                )
                              )
    Plaintiff,             )    C.A. No.: 06-002 (JDB)
                              )
    v.                     )
                              )
DISTRICT OF COLUMBIA, et al., )
                              )
    Defendants.            )
_____)

## **ORDER**

Upon consideration of plaintiff's Motion for Leave to File Second Amended Complaint, defendants Anthony Ramirez, Thaddeus Modlin, Richmond Phillips and Louis Schneider's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, and the record herein, it is this ___ day of _____, 2007,

ORDERED:  Plaintiff's Motion for Leave to File Second Amended Complaint is hereby DENIED for the reasons set forth in defendants Anthony Ramirez, Thaddeus Modlin, Richmond Phillips and Louis Schneider's opposition.

                                                                                                   _____
                                                                                                   Judge John D. Bates
                                                                                                   U.S. District Court for the District of Columbia