UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM<br><br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 1:06 CV 00002 (JDB) |

**DEFENDANTS NIGHT AND DAY MANAGEMENT'S AND PERSONS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

Defendants Night and Day Management, LLC, d/b/a Fur Nightclub ("FUR") and Michael Persons, by counsel, oppose Plaintiff's Motion for Leave to File Amended Complaint ("Pl.Mot.") to add a negligence claim against Persons and FUR, and they submit this memorandum of law concerning their grounds for that opposition.

**INTRODUCTION**

This lawsuit arose from altercations that took place during the early morning of March 12, 2006 at FUR and involving Plaintiff Emile Mazloum, several Metropolitan Police Department (MPD) officers, and FUR security employee Michael Persons. These altercations began when Plaintiff, who was intoxicated at the time, refused to leave the stage area of the club which he was unauthorized to enter. Plaintiff brought suit against the District of Columbia (the "District"), several MPD officers, FUR, and certain FUR employees as a result of these altercations asserting a variety of federal statutory and common law claims; those claims included a battery claim against, *inter alia*, Persons and FUR.

Plaintiff now seeks to file a Second Amended Complaint in order, *inter alia*, to add a claim of negligence against Persons and FUR based on Persons' handling of the incident. Specifically, Plaintiff asserts that Persons failed to act in accordance with policies reflected in FUR's Employee Manual because he used physical force towards Plaintiff and failed to involve other security personnel for assistance during the incident.[1]  (Pl.Mot. at 2.)

As discussed below, Plaintiff's motion to amend to add this negligence claim should be denied because of Plaintiff's undue delay in seeking this amendment and the resulting prejudice to Defendants.

## STANDARD OF REVIEW

Leave to amend should be granted only "when justice so requires." *See* Fed.R.Civ.P. 15(a).  In construing that standard, the Supreme Court has held that leave to amend should be denied when any of the following is found to exist:  "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] It should be noted that the FUR Employee Manual authorizes FUR security personnel to use physical force under certain circumstances:

> Security must remember that they are to promote a safe club environment and defuse hostile situations using no physical force, unless a customer strikes or becomes combative towards them or another guest.

(FUR Employee Manual at 20 (attached hereto as Exhibit 1).)  That fact unambiguously contradicts an assertion made in Plaintiff's proposed negligence count (Proposed Second Amended Complaint at 21, ¶ 88) that Persons was "prohibited, pursuant to the written policy, from resorting to the use of force in dealing with allegedly unruly patrons."

2

**ARGUMENT**

I.   **PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE OF PLAINTIFF'S UNDUE DELAY AND THE RESULTING UNDUE PREJUDICE TO DEFENDANTS**

Although Plaintiff cannot prove a negligence claim against Defendants Persons and FUR without expert testimony, Plaintiff did not designate any expert for this purpose within the time period allotted by the Court's scheduling order. Moreover, Plaintiff has unduly delayed seeking to amend his Complaint to add this negligence claim against Persons and FUR: he waited until after the close of discovery to seek this amendment even though he had been aware of the purportedly new facts underlying this claim for months before the close of discovery. It would be prejudicial to all Defendants, particularly Defendants Persons and FUR, were the Court to allow Plaintiff to add a new negligence claim now that discovery has closed, as doing so would require a broad reopening of discovery and would unduly delay the proceedings herein. For these reasons, Plaintiff's motion to add a negligence claim against Persons and FUR should be denied.

   A.   **Plaintiff's Proposed Claim Of Negligence Against Persons And FUR Cannot Be Established Without Expert Testimony, But Plaintiff Has Failed To Designate Such An Expert**

A plaintiff bringing a negligence claim has the burden to establish "the applicable standard of care, a deviation from that standard, and a causal connection between that deviation and the plaintiff's injury." *Hill v. Metropolitan African Methodist Episcopal Church*, 779 A.2d 906, 908 (D.C. 2001), *citing Levy v. Schnabel Foundation Co.*, 584 A.2d 1251, 1255 (D.C. 1991). Regarding the first element, "[a] plaintiff must put on expert testimony to establish what the standard of care is if the subject in question is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson."

