UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0002 (JDB) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### DEFENDANTS JOSE ACOSTA AND DAVID SMITH'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants Jose Acosta and David Smith, through counsel, hereby oppose plaintiff's motion for leave to file a second amended complaint. To the extent that the proposed amended complaint adds additional claims against defendants Acosta and Smith, this Court should deny the requested amendment based on futility and undue prejudice. In addition, this Court should also deny leave to amend because the addition of a new negligence claim against any defendant, after discovery has now closed, would likely cause additional delay in this case, thereby prejudicing defendants Acosta and Smith.

I.   INTRODUCTION

Plaintiff brings this action alleging that during the night of March 11-12, 2005, several individuals, including a bouncer and an off-duty Metropolitan Police Department (MPD) officer, assaulted him while removing him from a nightclub in the District of Columbia. In addition to suing the individuals allegedly involved in the assault, plaintiff also names as defendants Jose Acosta and David Smith. These two defendants did not participate in the alleged assault but

were uniformed MPD officers who arrived at the club afterwards. The only remaining claim that plaintiff now has against these two defendants is under the D.C. Human Rights Act for allegedly failing to take a formal police report regarding the incident.

Plaintiff added defendants Acosta and Smith to this lawsuit through his First Amended Complaint, filed on March 7, 2006. Discovery proceeded shortly thereafter. As a result of a couple of discovery extensions, fact discovery in this case concluded on March 2, 2007. Although there was an additional period for expert discovery, no party named an expert. Shortly following a post-discovery status conference on April 24, 2007, plaintiff filed a motion for leave to file a second amended complaint.

II.     ARGUMENT

Leave to amend pleadings "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), absent "any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In this case, several of these factors – including undue delay, prejudice, and futility – warrant denial of plaintiff's motion for leave to amend his complaint.

  A. <u>To the Extent that the Proposed Amended Complaint Adds Claims Against Defendants Acosta and Smith, Plaintiff's Motion to Amend Should Be Denied Based on Undue Prejudice and Futility</u>.

  Plaintiff's amended complaint, in form if not substance, improperly adds two new claims against defendants Acosta and Smith: 42 U.S.C. § 1983 (Count I) and negligence (Count V). This Court should deny this amendment based on undue prejudice and futility.

  With regard to the 42 U.S.C. § 1983 claim (Count I), this Court dismissed the same claim against defendants Acosta and Smith in its Memorandum Opinion and Order of June 27, 2006. If plaintiff is seeking to revive this claim through this amended pleading despite the Court's prior order, this Court should accordingly reject the requested amendment.

  With regard to the negligence claim (Count V), the proposed amended complaint lists defendants Acosta and Smith as among the defendants against whom this claim is made. The substance of the allegations under this Count, however, makes no reference to defendants Acosta and Smith. (Sec. Amend. Compl. ¶ 87-95). This Count omits any theory of negligence or any factual allegations against these two defendants. Assuming that plaintiff seeks to add a claim of negligence against defendants Acosta and Smith, this Court should deny the motion to amend because the proposed amended complaint alleges nothing about these two defendants that could establish the elements of a negligence claim.

  In addition, leave to add a negligence claim should be denied because plaintiff lacks the necessary expert testimony to prove negligence. The District of Columbia Court of Appeals has repeatedly held that expert testimony is necessary to establish negligence by police officers. <u>See</u>, <u>e.g.</u>, <u>Young v. District of Columbia</u>, 752 A.2d 138, 145-46 (D.C. 2000) (negligent training of police officers in landlord-tenant disputes); <u>Tillman v. Washington Metropolitan Area Transit</u>

Auth., 695 A.2d 94, 97 (D.C. 1997) (excessive force or negligence in use of handcuffs); Etheredge v. District of Columbia, 635 A.2d 908, 917-18 (D.C. 1993) (negligent hiring, training and supervision of police officers); Toy v. District of Columbia, 549 A.2d 1, 6 (D.C. 1988) (provision of medical equipment and first aid such as CPR at police stations).  Expert testimony is required because these types of subjects are so related to the profession of policing that they are "not within the common knowledge of lay persons."  See, e.g., Young, 752 A.2d at 146.  Because plaintiff has not designated an expert in this case, plaintiff cannot prevail on any negligence claim against Officers Acosta and Smith.[1]

Accordingly, to the extent that the proposed amended complaint adds Section 1983 and negligence claims against defendants Acosta and Smith, this Court should deny the proposed amendment.

B.  In Addition, this Court Should Deny Plaintiff's Motion to Amend Based on Undue Delay and the Resulting Prejudice to Defendants.

Regardless of whether the proposed amended complaint adds claims against defendants Acosta and Smith, the proposed amendment should also be denied because of undue delay and the resulting prejudice to defendants.  Plaintiff unduly delayed his request to add this negligence claim until after discovery closed.  He could have raised his negligence claim much earlier when he first amended his complaint on March 7, 2006, or he could have sought leave to amend months ago while discovery was still ongoing.  Plaintiff offers no legitimate reason for failing to

---

[1] Even if plaintiff were to allege that Officers Acosta and Smith violated an MPD General Order, such internal policies and procedures do not establish the standard of care.  District of Columbia v. Walker, 689 A.2d 40, 47 n.13 (D.C. 1997); Abney v. District of Columbia, 580 A.2d 1036, 1040-41 (D.C. 1990).

4

do so. Because defendants have been denied the opportunity to conduct discovery on this negligence claim, the amendment would likely permit defendants to reopen discovery and require extension of the dispositive motion briefing schedule and other court deadlines. Even if the proposed amended complaint adds no claims against defendants Acosta and Smith, the amendment would produce such additional delay and expense that would cause these defendants considerable prejudice.

III.   CONCLUSION

For the foregoing reasons, this Court should deny plaintiff's motion for leave to file a second amended complaint.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

NADINE C. WILBURN
Chief Counsel
Personnel, Labor and Employment Division

/s/ Phillip A. Lattimore, III /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov