**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-002 (JDB) |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | : |

## DEFENDANT ANTHONY RAMIREZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Anthony Ramirez ("Ramirez"), by and through counsel, moves this Court for an order of partial summary judgment pursuant to Fed. R. Civ. P/ 56(c), on the following grounds[1]:

1) Plaintiff's due process claim fails as a matter of law,

2) Plaintiff's claim under 42 U.S.C. § 1981 may not be maintained against this defendant,

3) Plaintiff's claims of retaliation and interference under the District of Columbia Human Rights Act (DCHRA) fails as a matter of law, and

4) Plaintiff has failed to present evidence to support his Count VI, aiding and abetting spoliation of evidence, against this defendant.

Support for this motion is set forth in the accompanying memorandum of points and authorities attached hereto and incorporated herein.

---

[1] Counts III and VI were previously dismissed by this Court on June 27, 2006.  *See* Court Docket, #69.

WHEREFORE, defendant Ramirez prays this Court that judgment be entered in his favor as to the aforementioned claims.

          Respectfully submitted,

          EUGENE A. ADAMS
          Chief Deputy Attorney General

          _____\s\_____
          PATRICIA A. JONES [428132]
          Chief, General Litigation Sec. IV

By:    _____\s\_____
          MICHAEL P. BRUCKHEIM [455192]
          Assistant Attorney General
          441 4TH Street, NW, 6th Floor-South
          Washington, D.C.  20001
          202-724-6649; 202-727-6295
          E-mail:  Michael.bruckheim@dc.gov
          Counsel for Defendant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :    Civil Action No. 06-002 (JDB) |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
|     Defendants. | : |

**DEFENDANT ANTHONY RAMIREZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

In support of his motion for partial summary judgment, defendant Ramirez (hereinafter "defendant") states as follows:

**PRELIMINARY STATEMENT**

**I.**     **Statement of Relevant Facts.**

On May 18, 2007, plaintiff filed a second amended complaint against defendant Ramirez, and alleges, *inter alia,* constitutional and common law claims arising from a March 12, 2005, incident at FUR night club in the District of Columbia (hereafter "the District"). *See* Court Docket, #110. During deposition, plaintiff testified that defendant Ramirez hit him in the face, without provocation, and called him an "al Qaeda.". Exhibit #1, Deposition of Emile Mazloum, at 115:2-21. Plaintiff alleges that he was accosted due to his Arab ethnicity. See Amended Complaint, at ¶ 75. Plaintiff also alleges that defendant Ramirez assisted in the destruction of the videotaped evidence by alerting the Fur defendants that plaintiff had filed a complaint as a result of the incident. See Amended Complaint, at ¶ 94. Plaintiff has produced no evidence that this defendant informed the Fur defendants that he filed a complaint for the purpose of destroying the

evidence. In fact, plaintiff testified that he has no knowledge that defendant Ramirez spoke to Fur Night Club for the purpose of assisting in the destruction of videotaped evidence. Exhibit #1, Deposition of Emile Mazloum, 417: 1-5.

For the reasons set forth below, defendant Ramirez is entitled to partial summary judgment.

## ARGUMENT

**I.    Standard of Review.**

Pursuant to the Federal Rules of Civil Procedure, summary judgment is proper " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a factual dispute will not preclude summary judgment. Only factual disputes that may determine the outcome of a suit may effectively preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). To be a genuine fact, the assertion must be supported by sufficiently admissible evidence and cannot be based on conclusory allegations, denials or opinions. *Crenshaw v. Georgetown University,* 23 F. Supp. 2d. 11 (D.D.C. 1998).

