THE UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,   )<br>  )<br>     Plaintiff,   )<br>  )<br>v.   )<br>  )<br>DISTRICT OF COLUMBIA, *et al*.,   )<br>  )<br>     Defendants.   )<br>_____) | 06-CV-0002 (JDB) |

**DEFENDANT ANTHONY RAMIREZ'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Anthony Ramirez, (hereinafter "defendant"), by and through counsel, answers plaintiff's Second Amended Complaint as follows:

**FIRST DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

1. This defendant admits the existence of the statutes cited in paragraph number 1 of the Second Amended Complaint, but denies that the statutes confer any jurisdiction or liability upon him.

2. This defendant denies the allegations contained in paragraph number 2 of the Second Amended Complaint.

3. This defendant denies the allegations contained in paragraph number 3 of the Second Amended Complaint.

4. This defendant denies the allegations contained in paragraph number 4 of the Second Amended Complaint.

5.  This defendant admits the existence of the statute cited in paragraph number 5 of the Second Amended Complaint, but denies that the statutes confer any jurisdiction or liability upon him.

6.  This defendant admits the existence of the statute cited in paragraph number 6 of the Second Amended Complaint, but denies that the statutes confer any jurisdiction or liability upon them.

7.  This defendant admits the existence of the statute cited in paragraph number 7 of the Second Amended Complaint, but denies that the statutes confer any jurisdiction or liability upon them.

8.  This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 8 of the Second Amended Complaint.  To the extent a response is required, this defendant denies this allegations and demands strict proof at trial.

9.  This defendant admits the allegations contained within paragraph number 9 of the Second Amended Complaint.

10. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 10 of the Second Amended Complaint.

11. This defendant admits that at the time of the incident that is the subject of this lawsuit, he was employed as an officer with the D.C. Metropolitan Police Department.  Further answering, this defendant admits that he was off-duty when he visited the Nightclub on March 12, 2005.

12. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 12 of the Second Amended Complaint.

13. This defendant admits that Jose Acosta and David Smith were police officers with the D.C. Metropolitan Police Department on March 12, 2005. This defendant lacks sufficient information to either admit or deny the remaining allegations contained within paragraph number 13 of the Second Amended Complaint.

14. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 14 of the Second Amended Complaint.

15. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 15 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

16. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 16 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

17. This defendant admits that the club was crowded and that people were dancing on the stage. This defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph number 17 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

18. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 18 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

19. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 19 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

20. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 20 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

21. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 21 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

22. This defendant admits that Modlin and Phillips tried to stop plaintiff's attack of the bouncer. This defendant denies the remaining allegations in paragraph number 22 of the Second Amended Complaint.

23. This defendant denies the allegations contained in paragraph number 23 of the Second Amended Complaint.

24. This defendant lacks sufficient information to either admit or deny the allegations as contained in paragraph number 24 of the complaint.

25. This defendant admits that either himself or one of his fellow officers identified themselves as police officers. This defendant denies the remaining allegations contained in paragraph number 25 of the Second Amended Complaint.

26. This defendant denies the allegations contained in paragraph number 26 of the Second Amended Complaint.

27. Defendant Ramirez admits producing handcuffs and assisting in the handcuffing of plaintiff. This defendant denies the remaining allegations contained in paragraph number 27 of the Second Amended Complaint.

28. This defendant denies the allegations contained in paragraph number 28 of the Second Amended Complaint.

29. This defendant denies the allegations contained in paragraph number 29 of the Second Amended Complaint.

30. This defendant denies the allegations contained in paragraph number 30 of the Second Amended Complaint.

31. This defendant denies the allegations contained in paragraph number 31 of the Second Amended Complaint.

32. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 32 of the Second Amended Complaint.

33. This defendant denies the allegations contained in paragraph number 33 of the Second Amended Complaint.

34. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 34 of the Second Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

35. This defendant denies the allegations contained in paragraph number 35 of the Second Amended Complaint.

36. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 36 of the Second Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

37. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 37 of the Second Amended Complaint.  To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

38. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 38 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

39. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 39 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

40. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 40 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

41. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 41 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

42. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 42 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

43. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 43 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

44. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 44 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

45. This defendant admits that he saw plaintiff at the police station and was informed that plaintiff intended to file a complaint. This defendant denies the remaining allegations and demands strict proof at trial.

46. This defendant admits that he inquired as to plaintiff's personal information, and that his supervisor completed plaintiff's interview.

47. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 47 of the Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

48. This defendant denies the allegations as contained in paragraph number 48 of the Second Amended Complaint.

49. This defendant admits that no disciplinary action, administrative proceedings or criminal proceedings have been taken against him. Further answering, this defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph number 49 of the Second Amended Complaint.

50. This defendant admits that he spoke with Acosta, Allman, Modlin, and Fiorito about the incident that is the subject of this litigation.

51. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 51 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

52. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 52 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

53. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 53 of the Second Amended Complaint. To the extent a response is required, this defendant denies these allegations and demands strict proof at trial.

54. The allegations contained in paragraph 54 of the Second Amended Complaint are the conclusions of the pleader to which no response is required. To the extent a response is required, any actions taken by this defendant while at the Nightclub on March 12, 2005, that related to the incident that is the subject of this litigation was in connection with his employment with MPD.

