THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM,                         )
                                       )
    Plaintiff,                         )
                                       )
    v.                                 ) Civil Action No. 06-0002 (JDB)
                                       )
THE DISTRICT OF COLUMBIA, *et al.*,    )
                                       )
    Defendants.                        )
_____)

DEFENDANTS JOSE ACOSTA AND DAVID SMITH'S ANSWER
TO THE SECOND AMENDED COMPLAINT

Defendants Jose Acosta and David Smith ("defendants"), through counsel, hereby respond to plaintiff's Second Amended Complaint ("Complaint") as follows.

First Defense

1. Defendants acknowledge the statutes cited in paragraph 1 of the Complaint but deny all liability thereunder.

2. The allegations contained in paragraph 2 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendants lack sufficient knowledge or information to either admit or deny the allegations contained therein.

3. The allegations contained in paragraph 3 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 3 of the Complaint. To the extent that any allegations are made against these defendants, defendants deny the allegations.

1

4. The allegations contained in paragraph 4 of the Complaint contain conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendants lack sufficient knowledge or information to either admit or deny the existence or nature of the plaintiff's alleged injuries, damages, and expenses. To the extent that any allegations are made against these defendants, defendants deny the allegations.

Jurisdiction and Venue

5. Defendants acknowledge the statutes cited in paragraph 5 of the Complaint but deny that jurisdiction is necessarily conferred thereby.

6. Defendants acknowledge the statute cited in paragraph 6 of the Complaint but deny that jurisdiction is necessarily conferred thereby.

7. Defendants acknowledge the statute cited in paragraph 7 of the Complaint but deny that jurisdiction or venue is necessarily conferred thereby.

The Parties

8. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 14 of the Complaint.

Factual Allegations Applicable to All Counts

15. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants admit that they arrived on the scene in their squad car, and that other uniformed officers also arrived separately on the scene. Defendants lack sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 32 of the Complaint.

33. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants admit that they got out of their squad car. Defendants deny the remaining allegations contained in paragraph 34 of the Complaint.

35. Defendants admit that defendant Ramirez took defendant Smith's handcuffs, and that defendant Ramirez handcuffed plaintiff with the new set of handcuffs, removing his own. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint, except that defendants admit that, at some point later that night, defendant Persons wanted to make a complaint of assault, but that the defendants believed that this complaint was not credible.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint, except that defendants admit speaking with plaintiff, requesting identification, and observing blood and scratches or abrasions on the plaintiff. Defendants also admit that plaintiff, at some point, required assistance standing due to intoxication.

38. Defendants admit that at some point plaintiff's handcuffs were removed and identification returned, that Mr. Alkadi offered to take the plaintiff home, and that defendants suggested that Mr. Alkadi take plaintiff to a hospital.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants admit that they did not arrest the plaintiff, that they spoke with plaintiff, and that they also spoke with defendant Persons, whose version of the incident they did not believe. Defendants deny the remaining allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint, except that defendants admit that, as defendants were driving away from the scene, plaintiff jumped into the back of their car, demanding to be arrested and taken to the police station. Defendants admit telling plaintiff to leave their car and then removing the plaintiff after he failed to comply.

42.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 48 of the Complaint, except that defendant Acosta admits that he received a call from defendant Ramirez later on March 12, 2005.

49.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants incorporate by reference their responses to paragraphs 45 through 49 of the Complaint.

51.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 54 of the Complaint, except that defendants admit that they were acting within the scope of their employment.

55. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 55 of the Complaint

56. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 56 of the Complaint.

## Causes of Action

### Count I – 42 U.S.C. § 1983

57-63. This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

### Count II – Assault and Battery

64-72. This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

### Count III – Racial Discrimination (42 U.S.C. § 1981)

73-76. This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

### Count V – D.C. Human Rights Act (D.C. Code §§ 2-1401.01 *et seq.*)

77. Defendants incorporate by reference their responses to paragraphs 1-76 of the Complaint.

78. Defendants acknowledge the statute cited in paragraph 78 of the Complaint but deny all liability thereunder.

79. Defendants acknowledge the statute cited in paragraph 79 of the Complaint but deny all liability thereunder.

80. Paragraph 80 of the Complaint contains conclusions of the law or of the pleader to which no response is required. Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendants lack sufficient knowledge or information to either admit or deny the allegations, except that defendants deny that the plaintiff requested to file a formal police report with them on the night of March 11-12.

82. Paragraph 82 of the Complaint contains conclusions of the law or of the pleader to which no response is required; to the extent that a response is required, defendants deny the allegations contained therein.

83. Paragraph 83 of the Complaint contains conclusions of the law or of the pleader to which no response is required; to the extent that a response is required, defendants lack sufficient knowledge or information to either admit or deny the allegations. To the extent that any allegations are made against these defendants, defendants deny the allegations.

84. Paragraph 84 of the Complaint contains conclusions of the law or of the pleader to which no response is required; to the extent that a response is required, defendants lack sufficient knowledge or information to either admit or deny the existence or nature of the plaintiff's alleged injuries, damages, and expenses. To the extent that any allegations are made against these defendants, defendants deny the allegations.

Count V – Reckless/Negligent Spoliation of Evidence

85-92.  This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

Count VI – Aiding and Abetting Spoliation of Evidence

93-97.  This count is not made against these defendants, and thus defendants are not required to respond to the allegations under this count.

Any allegations in the Complaint not expressly admitted are hereby denied.

Second Defense

Plaintiff may have failed to mitigate his injuries and/or damages.

Third Defense

Plaintiff may have failed to satisfy the mandatory notice requirements of D.C. Code § 12-309.

Fourth Defense

Defendants are entitled to absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity.

Fifth Defense

The actions of defendants were taken in good faith and with reasonable belief in their lawfulness.

<u>Sixth Defense</u>

If the plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

<u>Seventh Defense</u>

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of acts or omissions of a person or persons other than defendants Acosta and Smith.

<u>JURY TRIAL DEMAND</u>

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

NADINE C. WILBURN
Chief Counsel
Personnel, Labor and Employment Division

<u>/s/ Phillip A. Lattimore, III /s/</u>
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III

<u>/s/ Carl J. Schifferle /s/</u>
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email: carl.schifferle@dc.gov

10