IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA *et al*.,<br><br>    Defendants. | Civil Action No. 1:06 CV 00002 (JDB) |

**ANSWER OF NIGHT & DAY MANAGEMENT, LLC,
MICHAEL REHMAN, JOHN FIORITO, AND MICHAEL PERSONS
TO SECOND AMENDED COMPLAINT**

  Defendants Night & Day Management, LLC t/a The Fur Factory ("N&D"), incorrectly identified as Night and Day Management, LLC d/b/a Fur Nightclub, Michael Rehman ("Rehman"), John Fiorito ("Fiorito"), and Michael Persons ("Persons") (together, the "N&D Defendants"), by and through counsel, respond to the Complaint of Plaintiff Emile Mazloum as follows:

**FIRST DEFENSE**

  The N&D Defendants respond to the numbered paragraphs of the Complaint as follows:

  1-4. Denied

  5-7. The allegations in these paragraphs constitute legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied as to the N&D Defendants.

  8. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

9. Admitted, upon information and belief.

10. Denied that N&D owns the property at 33 Patterson Street, N.E., Washington, D.C. Otherwise, admitted.

11. Admitted.

12. Admitted that Mr. Persons was a member of N&D's security team in and around March 2005. Otherwise, denied.

13. Admitted.

14. Admitted that Rehman has managed The Fur Factory (the "Nightclub") and that Rehman and John Fiorito were acting within the scope of their employment at all times relevant to this litigation. Otherwise, denied.

15. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph as they pertain to Mazloum. Admitted that Rehman manages the Nightclub. Admitted that Fiorito is a former MPD officer. Otherwise, denied.

16. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph as they pertain to Mazloum. Otherwise, denied.

17. Denied.

18. Notwithstanding that Mazloum has himself emphatically testified quite differently, admitted.

19. Denied.

20. Denied.

21. Denied.

22. Admitted that some or all of these officers interceded in this incident. Otherwise, the N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

23. Denied.

24. Denied.

25. Admitted that, while on the Club's stage, off-duty police officers identified themselves as police officers. Otherwise, denied.

26. Denied.

27. Admitted that a set of handcuffs supplied by Officer Ramirez was used to try to restrain Mazloum. Otherwise, denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted that Fiorito called MPD's acting watch commander regarding this incident. Otherwise, denied.

33. Denied.

34. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

35. Admitted that handcuffs were changed as described. Otherwise, denied.

36. Denied.

37. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

38. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

39. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph, although they deny that Mazloum was unaware that the individuals who had taken him into custody were MPD officers.

40. Denied.

41. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

42. Denied.

43. Admitted that Mazloum spoke with at least one Alexandria Police Department officer during the time he was at Inova Hospital. Otherwise, the N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

44. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

45. Admitted.

46. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

47. Admitted, on information and belief.

48. Admitted that Officer Ramirez telephonically informed Fiorito that Mazloum had filed a complaint regarding his treatment by MPD because Mazloum's friends were passing themselves off at the police station as FUR employees. Otherwise, denied.

49. Admitted, on information and belief.

50. Admitted that Officer Ramirez telephonically informed Fiorito that Mazloum had filed a complaint regarding his treatment by MPD because Mazloum's friends were passing themselves off at the police station as FUR employees. Otherwise, the N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

51. Admitted, on information and belief.

52. Admitted that Alkadi was ordered by his employer "Massoud A." to meet with Rehman and Fiorito regarding this incident and admitted that Persons was in the same room during part of that meeting, which room contained video monitors. Otherwise, denied.

53. Admitted that Fiorito told Alkadi that his friend Mazloum would get "burned" if he made false statements to the police. Otherwise, denied.

54. Denied.

55. Admitted.

56. Denied.

## COUNT I

57. The N&D Defendants incorporate their responses to paragraphs 1-56 herein.

58. Denied that any rights of Mazloum were violated.

59. Denied.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

## COUNT II

64. The N&D Defendants incorporate their responses to paragraphs 1-63 herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT III

73. The N&D Defendants incorporate their responses to paragraphs 1-72 herein.

74. The N&D Defendants are without knowledge or information sufficient to form a belief as to the allegations of this paragraph.

75. Denied.

76. Denied.

## COUNT IV

77. The N&D Defendants incorporate their responses to paragraphs 1-76 herein.

78. The DCHRA speaks for itself. To the extent that a response is deemed required, the allegations are denied as to the N&D Defendants.

79. The DCHRA speaks for itself. To the extent that a response is deemed required, the allegations are denied as to the N&D Defendants.

80. Denied.

81. Denied.

82. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied as to the N&D Defendants.

83. Denied.

84. Denied.

## COUNT V

85. The N&D Defendants incorporate their responses to paragraphs 1-84 herein.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT VI

93. The N&D Defendants incorporate their responses to paragraphs 1-92 herein.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. All allegations not specifically admitted above are hereby denied.

## SECOND DEFENSE

99.     The Complaint fails to state a claim against the N&D Defendants upon which relief can be granted.

## THIRD DEFENSE

100.    The Court lacks subject matter jurisdiction over the N&D Defendants.

## FOURTH DEFENSE

101.    Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

102.    Plaintiff's claims are barred by his own misconduct and assault.

## SIXTH DEFENSE

103.    Plaintiff's claims are barred by the doctrines of contributory negligence and/or assumption of risk.

## SEVENTH DEFENSE

104.    Any conduct by the N&D Defendants, or anyone acting on their behalf, was a reasonable response to the actions of and threat posed by Plaintiff and his companions.

## EIGHTH DEFENSE

105.    Plaintiff has failed to state a claim for punitive damages.

## NINTH DEFENSE

106.    Plaintiff's claims are barred by the doctrine of self-defense.

## NINTH DEFENSE

107.    Plaintiff has failed to state a claim under D.C. Code § 2-1402.31 upon which relief can be granted.

**TENTH DEFENSE**

108.    Plaintiff has failed to state a claim for spoliation of evidence upon which relief can be granted.

**ELEVENTH DEFENSE**

109.    Plaintiff seeks relief for the conduct of parties for whom the N&D Defendants are not responsible.  Neither the N&D Defendants nor any of their agents, servants, or employees committed the wrongs alleged.

    Respectfully submitted,

    /s/ Paul A. Fitzsimmons
    _____
    Thomas S. Schaufelberger, DC Bar No. 412217
    Paul A. Fitzsimmons, DC Bar No. 444829
    SAUL EWING LLP
    1025 Thomas Jefferson Street, N.W.
    Suite 425 West
    Washington, DC  20007
    202-295-6621
    FAX 202-295-6721
    E-mail: tschauf@saul.com
    E-mail: pfitzsimmons@saul.com

    *Counsel for Night & Day Management, LLC,*
    *Michael Rehman, John Fiorito, and*
    *Michael Persons*