UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EMILE MAZLOUM,                      )
                                    )
            Plaintiff,              )    Civil Action No. 1:06 CV 00002
                                    )    (JDB)
      v.                            )
                                    )
DISTRICT OF COLUMBIA, *et al*.,     )
                                    )
            Defendants.             )
_____ )

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, hereby states the following in response to Defendant District of Columbia's (the "District") Motion for Summary Judgment.[1]

After going forward with this case for over eighteen months, it has suddenly occurred to the District that it has all along possessed a procedural basis for dismissal of Counts II (assault and battery) and Count IV (D.C. Human Rights Act): Plaintiff's alleged failure to provide notice of the potential action to the Mayor within six months of the incident, as required by D.C. Code § 12-309. Ignoring the motion's dilatory nature, the District is wrong as a matter of law. The police report submitted by Mazloum *on the same day* he was beaten in 2005 satisfied the statute's notice

---

[1] The District has also moved to dismiss Plaintiff's Section 1981 claim (Count III). Plaintiff did not intend to assert such a claim against the District, but inadvertently left in its Second Amended Complaint a reference to the District in Count III. Accordingly, Plaintiff consents to the District's request that the Section 1981 claim be dismissed as to *it* (but not as to the other named defendants referenced in Count III).

1

requirements. Since the MPD began an official investigation of the incident shortly thereafter, the District cannot possibly establish that it failed to receive notice of the suit.

## STATEMENT OF FACTS

Plaintiff incorporates by reference his Omnibus Counter-Statement of Facts, filed June 29, 2007 (the "Counter-Statement"). Plaintiff sets forth the following additional facts relevant to the disposition of the District's Motion:

- Emile Mazloum visited the MPD's First District precinct headquarters on the late afternoon of March 12, 2005 to initiate a complaint about the beating he had experienced in the early hours of that same day at the FUR Nightclub ("Chronological Narrative Section" excerpts from June 6, 2006 Memorandum of MPD Office of Professional Responsibility, Internal Affairs Division, a true copy of which is attached hereto as Exhibit A);

- Mazloum was provided a Form called a PD 99, or "Citizens Complaint Report," to fill out. Mazloum was interviewed at the station and had photographs taken of him (March 12, 2005 Evidence Report, a true copy of which is attached as Exhibit B), but took the PD-99 form home. He later filled it out then faxed it back (March 12, 2005 Citizen Complaint Report, a true copy of which is attached hereto as Exhibit C);

- Mazloum was informed, in the course of making his initial complaint, that the matter would be referred to the U.S. Attorney's Office (Ex. A at 3);

- The MPD's Office of Internal Affairs forwarded a "Complaint Summary Sheet" to the MPD Force Investigative Team on March 16, 2005 (Ex. A at 3; March 14, 2005 MPD Internal Affairs Complaint Summary Sheet, a true copy of which is attached as Exhibit D);

- Sgt. William Mack of FIT was assigned to the case for investigation on March 18, 2005 (Ex. A. at 3);

- Defendant Ramirez, one of the primary Off-Duty Officers involved in the beating of Mazloum, was placed in non-contact status on March 29, 2005 (Ex. A at 3);

- Sgt. Mack presented the case to the U.S. Attorney's Office for investigation on March 31, 2005, and the matter was subsequently passed on to the Federal Bureau of Investigation (the "FBI") (Ex. A at 3).

# ARGUMENT

## I. Standard of Review.

Entry of summary judgment is proper only where the non-movant can offer no evidence upon which a jury could reasonably find in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Although there must be more than a "scintilla" of evidence offered in support of the non-movant's claim, the evidence need only be sufficient to establish the existence of material triable facts. *Id.* at 249–50; *see also id.* at 252. In reviewing the District's Motion for Summary Judgment, this Court must assume the truth of Mazloum's factual allegations and draw all evidentiary inferences in his favor. *Id.* at 255. The Court must also "eschew making credibility determinations or weighing the evidence." *U.S. v. Project on Gov't Oversight,* 454 F.3d 306, 308 (D.C. Cir. 2006)(citations omitted).

## II. Plaintiff Has Met the Notice Requirement under D.C. Code § 12-309.

The District's motion correctly cites Section 12-309 as obligating claimants who wish to maintain an action against the District to give notice in writing to the Mayor of the "circumstances of his injury or damage," within six months of the complained-of event. District Motion at 13. However, the statute also contains a significant caveat applicable specifically to the MPD:

> A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code § 12-309. As observed by the D.C. Court of Appeals in *Allen v. District of Columbia,* 533 A.2d 1259, 1262 (D.C. 1987), this "exception" to the general rule of requiring notice to the Mayor "is based upon the idea that written notice by a claimant should not be a prerequisite to legal action if, in fact, *actual notice* in the form of a police report has been received by the District." (emphasis in original).

