UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM,                       :
                                     :
         Plaintiff,                  :
                                     :
v.                                   :     Civil Action No. 06-002 (JDB)
                                     :
DISTRICT OF COLUMBIA, *et al.*,      :
                                     :
         Defendants.                 :

**DEFENDANTS RICHMOND PHILLIPS, THADDEUS MODLIN, AND LOUIS SCHNEIDER'S REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Phillips, Modlin, and Schneider (hereinafter "defendants"), by and through counsel and pursuant to FRCP 56(c), hereby submit the following Reply to Plaintiff's Opposition to their Motion for Summary Judgment.

**ARGUMENT**

Fed. P. Civ. R. 56(e) provides, in relevant part, that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party **may not** rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (Emphasis Added.)

Plaintiff has failed to meet his burden of proof as required by Rule 56(e). As set forth below, plaintiff has failed to produce relevant, admissible evidence in support his claim that these defendants are not entitled to partial summary judgment.

I.    **Defendants Phillips, Modlin and Schneider are Protected by Qualified Immunity and Are Entitled to Summary Judgment.**

Plaintiff argues in his opposition that defendants ignore "the elephant in the room" in their motion for summary judgment.  *See* Plaintiff's Opposition, p.1.  However, plaintiff has proffered no facts of his own to dispute the testimony provided by these defendants as to their impressions of the incident and their reasons for intervening.  *See* Opp., *generally*.  A police officer making an arrest is generally shielded from personal liability for civil damages with respect to constitutional claims brought under 42 U.S.C. § l983, by the doctrine of qualified immunity insofar as his or her conduct does not violate clearly established rights of which a reasonable person would have known.  *Hunter v. District of Columbia*, 943 F.2d 69, 75 (D.C. Cir. l991).

Plaintiff testified under oath that aside from defendant Ramirez, he could not identify the defendants' alleged roles in the incident.  Exhibit #1, at 105: 1-12; 108: 1-5.  Plaintiff also testified that he "did not know" if the defendants allegedly accosted him due to his Arab ethnicity.  *Id.,* 153: 16-18; 154: 6-11.  Plaintiff also conceded .that he "was swinging all over the place to try to stand up."  Exhibit 1, at 104:7-16.  To prevail against these defendants on his constitutional claims, plaintiff must show that each defendant personally participated in the alleged arrest and engaged in unconstitutional misconduct.  *See Simpkins v. D.C. Government,* 108 F.3d 366, 369 (D.C. Cir. 1997).   Even when viewed in a light most favorable to the plaintiff, these defendants cannot be held liable for

the alleged wrongful arrest, or the role each played during the time of the incident that forms the basis of plaintiff's lawsuit. No evidence has been presented to negate these defendants' good faith belief that the actions that took were warranted based on the circumstances they faced while at Fur nightclub. In the absence of any evidence that disputes these defendants' testimony as to what they believed when they took action, and/or evidence as it relates to the actions of each personally named defendant,[1] plaintiff's claims fail and defendants Phillips, Modlin and Schneider are entitled to qualified immunity for effectuating plaintiff's arrest.

Plaintiff seeks to rely on a "bystander theory" of liability against these defendants as articulated in *Fernandors v. District of Columbia,* 382 F. Supp. 2d 63, 72 (D.D.C. 2005). However, plaintiff never pled a bystander theory in any of the three complaints he filed in this action. *See* Court Docket Nos.: 1, 28, 110. Moreover, in order to prevail under this theory, plaintiff must show that these defendants: (1) knew that a fellow officer (Officer Ramirez) was violating plaintiff's constitutional right; (2) had a reasonable opportunity to prevent the harm; **and** (3) chose not to act. *Id.,* emphasis added   Not only has plaintiff failed to establish that defendant Ramirez violated his constitutional rights, but that these defendants knew that defendant Ramirez was violating plaintiff's constitutional rights, had a reasonable opportunity to prevent the harm, **and** chose not to act. Accordingly, plaintiff's claim against these defendants fail, and judgment must be entered in their favor.

---

[1] Perhaps sensing that he has no evidence that would dispute defendants' perceptions of the incident, plaintiff has made repeated references to the alleged alcohol consumption by defendants, going so far as to allege that the officers were "under the influence" of alcohol and that the defendants "consumed multiple drinks." There is no record evidence, either direct or through inference, that these defendants were in any way under the influence of alcohol. Furthermore, plaintiff's reliance on MPD's Table of Offenses and Penalties (Docket No.: 126-9) is misplaced. . Off-duty officers are forbidden to consume alcoholic beverages *while in uniform* or to be under the influence of alcohol. As noted before, there is no such evidence on record. Furthermore, it is undisputed that these defendants were not in uniform.

**II.     Plaintiff's Discrimination Claims Against These Defendants Must Fail Under 42 U.S.C. § 1981, and the DC Human Rights Act (DCHRA).**

In order to prevail on his discrimination claim, plaintiff must show that he was discriminated against as a result of his race. *See Mazloum v. District of Columbia, et. al.,* 442 F. Supp.2d 1, 12 (D.D.C. 2006), citing *Carter-Obayuwana v. Howard University,* 764 A.2d 779, 790 (D.C. 2001)). There is absolutely no evidence that these defendants engaged in *intentional* discrimination because of plaintiff's perceived ethnicity. Underscoring the futility of plaintiff's allegations is the fact that defendant Modlin himself is Muslim. Moreover, at deposition, plaintiff testified that he "did not know" if the defendants allegedly accosted him due to his Arab ethnicity. Exhibit #1, at 153: 16-18; 154: 6-11. By plaintiff's own admission, he had no reason to think that these defendants allegedly accosted him due to his Arab ethnicity. In light of the absence of any record evidence to support these claims, the defendants are entitled to judgment.

**III.    Plaintiff's Common Law Assault and Battery Claims Fail as a Matter of Law.**

Assault is defined as an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to another. *See Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993), *citing* Standardized Civil Jury Instructions for the District of Columbia, No. 4.06A (4th ed. 1993); *Jackson v. District of Columbia*, 412 A.2d 948, 955 n. 15 (D.C. 1979). "A battery is an intentional act that causes a harmful or offensive bodily contact." *Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993), *Rogala v. District of Columbia,* 161 F.3d 44 (D.C. Cir. 1988).

There is no evidence that defendants Phillips, Modlin and Schneider had any improper contact with plaintiff, or intended to do him harm. Plaintiff testified that he was unable to specifically identify the defendants' role in the alleged subsequent assault and battery. Exhibit #1,

Deposition of Emile Mazloum, 105: 1-12; 108: 1-5. Plaintiff testified that he could not see who was allegedly dragging him across the floor.

Despite his own inability to proffer any evidence as to the defendants' actions, plaintiff nevertheless attempts to sidestep his own testimony by proffering a sweeping and unsupported argument that he was grabbed by defendants, dragged across the floor, and beaten. *See* Plaintiff's Opp., pp. 22-23. Notably, his argument contains no testimony as to the direct actions taken by each defendant. Without any evidence from the plaintiff, he cannot dispute the defendants' testimony. As such, there are no disputed facts as to the defendants' actions during the incident.

In the course of making a lawful arrest, a police officer is privileged to use force so long as the means employed are not in excess of those which [he] reasonably believes is necessary. *Etheridge,* 635 A.2d at 916; *Rogala,* 161 F.3d at 45. These defendants enjoy a privilege for the actions they took to arrest plaintiff. Plaintiff's inability to establish that these defendants committed an assault and battery upon his person, defeats his claim against each of them. .

**VI.    Conclusion**.

WHEREFORE, defendants Phillips, Modlin and Schneider respectfully request this Court to grant their motion for summary judgment for the reasons set forth above.

                                      Respectfully submitted,

                                      EUGENE ADAMS
                                      Chief Deputy Attorney General, D.C.

                                      _____\s_____
                                      PATRICIA A. JONES [428132]
                                      Chief, General Litigation Sec. IV

By: _____\\s\\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov
Counsel for Defendants Phillips, Modlin and Schneider