## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM,                         :
                                       :
              Plaintiff,               :
                                       :
       v.                              :        Civil Action No. 06-002 (JDB)
                                       :
DISTRICT OF COLUMBIA, *et al.*,        :
                                       :
              Defendants.              :

## DEFENDANT ANTHONY RAMIREZ'S REPLY TO PLAINTIFF'S OPPOSITION TO HIS MOTION FOR  PARTIAL SUMMARY JUDGMENT

Defendant Anthony Ramirez, by and through undersigned counsel and pursuant to FRCP

56(b), hereby submits the following Reply to Plaintiff's Opposition to his Motion for Partial

Summary Judgment.[1]

Fed. P. Civ. R. 56(e) provides, in relevant part, that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party **may not** rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  (Emphasis Added.)

Plaintiff has failed to meet his burden of proof as required by Rule 56(e).  As set forth below,

plaintiff has failed to produce relevant, admissible evidence in support his claim that this defendant

is not entitled to partial summary judgment.

---

[1] Plaintiff's opposition makes a point of saying that it is "notable" that Ramirez did not challenge the remaining allegations in his second amended complaint.  Defendant Ramirez states that his decision not to raise arguments in response to certain allegations raised by plaintiff within his Complaint by no means reflects a concession or admission of those allegations.  This defendant recognizes that under FRCP 56(c), his denial of those allegations gives rise to disputed facts, and negates his entitlement to summary judgment on those claims.

## ARGUMENT

I.     **Plaintiff's Discrimination Claims Under 42 U.S.C. § 1981, and the D.C. Human Rights Act Fail As a Matter of Law.**

    A.     **Race Discrimination Based on Alleged "Al Qaeda" Comment**

Plaintiff has alleged that defendant Ramirez discriminated and retaliated against him on the basis of his ethnicity in violation of 42 U.S.C. § 1981, and the D.C. Human Rights Act (DCHRA).  According to plaintiff, defendant Ramirez singled him out and removed him from the Club because of his race, and called him an al Qaeda as he hit him in his face.  *See* Mazloum dep. at 115:2-21.  Plaintiff further alleges that defendant Ramirez retaliated against him once Defendant Ramirez learned of his intent to file a complaint. *See* Second Amended Complaint ¶ 81.  Other than these conclusory statements, no evidence has been produced during discovery which would allow this case to be submitted to a jury on these issues.

In order to prevail on his discrimination claim, plaintiff must show that he was discriminated against as a result of his race.  *See Mazloum v. District of Columbia, et. al.,* 442 F. Supp.2d 1, 12 (D.D.C. 2006), citing *Carter-Obayuwana v. Howard University,* 764 A.2d 779, 790 (D.C. 2001)).  Plaintiff's opposition revealed the absolute dearth of any evidence supporting his discriminatory theories.  The lone "proof" in support of his claims is the "al Qaeda" comment, allegedly made by defendant Ramirez ***after*** plaintiff had already been handcuffed and removed from the club.[2]  This statement is insufficient to support an inference of discrimination.

It is undisputed that defendant Ramirez's involvement in this incident began *after* he observed plaintiff involved in a fight with the bouncer at FUR, and ***after*** defendants Modlin and

---

[2] Defendant Ramirez denies that he ever uttered the words "Al Qaeda."  However, for purposes of this motion, he understands that this Court must view the evidence in a light most favorable to plaintiff.

Phillips intervened in the incident.[3]  Plaintiff's theory that Ramirez injected himself in this incident solely because of his perception of plaintiff's race is conclosury and based on speculation.  While defendant Ramirez was off-duty at the time of the incident, he was duty bound to take police action because he observed what he believed was an offense committed by plaintiff.  *See* D.C. Official Code §§ 5-115.03, 23-581 (2001 ed.).  There simply is no evidence that defendant Ramirez either intervened or incited the incident with the intentional purpose of discriminating against plaintiff.  Submission of this evidence to a jury would require them to engage in prohibited speculation.  Therefore, because plaintiff failed to present a factual basis from which a jury could conclude that defendant Ramirez's alleged actions resulted from intentional discrimination, summary judgment must be granted to defendant Ramirez.

### B..    Plaintiff's Claim that Defendant Ramirez Hindered His Investigation and Then Retaliated Against Him Fails as a Matter of Law.

Plaintiff has failed to produce any evidence that defendant Ramirez tried to prevent him or prevented him from filing his complaint, or retaliated against him because he filed a complaint. Exhibit #1, Deposition of Emile Mazloum, 160:19-22; 161:1.  Defendant Ramirez directed plaintiff into the police station, where he filed a complaint against this defendant and others.  *See* Deposition of Emile Mazloum, Plaintiff Opp., Docket No.: 126-2, pp.158.159.

In his effort to prove this conspiracy theory, plaintiff first argues that defendant Ramirez "spoke quietly with Acosta and Smith" after they arrived on the scene.  *See* Plaintiff's Opp., p.10.  Plaintiff argues that "to some extent it is difficult to gauge, after the fact, what total impact [defendant Ramirez's] conspiratorial conduct had on Mazloum's ability to obtain redress for the illegal treatment he received, making it more appropriate under the circumstances that Ramirez

---

[3] There is no record evidence that defendants Modlin, Phillips, Schneider or Ramriez perceived plaintiff to be of Arab descent.

show that Plaintiff was **not** subject to adverse action." Opp., at p. 11.  Clearly, plaintiff has confused the fact that he bears the burden to prove his claim.  *See* Standardized Civil Jury Instructions for the District of Columbia § 2-8 (revised ed. 1985).  It is not this defendant's burden.

Plaintiff cited to *Sullivan v. Murphy,* 478 F.2d 938 (D.C. Cir. 1973) for the proposition that the burden of proof had somehow shifted to Ramirez.  But the facts of *Sullivan* are easily distinguished from the instant case.  The *Sullivan* plaintiffs were arrested due to their participation in war protests, and filed suit as a result.  *Sullivan,* 478 F.2d at 938.  In that case, the "evidence" of their arrests was clearly in the possession and control of the District.  However, in this case, defendant Ramirez was *never* in possession or control of the alleged video evidence.  It is undisputed that any existing video evidence was in the possession of some combination of the Fur defendants.  Thus, plaintiff's reliance on *Sullivan* is misplaced because Ramirez was never in a position to "muddle the evidence" as plaintiff has alleged.

Plaintiff has produced no testimony from any witnesses that they were told by defendant Ramirez to destroy any evidence related to plaintiff's claims.  The mere fact that defendant Ramirez made calls to fellow officers or others does not support plaintiff's claim that he conspired to destroy evidence related to plaintiff's claim.  Moreover, plaintiff has not been hindered in the prosecution of his rights in any way.  It is undisputed that plaintiff filed a police complaint *on the same day of the incident.*  He has prosecuted his case in this Court, and has deposed at least 15 witnesses allegedly involved in varying degrees in the incident.  Plaintiff's failure to establish that defendant Ramirez conspired to destroy evidence and/or destroyed evidence related to his claim, entitles this defendant to judgment on this claim.

II.    **Plaintiff's Aiding and Abetting and Spoliation of Evidence Claim Fails as a Matter
of Law.**

Plaintiff has alleged in Count VI of his second amended complaint that defendant Ramirez

assisted in the destruction of the videotaped evidence by alerting the Fur defendants that plaintiff

had filed a complaint as a result of the incident.  As recognized by plaintiff, the elements of a

spoliation cause of action are: 1) existence of a potential civil action, 2) a legal or contractual

duty to preserve evidence which is relevant to that action; 3) destruction of that evidence by the

duty-bound defendant; 4) significant impairment in the ability to the potential civil action; 5)  a

proximate relationship between the impairment of the underlying suit and the unavailability of

the destroyed evidence; 6) a significant possibility of success of the potential civil action if the

evidence were available; and 7) damages adjusted for the estimated likelihood of success in the

potential civil action.  *See Holmes v. Amerex Rent –A Car*, 710 A.2d 846, 854 (D.C. 1998).

Plaintiff has not satisfied his burden of proof as to the elements needed to support his cause of

action.  The basis of plaintiff's claim seems to be that defendant Ramirez engaged in phone calls

with several co-defendants after he learned that plaintiff had not been arrested.  However, these

phone calls are insufficient to establish plaintiff's spoliation claim against this defendant.

At deposition, plaintiff testified that he had no knowledge that defendant Ramirez spoke to

Fur Night Club for the purpose of assisting in the destruction of videotaped evidence.  Exhibit #1,

Deposition of Emile Mazloum, 417: 1-5.  There is no evidence that this defendant was ever in

possession of any evidence that related to plaintiff's claims.  While defendant Ramirez knew that

plaintiff had registered a complaint against him, he was under no duty to preserve evidence that

was not in his possession or control.  Plaintiff has failed to produce any proof that this defendant

caused any evidence to be destroyed.   At deposition, John Fiorito testified that he told defendant

5

Ramirez that he "know[s] he can [have Lieutenant Taylor] burn a copy of whatever is recorded on the disk." Plaintiff's Opp., Deposition of John Fiorito, Docket No.: 126-19, at 120:16-22, 121:1-3. Defendant Ramirez cannot be held liable for the fact that the video was not preserved by those who were in possession of it.

There is no proof that the video tape contained evidence to support plaintiff's claim against this defendant, nor has plaintiff shown that the unavailability of the tape has posed a significant impairment in his ability to pursue this civil action. Like plaintiff's other claims against defendant Ramirez, a jury would have to speculate to determine any factual evidence for plaintiff's claims. Accordingly, defendant Ramirez is entitled to summary judgment on this claim.

## V.    Conclusion.

WHEREFORE, defendant Ramirez respectfully requests this Court to grant his motion for partial summary judgment.

Respectfully submitted,

EUGENE A. ADAMS
Chief, Deputy Attorney General


_____\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


By:    _____\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov
Counsel for Defendant Ramirez