UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0002 (JDB) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## DEFENDANTS JOSE ACOSTA AND DAVID SMITH'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition offers no evidence that defendants Acosta and Smith were aware of any alleged discrimination against plaintiff. Since plaintiff admittedly did not tell Officers Acosta and Smith about any alleged discrimination, plaintiff did not engage in a protected activity. Moreover, because plaintiff has no evidence that defendants Acosta and Smith learned from any other source about any alleged discrimination, no causal connection exists between any protected activity by plaintiff and any adverse action by defendants. Plaintiff's opposition also fails to show any such adverse action.

As a preliminary matter, plaintiff is incorrect that the "law of the case" doctrine bars defendants' renewed summary judgment motion. Defendants agree with plaintiff that sequential motions, making the same arguments based on the same evidence, are not proper. In this instance, though, defendants' renewed motion for summary judgment is based on new arguments, now challenging each of the three elements of plaintiff's DCHRA claim. Moreover, where defendants raise similar arguments in their renewed motion, those arguments are based on new evidence following full discovery. Defendants' original motion for summary judgment was based just on plaintiff's responses to requests for admission at discovery's outset. Moreover,

plaintiff does not dispute that the basis for denying defendants' summary judgment initially was an unsigned and unsworn witness statement, which that witness' deposition testimony now refutes. (Mot. 9). See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 251 (D.C. Cir. 1987) ("A subsequent motion for summary judgment based on an expanded record is always permissible.").

Turning to the merits, plaintiff impermissibly speculates that defendants Acosta and Smith were aware of alleged discrimination against plaintiff. Plaintiff argues that one could "infer that Ramirez, whose virulent racist bias had just manifested itself . . . shared, or displayed, his animus toward Mazloum" with Officers Acosta and Smith. (Opp. 11). Plaintiff has no evidence to support this argument. Defendants Acosta and Smith have affirmed that Ramirez did not reveal to them any discriminatory animus toward plaintiff. (Exh. B, Acosta Decl. ¶ 4-6; Exh. C., Smith Decl. ¶ 4-6). Moreover, as discovery has shown, no one who witnessed any discussions between Ramirez and these two officers heard Ramirez reveal any indication of his alleged discriminatory motive. (Exh. D, Pl. Depo. 196; Exh. G, Alkadi Depo. 162-63). Plaintiff's speculation that Ramirez made Officers Acosta and Smith aware of his allegedly discriminatory treatment of the plaintiff is not only contrary to the evidence but also intuitively implausible. Ramirez would have no interest in revealing any discriminatory motive to Officers Acosta and Smith because to do so would subject him to possible civil and criminal liability.[1]

---

[1] Without any supporting evidence or logical consistency, plaintiff's argument is also that Officers Acosta and Smith must have conspired with Ramirez and others to engage in a cover-up of the incident. There is no evidence of Officer Acosta and Smith's participation in such conspiracy, and the actions of Officers Acosta and Smith are inconsistent with plaintiff's conspiracy theory. These two officers did not arrest plaintiff, much to the disappointment of Ramirez, who wanted to be the arresting officer. (Exh. H, Allman Depo. 179-80). Officers Acosta and Smith also freely acknowledged plaintiff to be the apparent victim, whereas according to Ramirez plaintiff was the perpetrator. (Opp. 11).

Plaintiff also identifies disputed facts that are not material to defendants' alleged awareness of discrimination. Plaintiff notes some differences between Lieutenant Allman's recollection of events and the recollection of Officers Acosta and Smith. Their recollections are all consistent, though, that Lieutenant Allman did not discuss, or hear anyone else discuss, any alleged discrimination with Officers Acosta and Smith. (Exh. H, Allman Depo. 175-78). The differences in other areas of their recollections are immaterial to plaintiff's present claim. Lieutenant Allman testified, for example, that he initially directed Officers Acosta and Smith to arrest plaintiff, while Officers Acosta and Smith do not recall such directive. Beyond the fact that this does not relate to the officers' alleged awareness of discrimination, Lieutenant Allman also acknowledged that Officers Acosta and Smith could have misunderstood his directive. (Exh. H, Allman Depo. 136-39). Moreover, plaintiff obviously agrees with Officers Acosta and Smith that upon their investigation there was no basis to arrest him, so plaintiff can hardly fault the officers for not heeding any initial directive from Lieutenant Allman to arrest. In any event, once again, such differences are immaterial to the question of defendants' awareness of alleged discrimination.

While the parties also dispute whether plaintiff requested Officers Acosta and Smith to take a police report, this dispute similarly has no relevance to whether these officers were aware of any alleged discrimination. First, defendants must reject plaintiff's assertion that defendants Acosta and Smith have "fully admitted that they denied the Plaintiff's repeated requests to file a complaint." (Opp. 12). The defendants' position has always been that plaintiff was highly intoxicated, refused to provide them information that would enable them to take a report, and asked to go home. (Exh. F, Smith Depo. 62-63). Even assuming that this dispute is resolved in plaintiff's favor – that Officers Acosta and Smith denied plaintiff's diligent requests for a police

report – plaintiff admittedly did not complain of discrimination. (Exh. A). Thus, the dispute over whether plaintiff requested a report is not material to the issue of whether defendants were aware of any alleged discrimination. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1985) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.")

Assuming arguendo that plaintiff can establish a protected activity and defendants' awareness of alleged discrimination, the defendants' alleged failure to take a police report was not an adverse action. Plaintiff's opposition contends that defendants' failure to take an immediate report on the scene was "not only designed to discourage Mazloum from pursuing his claim . . . but also to squelch Mazloum's ability to initiate an on-site investigation that would generate useable evidence in support of his allegations." (Opp. 14). Plaintiff, however, was not discouraged from pursuing his claim, since he went that same day to the police station and the officers never told him he could not do so. Moreover, plaintiff's alleged inability to initiate an on-site investigation is a mere conclusory allegation. Plaintiff's opposition fails to identify any specific witness who plaintiff could not promptly interview, or who was at the scene but never identified, just because plaintiff had to file a report later that day. With regard to the video recordings from the FUR nightclub security cameras, plaintiff did not request that the club preserve the recordings, or that police obtain them, in the three days before the recordings were automatically overwritten by computer. (FUR Mot. 6-7). Moreover, as FUR's motion for summary judgment also shows, the video recordings did not capture any footage that would have assisted plaintiff in establishing his claims. (Id. at 15-17).

Because plaintiff fails to show any of the three elements of his DCHRA claim – a protected activity, an adverse action, or a causal connection between the two – defendants Acosta and Smith should be granted summary judgment.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

NADINE C. WILBURN
Chief Counsel
Personnel, Labor and Employment Division

/s/ Phillip A. Lattimore, III /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov