UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
EMILE MAZLOUM,                   )
                                       )
        Plaintiff,               )       Civil Action No. 1:06 CV 00002
                                       )       (JDB)
         v.                         )
                                       )
DISTRICT OF COLUMBIA, *et al.*,   )
                                       )
        Defendants.         )
_____)

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, for his unopposed motion to file a sur-reply responding to certain new factual and legal arguments contained in the FUR Defendants' Reply in Support of their Motion for Summary Judgment, respectfully states as follows:

The FUR Defendants filed their reply in further support of their Motion for Summary Judgment on July 13, 2007. This reply includes arguments pertaining to Plaintiff's spoliation claim that were not raised in the FUR Defendants' initial motion. These include (i) legal arguments relating to the sufficiency of certain of Plaintiff's evidentiary assertions about FUR's video camera system, and (ii) factual arguments about the state of those cameras heretofore undisclosed in discovery, based upon the newly-submitted statement of a witness who was never before identified in discovery as having particularized knowledge of the video camera system. In light of these new arguments, Plaintiff seeks leave to file a brief sur-reply in response.[1]

---

[1] In the alternative, Plaintiff requests that the Court at a minimum permit, in supplementation to his opposition to FUR's

1

**ARGUMENT**

Although the D.C. Local Rules make no mention of sur-replies, by the practice of the Court they are permitted in appropriate circumstances. *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001). If the "movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Flynn v. Veazey Construction Corporation*, 310 F.Supp.2d 186, 189 (D.D.C. 2004). Courts have allowed a moving party to file a sur-reply to address arguments which were not made in the nonmoving party's opening brief. *See Flynn*, 310 F.Supp.2d at 190; *Groobert v. President and Directors of Georgetown College*, 219 F.Supp.2d 1, 13 (D.D.C. 2002) ("The defendant's reply addresses the issue of hearsay, which the defendant did not raise in its motion for partial summary judgment…[t]he court therefore allows the plaintiff to respond to the defendant's hearsay argument in his first surreply"); *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C. 1998).

Here, good cause exists for permitting the Plaintiff to file a sur-reply. The FUR Defendants have cited case law challenging the sufficiency of some of Plaintiff's factual assertions (in the form of an attorney declaration) about what the Nightclub security system shows. Plaintiff in response should be permitted both to attempt to rebut these legal arguments, as well as proffer some direct evidence referenced in the declaration. Because the question of what the video system would, or would not, have shown of the incident at issue in this case is materially significant to Plaintiff's spoliation claim, the Plaintiff should be permitted the opportunity to respond to this challenge, which was not raised in the FUR Defendants' moving papers.

In addition, the FUR Defendants have for the first time come forward with a factual

---

Summary Judgment motion, the filing of a CD-ROM depicting the images described in Mr. Brian Corcoran's June 29, 2007 Declaration. That declaration describes the Plaintiff's July 26, 2006 Inspection of FUR Nightclub, and the images

"certification" from Diego Sequeira, a witness never before identified in discovery at any time as having any relevant knowledge of the video camera system as it pertains to this lawsuit. This individual's statement purports to rebut, in a point-by-point manner, Plaintiff's fact-based assertions about what the camera system would or would not have shown on March 11th. Plaintiff should be given the opportunity both to challenge the legal sufficiency of such an eleventh-hour factual showing, as well as a chance to rebut Sequeira's assertions by citations to the factual record contradicting his statements. These arguments were not raised in the FUR Defendants' opening briefs either, and therefore it is appropriate to allow the Plaintiff a short and concise surreply.

      Counsel for the FUR Defendants were consulted in advance of the filing of this motion and they do not oppose the motion.

---

illustrate the statements made in the declaration.

**CONCLUSION**

For the foregoing reasons, Plaintiff requests that his motion for leave to file a sur-reply, not to exceed five pages, in further opposition to the Summary Judgment motion of the FUR Defendants be granted. Plaintiff is prepared to file this sur-reply on or before July 24, 2007.

Respectfully submitted,

Dated: July 19, 2007

/s/
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum