UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>            Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA *et al*.,<br><br>            Defendants. | Civil Action No. 1:06 CV 00002<br>(JDB) |

RESPONSE OF
OF DEFENDANTS NIGHT AND DAY MANAGEMENT, LLC,
MICHAEL REHMAN, JOHN FIORITO, AND MICHAEL PERSONS
TO
PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY

Defendants Night & Day Management, LLC t/a The Fur Factory ("N&D" or "FUR"), Michael Rehman ("Rehman"), John Fiorito ("Fiorito"), and Michael Persons ("Persons") (sometimes referred to herein as "FUR Defendants"), by and through counsel, respectfully submit the following response regarding the "Unopposed Motion For Leave To File Sur-Reply" of Plaintiff Emile Mazloum.

As far as the FUR Defendants are concerned, Plaintiff is entitled to address issues purportedly raised for the first time in their Reply Brief, and the FUR Defendants understood he would, correspondingly, be filing a consent motion to that effect.

However, Plaintiff is not entitled to bring in now new assertions of purported fact which should have been raised in his Response brief. For example, Plaintiff now seeks (Motion at 1 n.1) to present "a CD-ROM depicting images described" in his counsel's June 29, 2007 Declaration. Plaintiff has had this CD-ROM for a year, and he could have attempted to present it

in his Response had he felt it of import, not least in response to the factual assertions made in the May 30, 2007 Certification Mr. Diego Sequeira, filed with the FUR Defendants' opening brief.

Moreover, concerning the notion that Mr. Sequeira is "a witness never before identified in discovery at any time as having any relevant knowledge of the video camera system as it pertains to this suit" (Br. at 3), the FUR Defendants would make the following points. First, Mr. Sequeira, as General Manager, is one of the top management employees at the Club; Plaintiff never chose to take his deposition regarding this incident. Second, Mr. Sequeira was particularly identified in February 2007, in the Deposition of David McLeod, as, *inter alia*, only one of two people who had the password code number that would have permitted someone to erase the tapes in question; that fact was, as well, not enough to incite Plaintiff to depose Mr. Sequeira, notwithstanding Plaintiff's spoliation claim against several of the FUR Defendants. Third, the FUR Defendants are aware of no document request or interrogatory served upon them which would have required any other identification of Mr. Sequeira, not least in that his testimony mainly serves to rebut Plaintiff's counsel's assertions regarding what the FUR video cameras "would have shown."

                Respectfully submitted,

                /s/ Paul A. Fitzsimmons
                _____
                Thomas S. Schaufelberger, Bar No. 371934
                Paul A. Fitzsimmons, Bar No. 444829
                SAUL EWING LLP
                2600 Virginia Avenue, N.W.
                The Watergate—Suite 1000
                Washington, D.C.  20037

Telephone: (202) 333-8800

Counsel for
Defendants Night & Day Management, LLC,
Michael Rehman, John Fiorito, and
Michael Persons