UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMILE MAZLOUM, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 06-00002 (JDB) |
| | * | |
| DISTRICT OF COLUMBIA, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| _____ | * | |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant District of Columbia, by and through counsel, respectfully submits this reply to Plaintiff's Opposition. For the reason set forth in the District's motion to dismiss or in the alternative for summary judgment and this reply the District's motions should be granted.

**I.     Plaintiff has conceded that his claim pursuant to 42 U.S.C. § 1981 should be dismissed.**

First, to the extent that Plaintiff has asserted a claim against the District pursuant to 42 U.S.C. § 1981 this claim should be dismissed because Plaintiff has stated that "Plaintiff did not intend to assert such a claim against the District …" Pl's Opp. n1.  Therefore, Plaintiff is conceding that his § 1981 claim should be dismissed.

**II.    Plaintiff's alleged notice of his assault and battery and DC Human Rights claims against the District does not meet the requirement of DC Code § 12-309.**

Plaintiff asserts that he has met the notice requirement of DC Code § 12-309 in several respects.  First, Plaintiff argues that 1) the "June 6, 2006 Memorandum of MPD Office of Professional Responsibility" report (Pl's Opp., Exh. A), 2) the MPD "Evidence Report" (Pl's Opp., Exh. B), 3) his "Citizens Complaint Report" (Pl's Opp., Exh. C), and 4) the "Complaint

Summary Sheet" (Pl's Opp., Exh. D), contains sufficient "information as to time, place, cause and circumstances" as required under § 12-309. This argument by Plaintiff is not one that was asserted by the District in its motion. Since Plaintiff has raised this issue the District will respond in this reply.

In order to maintain an action against the District of Columbia for unliquidated damages, a plaintiff must satisfy the mandatory notice requirement of § 12-309. There are several requirements that must be met under the statute. First the notice must be made "within six months after the injury or damage was sustained …" D.C. Code §12-309. The statute allows the use of a police "report in writing *by the Metropolitan Police Department*, in the regular course of duty ..." to be used as sufficient notice for purposes of satisfying the statute. *Id.* (Emphasis added). The question then becomes whether any of the exhibits Plaintiff relies upon sufficiently satisfy the six month notice requirement. Its is clear that the only report that arguably meets the six month deadline is the MPD "Complaint Summary Sheet" which is the only written report *by the Metropolitan Police Department*, in the regular course of duty. (Pl's Opp. Exh. D)

First, the June 6, 2006 Memorandum of MPD Office of Professional Responsibility does not meet the six month deadline because the report was not completed until nine months after the April 12, 2005 incident at issue. (Pl's Opp. Exh. A). Second, the Citizen Complaint Report does not meet the written report *by the Metropolitan Police Department*, in the regular course of duty requirement because this report was not completed by the MPD in regular course of business but rather was completed by Plaintiff. (Pl's Opp. Exh. C). *Cunningham v. District of Columbia*, 584 A.2d 573 (D.C. App. 1990) (Police reports regarding shooting incident were not sufficient to satisfy notice to the District where there was no evidence that reports were prepared by police officers in the regular course of duty).

2

Third, the evidence report also fails to satisfy D.C. Code § 12-309. (Pl's Opp. Exh. B). In this case, Plaintiff has asserted claims for assault and battery and violation of the DC Human Rights Act. On these claims, Plaintiff's argument that Evidence Report sets forth sufficient information as to the time, place, cause and circumstances of Plaintiff's alleged injury or damage must fail. The Evidence Report does not set forth the cause and circumstance of Plaintiff's alleged claims against the District. The Evidence Report only details the services rendered by an evidence technician who arrived on the scene. Although the report states that pictures were taken of lacerations and bruises to Plaintiff's face and torso, the report makes no mention of how Plaintiff sustained these injuries nor does the report indicate that any MPD officer caused Plaintiff's injuries. Clearly the Evidence Report makes no mention of Plaintiff's race or national origin nor does the Evidence Report indicate that Plaintiff was the victim of any racially or discriminatory conduct. Thus, the Evidence Report does not satisfy the cause and circumstance for Plaintiff's assault and battery and DC Human Rights Claim against the District.

Fourth, as to the "Complaint Summary Sheet", it simply fails to put the District on notice of a possible Human Rights claim. Just like the Evidence Report, the Complaint Summary Sheet makes no mention of Plaintiff's race or national origin. Thus, the information contained in the Complaint Summary Sheet fails to set froth any facts relating to the cause and circumstance of Plaintiff's Human Rights Act claim against the District and, therefore, fails to meet the notice requirement of § 12-309. In addition, the report does not identify the specific officers involved but only refers to them as "Plain clothes MDP Officers" and uniformed officers" (Pl's Opp. Exh. D) and, therefore, the information is not sufficient to put the District on notice to investigate for a possible lawsuit.

Lastly, Plaintiff also claims that "the Mayor *did* receive notice of the action at the time of filing (January 2006)." Plaintiff filed the instant action on January 4, 2006. However, a complaint does not satisfy the notice requirement for purposes of § 12-309. *Campbell v. District of Columbia,* 568 A.2d 1076 (D.C. App. 1990) (Filing wrongful death complaint against the city did not satisfy requirement that Mayor be given written notice of injury within six months); *District of Columbia v. Campbell*, 580 A.2d 1295 (D.C. App. 1990) (Filing of subcontractor complaint against the District under Little Miller Act did not satisfy statutory notice requirement for actions against the District); *Powell v. District of Columbia,* 645 F. Supp. 66 (D.D.C. 1986) (Complaint does not satisfy notice requirement with regards to claim against the District, there must be sufficient notice before complaint is filed); *Jones v. District of Columbia*, 429 F.3d 276, (D.C. Cir. 2004) (Internal complaint and complaint to EEOC did not constitute notice to the District).

### III. Plaintiff failed to send notice (e.g., Complaint Summary Sheet) to the Mayor and therefore, his complaint against the District should be dismissed.

The gravamen of the District's argument relating to § 12-309 as set forth in its motion to dismiss or in the alternative for summary judgment was that in order to comply with the statute Plaintiff was required to send the police report (e.g., Complaint Summary Sheet) to the Mayor within six months of his injury. DC Code § 12-309 makes clear that the notice must be sent to the Mayor. Although the statute allows a police report to be used as notice, the reference to notice through a police reports refers only to the document but there is nothing in the statute that states that the police report or document does not have to be sent to the Mayor. While there is no case law addressing this precise issue, the DC Court of Appeals has consistently held that notice to subordinate officials does not take the place of written notice to the Mayor. See *Brown v. District of Columbia*, 251 F.Supp.2d 152, 158 (D.D.C. 2003) (District of Columbia police

officer's letter alleging intentional infliction of emotional distress and other torts and submitted to police chief, District's [Attorney General], and other individuals, but not the mayor, did not satisfy requirement of statute requiring notice to the mayor of possible litigation); *Hunter v. District of Columbia,* 943 F.2d 69, (D.C. Cir. 1991); *Pitts v. District of Columbia*, 391 A.2d 803 (D.C. App. 1978) (Mother's oral report of her child's injury to security guard assigned to building in public housing project in which she lived did not satisfy requirement of statute requiring notice to the mayor of possible litigation against the District of Columbia). Thus, while the Complaint Summary Sheet may satisfy the six month deadline of § 12-309, Plaintiff's failure to forward this report to the Mayor is fatal to his claims against the District for assault and battery and violation of the DC Human Rights Act.

As previously argued in the motion to dismiss or in the alternative for summary judgment, the primary purpose of the §12-309 notice requirement is to protect the District of Columbia against unreasonable claims and to assist it in the defense of the public interest. *Shehyn v. District of Columbia*, 392 A.2d 1008, 1013 (D.C. 1978); *see also Pitts v. District of Columbia,* 391 A.2d 803, 807 (D.C. 1978) (general purposes of D.C. Code §12-309 are "(1) to allow the District to investigate potential claims so that evidence may be gathered while still available, for example before the relevant sidewalk is paved over or the meter cover fixed, (2) to enable the District to correct defective conditions, thus increasing public safety, and (3) to facilitate settlement of meritorious claims and resistance of frivolous ones . . ."). Thus, one purpose of notice to the Mayor is to allow the Mayor or Mayor's designee to assess claims for settlement. This would not be possible where, as here, the police report stays within the MPD which conducts investigations for the purpose of discipline and training of officers.

5

Conclusions

For the forgoing reasons and for the reasons set forth in the District's Motion to Dismiss or in the Alternative for Summary Judgment Plaintiff's complaint against the District should be dismissed.

                                      Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General

                                      GEORGE VALENTINE
                                      Deputy Attorney General
                                      Civil Litigation Division


                                      /s/Nicole L. Lynch/s/_____
                                      NICOLE L. LYNCH [471953]
                                      Assistant Attorney General
                                      Civ. Lit. Div., Chief Section II

                                      /s/David A. Jackson/s/_____
                                      DAVID A. JACKSON [471535]
                                      Assistant Attorney General
                                      Office of the Attorney General
                                      441 Fourth Street, NW, 6 South
                                      Washington, D.C.  20001
                                      Direct Line: (202) 724-6618
                                      Facsimile: (202) 727-3625
                                      E-mail:  davida.jackson@dc.gov