UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
EMILE MAZLOUM,                    )
                                          )
          Plaintiff,         )        Civil Action No. 1:06 CV 00002
                                          )        (JDB)
          v.                         )
                                          )
DISTRICT OF COLUMBIA, *et al*.,    )
                                          )
          Defendants.      )
_____)

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO THE
FUR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      The inordinate length and desperate tone of the FUR Defendants' recently-filed reply only serves to underscore the myriad issues of disputed fact requiring trial. Putting that aside, the FUR Defendants' reply includes two new related arguments – one legal, the other factual – having to do with Plaintiff's spoliation of evidence claim that warrant further comment.

      First, the FUR Defendants hysterically attack the validity of the declaration of "Attorney Corcoran" regarding the results of Plaintiff's July 26, 2006 Rule 34(a)(2) inspection of the FUR premises. The challenged declaration merely sets forth the fact that Plaintiff's counsel reviewed FUR's video camera system – and, in particular, examined the computer-based monitoring system. That inspection included an experiment or test, in which an attorney stood in various locations of the Nightclub in order to see which of FUR's many security cameras could observe him. While one group of the Plaintiff's attorneys watched the security monitors from a FUR office, the "experiment" attorney stood at places inside, and outside, the Nightclub known as locations the Plaintiff occupied during his "journey" from the Nightclub stage to the curb on Patterson Street opposite FUR's

1

entrance. The monitor views were filmed by a videographer, and that film has been produced, in CD-ROM form, to all Defendants' counsel. The declaration was intended to state, without comment or characterization, which cameras picked up images of this attorney, as a means of offering proof of the existence of fact issues relating to Plaintiff's allegations that the videos, had they been preserved, would have captured certain portions of Mazloum's ordeal.

The FUR Defendants mischaracterize this declaration as expert testimony, when all it does is legitimately set forth facts (not opinion) relevant to material issues in dispute. A party opposing summary judgment may offer proof of material issues of disputed fact in a variety of forms, including declarations based on personal knowledge. *See* Fed. R. Civ. P. 56(e); *Cobell v. Norton*, 310 F. Supp. 2d 77, 84-85 (D.D.C. 2004). An attorney declaration is valid as evidence to be considered on summary judgment so long as it otherwise conforms with the requirements of 28 U.S.C. § 1746 (or Local Civil Rule 5.1(h) by extension). *See, e.g.*, *AMCO Ins. Co. v. Madera Quality Nut LLC*, No. 1:04-CV-06456-SMS, 2006 WL 2091944, at *25 (E.D. Cal. July 26, 2006) (overruling an objection to the declaration of an attorney regarding his review of information provided by the opposing party during discovery, where the attorney had personal knowledge of the contents of the file he reviewed and the evidence was relevant to the litigation).

As it plainly states, Plaintiff's counsel's declaration is based on personal knowledge and perceptions of FUR Nightclub and its video surveillance system as observed during the July 26, 2006 Rule 34(a)(2) inspection. Pursuant to 28 U.S.C. § 1746, counsel declared under penalty of perjury that these observations were true and correct and submitted his original signature. The first-hand observations contained in the declaration that the surveillance cameras would have picked up areas of interest to the litigation (and were in fact focused on such areas at the time the cameras were inspected) support Plaintiff's assertions that the video system would have filmed portions of Mazloum's beating. The declaration does not speculate as to what the evidence showed – it ***tells.***

*See generally* Ex. 24 to Plaintiff's Counter-Statement of Material Facts (Docket No. 126); *see also* Declaration of Ricardo Moran, dated July 25, 2007, a true copy of which is attached as Exhibit A. The declaration thus suffices to show the existence of disputed facts as to whether the cameras would have picked up instances of Mazloum's beating. *Joyce v. United States*, 795 F.Supp. 1, 3 (D.D.C. 1992) ("the burden on the party opposing a motion for summary judgment is not great . . . [;] the party is [only] required to show specific facts as opposed to general allegations, that present a genuine issue worthy of trial.") (*citing* 10A Wright, Miller & Kane F*ederal Practice & Procedure* at § 2727 (2d ed. 1983)).

Notwithstanding the above, in order to make crystal clear that the challenged declaration is not based upon mere speculation or opinion, attached hereto is an example of one of the camera images reviewed during the Plaintiff's July 2006 Rule 34 inspection and referenced in the attorney declaration. Moran Decl. ¶¶ 2-3 (Ex. A). It is no challenge to the submission of this piece of proof for the FUR Defendants to shriek that it is "too late" to offer it. Trial has not commenced, and therefore Plaintiff was not yet obligated to identify formally ***all*** materials it will rely upon at trial and/or attempt to offer in evidence – he need only identify sufficient evidence establishing material issues of fact, a test the challenged declaration by itself satisfies. The enclosed image was a basis upon which statements in the challenged declaration were made and therefore can be considered herein.

Second, the FUR Defendants attempt to rebut Plaintiff's factual showing about what the video system would have shown of Mazloum's ordeal, had a copy of its recordings been saved, by introducing a "certificate" from a previously unidentified witness, Mr. Diego Sequeira. *See* Ex. 4 to FUR Defendants' Reply. Mr. Sequeira's statement alleges that the camera positions are changed at certain times during FUR's operating day – thus suggesting that the cameras would not have picked up what Plaintiff's inspection otherwise revealed.

Rather than Plaintiff's attorney declaration, it is Sequeira's statement that is inadmissible. Contrary to the preemptive arguments contained in the FUR Defendants' July 19, 2006 "response" to Plaintiff's initial motion for leave to file this sur-reply, Mr. Sequeira was <u>never</u> identified by FUR Defendants's counsel as having knowledge of the video camera system, let alone as a witness with even general information about the matters in dispute in this lawsuit – not in FUR's Rule 26 disclosures, nor in its Interrogatory responses. *See* Excerpts from FUR Defendants' discovery responses, true copies of which are attached hereto as Exhibit B. Indeed, the FUR Defendants only designated one witness, David McLeod, in response to Plaintiff's Rule 30(b)(6) deposition notice as the proper individual to testify on behalf of the corporate entity about the video system – and he said ***nothing*** in his deposition about camera repositioning, despite opportunities to so explain. It is true that Sequeira's name was mentioned by other witnesses in their testimony, but only as a finance and business manager for the Nightclub – never as a person with such particularized knowledge of the camera system. As such, the FUR Defendants should not be permitted to rely on such a certification when they failed their prior obligations to identify this witness during discovery. *Coles v. Perry*, 217 F.R.D. 1, 5 (D.D.C. 2003)(when a party fails to comply with its disclosure requirements, a court "must invoke the automatic sanction required by [Rule] 37(c)(1) of excluding the evidence," absent mitigating circumstances).

Even if the Court were to permit Mr. Sequeira's certificate as evidence on summary judgment, it only serves (once again) to underscore the *existence* of fact issues as to whether the video would or would not have shown Mazloum being assaulted and/or mistreated by the off-duty MPD officers. For example, Sequeira denies that Camera 01 would have shown the location where Mazloum ended up opposite the entrance. This is directly contrary to Plaintiff's inspection, which indicated that this camera would in fact have picked up a person on the curb opposite the Nightclub's entrance (*see* Ex. A). Indeed, in a District Alcoholic Beverage Regulation Administration case report

4

from a 2006 incident (contemporaneous with Mazloum's March 2006 beating) that occurred at the same spot – across the street in front of the Nightclub – FUR representatives offered to authorities to make a video recording of the incident, as picked up by the same cameras, available -- thus corroborating Plaintiff's allegations that the camera system as it existed in the spring of 2006 would have "seen" this portion of Mazloum's ordeal. *See* April 26, 2006 ABC Report, a true copy of which is attached as Exhibit C. This Court cannot weigh which side is "right" or "wrong" on this issue in resolving summary judgment.

Respectfully submitted,

Dated: July 26, 2007

/s/
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum