THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>    Defendants. | Civil Action No. 06-0002 (JDB) |

## INITIAL DISCLOSURES OF
## DEFENDANT NIGHT & DAY MANAGEMENT, LLC,
## MICHAEL REHMAN, AND JOHN FIORITO

Defendants Night & Day Management, LLC t/a The Fur Factory ("N&D"), incorrectly identified as Night and Day Management, LLC d/b/a Fur Nightclub, Michael Rehman ("Rehman"), and John Fiorito ("Fiorito") (together, the "N&D Defendants"), by counsel, hereby present their initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

    (A)    **the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information**

**N&D Defendants' Initial Disclosure:**

Based on the information available to it at the time of these disclosures, and reserving the right to supplement such information, pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, N&D Defendants identifies the following individuals:

    1.    The parties to this civil action.

    2.    The other individuals identified in the initial disclosures of the other parties in this civil action.

3. David McLeod; N&D employee (security staff); knowledge of absence of coverage of incident on N&D security monitors' computerized recording system, knowledge of the placement of the sytem's monitors, and knowledge of the operation of the system.

4. Massoud Aboudarham (202-271-9665); employer of Imad Alkadi; knowledge of circumstances of Imad Alkadi's presence at N&D at time of incident.

(B) **a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment**

**N&D Defendants' Initial Disclosure:**

Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure—and reserving the right to supplement this list—N&D Defendants identifies and has available for inspection and copying the following documents:

Various documents compiled in a contemporaneous report by Skip Coburn.

(C) **a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such a computation is based, including materials bearing on the nature and extent of injuries suffered**

**N&D Defendants' Initial Disclosure:**

Not applicable.

(D) **for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**N&D Defendants' Initial Disclosure:**

N&D's liability insurance policy corresponding to this time period will be made available for inspection.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM,

    Plaintiff,

v.

DISTRICT OF COLUMBIA et al.,

    Defendants.

Civil Action No. 06-0002 (JDB)

## DEFENDANT NIGHT & DAY MANAGEMENT, LLC'S RESPONSES TO PLAINTIFF EMILE MAZLOUM'S FIRST SET OF INTERROGATORIES

Defendant Night & Day Management, LLC ("Night & Day" or "N&D"), by counsel, responds to the First Set of Interrogatories of Plaintiff Emile Mazloum ("Mazloum") as follows:

### GENERAL OBJECTIONS

1.    N&D objects to Mazloum's Instructions and Definitions to the extent the foregoing call upon N&D to provide information beyond what is discoverable pursuant to the rules of this Court.

2.    N&D objects to Mazloum's First Set of Interrogatories to the extent that it seeks privileged attorney/client communications, accountant/client communications, attorney work product, and/or information prepared in anticipation of litigation.

3.    N&D objects to Mazloum's First Set of Interrogatories to the extent that it requests information or material that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    N&D objects to Mazloum's Interrogatories to the extent that they call for information: not in N&D's possession, custody, or control; no longer in existence; or already in Mazloum's possession, custody, or control.

Subject to and without waiver of the General Objections, N&D further responds as follows:

1. **Identify each person known or believed to have discoverable information or knowledge of the facts alleged in any of the Pleadings or your answers to these interrogatories, and for each such person, provide a summary of the subject areas of his or her knowledge.**

ANSWER:

1. The parties to this civil action.

2. The other individuals identified in the initial disclosures of the parties in this civil action, whose knowledge of this incident is described and recounted at length in the MPD and/or FBI statements and reports already provided to Plaintiff.

2. **Identify each person who provided documents that you are producing in response to Plaintiff's First Request for Production of Documents to you, and the specific request(s) in response to which such documents are being produced.**

ANSWER: The copy of Skip Coburn's report provided by him to N&D is being made available for review. Night & Day's other responsive documents are from its own files.

3. **Identify all members, officers, directors, partners, consultants, employees, agents, representatives, or other persons associated with you having any involvement with the Altercation.**

ANSWER: Michael Rehman, John Fiorito, Michael Persons, John Paglianite, David McLeod, and Derek Sims.

4. **Describe all video and/or still images captured by your surveillance system, including but not limited to all cameras trained anywhere inside or outside of FUR Nightclub on the night of Friday, March 11, 2005 and the early morning of Saturday, March 12, 2005, including but not limited to any video and/or still images of the Altercation.**

ANSWER: The video images captured by N&D's surveillance system at that time recorded certain areas of the Nightclub other than those involved in this incident; as a result, the system's recordings did not show the incident in question.

766448.1                                -3-

PAGE 4/20 * RCVD AT 6/22/2006 5:12:59 PM [Eastern Daylight Time] * SVR:WAS-US-FAX-01/0 * DNIS:60 * CSID:202 342 8387 * DURATION (mm-ss):06-08