UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, ) | |
| )  Plaintiff, ) | |
| v. ) | Civil Action No. 06-0002 (JDB) |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE THE ADMISSION OR USE OF FINANCIAL EVIDENCE

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, for his motion *in limine* to preclude the admission and use at trial of certain irrelevant financial evidence, including any deposition testimony relating to the aforementioned financial evidence, hereby states as follows:

### PRELIMINARY STATEMENT

At Plaintiff's deposition earlier this year, counsel for the off-duty MPD officers revealed that he had subpoenaed the production of certain mortgage and housing loan applications (the "financial records") filed by Mazloum in connection with his purchase of certain real estate. *See* 2005 Financial Records, true copies of which are attached hereto as Exhibit A. Defendants' counsel had not noticed this subpoena to the Plaintiff in advance of its issuance, however, nor did he produce copies of the documents obtained from that subpoena – in violation of the Federal Rules of Civil Procedure. Counsel for the off-duty officers nevertheless questioned Mazloum about these materials, over objection of Plaintiff's counsel.

At trial, Plaintiff anticipates that the Defendants may attempt to use these materials either to suggest that Plaintiff has made misrepresentations in the past undermining his overall credibility, or merely to challenge his credibility on issues relating to his claimed damages (specifically, claims of lost wages). However, Plaintiff no longer intends to seek, as part of his overall claim for compensatory relief, any damages stemming from lost wages incurred while Mazloum was recovering from his injuries, eliminating the relevance of such materials entirely on that point. Moreover – as this Court previously ruled in considering Plaintiff's motion to admit far more relevant evidence relating to Officer Ramirez's recent criminal conviction – evidence of "prior bad acts" is generally inadmissible to suggest a propensity for a lack of truthfulness, especially when that evidence has no bearing on the claims or issues in dispute.

That same bar should be applied here to the admission of these financial records. The documents in question have no bearing on what happened to Mazloum on the night of March 11, 2005. They do not tend to suggest his rendition of events is true or false. And significantly, because the statements within the financial records have not been *proven* to be false (and Mazloum vigorously disputes that they are false), it will require a distracting and time-consuming "mini-trial" for the Court to evaluate, in the first instance, if the financial records say anything at all about Mazloum's truthfulness. Accordingly, these materials (and any deposition testimony referencing them) should be precluded from admission or use at trial as irrelevant evidence concerning collateral matters.

## STATEMENT OF FACTS

At his January 29, 2007 deposition, Plaintiff Mazloum was subjected to a lengthy line of questioning about financial records pertaining to certain mortgage loan applications he had made in 2005. As counsel for the off-duty police officers acknowledged at the time, these financial

2

records were obtained by a previously undisclosed subpoena directed at certain third parties. *See* excerpts from Mazloum deposition transcript ("Mazloum Tr."), true copies of which are attached as Exhibit B, at 48:17-19. Counsel for the off-duty police officers further admitted that he had not provided prior notice of the subpoena to Plaintiff's counsel, contrary to the Requirements of Fed. R. Civ. P. 45(b)(1). Mazloum Tr. 48:20 - 49:5. Nor had counsel for the off-duty police officers produced the financial records before the deposition. Mazloum Tr. 49:12-20.

Based upon the above, Plaintiff's counsel objected to use of the materials at the deposition. Mazloum deposition at 49:6-15. Plaintiff's counsel later renewed such objections, introduced an objection on relevancy grounds, and sought to strike the line of questioning related to the improperly subpoenaed financial records. Mazloum Tr. 52:10-17. Over the course of the questioning, Plaintiff's counsel continued to voice objections regarding the use of the financial records. Mazloum Tr. 53:7, 54:4, 56:16-19, 60:7-9, 61:1-12, 65:9-10.

As the deposition transcript indicates, this line of questioning did not shed any light about the circumstances or events which took place on the evening of March 11, 2005. Instead, Plaintiff was asked unrelated questions about mortgage and loan applications and his overall assets and liabilities. Mazloum Tr. 50:4 - 66:6. Plaintiff made several attempts to provide explanations regarding certain representations on his financial documents. Mazloum Tr. 54:5 - 55:18, 59:16 - 60, 63:9-22. Overall, the record reveals that the questions were a source of confusion and unnecessary delay in the proceedings. Mazloum Tr. 56:4 - 58:13, 61:17 - 63:12.

## ARGUMENT

I. THE FINANCIAL RECORDS WERE GATHERED IN VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE RULE 45(b)(1) AND SHOULD THEREFORE BE EXCLUDED ON THAT BASIS ALONE.

Rule 45(b)(1) requires prior notice to all parties before a party may issue document production subpoenas directed at third parties. *United States v. Philip Morris Incorporated*, 312 F. Supp. 2d 27, 37 (D.D.C. 2004); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (2007). The Rule 45 notice requirements exists to further the interests of fairness and efficiency, by affording parties an opportunity to object to the production or inspection, to monitor the discovery process, and to serve a demand for additional documents or information that may or should be produced *See Butler v. Biocore Medical Technologies, Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003); *Cootes Drive LLC v. Internet Law Library, Inc.*, 2002 WL 424647 at *2 (S.D.N.Y. March 19, 2002); Advisory Committee note to 1991 Amendment, subdivision (b).

In this case, there was a clear violation of Rule 45(b)(1), as Defendants' counsel has admitted. This violation deprived Plaintiff's counsel of the opportunity to properly review and prepare for Mazloum's deposition.[1] In the face of such a Rule 45(b)(1) violation, it is within the discretion of this court to draw adverse evidentiary inferences or preclude the admission of evidence entirely, as a sanction. *Shepherd v. American Broadcasting Cos.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995); 26 Moore's Federal Practice § 11.41(5) (Matthew Bender 3d ed. 2005). Under

---

[1] Plainly, the fact that Counsel for the off-duty officer defendants asked Mazloum questions about these materials is not dispositive of their admissibility. Under Federal Rule of Civil Procedure 26(b)(1), the permissible scope of discovery exceeds the boundaries of admissible evidence at trial, thus permitting discovery of materials that would be later deemed inadmissible at trial. *See Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Limited*, 242 F.R.D. 1, *7 (D.D.C. 2007); *University of Massachusetts v. Roslin Institute*, 437 F. Supp. 2d 57, 61 (D.D.C. 2006).

these circumstances, it is reasonable and appropriate that the evidence gathered as a result of the violation of Rule 45(b)(1) be excluded from further proceedings.

II. **THE FINANCIAL RECORDS CANNOT SURVIVE THE RELEVANCY AND BALANCING TESTS OF FEDERAL RULES OF EVIDENCE 402 AND 403 AS THEY ARE COLLATERAL TO THE CLAIMS AND DEFENSES AT ISSUE.**

Mazloum's financial records have no bearing upon the claims and defenses at issue in this case. As such, these materials should be excluded under Federal Rule of Evidence 402 as irrelevant. Further, even if they were relevant, because the introduction of the financial records would be prejudicial, misleading, and confusing, they should also be excluded on Federal Rule of Evidence 403 grounds.

It is well settled that extrinsic evidence is generally inadmissible to impeach a witness on a collateral matter. *Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 373 (D.C. 1993); *Washington v. United States*, 499 A.2d 95, 101 (D.C. 1985). A matter is considered collateral if the matter itself is not relevant in the litigation to establish a fact of consequence, *i.e.*, not relevant for a purpose other than mere contradiction of the in-court testimony of the witness. 1 *McCormack on Evidence* § 45 (6th ed.); see also *United States v. Beauchamp*, 986 F.2d 1, 3 (1st Cir. 1993). Federal Rule of Evidence 402 provides that evidence which is not relevant is not admissible. It is within this Court's discretion, especially in cases where the defendant seeks to introduce extrinsic evidence to impeach a witness on non-material issues, to limit evidence regarding matters which have little relevance or probative value. *Payne v. United States*, 516 A.2d 484, 498 (D.C. 1986).

Even beyond the relevance threshold, courts are empowered to exclude otherwise relevant evidence through application of the balancing test of Federal Rule of Evidence 403, which provides for the exclusion of evidence if its probative value is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, potential for misleading the jury, or by considerations of undue delay. The purpose of this Rule is to keep the presentation of evidence focused and concentrated, thereby avoiding "mini-trials on irrelevant or collateral matters." *Beauchamp*, 986 F.3d at 3 n.1; *United States v. Baylor*, 97 F.3d 542, 545 (D.C. Cir. 1996); *Kane v. Ryan*, 596 A.2d 562, 568 (D.C. 1991).

Here, Mazloum's mortgage and housing loan applications are completely irrelevant and collateral to his civil rights and assault and battery claims. The documents shed no light at all upon what took place the evening of March 11, 2005. They also no longer have any bearing on his damages claims, because Mazloum will not be seeking to recover, as part of his overall compensatory damages, any lost wages incurred while he was out of work recuperating from the injuries he suffered in the FUR attack. They may therefore be excluded simply on the basis of Fed .R. Evid. 402.

Even if the materials had any relevance to the claims in the lawsuit, they still would warrant preclusion based on Rule 403. It would require a mini-trial to evaluate the truthfulness of Mazloum's mortgage disclosures, and as such would be a distraction from the critical issues before the court. Mazloum disputes that he made any misrepresentations with respect to the financial records in question. Mazloum deposition at 54:5 - 55:18, 59:16 - 60, 63:9-22. This Court would be required to make an investigation into Mazloum's tax records, his earning history, his assets and liabilities, his financial accounts, his property ownership history, and the basis of the statements contained in the financial records, all to untangle whether the financial records contain misstatements or misrepresentations in the first place. While the use of this evidence would likely be intended to paint Plaintiff in an unfavorable light, its probative value

(as noted above) on the main issues in dispute is exceedingly low. The "probative versus prejudicial" balance strongly tips away from admission of these financial records.

III. **UNDER FEDERAL RULE OF EVIDENCE 608(b), THE FINANCIAL RECORDS CANNOT BE OFFERED AS PROBATIVE OF A WITNESS'S CREDIBILITY OR TRUTHFULNESS BECAUSE OF THEIR COLLATERAL NATURE.**

In addition to the relevancy and prejudice concerns raised by these financial records, they also cannot be offered as evidence of "prior bad acts" to suggest a propensity for a lack of truthfulness on the part of Mazloum. The representations made on Mazloum's financial records bear absolutely no relationship to the issues involved in the trial. The financial records are extrinsic evidence which cannot be offered to impeach Mazloum's credibility and must therefore be excluded from introduction or use at trial.

Federal Rule of Evidence Rule 608(b) generally prohibits offering extrinsic evidence to prove specific instances of conduct for the purpose of attacking or supporting a witness's character for truthfulness. *United States v. Morrison*, 98 F.3d 619, 628 (D.C. Cir. 1996). In particular, it cannot be admitted for the purpose of proving prior bad acts outright. *Wagner v. Georgetown University Medical Center*, 768 A.2d 546, 562 (D.C. 2001); *Brown v. United States*, 726 A.2d 149, 153 (D.C. 1999). One rationale for this Rule is to prevent the proverbial "trial within a trial." *United States v. Bynum*, 3 F.3d 769, 772 (4th Cir. 1993). In addition, courts recognize that proof of unrelated "prior bad acts" is highly prejudicial. *Hemphill v. Washington Metro. Area Transit Auth.*, 982 F.2d 572, 574 (D.C. Cir. 1993). Thus, Rule 608(b) serves as a safeguard for fairness and efficiency.

Despite the above prohibition, Courts have the discretion to allow use of such extrinsic evidence for impeachment purposes. Fed. R. Evid. 608(b). Where alleged prior conduct does

not rise to the level of a criminal conviction, two requirements must be met before impeaching questions concerning such conduct are permissible: (1) the examiner must have a factual predicate for the question, and (2) the bad act must bear directly on the veracity of the witness in respect to the issues involved *in the trial*. *Dean v. Garland*, 779 A.2d 911, 917 (D.C. 2001). Some of the factors to be considered, in evaluating whether to exercise such discretion, are: (1) whether the witness's testimony is crucial or unimportant, (2) the relevance of the act of misconduct to truthfulness, (3) the nearness or remoteness of the misconduct to the time of trial, (4) whether the matter inquired into is likely to lead to time-consuming, distracting explanations on cross-examination or re-examination, and (5) whether there will be unfair humiliation of the witness and undue prejudice to the party who called the witness. *McCormick on Evidence*, s. 41 (pg. 181).

Applying the above test, there is no basis for permitting the Defendants to use the financial records for impeachment purposes herein. Mazloum's mortgage and housing loan applications are plainly extrinsic to the matters at issue in this trial, as they bear no relation at all to what occurred in the early morning hours of March 12, 2005. Moreover, the context in which Mazloum made the representations is not comparable to the circumstances at issue. Whether Mazloum "lied" on mortgage applications or not (which he denies) does not tend to suggest he has lied in any way about his beating – especially given the utter dissimilarity of the circumstances of filling out mortgage applications relative to the present matter.

More fundamentally, however, Mazloum's representations in the financial records cannot be said to prove *anything* with respect to his character for truthfulness. No formal finding has ever been made by any entity that any of his representations are false.[2] Thus, for this Court to

---

[2] By contrast, Defendant Ramirez was found by a competent criminal tribunal to be guilty of a crime – yet, despite its obvious reliability, this Court still denied Plaintiff's motion to use this as propensity evidence at trial.

reach that conclusion (which itself should be a threshold to even permitting the documents into evidence), the parties would have to first need to litigate the issue. This will result in the proverbial "mini-trial," in which Mazloum will offer testimony explaining the context of these applications, thus wasting the Court's time with a totally extraneous issue. This Court should not permit the jury to be distracted with such an irrelevant inquiry herein.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court preclude the admission and use of Mazloum's financial records – specifically mortgage and housing loan applications – as irrelevant, extrinsic, and collateral to the issues before the court. Plaintiff also respectfully requests that any deposition testimony relating to the financial records be similarly precluded.

Dated: November 14, 2007

/s/
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., N.W.
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Sue_Huhta@washlaw.org
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum