UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 1:06 CV 00002 (JDB) |

MEMORANDUM OF LAW
OF DEFENDANTS
NIGHT AND DAY MANAGEMENT, L.L.C. AND MICHAEL PERSONS
IN SUPPORT OF THEIR MOTION IN LIMINE
TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF
FUR'S POLICIES AND PRACTICES IN DEALING WITH CUSTOMERS

Defendant Night and Day Management, L.L.C. ("Night & Day Management") and Michael Persons (together the "FUR Defendants"), by and through undersigned counsel, hereby submit this Memorandum of Law in Support of their Motion in Limine to Preclude Plaintiff from Introducing Evidence of FUR's Policies and Practices in Dealing With Customers and request that the Court issue an Order prohibiting Plaintiff Emile Mazloum ("Plaintiff") from seeking to introduce evidence relating to any FUR policies and practices regarding dealing with its customers.

**INTRODUCTION**

The only claim against the two remaining FUR Defendants in this action—Night & Day Management and Mr. Persons—is for assault and battery. FUR has an Employee Manual which sets forth procedures employees should follow in the event of an altercation, and the FUR

Defendants anticipate Plaintiff will attempt at trial to introduce evidence of FUR policies and practices in dealing with customers, including those described in the FUR Employee Manual.

## LEGAL STANDARD

Evidence which is not relevant is inadmissible. Fed.R.Evid. 402. Relevant evidence is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Even if evidence is relevant, it may be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403. Evidence that is incompetent, irrelevant, immaterial, privileged, or otherwise inadmissible is to be excluded in order to prevent the jury from hearing certain questions and statements that are prejudicial. *See McCormick on Evidence*, § 52 at 128 (E. Cleary 3rd ed. 1984).

## ARGUMENT

Evidence concerning any FUR policies and practices in dealing with customers is irrelevant because that evidence would not in any way assist Plaintiff in establishing a prima facie case of assault and battery. Particularly, the issue of whether the FUR Defendants acted in accordance with the FUR Employee Manual in handling the altercation with Plaintiff during the early morning of March 12, 2005 has no bearing on whether Plaintiff was in fact assaulted or battered during that early morning. Evidence of the FUR Employee Manual might have been relevant to Plaintiff's case had a negligence count existed against the FUR Defendants; however, after the FUR Defendants filed their opposition, Plaintiff withdrew his May 2007 Motion to Amend the Complaint to add a negligence claim against FUR and Mr. Persons. Consequently,

pursuant to Federal Rule of Evidence 402, Plaintiff should be prohibited from introducing any evidence concerning the FUR Employee Manual because such policies and practices have no bearing on whether an assault and battery occurred.

Furthermore, this evidence should be excluded pursuant to Federal Rule of Evidence 403 because such evidence would be unduly prejudicial and could cause confusion and mislead the jury as to the assault and battery claim at issue in this action: specifically, the jury might be led to believe that whether Plaintiff was assaulted or battered at FUR on March 12, 2005 is tied to whether the FUR Defendants complied with FUR policies and practices in handling the altercation with Plaintiff. However, whether the FUR Defendants in fact complied with those policies and procedures has no bearing on the key factual issue of whether Plaintiff was actually assaulted or battered, and allowing this evidence into trial might indeed tend to confuse the issues in the jury's mind.

For the foregoing reasons, Plaintiff should be prohibited from introducing evidence relating to any FUR policies and practices in dealing with customers.

Date:  November 14, 2007

                                            Respectfully submitted,

                                            /s/ Paul A. Fitzsimmons
                                            _____
                                            Thomas S. Schaufelberger, Bar No. 371934
                                            Paul A. Fitzsimmons, Bar No. 444829
                                            SAUL EWING LLP
                                            2600 Virginia Avenue, N.W.
                                            The Watergate—Suite 1000
                                            Washington, D.C.  20037

Telephone: (202) 333-8800

Counsel for
Defendants Night & Day Management, LLC,
Michael Rehman, John Fiorito, and
Michael Persons

4