UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA *et al.*,<br><br>    Defendants. | Civil Action No. 1:06 CV 00002 (JDB) |

**REPLY MEMORANDUM OF LAW
OF DEFENDANTS
NIGHT AND DAY MANAGEMENT, L.L.C. AND MICHAEL PERSONS
REGARDING THEIR MOTION IN LIMINE
TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE
RELATING TO RELATING TO FUR'S VIDEO SURVEILLANCE SYSTEM**

Defendant Night and Day Management, L.L.C. ("Night & Day Management") and Michael Persons (together the "FUR Defendants"), by and through undersigned counsel, hereby submit this Reply Memorandum of Law in Support of their Motion in Limine to preclude Plaintiff from introducing evidence relating to FUR's video surveillance system.

In an effort, though, to avoid making or repeating arguments unnecessarily, the FUR Defendants will pass in this brief on addressing all the incorrect and unfounded—albeit ultimately irrelevant—comments made by Plaintiff in his Brief in Opposition[1] and will instead make two key points here.

---

[1] E.g., Opp.Br. at 1:

> As sworn[ though unidentified] testimony establishes, FUR's owners have previously admitted destroying certain video surveillance evidence despite their knowledge that Mazloum had filed a complaint about the beating he received from Defendant Persons and the off-duty MPD officers on March 12, 2005 at the FUR Nightclub.

First, Plaintiff's Opposition turns entirely his desire to have this Court give an adverse inference instruction to the jury in this case.  *See* Opp.Br. at 2 ("THE VIDEO SURVEILLANCE EVIDENCE IS RELEVANT TO AN ADVERSE INFERENCE PLAINTIFF IS ENTITLED TO SEEK AT TRIAL REGARDING DESTRUCTION OF THE VIDEO EVIDENCE"); *id*. at 7 ("Plaintiff accordingly seeks (as D.C. law permits) an adverse inference about the likely content of the destroyed evidence."); *id*. at 8 ("Given the fact that this jurisdiction recognizes the availability of an adverse inference where evidence has been destroyed, the probative value of the security system evidence is indisputable.").

Second, as detailed in the FUR Defendants' Opposition To The Motion In Limine To Reopen Discovery For The Purpose Of Deposing Mr. Diego Sequeira, an adverse inference instruction here is, as a matter of law, impermissible under the applicable federal evidence rules as, *inter alia*, none of the FUR Defendants had any duty to preserve the evidence in question.

Thus, because the FUR Defendants had no duty to preserve this evidence, Plaintiffs' Opposition is, as a matter of law, ill-founded and must therefore be rejected.

Date:  November 28, 2007

                                                Respectfully submitted,

                                                /s/ Paul A. Fitzsimmons

                                                _____
                                                Thomas S. Schaufelberger, Bar No. 371934
                                                Paul A. Fitzsimmons, Bar No. 444829
                                                SAUL EWING LLP
                                                2600 Virginia Avenue, N.W.
                                                The Watergate—Suite 1000
                                                Washington, D.C.  20037
                                                Telephone: (202) 333-8800

                                                Counsel for
                                                Defendants Night & Day Management, LLC,
                                                Michael Rehman, John Fiorito, and
                                                Michael Persons