UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMILE MAZLOUM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-002 (JDB) |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS RICHMOND PHILLIPS, THADDEUS MODLIN, AND LOUIS SCHNEIDER'S MOTION TO STAY ALL PROCEEDINGS**

Defendants, Richmond Phillips ("Phillips"), Thaddeus Modlin ("Modlin"), and Louis Schneider ("Schneider"), by and through counsel, move this Court to stay all proceedings until their appeals have been resolved. As grounds therefore, the defendants state the following: 1) defendants have the right to an interlocutory appeal as to the denial of qualified immunity, 2) defendants' notice of appeal has divested this Court of jurisdiction with respect to the claims for which the defendants asserted qualified immunity, and 3) a stay of all proceedings is the appropriate course of action. Support for this motion is set forth in the accompanying memorandum of points and authorities attached hereto and incorporated herein.

Respectfully submitted,

EUGENE A. ADAMS
Chief Deputy Attorney General

|  |  |
|---|---|
|  | \s\ |
|  | PATRICIA A. JONES [428132] |
|  | Chief, General Litigation Sec. IV |

By: \s\
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov
Counsel for Defendants

## CERTIFICATION PURSUANT TO LCvR 7m

On November 21, 2007, the parties participated in a telephone conference with this Court to discuss the status of this case. These defendants stated their intent to file this motion requesting a stay of proceedings. Plaintiff opposes the relief sought herein.

By: \s\
MICHAEL P. BRUCKHEIM [455192]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMILE MAZLOUM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-002 (JDB) |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS RICHMOND PHILLIPS, THADDEUS MODLIN, AND LOUIS SCHNEIDER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY ALL PROCEEDINGS**

In support of their motion to stay all proceedings, defendants Phillips, Modlin, and Schneider (hereinafter "defendants") state as follows:

**I.    PRELIMINARY STATEMENT**

On May 18, 2007, plaintiff filed a second amended complaint against defendants alleging, *inter alia,* constitutional and common law claims arising from a March 12, 2005, incident at FUR night club in the District of Columbia. *See* Court Docket, #110. Plaintiff alleged that the defendants violated his constitutional rights under 42 U.S.C. § 1983. *Id.*. Defendants filed a motion for summary judgment, arguing, *inter alia,* that they were entitled to qualified immunity, and summary judgment was warranted. *See* Court Docket, #111.

On November 6, 2007, this Court denied defendants' entitlement to qualified immunity. *See* Court Docket, #138. These defendants filed a Notice of Appeal on November 14, 2007. *See* Court Docket, #140. On November 15, 2007, the Notice of Appeal and Docket Sheet was transmitted to the United States Court of Appeals for the D.C. Circuit. *See* Court Docket. Defendants now move this court to stay all proceedings pending the resolution of their appeal in the D.C. Circuit.

**II.     ARGUMENT**

    **A.     Defendants Have the Right to an Interlocutory Appeal.**

While 28 U.S.C. § 1291 permits only appeals from "final decisions" of the district court, denial of a claim of qualified immunity falls within the "small class" of collateral orders subject to immediate appeal under that statute despite the absence of a final judgment. *See Mitchell v. Forsyth,* 472 U.S. 511, 524-25, 530 (1985); *Behrens v. Pelletier,* 516 U.S. 299, 306 (1996); *Scott v. Harris,* 127 S. Ct. 1769, 1774, n.2 (2007). The *Mitchell* Court opined that an appeal after a trial cannot remedy the erroneous denial of qualified immunity because the defendants will already have suffered the burdens of litigation that the immunity is intended to prevent. *See Mitchell,* 472 U.S. at 525-30; *Hunter v. Bryant,* 502 U.S. 224, 227 (1991); *Moore v. Hartman,* 388 F.3d 871, 875 (D.C. Cir. 2004). Accordingly, defendants have the right to an immediate appeal of a denial of a claim for qualified immunity, and the defendants in this matter have timely served notice of their intent to exercise that right.

    **B.     These Defendants' Appeals Have Divested this Court of Jurisdiction Over Plaintiff's Constitutional Claims Against these Defendants.**

Defendants have filed their Notice of Appeal with respect to the denial of their claim for qualified immunity. *See* Court Docket, #140. Defendants' filing is an "event of jurisdictional significance [because] it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). As such, this Court no longer has jurisdiction over

plaintiff's 42 U.S.C. § 1983 claims against these defendants,[1] and these matters must be stayed pending resolution of defendants' appeal.

### C. All Proceedings Should be Stayed.

In light of these defendants' decision to exercise their right of interlocutory appeal, and the divestment of this Court's jurisdiction over plaintiff's constitutional claims against these defendants, this Court should stay this litigation until the defendants' appeals have been resolved. The Court of Appeals has routinely found that once an appeal has been noted, jurisdiction to resolve the qualified immunity vests with the appellate court, and accordingly, the district court may not proceed to trial [on the appealed issues] until the appeal is resolved. *See Fields v. Office of Eddie Bernice Johnson,* 2004 U.S. App. LEXIS 19629 (D.C. Cir., Sept. 20, 2004); *Princz v. Federal Republic of Germany,* 998 F.2d 1 (D.C. Cir. 1993).

The purpose of qualified immunity is to spare the defendants from the burdens of litigation; it is "an immunity from suit rather than a mere defense to liability…and is effectively lost if a case is erroneously permitted to go to trial." S*ee Scott,* 127 S. Ct. at 1774, n.2 , citing *Mitchell v. Forsyth,* 472 U.S. 511, 526, (1985). It is for this very reason that defendants may immediately appeal the denial of qualified immunity. Because the facts giving rise to these defendants' entitlement to qualified immunity is intertwined with the common law claims against these defendants, a stay of the entire case is appropriate. In fact, a decision on these defendants' appeal may guide this Court in its resolution of the remaining claims against them.

WHEREFORE, defendants Phillips, Modlin and Schneider respectfully request this Court to grant their motion to stay all proceedings and to vacate the upcoming December 13, 2007, date

---

[1] During the November 21, 2007 Status Conference with this Court, plaintiff referred to defendants' appeal as "frivolous." Both trial and appellate counsel for defendants disagree. Plaintiff is free, of course, to make such an argument before the Court of Appeals, but his assertion has no relevance with respect to this Court's decision whether to stay this matter.

for the submission of the parties' Pretrial Statements, the December 19, 2007, Pretrial Conference, and the January 7, 2008, trial.

                        Respectfully submitted,

                        EUGENE A. ADAMS
                        Chief Deputy Attorney General

                        _____\s_____
                        PATRICIA A. JONES [428132]
                        Chief, General Litigation Sec. IV

By:         _____\s_____
               MICHAEL P. BRUCKHEIM [455192]
               Assistant Attorney General
               441 4TH Street, NW, 6th Floor-South
               Washington, D.C.  20001
               202-724-6649; 202-727-6295
               E-mail:  Michael.bruckheim@dc.gov
               Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil Action No. 06-002 (JDB) |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | : |

## **ORDER**

Upon consideration of defendants Richmond Phillips, Thaddeus Modlin and Louis Schneider's Motion to Stay All Proceedings, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the record herein, it is, this ____ day of _____, 2007;

ORDERED: that defendants' Motion to Stay All Proceedings is hereby granted for the reasons set forth in their motion; and it is

FURTHER ORDERED: that the December 13, 2007, date for the submission of the parties' Pretrial Statements, the December 19, 2007, Pretrial Conference, and the January 7, 2008, trial, be vacated.

_____
Judge John D. Bates
United States District Court Judge