UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :      Civil Action No. 06-002 (JDB) |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | : |

**DEFENDANTS RICHMOND PHILLIPS, THADDEUS MODLIN, AND LOUIS SCHNEIDER'S  REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO STAY ALL PROCEEDINGS**

Defendants Phillips, Modlin, and Schneider (hereinafter "defendants"), by and through counsel, hereby submit the following Reply to Plaintiff's Opposition to their Motion to Stay All Proceedings.

**I.     ARGUMENT**

    **A.     Plaintiff has Conceded Defendants' Right to an Interlocutory Appeal, which Divests this Court's Jurisdiction Over Plaintiff's Claims Against these Defendants under 42 U.S.C. § 1983.**

These defendants have a right of immediate appeal as to their qualified immunity claims. The appeal must be interlocutory to prevent the defendants from undergoing the burden of litigation that immunity is intended to prevent. *See Mitchell v. Forsyth,* 472 U.S. 511, 525-30 (1985); *Behrens v. Pelletier,* 516 U.S. 299, 306 (1996); *Hunter,* 502 U.S. at, 227; *Moore v. Hartman,* 388 F.3d 871, 875 (D.C. Cir. 2004).  Plaintiff has failed to cite to any case law disputing these defendants' right of immediate appeal.  Instead, in his opposition, plaintiff argue that these defendants "blithely assume" that the filing of their notice of appeal has divested this Court of jurisdiction over his claims filed under  42 U.S.C. § 1983.  However, this is the same assumption

shared by the Supreme Court. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). Defendants' filing is an "event of jurisdictional significance [because] it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* Because these defendants' filing of their notice of appeal has *already* divested this Court of jurisdiction over the constitutional claims against them, a stay as to those claims is mandated. Plaintiff fails to cite to a single case that has held otherwise.

Plaintiff has attacked the *validity* of these defendants' appeal, and essentially asked the Court to make findings regarding issues over which it no longer has jurisdiction. Because the D.C. Circuit now has jurisdiction over this matter, this Court cannot now strip it of its jurisdiction. *Id.*

### B. Defendants May Appeal a Denial of Qualified Immunity if Disputed Facts Exist.

Plaintiff stringently argues that the existence of disputed facts effectively denies these defendants the right to an interlocutory appeal. Plaintiff has misread the Supreme Court's finding in *Behrens v. Pelletier,* 516 U.S. 299, and also ignores the established law of the D.C. Circuit. In *Behrens,* the Supreme Court found that the denial of a claim of qualified immunity remains an appealable collateral order **even if** the underlying facts are disputed, and **even if** the district court denied the motion due to the presence of material issues of fact. *See Behrens,* 516 U.S. at 312-13. The *Behrens* Court explained that the solution to a disputed record on qualified immunity case is for the court of appeals to determine "what facts the district court, in the light most favorable to the nonmoving party, likely assumed" and to perform a "cumbersome review

of the record," if necessary.[1]  *Id.* at 313.  Only then can the Court determine whether a defendant's actions violated clearly established law.  *See Moore v. Hartman,* 388 F.3d 871, 876 (D.C. Cir. 2004).

It goes without saying that virtually every claim of qualified immunity may involve facts that are disputed.  The existence of such disputed facts does not bar these defendants' right to interlocutory appeal; indeed, no defendant asserting qualified immunity would ever be able to exercise his right to appeal if this Court adopts plaintiff's reasoning.  In this case, despite the alleged existence of disputed facts, defendants maintain that there are no disputed facts with respect to their own observations which prompted them to take action.  In fact, in their motion for summary judgment, defendants cited to the following colloquy from plaintiff's deposition:

> A:     …**somebody** from behind, he grabbed me.

Exhibit 1, at 100:1-2.

> Q:     And after the person did that, what did you do?
> A:     I was trying to turn to see who is doing that to me.
> **Q:     Were you able to see who was doing that to you?**
> **A.     No.**
> Q:     Were you ever able to see who that person was who grabbed you at the top of the steps?
> A:     No.
> Q:     After the person grabbed you, what happened then?
> A:     I tried to lose.  …he just pushed me down to the floor.

Exhibit 1, at 101:3-17, emphasis added.

> Q:     After you fell to the floor, what happened after that?
> A:     He came after me.

Exhibit 1, at 103:6-9.

> Q:     And what did he do?

---

[1] Notably, the Supreme Court undertook such a a review in the matter of *Scott v. Harris,* 127 S. Ct. 1769 (2007), in which the Court analyzed a videotape of a police pursuit and made factual findings that resulted in its overturning the lower court and granting qualified immunity to the officer.

3

      A:      He was just trying to hold me down, put me on the floor….
Exhibit 1, at 103:12-14.

      Q:      How were you trying to get up?
      A:      I was trying to push up, to get up.  (Indicating.)  And he keep pushing me down.

Exhibit 1, at 103: 20-22, 104:1.

      Q:      So you weren't able to swing your arms?
      A:      …I was swinging all over the place to try to stand up.  And he keep pushing me down.
      Q:      Did you use your feet to try to stand up?
      A:      I used everything.  My feet, my arms, everything.

Exhibit 1, at 104:7-16.

See Court Docket #111, Exhibit #1.

Plaintiff testified that he was swinging his arms and legs "all over the place."  Yet this fact was not mentioned in this Court's decision, nor was it analyzed with respect to the defendants' own observations and what they believed "in good faith" based on their observation.  Furthermore, plaintiff was unable to testify as to any specific action taken by these defendants.  Accordingly, these defendants submit that a cumbersome review of the record by the Court of Appeals will reveal that they are entitled to qualified immunity as a matter of law.  Contrary to plaintiff's accusations, these defendants have a meritorious interlocutory appeal and are choosing to exercise their rights to such an appeal.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).  This record, taken as a whole, simply could not lead a rational trier of fact to find for plaintiff in this case.  As the case law and record have firmly established, the Court cannot retain jurisdiction over the constitutional claims in light of the proper appeal filed by these defendants.

### C. Defendants' Appeal is not Frivolous.

As noted *supra,* defendants are not basing their appeal on the notion that *their* version of the facts should be accepted in deciding qualified immunity. Rather, the defendants are appealing on the grounds that the undisputed facts, largely put forth by the plaintiff's own testimony, should entitle them to qualified immunity. Plaintiff has not shown that these defendants' appeal is "frivolous," and/or that the D.C. Circuit will summarily reject their appeal as frivolous. *See* Plaintiff's Opposition, generally. Plaintiff's argument that the appeal is frivolous…like so many other arguments raised by plaintiff…is premised almost entirely on plaintiff's own opinion rather than on any legitimate law or fact. Absent any case law that establishes that this Court may decide that these defendants' notice of appeal is frivolous and therefore divest the D.C. Circuit of its jurisdiction, plaintiff's constitutional claims filed against these defendants under 42 U.S.C. § 1983, must be stayed.

### D. All Proceedings Must be Stayed.

Plaintiff argues that because the defendants are subject to common law claims of assault and battery, the trial should nevertheless proceed since defendants are not appealing those issues. If the trial were to go forward, these defendants would be called to testify as to their observations and their actions during the course of the incident. Thus, they will be called to testify about the very subject matter that would be under appeal, and the protections entitled to them from their appeal would be eviscerated.

Plaintiff has analyzed the defendants' request for a stay under three factors: 1) whether the defendants could show irreparable harm, 2) whether plaintiff would be prejudiced, and 3) whether the public would be harmed. According to plaintiff, these defendants would suffer no irreparable harm if the stay was denied. Apparently, plaintiff does not consider stripping the

defendants of their appeal rights and exposing them to a trial to be prejudicial. The fact that this case may *ultimately* go to trial is of no moment. The purpose of qualified immunity is to protect the defendants from suit, and qualified immunity questions must be resolved as early as possible or the defendants risk waiving their rights. *See Hunter,* 502 U.S. at 227. By forcing the defendants to trial and forcing them to testify on the same subject matters that covers plaintiff's constitutional claims, the defendants' defense of immunity would be unjustly and prematurely negated, and they would be subjected to two trials that relate to the same operative facts.

Not surprisingly, plaintiff has completely disregarded the established case law governing qualified immunity and the protection of these defendants' rights of interlocutory appeals. Plaintiff argues that this matter should proceed to trial because his right to his "day in court" outweighs any other consideration…practical or otherwise. *See* Plaintiff's opposition, generally. Again, plaintiff is misguided. Stays are routinely granted when interlocutory appeals are taken.[2] *Fields v. Office of Eddie Bernice Johnson,* 2004 U.S. App. LEXIS 19629 (D.C. Cir., Sept. 20, 2004); *Princz v. Federal Republic of Germany,* 998 F.2d 1 (D.C. Cir. 1993).

Despite the clear prejudice the defendants would suffer without a stay, plaintiff nevertheless argues that *he* would be prejudiced. Plaintiff has not made any such showing. During the course of discovery, plaintiff deposed *seventeen* witnesses. Any concerns of "fading memories" are alleviated, as the testimony of all of plaintiff's potential witnesses has been recorded under oath. Finally, plaintiff fails to make a valid argument for harm to the public. In actuality, the public would be prejudiced if this matter were to *proceed* to trial instead of stayed. Defendants are officers who have proudly and capably served the District of Columbia for years, and it is the public who will suffer if these defendants are forced to undergo a trial from which

---

[2] Plaintiff did not respond to the Court's findings in *Fields* and *Princz*, in which the D.C. Circuit held that the district court may not proceed to trial on the appealed issues until resolved.

they should be protected by virtue of their rightful appeal of the denial of qualified immunity. Moreover, if the appeal is going to be as unsuccessful as plaintiff predicts, then plaintiff is essentially proposing to expose these defendants to *two* trials for the common law and constitutional allegations. Clearly, such an outcome would be highly prejudicial to these defendants, as well as a waste of judicial and public resources. Plaintiff has failed to make any colorable argument of harm to the public, and as such, his argument should be rejected.

WHEREFORE, defendants Phillips, Modlin and Schneider respectfully request this Court to grant their motion to stay all proceedings and to vacate the outstanding dates on this Court's calendar with respect to this matter.

Respectfully submitted,

EUGENE A. ADAMS
Chief Deputy Attorney General

_____\\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By: _____\\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov
Counsel for Defendants