UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Civil Action No. 06-0002 (JDB) |

## MEMORANDUM AND ORDER

On November 6, 2007 this Court issued an Order and an accompanying Memorandum Opinion resolving various motions for summary judgment then pending in this case. See Mazloum v. Dist. of Colum., -- F. Supp. 2d --, 2007 WL 3257010 (D.D.C. Nov. 7, 2007). The relevant facts are set out in that opinion and will not be repeated here. In that decision, the Court denied the motion for summary judgment of defendants Phillips, Modlin, and Schneider (collectively "the off-duty officers") on the question of qualified immunity concerning the 42 U.S.C. § 1983 claims against them. Id. at *7. Taking exception to that conclusion, the off-duty officers filed an interlocutory appeal on November 14, 2007. Thereafter, on November 29, 2007 they also filed a motion to stay the entirety of this case, now set for trial on January 7, 2008, pending the outcome of their appeal before the D.C. Circuit. That motion is now fully briefed. For the reasons set forth below, the Court will grant in part and deny in part the off-duty officers' motion for stay pending appeal.

**STANDARD OF REVIEW**

The standard for granting a motion for stay pending appeal is well-established in this Circuit. To prevail on such a motion, a party must show:

> (1) that it has a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury if the stay is denied; (3) that issuance of the stay will not cause substantial harm to other parties; and (4) that the public interest will be served by issuance of the stay.

United States v. Philip Morris, Inc., 314 F.3d 612, 617 (D.C. Cir. 2003) (citing Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1997)). Furthermore, the D.C. Circuit has explained that the "substantial likelihood of success" prong does not necessarily imply that a party needs to demonstrate a 50% chance or better of prevailing on appeal. Holiday Tours, 559 F.2d at 844. Instead, the moving party can satisfy that element by raising a "serious legal question. . . . whether or not [the] movant has shown a mathematical probability of success." Id. Put another way, "it will ordinarily be enough that the [movant] has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." Id. (quoting Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 740 (2d Cir. 1953)).

**DISCUSSION**

At the outset, it is important to note that defendants are ordinarily entitled to an immediate appeal when qualified immunity is denied by a district court. While interlocutory appeals are an "extraordinary remedy," Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 973 (D.C. Cir. 1985), the Supreme Court has made it clear that an exception applies that gives defendants a right to appeal a denial of qualified immunity immediately. See Mitchell v. Forsyth, 472 U.S. 511, 526

(1985). Thus, the off-duty officers argue that once they filed their appeal on the qualified immunity issue, this Court was stripped of jurisdiction over those claims and can now proceed no further on them until the appeal is resolved by the D.C. Circuit. Defs.' Mot. at 4; see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (filing an appeal is a "jurisdictional" event).

      Plaintiff disputes that conclusion. Although he recognizes that a defendant would normally be entitled to an interlocutory appeal regarding qualified immunity and a concurrent stay, plaintiff nevertheless argues that in this case the Court can retain jurisdiction over the disputed claims and, moreover, proceed to trial because the off-duty officers' appeal is a "sham." Pl.'s Opp'n at 6. Plaintiff draws heavily from a Seventh Circuit opinion that sanctions such a course of action when a district court certifies that an appeal is "frivolous" and that the legal arguments on appeal are entirely without merit. Id. (citing Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989)). Here, plaintiff contends that the off-duty officers' appeal is frivolous because the D.C. Circuit would lack appellate jurisdiction over this matter owing to the principle that even qualified immunity appeals cannot proceed as interlocutory appeals if they are based on "material factual disputes in the record." Pl.'s Opp'n at 11 (emphasis in original). According to plaintiff, the off-duty officers' appeal in this case raises just such issues and thus qualifies as "frivolous," thereby permitting this Court to retain jurisdiction over the § 1983 claims.

      The Court is not persuaded. To begin with -- and contrary to the case law in other circuits -- plaintiff cites no authority from the D.C. Circuit that establishes that a district court in this circuit has the authority to certify an appeal as frivolous and hence retain jurisdiction over it. The Court declines plaintiff's invitation to break new ground in this circuit by issuing such a certification in this case. In any event, even if the appropriate authority did exist here, the Court would not be

inclined to label this appeal "frivolous" at this juncture.  Plaintiff's argument rests on the assumption that the off-duty officers' appeal is entirely based on disputed facts.  It is true that the Supreme Court has differentiated between interlocutory appeals based solely on disputed issues of fact (not immediately appealable) and those based on questions of law (immediately appealable).  See Behrens v. Pelletier, 516 U.S. 299, 312-313 (1996); see also Meredith v. Fed. Mine Safety & Health Review Comm'n, 177 F.3d 1042, 1048-49 (D.C. Cir. 1999) ("In the qualified immunity arena, the Supreme Court has drawn a distinction between two categories of cases, only one of which merits immediate appellate review: an interlocutory decision that rests upon the purely legal question of whether or not an official's actions violate clearly established law does satisfy the Cohen criteria . . . while an interlocutory decision that denies summary judgment because of the presence of triable issues of fact does not.").

But at the same time, the Supreme Court has also clarified that the second step of the qualified immunity analysis -- whether the defendant's conduct as construed amounts to a "violation of clearly established law" -- constitutes a question of law.  Behrens, 516 U.S. at 313.  And when a qualified immunity appeal raises both disputed issues of fact and legal questions, an immediate interlocutory appeal is not precluded.  In Moore v. Hartman, the D.C. Circuit made clear that a "denial of a claim of qualified immunity remains an appealable collateral order even if the underlying facts are disputed -- indeed, even if, as in this case, the district court denied the motion for summary judgment due to the presence of material issues of fact."  388 F.3d 871, 875 (D.C. Cir. 2004), rev'd on other grounds, 547 U.S. 250 (2006).  In such instances, the court of appeals views the disputed facts in the light most favorable to the nonmoving party and then determines the "'purely legal questions of whether or not an official's actions violate clearly established law,' no

less than in an appeal based on agreed facts." Id. at 875-76 (quoting Meredith, 177 F.3d at 1048-49).

This case presents precisely the situation contemplated by the D.C. Circuit in Moore. In their brief supporting the motion, the off-duty officers take this Court to task for (in their view) failing to consider the supposedly undisputed facts that they observed before they became involved in the incident. Defs.' Reply at 3-4. Although that is probably best described as a factual criticism, the off-duty officers also raise exactly the legal question that the D.C. Circuit has stated is appropriate for interlocutory appeal: whether the "undisputed facts, largely put forth by the plaintiff's own testimony, should entitle them to qualified immunity." Id. at 5. Put another way, this is not a case of pure factual disputes where both parties agree that the conduct in question -- if it occurred -- would plainly violate an established right. Instead, the off-duty officers effectively maintain that even accepting the facts viewed in the light most favorable to plaintiff, their conduct did not violate "clearly established law" for purposes of qualified immunity. As the D.C. Circuit put it, that is a "purely legal question," Meredith, 177 F.3d at 1048-49, and this Court concludes that there is likely interlocutory appellate jurisdiction in this case. Hence, the off-duty officers' appeal is not a "sham" or otherwise frivolous.

With that established, this Court has nevertheless repeatedly stated that it defers to the D.C. Circuit on questions of its own appellate jurisdiction. See, e.g., Jewish War Veterans of the U.S., Inc. v. Gates, -- F. Supp. 2d --, 2007 WL 3293261 at *1 n.1 (D.D.C. Nov. 8, 2007). The discussion here is limited to responding to plaintiff's arguments concerning the pending stay motion. The D.C. Circuit, of course, will make an independent determination and plaintiff is free to press his arguments before that court. For present purposes, the Court is satisfied that the off-duty officers

have a legitimate right to an interlocutory appeal on the qualified immunity issue in this case based on established Supreme Court and D.C. Circuit precedent.  The force of that conclusion alone warrants a stay on the § 1983 claims, and the Court will therefore grant the off-duty officers' motion with respect to those claims.

On the other hand, the Court has little difficulty denying the stay motion concerning the non-appealed claims against all of the remaining defendants (including the off-duty officers).  As noted above, the off-duty officers must make the appropriate showing under the four-part Holiday Tours test to satisfy their burden for a stay.  They have not done so here.  Viewed in the light most charitably to the off-duty officers, they have at most argued that the common law assault and battery claims pending against them should not proceed to trial because that would expose the officers to the risk of facing two separate trials.  Defs.' Reply at 6-7.  Even assuming that is an acceptable irreparable injury for purposes of the second prong of Holiday Tours, the off-duty officers have not established any of the other criteria for granting a stay in this case.  They have not demonstrated that they have a substantial likelihood of success on the merits or indeed that they have even raised any, much less a serious, legal question with respect to the common law claims against them.  Moreover, the off-duty officers have not explained why it would be in the public interest to grant a stay here; the mere assertion that the officers are entitled to qualified immunity from trial on the constitutional claims is non-responsive to whether the public interest is served by staying the other claims against them.  For his part, plaintiff insists that any further delay in the trial proceedings will substantially harm him within the meaning of the third Holiday Tours prong.  Although the off-duty officers dismiss that concern, it is their burden to show why a stay is warranted, not plaintiff's to show why it is not.  Defendants have not carried that burden here and

the Court will therefore deny their motion with respect to the common law claims against them.

Likewise, there is no reason to grant a stay with respect to the claims against the remaining defendants in this case. None of the other defendants here -- Ramirez, the District of Columbia, and the FUR defendants -- have made any arguments whatsoever in support of the proposed stay. As for the off-duty officers, the only explanation even offered as to why a stay is appropriate on the claims against the other defendants is that the officers may "be called to testify about the very subject matter that would be under appeal, and the protections entitled to them from their appeal would be eviscerated." Defs.' Reply at 5. But that is tantamount to saying that since the officers are entitled to qualified immunity on some of the claims against them, the risk of serving as witnesses or otherwise participating in the proceedings against the other defendants improperly abrogates their immunity rights. That position is untenable. The Supreme Court has expressly stated that the "right to immunity is a right from certain claims, not from litigation in general." Behrens, 516 U.S. at 312 (emphasis in original). Qualified immunity is not a shield from participation in litigation altogether. In any event, the off-duty officers were already deposed during discovery in this case. The mere possibility (or even likelihood) that they may also be called as witnesses is not such a serious additional burden that it would warrant a stay in the proceedings against the other defendants. Accordingly, the Court will deny the stay with respect to the proceedings against the other defendants.

What remains, then, is for the Court to determine, in its discretion, whether trial on all claims other than the § 1983 claims against the off-duty officers should proceed as scheduled on January 7, 2008. The Court concludes that it should not. Continuing on with the original trial date would greatly increase the likelihood of holding two trials in this case because the D.C. Circuit will

not have the opportunity to review the off-duty officers' appeal before January 7th, even on an expedited basis. And should the D.C. Circuit either dismiss the appeal for lack of jurisdiction or otherwise affirm this Court's order <u>after</u> the conclusion of the trial on the other claims, the § 1983 claims might then proceed to trial on their own (absent any settlement by the parties). The fact is that entertaining two trials on the same set of facts and closely related claims simply because of the § 1983 interlocutory appeal would be a waste of judicial resources, not to mention the burden it would impose on the litigants and witnesses themselves. And while postponing the trial date may not guarantee that there will only be one trial, it certainly makes it more likely that will be the case. Therefore, the Court concludes that the trial date should be moved to April 23, 2008. The parties, faced with the Court's assessment of the stay motion, have agreed to this course.

  One purpose of this delay is to afford plaintiff the opportunity to file either a motion to dismiss for lack of jurisdiction or a motion for summary affirmance with the D.C. Circuit in the hope that it will decide the motion before the new trial date. Plaintiff has stated a firm intent to do so. To repeat, the Court is cognizant that there is still a risk of dual trials under this approach, albeit perhaps not a great one. The D.C. Circuit, for instance, could find that it has jurisdiction over the off-duty officers' appeal but nevertheless decline to rule on the merits of the appeal before trial begins. Alternatively, that court may not be able to decide even a motion to dismiss the appeal before the April trial date. In any event, if April 23, 2008 arrives without any decision from the D.C. Circuit, at that point the interests of judicial economy will have to give way to permitting plaintiff his day in court -- after all, by that juncture the events in question will have occurred more than three years ago. Of course, the outcome of that trial may well obviate the need for a second one.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that the off-duty officers' motion for stay pending appeal is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that further proceedings in this Court on the § 1983 claims against the off-duty officers are **STAYED**; it is further

**ORDERED** that the stay is **DENIED** with respect to all other claims against the off-duty officers and the remaining claims against the other defendants; it is further

**ORDERED** that the trial is rescheduled for April 23, 2008; it is further

**ORDERED** that the pretrial conference is scheduled for March 7, 2008 at 9:15 a.m.; and it is further

**ORDERED** that the parties' respective pretrial statements shall be filed by not later than February 29, 2008.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:   December 14, 2007