# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | ) | |
| EMILE MAZLOUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:06 CV 00002 |
| | ) | (JDB) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **PLAINTIFF'S PROPOSED NON-STANDARD JURY INSTRUCTIONS**

## <u>GENERAL INTRODUCTORY STATEMENT</u>

The Plaintiff, Mr. Mazloum, has sued under four different laws. He has not sued every Defendant for every law, but there is at least one claim against each of the Defendants. Before I go into detail on the elements of those claims, I am going to provide an overview of those claims and explain against which Defendants they are asserted.

### <u>Section 1983</u>

First, Mr. Mazloum sued the Off-Duty Officers Ramirez, Modlin, Phillips, and Schneider, under a federal law that protects against violation of Constitutional rights, called Section 1983. Under that statute, he alleges that those four Defendants violated his constitutional rights. These are the only Defendants sued under this law.

### <u>Assault and Battery</u>

Second, Mr. Mazloum has sued all of the Defendants under the laws of the District of Columbia for assault and battery. This includes the four Off-Duty Officers – Ramirez, Modlin, Phillips, and Schneider – as well as the District of Columbia, as the employer of those officers. In addition, Mr. Mazloum is suing Defendant Persons and Night and Day LLC (or FUR Nightclub), as Persons' employer, for assault and battery.

### <u>Race Discrimination under Section 1981</u>

Third, Mr. Mazloum sued under a federal anti-discrimination statute, called Section 1981, alleging race discrimination. He sued Defendants Ramirez, Modlin, Phillips, and Schneider under this law.

### <u>D.C. Human Rights Act</u>

Fourth, Mr. Mazloum sued under a District of Columbia law, called the D.C. Human Rights Act. That law protects against certain kinds of discrimination, including race, national origin, appearance, and religion, even if the person who discriminates is wrong about a person's race, national origin, or religion. Mr. Mazloum is suing Defendants Ramirez, Modlin, Phillips, Schneider, and the District of Columbia, as their employer, under this law.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**INSTRUCTION RE
CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own sense—something he has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof or other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Intent, an element of the claims I will discuss in a moment, can be proven by circumstantial evidence.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evident and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

*See* 4 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶ 74.01 (74-2), 87.01 (87-12) (2006).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**ELEMENTS OF CAUSE OF ACTION FOR**
**<u>USE OF EXCESSIVE FORCE AND UNLAWFUL ARREST, 42 U.S.C. § 1983</u>**

Mr. Mazloum's Section 1983 claim alleges that Defendants Ramirez, Modlin, Phillips and Schneider – all of whom were D.C. police officers at the time of the incident – intentionally violated his constitutional rights. The constitutional rights that he claims the Defendants violated are the right to be free from wrongful arrest or detention, and the right to be free from the use of excessive force during a stop, arrest, or any other seizure of his person.

A person may sue under Section 1983 for an award of money damages against anyone who, "under color" of District of Columbia law, intentionally violates that person's rights under the Constitution of the United States. Accordingly, to succeed on his Section 1983 claim, Mr. Mazloum must prove each of the following elements by a preponderance of the evidence:

(1) that the Defendants in question, or any one of them, intentionally or recklessly committed acts that violated Mr. Mazloum's federal constitutional rights (i) to be free from wrongful arrest and (ii) to be free from the use of excessive force;

(2) that in doing so, the Defendants, or any one of them, acted under the authority of the District of Columbia; and

(3) that such acts caused Mr. Mazloum's injury.

S*ee* 5 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶ 87-75 (2006); 5th Cir. Civ. Jury Instr. 10.1 (2006); Hon. Edward J. Devitt et al., 3A Federal Jury Practice and Instructions § 103.03 (5th ed. 2000); *Graham v. O'Connor*, 490 U.S. 386, 396-97 (1989); *Albright v. Oliver,* 510 U.S. 266, 274 (1994).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**42 U.S.C. § 1983 CLAIM : DEPRIVATION OF CONSTITUTIONAL RIGHTS**

There are two bases for Mr. Mazloum's Section 1983 claim that the Off-Duty Officers violated his Constitutional rights. Both are based on the Fourth Amendment, which guarantees individuals the right to be free from unlawful arrest, or arrest without probable cause, and also guarantees a person's right to be free from excessive force during an arrest, even if that arrest was based on probable cause.

First, Plaintiff alleges that these Defendants improperly, and without probable cause or other justification, wrongfully detained and arrested him on March 12, 2005. He maintains that he had done nothing inside the FUR Nightclub that was criminal or that otherwise warranted police involvement or response; that no one at or within the Nightclub had complained of Mr. Mazloum's conduct, identified him as a suspect in a crime, or otherwise identified him as a person to be investigated or detained; and that Mr. Mazloum was subsequently released, confirming his innocence. Despite the above, the Off-Duty Officers restrained, handcuffed, and forcefully removed Mr. Mazloum from the Nightclub.

Second, Mr. Mazloum alleges that these Defendants used excessive force in the process of detaining and seizing him. Every person has the constitutional right not to be subjected to unreasonable or excessive force while being seized, detained, or arrested by law enforcement officers, even if such seizure or detention is otherwise proper.

Here, it is beyond dispute that the conduct alleged by Mazloum, if proven, would constitute a violation of his Constitutional Rights. But, before you may find the Off-Duty Officers liable under Section 1983, you must first find that Mazloum has met his factual burden by proving that the Off-Duty Officers in question acted as alleged.

*See* 5 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶ 87-74A (2006); 5th Cir. Civ. Jury Instr. 10.1 (2006); *Martin v. Malhoyt*, 830 F.2d 237, 262 (D.C. Cir. 1987) (citing *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)); *Fernandors v. District of Columbia*, 382 F. Supp. 2d 63, 71 (D.D.C. 2005) (Fourth Amendment claim for unlawful arrest "may be established upon a showing that there is no probable cause to support a plaintiff's warrantless arrest and detention").

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**PROBABLE CAUSE AND SECTION 1983 CLAIM**

I am now going to instruct you on the law regarding the Fourth Amendment right to be free from unlawful seizure or arrest - the first aspect of Mazloum's 1983 claim. Mr. Mazloum claims that the Off-Duty Officers improperly and without probable cause or other justification wrongfully detained and arrested him on March 12, 2005. It is unconstitutional for a person to be arrested without probable cause for such an arrest.

"Probable cause" means that a police officer must have information that would lead a reasonable person, in possession of the same official expertise as the officer, to conclude that the person being arrested has committed or is about to commit a crime. A police officer who directs or assists an unlawful arrest also may be held liable for violating the arrestee's constitutional rights, even if that officer is not the primary individual responsible for the arrest itself.

*See* 5 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶ 87-74A (2006); 9th Cir. Civ. Jury Instr. 9.20 (2007); *Gordon v. Degelmann*, 29 F.3d 295, 298 (7th Cir. 1994) (liable for directing or assisting unlawful arrest).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

### 42 U.S.C. § 1983 CLAIM:
### REASONABLENESS OF CONDUCT OF POLICE OFFICERS

In addition to assessing whether the Off-Duty Officer Defendants initially acted reasonably in arresting or detaining Mr. Mazloum, you must also assess Mr. Mazloum's allegations as to the second basis for his Section 1983 claim - that in subduing and removing him from the Nightclub, they employed excessive force. In evaluating whether the Off-Duty Officers violated Mr. Mazloum's Constitutional rights by using excessive force in making an otherwise lawful arrest, you must judge the reasonableness of their actions. You are to do so from the perspective of a reasonable officer on the scene, and not within the 20/20 vision of hindsight. If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will have established his claim that he was deprived of a Constitutional right.

In evaluating whether excessive force was employed, you should consider all of the facts and circumstances known to the officers on the scene, and that may include:

- Whether Mr. Mazloum had committed the crime alleged by the defendants and, if so, the severity of the crime or other circumstances to which the officers were responding;

- Whether Mr. Mazloum posed an immediate threat to the safety of the officers or to others;

- Whether Mr. Mazloum was actively resisting arrest or attempting to evade arrest by flight;

- The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared necessary, if any;

- The type and amount of force used; and

- The availability of alternative methods to subdue Mr. Mazloum.

You may have heard evidence that Mr. Mazloum struggled or made attempts to free himself after he was handcuffed. Such conduct is not relevant to whether any of the Off-Duty Officer Defendants' initiation of force was appropriate, and (for purposes of your inquiry) it is not equivalent to actively resisting arrest or attempting to evade arrest before the use of force is initiated. On the other hand, if you conclude that Mr. Mazloum committed no crime justifying the arrest in this case, or (in the course of your probable cause inquiry) that the Off-Duty Officers lacked probable cause to intervene in the first place, you are instructed to place considerable weight on that fact, in favor of finding for

Mr. Mazloum. You should also place considerable weight on any finding you make that Mr. Mazloum was struck in the face after he was handcuffed, since such a fact alone, if proven, would be presumptive evidence of excessive force.

*See* 5 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶¶ 87-74C (2006); *Graham v. O'Connor*, 490 U.S. 386, 396-97 (1989); *Arrington v. United States*, 473 F.3d 329, 336-37 (D.C. Cir. 2006) (holding fact that plaintiff was handcuffed while beaten by officers was material fact in excessive force claim and reversing grant of summary judgment); *Rogala v. District of Columbia*, 161 F.3d 333, (D.C. Cir. 1999) (articulating *Graham* standard); *DeGraff v. District of Columbia*, 120 F.3d 298, 302 (D.C. Cir. 1997) (plaintiff's subsequent attempt to free herself after being handcuffed irrelevant to 4th Amendment excessive force claim – resistance to excessive force could not retroactively justify excessive force); *Lee v. Ferraro*, 284 F.3d 1188, 1198-99 (11th Cir. 2002) (holding that no reasonable officer could have believed that he had lawful authority to slam the plaintiff's head against the back of the car trunk after she had been arrested, handcuffed, and completely secured); *Cox v. Treadway,* 75 F.3d 230, 234-35 (6th Cir. 1996) (failure to give no use of force post-restraint instruction was reversible error); *Bailey v. Kennedy*, 349 F.3d 731, 743-44 (4th Cir. 2003) (fact that plaintiff had committed no crime before use of force in effecting seizure weighed heavily in plaintiff's favor); *Burden v. Carroll*, 108 Fed. Appx. 291, 294 (6th Cir. 2004) (unpublished) (holding it is well established that "a police officer cannot continue to use force once a reasonable officer would conclude that force is no longer justified"); *Kotsch v. District of Columbia*, 924 A.2d 1040, 1049-50 (D.C. 2007) (holding it was proper for jury to consider the initial offense allegedly committed and that charges were dropped in assessing the reasonableness of officers' use of force); *Motes v. Myers*, 810 F.2d 1055, 1060 (10th Cir. 1987) ("It is obvious that if the jury finds the arrest unconstitutional, the use of force and the search were unconstitutional and they become elements of damages for the §1983 violation. If the

jury finds the arrest constitutional, it can determine the reasonableness of the use of force and of the search pursuant to the court's instructions").

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**"COLOR OF LAW" ASPECT OF EXCESSIVE FORCE AND UNLAWFUL**
<u>**ARREST CLAIM ARISING UNDER 42 U.S.C. § 1983**</u>

The second element of Mr. Mazloum's Section 1983 claim requires him to prove that the Off-Duty Officers here acted under "color of law," or under the authority of the District of Columbia. Here, none of the Defendants dispute that, although they were off-duty at the time of the alleged conduct, MPD regulations governing their conduct expect them to be prepared to carry out their responsibilities at all times, off-duty or not. Moreover, all of the Off-Duty Officer Defendants have testified that they were acting as MPD police officers at the time of the incident. Thus, because the Off-Duty Officer Defendants were "officials" of the District of Columbia at the time of the acts in question, they were acting under color of state law, and this requirement is satisfied.

*See* 5 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶¶ 87-71 (2006).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**CAUSATION ELEMENT OF CLAIM ARISING UNDER 42 U.S.C. § 1983**

The third element of a Section 1983 cause of action that Mr. Mazloum must establish is causation.  Mr. Mazloum must also prove by a preponderance of the evidence that the act or failure to act by the Defendants was a proximate cause of the damage he suffered.  An act or failure to act is a proximate cause of Mr. Mazloum's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of Defendants' acts or failure to act.  There may be more than one proximate cause of an injury or damage.  The conduct of two or more people may happen at the same time, either independently or together, to cause an injury.

Here, Mr. Mazloum alleges he suffered physical injuries as well as pain and suffering from the conduct of the off-duty officers.  In order to find that Mr. Mazloum has satisfied his causation burden, you must find that those injuries were caused by the illegal conduct of the Off-Duty Officers.

*See* 5 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶ 87-79 (2006); *McLaughlin v. Alban*, 775 F.2d 389, 391 (D.C. Cir. 1985); *Holland v. O'Bryant*, 958 F.Supp. 10 (D.D.C. 1997).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

## ALTERNATIVE BASIS FOR LIABILITY UNDER 42 U.S.C. § 1983 "BYSTANDER LIABILITY"

An alternative basis for finding a violation of Mr. Mazloum's constitutional rights under Section 1983 is called "bystander liability." If you find that one, or only some, of the Off-Duty Officers violated Mr. Mazloum's constitutional rights, the remaining Off-Duty Officers may be held responsible for standing by and taking no action in the face of Defendant Ramirez's actions on March 12, 2005. If you find that any such defendants: (1) knew that a fellow officer was violating Mr. Mazloum's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act, then as to each such Defendant, you must find for Mr. Mazloum on the Section 1983 claims.

*See Fernandors v. District of Columbia*, 382 F.Supp.2d 63, 72 (D.D.C. 2005).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

## ASSAULT AND BATTERY

Mr. Mazloum brings the linked tort claims of assault and battery against all of the Defendants in this case.

An assault occurs when one person intentionally threatens or attempts to cause physical harm or offensive contact with another person. An assault can also occur when one person intentionally causes an apprehension of imminent physical harm or offensive contact with another person. It must appear to the victim that the person making the threat or attempt has the present ability to carry out the harmful or offensive contact. An assault can occur by words or acts, and actual physical contact is not necessary.

A battery occurs when the Defendant intentionally touches or uses force on Mr. Mazloum in a harmful, offensive, or insulting way.

Here, the Plaintiff alleges that each of the Off-duty Officers and Defendant Michael Persons individually committed an actual act of battery by striking Mr. Mazloum in a variety of ways, whether through punches or kicks, and thereby causing him injury. It is for you to determine whether the Plaintiff has submitted sufficient facts to persuade you that he has met his burden of proof on this claim to find for the Plaintiff on his battery claim.

Defendant Persons has conceded that he struck Mr. Mazloum, and therefore concedes the first element of Mr. Mazloum's battery claim (although, as I will discuss, he maintains an affirmative defense against the claim).

*See* Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia §§ 19.01, 19.03 (2007); *Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993); *Profitt v. District of Columbia*, 790 F.Supp. 304, 310 (D.D.C. 1991); *Person v. Children's Hosp. Nat'l Med. Ctr.*, 562 A.2d 648, 650 (D.C. 1989); *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F.Supp. 523, 529 (D.D.C. 1981).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**QUALIFIED PRIVILEGE TO USE FORCE
PURSUANT TO AN ARREST AS A DEFENSE TO
<u>ASSAULT AND BATTERY</u>**

There are some circumstances in which police officers are permitted to use force in carrying out official duties, such as an arrest. Under such circumstances, police officers committing acts that would otherwise constitute a battery in the literal sense (since the officer has made physical contact with the plaintiff and injured him) are immunized from liability for their conduct.

If you find that the Off-Duty Officers had probable cause to arrest Mr. Mazloum, you must consider if the force used by the Defendant Off-Duty Officers was more than reasonably necessary to detain the Plaintiff. In making this determination, you should use the same standard as that used in assessing the Section 1983 claim. You must judge the reasonableness of the officers' actions from the perspective of a reasonable officer on the scene, and not within the 20/20 vision of hindsight. You should consider all of the facts and circumstances known to the officers on the scene, and that may include:

- Whether Mr. Mazloum had committed the crime alleged by the defendants and, if so, the severity of the crime or other circumstances to which the officers were responding;

- Whether Mr. Mazloum posed an immediate threat to the safety of the officers or to others;

- Whether Mr. Mazloum was actively resisting arrest or attempting to evade arrest by flight;

- Whether Mr. Mazloum had been restrained or subdued prior to the officers' intervention;

- Whether any force was necessary, and if so, the amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared necessary;

- The type and amount of force used; and

- If Mr. Mazloum was not subdued, the availability of alternative methods to subdue Mr. Mazloum.

If you find, in considering the circumstances as they appeared to the Defendants at the time of the incident at issue in this case, that the Defendants used or threatened to

use more force than was reasonably necessary to carry out the arrest, then the Off-Duty Officers are not entitled to this defense from the battery claims.

*See* Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia, § 19.05 (2007); *Arrington v. United States*, 473 F.3d 329, 336-37 (D.C. Cir. 2006) (holding fact that plaintiff was handcuffed while beaten by officers was material fact in excessive force claim and reversing grant of summary judgment); *Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

## SELF-DEFENSE AS AN AFFIRMATIVE DEFENSE TO A CLAIM OF ASSAULT AND BATTERY

Defendant Persons has asserted the affirmative defense of self-defense to Mazloum's battery claim. As an affirmative defense, Persons bears the burden of proof in establishing this assertion.

There are circumstances in which a person has a right to use actual force to defend himself. Such a right exists if a defendant reasonably believes that he was in immediate danger of physical harm, or that he reasonably believed he had to act to repel an actual assault. However, a person has a right to use only as much force as is reasonably necessary.

In order to evaluate whether any responding force was "reasonably necessary," you must consider all of the circumstances in which the disputed self-defense occurred, including the nature of the alleged dispute that Persons says resulted in him striking Mazloum and the context in which Persons was acting, as security at the FUR Nightclub. If you find that Persons's conduct was not reasonable under such circumstances, or if you do not find that he has met his burden of proof with respect to this affirmative defense, then you must find for the Plaintiff on his battery claim.

*See* Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia, § 19.06 (2007); *Kotsch v. District of Columbia*, 924 A.2d 1040, 1049-50 (D.C. 2007) (court considered all of the circumstances, and concluded that the charge initially used by officers to arrest could be considered by the jury to not have warranted the use of such force); *Pitt v. District of Columbia*, 491 F.3d 494, 504 (D.C. Cir. 2007) (in assessing malicious prosecution claim brought under District of Columbia law, burden of proof is on defendant to show he is entitled to an affirmative defense).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

## VICARIOUS LIABILITY FOR
## <u>ASSAULT AND BATTERY</u>

The Plaintiff has sued the District of Columbia for the actions taken by Defendants Ramirez, Modlin, Phillips and Schneider on the night of March 11, 2005. The District of Columbia employed all four of these defendants at the time of the incident. Mr. Mazloum has also sued FUR Nightclub for the actions taken by its employee, Defendant Persons. In either case, Plaintiff seeks to hold employers (the District of Columbia and FUR) responsible for the acts of their employees (the Off-Duty Officers and Persons).

With respect to each of these individual defendants, their employer is responsible for the wrongful acts or the failure to act of the employee if committed in furtherance of the business of the employer. To hold the employer responsible for the employees' assault and battery, you must find the following two things to be true: (1) the employee's conduct was of the same general nature as that conduct which the employer has authorized, or that it was incidental to authorized conduct and (2) the employee's use of force was foreseeable or expectable by the employer.

The District of Columbia and FUR are liable to Mr. Mazloum if the Off-Duty Officers or Mr. Persons respectively acted a) in connection with their employment and b) if their conduct was consistent with their employment duties, even if the conduct at issue was not specifically authorized. In deciding whether the conduct at issue was within the scope of employment you should look at the nature of the Defendants' jobs, and whether the incidents in question occurred while furthering their employers' businesses and grew out of a business-related controversy.

With respect to the Off-Duty Officers, it is undisputed that, although they were off-duty at the time of the alleged conduct, MPD regulations governing their conduct expect them to be prepared to carry out their responsibilities at all times, off-duty or not. Moreover, all of the Off-Duty Officer Defendants have testified that they were acting as MPD police officers at the time of the incident.

*See* Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia, § 6.02 (2007); *Weinberg v. Johnson*, 518 A.2d 985, 990-92 & n.11 (D.C. 1986).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**GENERAL INSTRUCTION REGARDING**
**42 U.S.C. § 1981**

Mr. Mazloum brings a race discrimination claim under a federal anti-discrimination law called Section 1981 against the four Off-Duty Officer defendants.

Section 1981 specifically provides that: "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exacted of every kind, and to no other."

To succeed on this claim, Mr. Mazloum must establish the following elements:

(1)    that he is a member of a racial minority; and

(2)    that these defendants intentionally discriminated against him on the basis of race by denying him the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

It is conceded that Mr. Mazloum is Arab. "Arab" is treated under the law as a distinct race that is protected from discrimination under Section 1981. If you conclude by a preponderance of the evidence that any of the Off-Duty Officer Defendants arrested, struck or ejected Mr. Mazloum from the FUR nightclub based on their observation that he was Arab, this would be a violation of his rights under Section 1981.

*See Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416, 1421 (D.C. Cir. 1986); *Phillip v. Univ. of Rochester*, 316 F.3d 291, 298-99 (2d Cir. 2003); *Williams v. Fed. Nat'l Mortgage Ass'n*, 2006 WL 1774252, at *4 (D.D.C. June 26, 2006); *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987) ("if respondent … can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, … he will have made out a case under § 1981"); *Alizadeh v. Safeway Stores, Inc.*, 802 F.2d 111,

115 (5th Cir. 1986) (sufficient in §1981 case that defendants allegedly considered individual a "race other than white").

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

## GENERAL INSTRUCTION REGARDING
## THE D.C. HUMAN RIGHTS ACT CLAIM

Mr. Mazloum brings a claim under another anti-discrimination law, the District of Columbia Human Rights Act, D.C. Code § 2-1402.31. That law prohibits discrimination, in places of public accommodations such as a nightclub, based on an individual's race, appearance, national origin or religion. Mr. Mazloum has asserted such a claim against Defendants Ramirez, Modlin, Phillips, and Schneider.

The D.C. Human Rights Act provides that: "it shall be an unlawful discriminatory practice to deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations … wholly or partially for a discriminatory reason based upon that person's actual or perceived race, appearance, religion or national origin." The same direct and indirect evidence that you consider with respect to Plaintiff's Section 1981 claims is relevant to this claim as well.

Mr. Mazloum has alleged that one or more of these Off-Duty Officer Defendants discriminated against him because of his race (Arab), appearance (Middle Eastern), national origin (Middle Eastern), and/or because they believed him to be a Muslim. It is undisputed that Mr. Mazloum is Arab and of Middle Eastern descent. Your verdict must be for Mr. Mazloum and against these defendants, or any one of them, on his discrimination claim under the D.C. Human Rights Act if Mr. Mazloum has shown, by a preponderance of the evidence, that one or more of these Defendants intentionally denied Mr. Mazloum the full and equal enjoyment of the FUR nightclub because of Mr. Mazloum's actual or perceived race, appearance, national origin, or religion.

*See* D.C. Code § 2-1402.31(a)(1); *Williams v. Fed. Nat'l Mortgage Ass'n*, 2006 WL 1774252, at *4 (D.D.C. June 26, 2006); *Lemmons v. Georgetown Univ. Hosp.*, 431 F.Supp.2d 76, 86 (D.D.C. 2006) (legal standards for race discrimination under DCHRA and Section 1981 are the same).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**INSTRUCTION REGARDING "PERCEIVED" ELEMENT OF
THE D.C. HUMAN RIGHTS ACT**

The D.C. Human Rights Act prohibits discrimination not only on the basis of a person's actual ethnicity or religion, but also on what Defendants perceived was the national origin or religion of the Plaintiff. Thus, if the Off-Duty Officers perceived that Mr. Mazloum was of a particular religion or national origin but in fact he was not, you may still find a violation of the D.C. Human Rights Act, assuming you find all of the elements by a preponderance of the evidence.

*See* D.C. Code § 2-1402.31(a)(1).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

## GENERAL INSTRUCTION REGARDING
## <u>INTENT</u>

In determining whether the Off-Duty Officers intentionally discriminated against Mr. Mazloum, you may consider all the evidence presented in this case. Mr. Mazloum may use either direct or indirect evidence to meet this burden and prove that the Off-Duty Officers intended to discriminate against him.

You should also understand that Mr. Mazloum must prove that the Off-Duty Officers actually were motivated by a racially discriminatory purpose. It is not enough for Mr. Mazloum to show, for example, that the Off-Duty Officers denied Mr. Mazloum the full enjoyment of the nightclub. When taken together with other evidence, such evidence may prove that the Off-Duty Officers were motivated by a racially discriminatory purpose. You must remember, however, that the mere existence of such disparate treatment does not automatically demonstrate a discriminatory intent.

*See* 5 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶ 87.01 (87-11) (2006).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

### "BYSTANDER LIABILITY" UNDER 42 U.S.C. § 1981 AND THE D.C. HUMAN RIGHTS ACT CLAIMS

Mr. Mazloum's Section 1981 claims and his claims arising under the District of Columbia Human Rights Act are based primarily on his allegations that Officer Ramirez specifically discriminated against him, while the remaining off-duty officer defendants stood by, taking no action in response. Under this theory, called "bystander liability," even though they are not alleged to themselves have called Mazloum by a racial epithet, these defendants could be liable under Section 1981 for standing by and taking no action despite the alleged conduct of Ramirez.

Accordingly, if you find that Defendant Ramirez violated Section 1981 or the D.C. Human Rights Act, you must then consider the claims against Defendants Modlin, Phillips, and Schneider. In order to establish a claim against Defendants Modlin, Philips and Schneider, in addition to having established the elements discussed for discrimination under Section 1981 or the D.C. Human Rights Act with respect to Defendant Ramirez, Mr. Mazloum must establish that the other three officers (1) saw that Mr. Mazloum was being subjected to unlawful discrimination; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act.

*See Mazloum v. Dist. of Columbia Metro. Police Dep't*, --- F.Supp.2d ---, No. 06-00002, 2007 WL 3257010, at *11 (D.D.C. Nov. 6, 2007). *Fernandors v. District of Columbia*, 382 F.Supp.2d 63, 72 (D.D.C. 2005) (bystander liability).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

## VICARIOUS LIABILITY UNDER THE
## THE D.C. HUMAN RIGHTS ACT CLAIM

As with Mr. Mazloum's Assault and Battery claim against the District of Columbia, Mazloum's D.C. Human Rights Act claim against the District of Columbia is similarly premised on the concept of "respondeat superior" liability. The same instructions I have given you regarding that concept with respect to the Assault and Battery claims are applicable to the D.C. Human Rights Act claim as well.

Accordingly, if you find against any of the Off-Duty Officers and for Mr. Mazloum on the D.C. Human Rights Act claim, you must consider whether the District of Columbia, the Defendants' employer at the time of the incident, is vicariously liable for the acts of its employees.

An employer is responsible for the wrongful acts or failure to act of an employee if they were committed in furtherance of the business of the employer. An employee does an act "in furtherance of the business of the employer" if the employee's act is at least partly motivated by a desire to further the employer's interests or the act resulted from a job related controversy. If the employee is acting "in furtherance of the business of the employer," then the employer is still responsible for the employee's wrongful acts. The employer is responsible for the wrongful acts even if the employee is disobeying the employer's orders, and even if the act is itself a crime. On the other hand, the law does not consider an employee's act or failure to act to be "in furtherance of the business of the employer" if the employee does the act solely for the employee's own purposes.

It is undisputed that, although they were off-duty at the time of the alleged conduct, MPD regulations governing their conduct expect the Off-Duty Officers to be prepared to carry out their responsibilities at all times, off-duty or not. Moreover, all of the Off-Duty Officer Defendants have testified that they were acting as MPD police officers at the time of the incident.

*See* Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia, § 6.02 (2007).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

## <u>PUNITIVE DAMAGES – GENERAL INSTRUCTION</u>

In addition to actual damages, the law permits you to award Mr. Mazloum punitive damages, in order to punish the Defendants, or any one of them, for extreme or outrageous conduct and to serve as an example or warning to others not to engage in such conduct in the future.  Whether to award punitive damages, and the amount of those damages, are within your sound discretion.

Punitive damages are available only if the plaintiff can establish that the conduct or failure to act of a particular defendant was willful, malicious, or recklessly indifferent to Mr. Mazloum's rights.

You may consider direct or circumstantial evidence from the facts of the case in determining if the conduct, including a failure to act, of a given defendant was willful, malicious, or recklessly indifferent.  In particular, you may consider, among other facts, whether a defendant deliberately deceived the court by consciously misrepresenting their motives for the conduct at issue, including providing false testimony.

You may assess punitive damages against any and all Defendants or you may decline to impose punitive damages with respect to any and all Defendants.  If punitive damages are assessed against more than one Defendant, the amounts assessed against such Defendants may be the same or they may be different.

In determining the amount of punitive damages to be awarded against any particular defendant, you may consider that defendant's wealth or net worth.  The reason for this is that the purpose of punitive damages is to punish, and it takes a larger award of punitive damages to punish a wealthy person than a poor person.

*See* 5 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶ 87.03 (87-92) (2006); Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia, §§ 16.01 (2007); *Martini v. Federal Natl. Mortgage Assoc.*, 178 F.3d 1336, 1350 (D.C. Cir. 1999); *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F.Supp. 523, 534 (D.C. 1981); *Cooper v. Paychex, Inc.*, 163 F.3d 598, *12 (4th Cir. 1998) (unpublished opinion) (deliberate deception of court was evidence of reckless indifference justifying punitive damages instruction); *Cline v. Wal-Mart Stores Inc.*, 144 F.3d 294, 306 (4th Cir. 1998) (fact that defendant misrepresented reasons for adverse employment action was evidence of malice or reckless indifference); *Merriweather v. Family Dollar Stores, Inc.*, 103 F.3d 576, 582 (7th Cir. 1996) (same).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**<u>BURDEN OF PROOF - PUNITIVE DAMAGES</u>**

I am about to instruct you on punitive damages on the specific claims brought by Mr. Mazloum. Punitive damages for some claims have different burdens of proof from others. So it is important for you to understand what the differing burdens of proof are, and what they mean.

The first such standard is called "preponderance of the evidence." To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence can also be thought of as the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

The second standard is "clear and convincing." Note that this standard should not be used by you in considering whether Mr. Mazloum has proven any of his other claims in this lawsuit to recover compensatory damages. Mr. Mazloum must prove all of his other claims by the "preponderance of the evidence" standard I just mentioned. This is also true with respect to Mazloum's Assault & Battery claims, to the extent those claims seek compensatory damages for the injuries he alleged he has suffered. However, you must find clear and convincing evidence of certain conduct, which I will describe to you in a moment, in order to award the *additional* penalty of punitive damages on his Assault and Battery claims.

"Clear and convincing" is a more exacting standard than proof by a preponderance of the evidence. It is proof that establishes in your mind, not only that the proposition at issue is probable, but also that it is highly probable. It is enough if Mr. Mazloum establishes his claim beyond any substantial doubt; he does not have to dispel every reasonable doubt.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case like this one and you should put it out of your mind.

*See* 4 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶ 73.01 (73-2, 73-3) (2006).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

## PUNITIVE DAMAGES – OFF-DUTY OFFICERS

Punitive damages may be awarded with respect to all claims asserted against the off-duty officers: the Section 1983 Claim, the Assault and Battery Claim, the Section 1981 Claim, and the D.C. Human Rights Act Claim. However, the standard of proof required to obtain such damages is different, depending upon the claim at issue, which I will explain.

If you find in favor of Mr. Mazloum on either or both of his federal-based claims under Sections 1983 or 1981, and/or his claim under the D.C. Human Rights Act, you may award him punitive damages against any of the Defendants Ramirez, Modlin, Phillips, Schneider if you find that any of the individual Defendant's conduct was willful, malicious, or was recklessly indifferent to Mr. Mazloum's right to be free from excessive force, unlawful arrest, or intentional discrimination. However, to do so, you must make a finding of willful, malicious or recklessly indifferent conduct by a "preponderance of the evidence," the lower standard of proof that we just discussed.

If you find in favor of Mr. Mazloum and against Defendants Ramirez, Modlin, Phillips, and/or Schneider on the claims of assault and battery, you may also award Mr. Mazloum punitive damages, but only if you determine, on the basis of "clear and convincing evidence," that:

(1) the Defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure or in willful disregard for the rights of Mr. Mazloum; and

(2) that the Defendant's conduct was itself outrageous, grossly fraudulent or reckless toward the safety of Mr. Mazloum.

The standard of "clear and convincing evidence" is the middle standard of proof that we just discussed, requiring more than "preponderance of the evidence," but less than "beyond a reasonable doubt."

*See* 5 Hon. Leonard B. Sand, Modern Federal Jury Instructions, Civil ¶ 87.03 (2006); Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia, §§ 16.01 (2007); *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535 (1999) (no separate egregiousness requirement for 1981a/Title VII punitive damages); *Lemmons v. Georgetown Univ. Hosp.*, 431 F.Supp.2d 76, 86 (D.D.C. 2006) (legal standards for race discrimination are the same under section 1981 and DCHRA); *Martini v. Federal Natl. Mortgage Assoc.*, 178 F.3d 1336, 1349 (D.C. Cir. 1999) (DCHRA imposes no cap on punitive damages; treating damages under federal and local law as fungible where standards of liability are the same); *Pendvaris v. Xerox Corp.*, 3 F.Supp.2d 53, 57

(D.D.C. 1998) (punitive damages available under D.C. Human Rights Act if showing of "evil motive or actual malice").

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**<u>PUNITIVE DAMAGES – MICHAEL PERSONS</u>**


If you find in favor of Mr. Mazloum and against defendant Michael Persons on the claim of assault and battery, you may award Mr. Mazloum punitive damages, but only if you determine, on the basis of clear and convincing evidence, that:

    (1) Defendant Persons acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure or in willful disregard for the rights of Mr. Mazloum; and

    (2) that Defendant Person's conduct was itself outrageous or reckless toward the safety of Mr. Mazloum.


The standard of "clear and convincing evidence" is the middle standard of proof that we just discussed, requiring more than "preponderance of the evidence," but less than "beyond a reasonable doubt."

*See* Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia, § 16.01 (2007).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**PUNITIVE DAMAGES – RESPONDEAT SUPERIOR LIABILITY**

Just as the FUR Nightclub can be held responsible for the acts of the individual defendants on the basis of respondeat superior liability, it may also be held liable in punitive damages under the same employer liability theory.

You are empowered, in your discretion, to make an award of punitive damages against FUR Nightclub for the conduct of its employee, Michael Persons, if you find he is liable for assault and battery against Mazloum. However, you may only award punitive damages against FUR Nightclub if you draw two conclusions. First, you must conclude on the basis of clear and convincing evidence that Defendant Person's conduct was malicious or was recklessly indifferent to Mr. Mazloum's rights. Second, you must conclude from clear and convincing evidence that the officers, directors, or managing agents of the FUR Nightclub themselves authorized the act, or approved or ratified the act before or after it was done. Approval or ratification in this context means that the other officers, managing agents, owners or employees of FUR Nightclub approved or ratified the acts alleged to have been committed against Mazloum after the fact. As with other claims in this lawsuit, direct and circumstantial evidence all bear on the issue.

*See* Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia, §§ 16.02 (2007); *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F.Supp. 523, 534 (D.C. 1981) (punitive damages against corporation allowed).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____**

**ADVERSE INFERENCE BASED ON DESTRUCTION OF EVIDENCE**

Mr. Mazloum has alleged that some or all of the Defendants acted in concert to destroy video evidence taken by the FUR Nightclub's security camera system on March 12, 2005 that likely would have depicted part or all of the incidents at issue in the Nightclub. It is undisputed that this video evidence could have been saved, but was allowed to be over-written on or a few days after March 12, 2005. It is thus undisputed that such evidence no longer exists, and therefore cannot be viewed as evidence in this lawsuit.

The law states that if a party has failed to produce relevant evidence which was particularly available to that party, and that party was aware that the evidence is relevant to an action but then destroys it (or allows it to be destroyed) with some level of knowledge of its significance, then you may infer that the evidence would have been unfavorable to that party and/or favorable to the other party. This is called an "adverse inference," and it is permitted both to explain why relevant evidence is missing from a case, and also to punish the party or parties responsible for allowing the evidence to have been destroyed.

Here, the Plaintiff has alleged that, as of the afternoon and evening of March 12, 2005, individuals at FUR Nightclub were aware that the Plaintiff had lodged a formal complaint at an MPD station about the incident in which he had been involved. Plaintiff has also alleged, and the parties have admitted, that Defendant Ramirez was the individual who initially brought this fact to the attention of personnel at FUR. The Plaintiff has offered witness testimony to the fact that he was informed by FUR personnel that the video evidence was "gone" sometime after the fact of Mr. Mazloum's complaint was made known to FUR. And the Plaintiff alleges that certain FUR witnesses admit to have viewed portions of the video record before it was deleted.

Given such facts, if you find that personnel at FUR Nightclub either intentionally destroyed the video evidence, or recklessly permitted it to be overwritten or deleted, despite their knowledge of its relevance to the matters in this action, I am instructing you to infer from this fact that the video evidence that was destroyed, had it been produced, would have been favorable to the Plaintiff and/or damaging to the Defendants.

*See* Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia, § 3.04, 3.06 (2007); *Battocchi v. Washington Hosp. Ctr.*, 581 A.2d 759, 766 (D.C. 1990) ("where proffered evidence demonstrates that documents were concealed or destroyed in bad faith – either deliberately or with reckless disregard for their relevance – a trial court may well abuse its discretion by refusing to allow factual inferences adverse to the culpable party to be suggested to the jury through an instruction or argument of counsel"); *More v. Snow*, 480 F.Supp.2d 257, 274-75 (D.D.C. 2007) (applying same analysis under federal "so-called adverse inference rule" rather than the D.C. "spoliation of evidence doctrine").; *Johnson v. Washington Metro Area Transit Auth.*, 764 F.Supp. 1568, 1579-80 (D.D.C. 1991).