UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM,

    Plaintiff,

v().

DISTRICT OF COLUMBIA et al.,

    Defendants.

Civil Action No. 06-0002 (JDB)

## PRETRIAL STATEMENT
## OF DEFENDANTS NIGHT & DAY, LLC AND MICHAEL PERSONS

Defendant Night & Day Management, LLC ("FUR") and Michael Persons (together, the "FUR Defendants"), by their counsel and pursuant to Fed.R.Civ.P. 16(c) and 26(a)((3), respectfully submit the following Pretrial Statement:

**A.  STATEMENT OF THE CASE**

The parties and their counsel:

**Plaintiff**

| | | |
|---|---|---|
| **EMILE MAZLOUM** | represented by | **Brian H. Corcoran** |
| | | **David J. Gonen** |
| | | KATTEN MUCHIN ROSENMAN LLP |
| | | 1025 Thomas Jefferson Street, NW |
| | | East Lobby: Suite 700 |
| | | Washington, DC 20007-5201 |
| | | (202)625-3500 |
| | | Fax: (202) 298-7570 |
| | | **Susan E. Huhta** |
| | | **Warren K. Kaplan** |
| | | WASHINGTON LAWYERS' COMMITTEE |
| | | FOR CIVIL RIGHTS AND URBAN AFFAIRS |
| | | 11 Dupont Circle, NW |
| | | Suite 400 |
| | | Washington, DC 20036 |
| | | (202) 319-1000 |
| | | Fax: (202) 319-1010 |

**Defendant**

| | | |
|---|---|---|
| **DISTRICT OF COLUMBIA** | represented by | **Michael P. Bruckheim**<br>**Leticia L. Valdes**<br>OFFICE OF THE ATTORNEY GENERAL<br>DISTRICT OF COLUMBIA<br>441 Fourth Street, NW<br>Sixth Floor North<br>Washington, DC 20001<br>(202) 442-9833<br>Fax: (202) 727-3625 |

**Defendants**

| | | |
|---|---|---|
| **ANTHONY RAMIREZ**,<br>**THADDEUS MODLIN**,<br>**RICHMOND PHILLIPS**,<br>and<br>**LOUIS SCHNEIDER** | represented by | **Michael P. Bruckheim**<br>**Leticia L. Valdes**<br>OFFICE OF THE ATTORNEY GENERAL<br>DISTRICT OF COLUMBIA<br>441 Fourth Street, NW<br>Sixth Floor North<br>Washington, DC 20001<br>(202) 442-9833<br>Fax: (202) 727-3625 |

**Defendants**

| | | |
|---|---|---|
| **NIGHT AND DAY MANAGEMENT, LLC**<br>and<br>**MICHAEL PERSONS** | represented by | **Thomas S. Schaufelberger**<br>**Paul A. Fitzsimmons**<br>SAUL EWING LLP<br>2600 Virginia Avenue, N.W.<br>The Watergate—Suite 1000<br>Washington, D.C. 20037<br>Telephone: (202) 333-8800<br>Fax: (202) 295-6721 |

Plaintiff's Assault and Battery claim against the FUR Defendants—his only remaining claim against them in this action—is founded on his illegal assault and battery upon Defendant Persons and the latter's lawful defense of himself against that assault and battery.

The Court's jurisdiction over this claim is founded on the Court's exercise of supplemental jurisdiction over this common law claim.

**B.     STATEMENT OF CLAIMS**

N/A as to FUR Defendants.

**C.     STATEMENT OF DEFENSES**

Plaintiff's claims are barred by the doctrine of self-defense.

Plaintiff's claims are barred by his own misconduct and assault.

Any conduct by the FUR Defendants, or anyone acting on their behalf, was a reasonable response to the actions of and threat posed by Plaintiff and his companions.

Plaintiff seeks relief for the conduct of parties for whom the N&D Defendants are not responsible. Neither the N&D Defendants nor any of their agents, servants, or employees committed the wrongs alleged.

Plaintiff has failed to state a claim for punitive damages.

**D.     SCHEDULE OF WITNESSES**

The FUR Defendants may call some or all of the following individuals to give testimony at trial in this matter:

1. Michael Persons (3407B White Fur Ct., Waldorf, MD 20603) is expected to testify regarding the events at issue herein, including that he was assaulted by plaintiff, who was intoxicated and belligerent, that he defended himself against that assault, that plaintiff's two friends joined in the scuffle upon Mr. Persons, that several off-duty Metropolitan Police Department officers intervened, and that those police officers had a difficult time removing plaintiff from the club due to plaintiff's continuing belligerence.  Time:  2 hours.

2. David McLeod (13221 Liberty Bell Ct., Germantown, MD 20874) is expected to testify regarding the events at issue herein, including that he saw several off-duty Metropolitan Police Department officers having a difficult time removing plaintiff from the club due to plaintiff's belligerence and that he thereafter reviewed portions of the surveillance tapes from the time in question and therein saw Plaintiff being led out of the front door at FUR but saw nothing else of note. Time:  1 hour.

3. John Paglianite (12609 Yardarm Pl., Woodbridge, VA 22192) is expected to testify regarding the events at issue herein, including that he saw several off-duty Metropolitan Police Department officers having a difficult time removing plaintiff from the club due to plaintiff's belligerence.  Time:  30 minutes.

4. Michael Rehman (11801 Wood Thrush Ln., Potomac, MD 20854) is expected to testify regarding the events at issue herein, including his post-incident interview with Imad Alkadi.  Time:  30 minutes.

5. Diego Sequeira (7702 Havenside Terr., Derwood MD  20855) is expected to testify regarding FUR's practices and procedures regarding positioning of its security cameras.  Time:  30 minutes.

6. The FUR Defendants reserve the right to call any witness on the witness list of any party hereto—even if not called earlier by the naming party, extending as well to testimony offered via deposition—including the following witnesses:

    1. Emile Mazloum
    2. Imad Alkadi
    3. Marwan Abi-aad
    4. Anthony Ramirez
    5. Thaddeus Modlin
    6. Richmond Phillips
    7. Louis Schneider
    8. Jose Acosta
    9. David Smith
    10. Francis Allman
    11. Derek Simms
    12. Sean Jones
    13. William Hamm
    14. Humberto Alexander Trapero
    15. Sultan Alhomoud
    16. Custodian of Records, Fairfax County Department of Corrections

E.  **EXHIBIT LIST**

The FUR Defendants may seek to have admitted into evidence, in addition to those exhibits listed by other parties in this litigation and ruled admissible, the following exhibits:

| BATES # | TITLE | DATE | Objection? | Admitted? |
|---|---|---|---|---|
| FUR00151-52 | Incident Interview | March 12, 2005 | | |
| FUR00154-58 | MPD Statement of Michael Persons | April 25, 2005 | | |
| FUR00160-64 | MPD COMPLAINANT / SUSPECT STATEMENT (Persons) | July 28, 2005 | | |
| FUR00169-70 | MPD COMPLAINANT / SUSPECT STATEMENT (Paglianite) | April 13, 2005 | | |
| FUR00172-75 | MPD COMPLAINANT / SUSPECT STATEMENT (McLeod) | July 27, 2005 | | |
| DC-000198 | Declaration of Imad Alkadi | November 20, 2005 | | |
| 1064 | MPD COMPLAINANT / SUSPECT STATEMENT (Abi-aad) | March 12, 2005 | | |
| 1051-52 | MPD COMPLAINANT / SUSPECT STATEMENT (Alkadi) | March 12, 2005 | | |
| 7653-57 | Citizen Complaint Report (Mazloum) | c. March 13, 2005 | | |

F.  **DESIGNATION OF DEPOSITIONS**

The FUR Defendants may offer the following depositions, or portions thereof, as evidence at trial:

a. October 25, 2006 Deposition of John Fiorito at: 4:2-4:16; 4:20-7:15; 8:14-13:1; 13:4-18:20; 19:12-21:16; 21:21-22:4; 22:12-23:5; 26:7-26:20; 27:1-28:9; 32:11-35:9; 37:8-39:3; 39:8-41:18; 45:14-55:6; 55:10-63:6; 63:9-74:15; 75:2-75:18; 76:2-77:9; 77:12-78:13; 78:16-84:11; 84:17-85:8; 85:17-87:10; 88:7-91:20; 92:3-92:7; 93:2-96:17; 103:9-116:17; 117:4-120:1; 120:8-132:10; 132:19-142:5; 144:11-147:2;

5

147:15-148:13; 148:22-149:20; 150:1 to 151:8; 151:11-159:3; 159:6-160:2; 160:8-161:6; 163:22-168:10; 169:20-171:19; 171:22-173:16; 173:21-174:5; 174:16-175:8; 175:19-177:15; 179:2-181:2; 181:6-184:13; 184:16-186:6; 186:11-196:10.

      b.      February 23, 2008 Deposition of John Fiorito at 4:19-5:2, 5:7-5:16, 6:14-8:13, 10:7-11:7, 13:12-13:2050:3-50:16, 50:20-56:16, 59:17-60:3, 62:22-63:7, 63:21-64:6, 64:13-66:19, 67:2-71:12, 72:1-74:13, 74:18-75:11, 75:15-79:5, 79:8-79:13, 92:2-93:17, 93:20-95:7, 95:11-98:4, 109:13-111:9, 111:12-113:15, 114:1-115:21.

      c.      Any other designation by any other party.

**G.    ITEMIZATION OF DAMAGES**

N/A as to FUR Defendants.

**H.    REQUEST FOR OTHER RELIEF**

The FUR Defendants seek dismissal of claims against them and an award of costs.

**I.    SETTLEMENT**

No settlement discussions have taken place.

**J.    PENDING MOTIONS**

Following Plaintiff's deposition, per the Court's Order thereon, of Mr. Diego Sequeira, the FUR Defendants shall seek reconsideration of the Court's earlier ruling that evidence regarding the video system be admitted.

**K.    VOIR DIRE QUESTIONS**

The following are the FUR Defendants' proposed voir dire questions:

    1.      Are you acquainted with plaintiff Emile Mazloum or any members of his family?

    2.      Are you acquainted with any of the attorneys, the law firms or the parties involved in this case?

3. Have you or one of your relative or a close friend ever been a client of any of the attorneys or their law firm?

4. Does any of you know any of the witnesses in this case? [Read names of witnesses].

5. Have you or a close friend/family member ever been physically thrown out of any public drinking establishment? If so, would that affect how you view this case?

6. Have you, a relative or a close friend ever experienced what you believed was racial or religious discrimination? If so, what were the circumstances?

7. The Court has previously given you a brief description of the case that will be presented during this trial. Do any of you have any personal knowledge of this case? Would the facts as the Court described them, affect your ability to judge this case based upon the evidence presented in this trial?

8. Have you been a party to a civil suit? Would that experience affect your ability to fairly render a verdict?

9. Do you promise that if selected to sit as a juror in this case you will set aside any natural sympathy you might feel toward any party to this lawsuit and decide this case solely on the evidence presented to you and the Court's instructions on the law?

10. If instructed that you must not be guided by sympathy, passion or prejudice in returning you verdict, and that you must not guess or speculate, but must decide the case solely upon the evidence as it had been presented to you, would you be able to follow those instructions?

11.  Do you know of any reason at all why you would not be able to render a fair, impartial and unbiased verdict in this case, based upon the evidence presented and the instructions of the court?

12.  Do you hold any personal beliefs or opinions that would make it difficult, if not impossible, for you to sit as a fair and impartial juror in this case and follow the instructions of law given to you by the court?

13.  Is there any reason why you would not be able to keep an open mind about this case until you have heard all of the evidence and my instructions to you about the law?

14.  If plaintiff does not prove his case, would you be able to follow the law, as given to you by the Judge in this matter, and find in favor of the District of Columbia and/or the FUR Defendants?

**L.  JURY INSTRUCTIONS**

The FUR Defendants propose the following jury instructions:

Chapter 1: Function Of Judge And Jury
1.01  Function Of The Court
1.02  Function Of The Jury
1.03  Significance Of Party Designations
1.04  Jurors Duty To Deliberate
1.05  Attitude And Conduct Of Jurors
1.06  Instructions To Be Considered As A Whole
1.07  Court's Commenting On The Evidence
1.08  Court's Questions To The Witnesses
1.09  Jury Not To Take Cue From The Judge
1.10  Rulings On Objections
1.11  Equality Of Litigants—Corporations
1.12  Equality Of Litigants—Individuals

Chapter 2: Weighing The Evidence
2.01  Evidence In The Case
2.02  Judicial Notice
2.03  Inferences
2.04  Inadmissible And Stricken Evidence
2.05  Statements Of Counsel
2.06  Jury's Recollection Controls

2.08  Burden Of Proof
2.09  Evidence Produced By Adversary
2.10  Direct And Circumstantial Evidence

Chapter 3: Evaluating The Witnesses
3.01  Credibility
3.02  Number Of Witnesses
3.05  Depositions As Evidence
3.08  Impeachment By Prior Inconsistent Statement
3.09  Adopting Prior Inconsistent Statement
3.10  Charts And Summaries

Chapter 4: Multiple Claims And Parties
4.03  Multiple Defendants

Chapter 19: Assault And Battery
19.01  Assault
19.03  Battery
19.06  Assault And Battery—Affirmative Defenses

Chapter 12: Damages, Generally
12.01  Damages–Jury To Award
12.02  Extent Of Damages–Proximate Cause
12.03  Burden Of Proof-Speculative
12.04  Multiple Defendants
12.05  Damage Verdict—Multiple Defendants
12.07  Duty To Mitigate Damages

Chapter 13: Personal Injury Damages
13.01  Damages—Elements
13.03  Medical Treatment—Past and Present

The FUR Defendants propose the following special instructions:

**Proposed Instruction No. 1**

Do not consider attorney fees or costs.

Should you find for the plaintiff and award damages in this case, you are instructed that such damages may not include any amount for attorney fees or for court costs.

Any award of fees and costs is entirely separate from the issues to be decided by you.

The court, at a later time, will determine the proper amount, if any of attorney's fees and court costs to award plaintiff.

*See In Re E.Q.B.*, 617 A.2d 199, 201 n.2 (D.C. 1992); *District of Columbia v. Jerry M.*, 580 A.2d 1270, 1273 (D.C. 1990); Fed. Civil Rule 54, Civil Rule 54-I.

**Proposed Instruction No. 2**

You are instructed that your decision in this case must be based on the facts and testimony as you have heard them in court, and your ultimate decision is not to be affected merely because the plaintiff may have suffered a loss nor is your decision to be influenced in any way whatsoever by malice, prejudice, sympathy or passion for or against any of the parties to this litigation, since all of the parties are entitled to equal treatment under the law.

M.   **VERDICT FORMS AND SPECIAL INTERROGATORIES**

The FUR Defendants reserve their right to submit its verdict form to conform to the trial evidence.

Respectfully submitted,

/s/ Paul A. Fitzsimmons

_____
Thomas S. Schaufelberger, Bar No. 371934
Paul A. Fitzsimmons, Bar No. 444829
SAUL EWING LLP
2600 Virginia Avenue, N.W.
The Watergate—Suite 1000
Washington, D.C.  20037
Telephone: (202) 333-8800

Counsel for
Defendants Night & Day Management, LLC and
Michael Persons

Dated:  March 3, 2008