3

*Hill*, 779 A.2d at 908, *citing District of Columbia v. Arnold & Porter*, 756 A.2d 427, 433 (D.C. 2000). By contrast, expert testimony is unnecessary when the subject at issue is "within the realm of common knowledge and everyday experience.'" *Hill*, 779 A.2d at 908.

District of Columbia courts routinely find that expert testimony is necessary to establish the standard of care security personnel should exercise at places of large gatherings such as FUR. *Hill*, 779 A.2d at 910 (expert testimony is necessary to establish the standard of care for crowd control at a large gathering); *Parker v. Grand Hyatt Hotel*, 124 F.Supp.2d 79, 89-90 (D.D.C. 2000) (expert testimony is necessary to establish whether a security personnel and District of Columbia officers breached duty of care in removing an irate patron from a restaurant); *Edwards v. Okie Dokie, Inc.*, Case No. 05-547 (D.D.C. February 6, 2007) (expert testimony is necessary to determine whether security personnel acted reasonably in using force against patrons at a large nightclub) (attached hereto as Exhibit 2); *Predzin v. DC Arena Limited Partnership*, Case No. 02-9585 (D.D.C. October 7, 2003)) (expert testimony is necessary to determine "*what in particular* the security guards should have done … and of *what particular action or actions* the security guards should have taken to protect the plaintiff" attending a sporting event at the MCI Center (emphasis in original; attached hereto as Exhibit 3)).

Similarly here, the standard of care Persons should have exercised in handling the situation at issue—where Plaintiff had entered the stage area of FUR, one of the largest and busiest nightclubs in the District of Columbia—is "beyond the realm of common knowledge." *Hill*, 779 A.2d at 908. Persons was part of a team that provided security at FUR, which has two levels, six VIP areas, and hosts approximately 900-1,200 guests on any given Friday or Saturday night. (May 8, 2007, Certificate of Michael Rehman attached hereto as Exhibit 4). On the night in question, FUR was hosting approximately 900-1,200 guests. (*Id.*)

Because the standard of care Persons should have exercised under the circumstances is beyond the "realm of common knowledge" (*Hill*, 779 A.2d at 908), Plaintiff was required to designate an expert witness for this purpose. However, Plaintiff failed to designate an expert witness by the February 28, 2007 deadline therefor.[2] (December 22, 2006 Second Amended Scheduling Order ("December 22, 2006 Scheduling Order") attached hereto as Exhibit 7). Moreover, all expert discovery ended on April 30, 2007. (*Id.*) Still further, all discovery in the case closed on April 30, 2007, and dispositive motions are due by May 30, 2007. (*Id.*) Consequently, and as further explained below, Plaintiff has unduly delayed seeking to amend his Complaint to add this negligence claim, and it would be prejudicial to allow the amendment.

> **B.     Plaintiff's Motion For Leave To Amend Should Be Denied Regarding Its Newly Proposed Negligence Claim Against Persons and FUR Because Of Plaintiff's Undue Delay In Seeking To Add This Claim**

Undue delay in seeking to amend is a sufficient reason for the Court to deny a motion for leave to amend. *Foman*, 371 U.S. at 182; *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996). Common factors relevant to the court's inquiry of whether an undue delay in seeking to amend has occurred are: length of time party waited in seeking to amend after becoming aware of facts underlying new claim; interruption new claim would cause to case schedule; stage of the case; and explanation provided for delay. *See Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71 (2nd Cir. 1998) (undue delay in seeking to amend where facts underlying new counterclaims had been known for a period of time, where no adequate reason

---

[2] *Cf. Edwards v. Okie Dokie, Inc.*, Case No. 05-547 (February 6, 2007) (granting summary judgment on negligence claims where plaintiffs failed to designate an expert to testify to the standard of care required for security personnel at a large nightclub) (attached hereto as Exhibit 2); *Predzin v. DC Arena Limited Partnership*, Case No. 02-9585 (October 7, 2003) (granting summary judgment on negligence claims where plaintiff failed to designate an expert witness to testify to standard of care for security personnel at a sporting event) (attached hereto as Exhibit 3).

   Moreover, Plaintiff represents in his pending motion that "[t]he interposition of this claim into the lawsuit will require no additional discovery and will not otherwise affect the existing dispositive motion schedule." (Pl.Mot. at 4.) "The claim [in the proposed Second Amended Complaint] arise completely from admissible proof that will be offered at trial on other claims." (*Id.* at 6.) These statements support the conclusion that this new claim would be futile as Plaintiff cannot adequately support it at trial as they have no such expert testimony on this point.

5

provided for delay, and where new counterclaims would require additional discovery); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452 (8th Cir. 1998) (undue delay in seeking to amend where discovery closed and delay was a result of a lack of due diligence); *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510 (1st Cir. 1989) (undue delay in seeking to amend where new counterclaims were based on facts known for a period of time, where discovery had not referenced new theory and was due to close soon, and where no satisfactory explanation provided for delay); *Deasy v. Hill*, 833 F.2d 38 (4th Cir. 1987) (undue delay in seeking to amend where no reason provided for delay, where Plaintiff failed to act to amend until three months after becoming aware of new claim, and where discovery had closed).

     In the instant case, Plaintiff unduly delayed acting to amend his Complaint as he failed to seek to add a negligence claim against Persons and FUR until after the close of discovery even though he had long been aware of the facts underlying this claim.  Specifically, Plaintiff asserts that this proposed negligence claim stems from Persons' failure to act in accordance with "written Nightclub policy" set forth in FUR's Employee Manual.  (Pl.Mot. at 2.)  Plaintiff was, however, aware of the existence of that Employee Manual and its contents no later than October 2006 (October 25, 2006, Deposition of John Fiorito at 37:10-15; 97-100 (attached hereto as Exhibit 5)), several months before the February 28, 2007 deadline for expert disclosures. Plaintiff also asserts as a basis for this belated amendment that "[d]iscovery has revealed" (Pl.Mot. at 2) that Persons acknowledged that he took a swing at Mazloum:

> [Mazloum] took a swing at me, hit me like, I don't know if it was the right or left side of my fact but he connected.  So I connected where I swung back.

(November 17, 2006, Deposition of Michael Andre Persons, Jr. at 102 (attached hereto as Exhibit 6).)  However, that testimony was given in mid-November 2006, also months before the close of discovery.

Notwithstanding this knowledge, Plaintiff failed to seek to amend the Complaint to add this new negligence claim while discovery was ongoing, and Plaintiff has failed even to proffer any legitimate reason for his delay in acting to amend the Complaint to add this negligence claim against Persons and FUR.  As a result, Plaintiff's delay in seeking to amend is undue, and consequently, this Court should deny Plaintiff's motion to add this negligence claim.

Moreover, undue prejudice to all Defendants, particularly Defendants Persons and FUR, would result if the Court were to allow Plaintiff to add a negligence claim against Persons and FUR at this stage in the litigation as it would unduly delay further proceedings.  Were the Court to allow this new claim, not only would expert discovery have to be undertaken and completed, but also numerous depositions that have already been completed may have to be reopened to flesh out information relevant to this negligence claim.  Specifically, Defendants Persons and FUR may have to redepose (i) Plaintiff, (ii) Marwan Abi-Aad, (iii) Imad Alkadi, (iv) Officer Modlin, (v) Officer Phillips, (vi) Officer Schneider, (vii) Officer Ramirez, (viii) Officer Smith, and (ix) Officer Accosta.  FUR would also have to locate and depose other security staff present that night to establish whether they could have responded to the altercation between Mazloum and Persons.  Thus, were the Court to allow Plaintiff to amend his Complaint to add this new negligence claim, all Defendants, particularly Defendants Persons and FUR, will be unduly prejudiced as this case will be considerably delayed and Defendants will have to incur significant additional discovery expenses.  For this reason as well, the Court should deny Plaintiff's motion to amend the Complaint to add this claim.

## CONCLUSION

For all the foregoing reasons, this Court should deny Plaintiff leave to amend his Complaint to add a negligence claim against Persons and FUR.

Respectfully submitted,

/s/ Paul A. Fitzsimmons_____
Thomas S. Schaufelberger, Bar No. 371934
Paul A. Fitzsimmons, Bar No. 444829
Saul Ewing, LLP
SAUL EWING LLP
2600 Virginia Avenue, N.W.
The Watergate—Suite 1000
Washington, D.C. 20037
Telephone: (202) 333-8800
*Counsel for Defendant Night & Day Management, LLC t/a The Fur Factory, Michael Rehman, John Fiorito and Michael Persons*

8