**II.    Defendant Ramirez is Entitled to Judgment as to Plaintiff's Constitutional Due Process Claim**

Plaintiff has alleged that defendant Ramirez violated his Due Process rights under the Fourteenth Amendment. *See* Second Amended Complaint, Court Docket #110, ¶ 58. It is well

settled that the District of Columbia is not a state and that the proscriptions of the Fourteenth Amendment, which govern "state action," do not apply to the District or its employees. See *Bolling v. Sharpe,* 347 U.S. 497 (1954); *Neild v. District of Columbia,* 110 F.2d 246, 251 (D.C. Cir. 1940); *Dano Resource Recovery Inc. v. District of Columbia,* 923 F. Supp. 1026, 1032 n.2 (D.D.C. 1983). As it is undisputed that defendant Ramirez was acting on behalf of the District, plaintiff's claim under the Fourteenth Amendment must be dismissed. [2]

### III. Plaintiff's Discrimination Claim Under 42 U.S.C. § 1981, and the D.C. Human Rights Act Fail As a Matter of Law.

#### A. Plaintiff's Claim Under § 1981 Fails As There Was No Contractual Relationship Between Plaintiff and Defendant Ramirez.

Any claim brought under 42 U.S.C. § 1981 must initially identify an impaired contractual relationship under which the plaintiff has rights. *See Domino's, Inc. v. McDonald*, 126 S. Ct. 1249-50 (2006). In his second amended complaint, plaintiff makes no allegation that he was involved in a contractual relationship with Ramirez. See Docket Entry #110. Because plaintiff failed to identify the existence of any contractual relationship with defendant Ramirez, this defendant is entitled to summary judgment.

#### B. Plaintiff Has Failed to Meet His Burden of Proof Under the DC Human Rights Act.

Plaintiff has alleged that defendant Ramirez discriminated against him and then retaliated against him on the basis of his ethnicity in violation of the D.C. Human Rights Act (DCHRA). According to plaintiff, defendant Ramirez singled him out and removed him from the Club because of his race, and called him an al Qaeda as he hit him in his face. See Amended

---

[2] Plaintiff did not plead a cause of action under the Fifth Amendment. Even if plaintiff did attempt to allege a Fifth Amendment Due Process violation, his claim also must fail under *Graham v. Conner,* 490 U.S. 386 (1989), since "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id.,* at 395.

Complaint, at ¶ 80.  See also, Mazloum dep. at 115:2-21  Plaintiff further alleges that defendant Ramirez retaliated against him once Ramirez learned of plaintiff's intent to file a complaint. See Amended Complaint, at ¶ 81.

In order to prevail on his discrimination claim, plaintiff must show that he was discriminated against as a result of his race.  *See Mazloum v. District of Columbia, et. al.,* 442 F. Supp.2d 1, 12 (D.D.C. 2006), citing *Carter-Obayuwana v. Howard University,* 764 A.2d 779, 790 (D.C. 2001)).  Plaintiff has failed to meet his burden of proof to prevail on his claims of discrimination and retaliation.  While plaintiff testified that this defendant hit him and called him "al Qaeda," this testimony is insufficient to establish that this defendant engaged in intentional discrimination.  Plaintiff has not shown that defendant Ramirez knew he was Middle Eastern, or of Arab descent, and that the alleged comment was racially motivated.  Moreover, plaintiff has failed to produce any evidence that Ramirez tried to prevent him or prevented him from filing his complaint, or retaliated against him because he filed a complaint. Exhibit #1, Deposition of Emile Mazloum, 160: 19-22; 161:1  Submission of these issues to a jury would force the jury to engage in speculation about key elements of plaintiff's claim.  *See Courtney v. Giant Food, Inc.*, 221 A.2d 92, 94 (D.C. 1966) (holding that a jury should never be permitted to guess as to a material element of the plaintiff's case).  In the absence of any evidence to support his DCHRA claims, plaintiff's claim fails, and defendant Ramirez is entitled to summary judgment.

**IV.     Plaintiff's Aiding and Abetting and Spoliation of Evidence Claim Fails as a Matter of Law**

Plaintiff has alleged in Count VI of his second amended complaint that defendant Ramirez assisted in the destruction of the videotaped evidence by alerting the Fur defendants that plaintiff had filed a complaint as a result of the incident.  Plaintiff cannot prove that Ramirez informed the

Fur defendants for the purpose of destroying the evidence. Plaintiff testified that he has no knowledge that defendant Ramirez spoke to Fur Night Club for the purpose of assisting in the destruction of videotaped evidence. Exhibit #1, Deposition of Emile Mazloum, 417: 1-5.

The elements of a spoliation cause of action are: 1) existence of a potential civil action, 2) a legal or contractual duty to preserve evidence which is relevant to that action; 3) destruction of that evidence by the duty-bound defendant; 4) significant impairment in the ability to the potential civil action; 5) a proximate relationship between the impairment of the underlying suit and the unavailability of the destroyed evidence; 6) a significant possibility of success of the potential civil action if the evidence were available; and 7) damages adjusted for the estimated likelihood of success in the potential civil action. *See* Holmes v. Amerex Rent –A Car, 180 F. 3d 294, (D. C. 1999). Plaintiff does not allege the existence of a duty on the part of defendant Ramirez to have preserved evidence material to his claim, nor did plaintiff provide evidence that defendant Ramirez was responsible for its destruction. Moreover, plaintiff fails to allege or establish the existence of a "proximate relationship" between any purported impairment of the underlying suit and the unavailability of the destroyed evidence. Plaintiff has failed to allege and prove the elements necessary to sustain the claim. Because plaintiff has failed to produce evidence to support his cause of action against this defendant, and must do so in order to prevail on his claim, defendant Ramirez is entitled to summary judgment on this claim.

**V.     Conclusion**.

WHEREFORE, defendant Ramirez respectfully requests this Court to grant his motion for partial summary judgment.

                                        Respectfully submitted,

                                        EUGENE A. ADAMS
                                        Chief, Deputy Attorney General


                                        _____\\s\_____
                                        PATRICIA A. JONES [428132]
                                        Chief, General Litigation Sec. IV


By:          _____\\s\_____
                                        MICHAEL P. BRUCKHEIM [455192]
                                        Assistant Attorney General
                                        441 4TH Street, NW, 6th Floor-South
                                        Washington, D.C.  20001
                                        202-724-6649; 202-727-6295
                                        E-mail:  Michael.bruckheim@dc.gov
                                        Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, | : |
|     Plaintiff, | : |
| v. | :    Civil Action No. 06-002 (JDB) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
|     Defendants. | : |

**DEFENDANT ANTHONY RAMIREZ'S STATEMENT OF MATERIAL FACTS WHICH ARE NOT IN DISUPUTE**

Defendant Anthony Ramirez, by and through counsel, hereby submits that the following material facts are not in dispute:

1. Plaintiff testified that he has no knowledge that defendant Ramirez spoke to Fur Night Club for the purpose of assisting in the destruction of videotaped evidence. Exhibit #1, Deposition of Emile Mazloum, 417: 1-5.

2. Plaintiff testified that no one from the Metropolitan Police Department tried to prevent him from filing a complaint when he arrived at the police station. Exhibit #1, Deposition of Emile Mazloum, 160: 19-22; 161:1.

Respectfully submitted,

EUGENE A. ADAMS
Chief Deputy Attorney General


_____\\s\\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By: _____\s_____
   MICHAEL P. BRUCKHEIM [455192]
   Assistant Attorney General
   441 4TH Street, NW, 6th Floor-South
   Washington, D.C.  20001
   202-724-6649; 202-727-6295
   E-mail:  Michael.bruckheim@dc.gov
   Counsel for defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-002 (JDB) |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | : |

**ORDER**

Upon consideration of defendant Anthony Ramirez's Motion for Partial Summary Judgment, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, this ____ day of _____, 2007;

ORDERED: that defendant's Motion for Partial Summary Judgment is hereby granted for the reasons set forth in his motion; and it is,

FURTHER ORDERED: that summary judgment is hereby granted in favor of defendant Ramirez and against plaintiff on his Due Process, 42 U.S.C. § 1981, D.C. Human Rights Act, and Aiding and Abetting Spoliation of Evidence claims.

_____
Judge John D. Bates
United States District Court Judge