55. This defendant lacks sufficient knowledge or information to either admit or deny the allegations in paragraph number 55 of the Second Amended Complaint.

56. This defendant denies the allegations set forth in paragraph 56 of the Second Amended Complaint.

## COUNT I – 42 U.S.C. § 1983
**(as against Defendant Ramirez, Persons, Modlin, Phillips, Schneider, Acosta, Smith, and the District of Columbia)**

57. The responses set forth in paragraphs 1–56 are incorporated herein by reference.

58. The allegations set forth in paragraph 58 of the Second Amended Complaint state legal conclusions to which no response is required. This defendant denies that he violated plaintiff's civil rights under the Constitution.

59. This defendant denies allegations set forth in paragraph 59 of the Second Amended Complaint.

60. This defendant denies the allegations set forth in paragraph 60 of the Second Amended Complaint.

61. This defendant denies the allegations set forth in paragraph 61 of the Second Amended Complaint.

62. This defendant denies the allegations set forth in paragraph 62 of the Second Amended Complaint.

63. This defendant denies the allegations set forth in paragraph 63 of the Second Amended Complaint.

## COUNT II – Assault and Battery
**(as against Defendant Ramirez, Persons, Modlin, Phillips, Schneider, District of Columbia, and FUR Nightclub)**

64. The responses set forth in paragraphs 1–63 are incorporated herein by reference.

65. This defendant denies the allegations set forth in paragraphs 65 of the Second Amended Complaint.

66. This defendant denies the allegations set forth in paragraphs 66 of the Second Amended Complaint.

67. This defendant denies the allegations set forth in paragraphs 67 of the Second Amended Complaint.

68. This defendant denies the allegations set forth in paragraph 68 of the Second Amended Complaint.

69. The allegations set forth in paragraph 69 of the Second Amended Complaint state legal conclusions to which no response is required.

70. This defendant denies the allegations set forth in paragraph 70 of the Second Amended Complaint.

71. This defendant denies the allegations set forth in paragraph 71 of the Second Amended Complaint.

72. This defendant denies the allegations set forth in paragraph 72 of the Second Amended Complaint.

### COUNT III – Racial Discrimination (42 U.S.C. § 1981)
**(as against Defendant District of Columbia, Ramirez, Modlin, Phillips and Schneider)**

73. The responses set forth in paragraphs 1–72 are incorporated herein by reference.

74.-76. This defendant has filed a motion for summary judgment with respect to the allegations set forth herein.

### COUNT IV – D.C. Human Rights Act (D.C. Code §§ 2-1401.01 *et seq.*)
**(as against all defendant)**

77. The responses set forth in paragraphs 1–76 are incorporated herein by reference.

78.-84. This defendant has filed a motion for summary judgment with respect to the allegations set forth herein.

### COUNT V Reckless/Negligent Spoliation of Evidence
**(as against Defendant Rehman/Romeo, the Nightclub, and Fiorito)**

85. The responses set forth in paragraphs 1–84 are incorporated herein by reference.

86.-92. This defendant has filed a motion for summary judgment with respect to the allegations set forth herein.

### COUNT VI – Aiding and Abetting Spoliation of Evidence
**(as against Defendant Ramirez)**

93. The responses set forth in paragraphs 1–92 are incorporated herein by reference.

94.-97. This defendant has filed a motion for summary judgment with respect to the allegations set forth herein.

Further answering the Second Amended Complaint, this defendant denies all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

### THIRD DEFENSE

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action against this defendant pursuant to 42 U.S.C. § 1983, *et seq.*

### FOURTH DEFENSE

This defendant is entitled to qualified immunity and/or a privilege for his complained of conduct.

### FIFTH DEFENSE

The actions of this defendant were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

### SIXTH DEFENSE

The actions of this defendant were taken in good faith and with a reasonable belief in their lawfulness.

### SEVENTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

### EIGHTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

### NINTH DEFENSE

Plaintiff may have failed to mitigate his damages.

### TENTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

## ELEVENTH DEFENSE

The actions of this defendant were in the scope of his employment and the principle of *respondeat superior liability* applies to the common law tort claims filed against him.

## TWELFTH DEFENSE

Plaintiff cannot prove that this defendant acted with any discriminatory motive.

## THIRTEENTH DEFENSE

Plaintiff cannot prove that this defendant engaged or assisted in the destruction and/or spoliation of any evidence in this matter.

## JURY DEMAND

This defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, having fully answered, this defendant request that plaintiff's Second Amended Complaint be dismissed with prejudice, with costs awarded.

>
> Respectfully submitted,
>
> EUGENE A. ADAMS
> Chief Deputy Attorney General for the District of Columbia
>
> _____/s/_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation, Sec. IV
>
> _____/s/_____
> MICHAEL BRUCKHEIM [455192]
> Assistant Attorney General
> 441 4th Street, N.W., 6th Floor North
> Washington, DC 20001
> (202) 724-6649; (202) 727-6295
> (202) 727-3625 (fax)
> E-mail: Michael.Bruckheim@dc.gov