The requirements of Section 12-309 are to be construed liberally in evaluating whether a given written notice is sufficient. *Wharton v. Dist. of Columbia,* 666 A.2d 1227, 1230 (D.C. 1995). As long as the notice in question contains "information as to time, place, cause and circumstances of injury or damage with at least the same degree of specificity required of a written notice," it will be deemed to satisfy the statute. *R. v. Dist. of Columbia,* 370 F. Supp.2d 267, 271 (D.D.C. 2005), *quoting Miller v. Spencer,* 330 A.2d 250, 252 (D.C. 1974); *see also Pitts v. Dist. of Columbia,* 391 A.2d 803, 809 (D.C. 1978)(notice to the District generally is sufficient "if it recites facts from which it could be anticipated that a claim against the District of Columbia might arise").

Here, the District cannot dispute that Mazloum filed a Citizen Complaint Report on March 12, 2005 – the ***same day*** he had been beaten by the Off-Duty Officers. That document lays out the gravamen of this lawsuit in some detail, providing many details about the incident based upon what Mazloum knew of it at the time. *See generally* Ex. C. The District also cannot dispute that the MPD began to investigate the incident that very month, going so far as to place one of the primary accused Off-Duty Officers, Defendant Ramirez, in non-contact status pending the investigation. *See* Plaintiff's Memorandum in Opposition at 2, *supra.* The entire matter had been forwarded for formal investigation to the U.S. Attorney's Office before the end of March 2005. Accordingly, the MPD plainly had enough notice of Mazloum's complaints, and took them seriously enough, to begin investigating them in the same month the incidents occurred.

Given the above, it is evident the police report in question in fact placed the District on notice of the potentiality of this lawsuit. District courts have reached such a conclusion based on remarkably similar facts. For example, in *Shaw v. District of Columbia,* No. 05-1284 (CKK), 2006 WL 1274765 (D.D.C. May 8, 2006), a D.C. District Court held that a "Citizen Complaint Report" very similar to that lodged by Mazloum herein more than satisfied the notice requirements of Section 12-309. *Shaw,* 2006 WL 1274765 at *5. There, as here, a plaintiff had filed a Citizen Police Report

4

to detail the nature of alleged police brutality. There, as here, the report had been submitted within a short time of the complained-of incident. There, as here, the complaint form contained a factual recitation of what the *Shaw* plaintiff alleged had occurred, specifying numerous "time, place, cause, and circumstances" details. And there, as here, the report resulted in additional investigation into the matter through MPD internal processes, culminating in an investigation by the U.S. Attorney's Office and FBI. *Id.,* 2006 WL 1274765 at *6 - *8.

The *Shaw* court held that all of the above factors satisfied the Section 12-309 notice requirements. The *Shaw* decision emphasized that the notice in the form of a police report need not contain a legal recitation of causes of action, but rather need only provide some information about the "time, place, cause, and circumstances of the [plaintiff's] injury or damage" which the report had amply provided the District. *Id.,* 2006 WL 1274765 at *7 - *8. As here, the police report in *Shaw* revealed "a quintessential basis upon which claims of Fourth . . . Amendment violations, as well as common law assault and battery and false arrest, are typically asserted against the acting police officers . . . ." *Id.,* 2006 WL 1274765 at *8.

The District cannot overcome the adequacy of the notice via the police report by identifying factual "holes" in it. For example, it is correct that the report only names Defendant Ramirez – at the time, the sole MPD officer whose identity was known to Mazloum (and whom Mazloum fortuitously ran into while going to make his complaint). But neither Mazloum nor his counsel learned the names of the other Off-Duty Officers until this Court compelled the District, in the early stages of the case, to provide that information to Plaintiff. The report does identify Plaintiff's dealings with Acosta and Smith, however, and otherwise sets forth the essential grounds for this action. It thus met the requirements of Section 12-309.

The District makes a final, nonsensical argument in its brief that, regardless of whether the police report was adequate notice under Section 12-309, Plaintiff's notice is still deficient because

5

"Plaintiff is not relieved of his responsibility to send the police report to the Mayor." District's Motion at 16. This argument flies in the face of the language of the statute, of course, which permits the filing of a police report as an alternative to direct notification to the Mayor. *Shaw*, 2006 WL 1274765, at *8; *R v. Dist. of Columbia,* 370 F. Supp.2d at 271 (observing that Section 12-309 permits two forms of notice). None of the cases cited by the District stand for the proposition that Section 12-309 requires a claimant to *both* file a police report and also provide a copy of that report within the six-month period to the Mayor. In any event, the Mayor *did* receive notice of the action at the time of filing (January 2006), and is *deemed* to have had notice at the time the police report was filed (March 2005). No more notice was, or is, necessary.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant District of Columbia's Motion for Summary Judgment.

Respectfully submitted,

Dated: July 9, 2007

/s/
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum