UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-002 (JDB) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

**DEFENDANTS DISTRICT OF COLUMBIA, ANTHONY RAMIREZ, THADDEUS MODLIN, RICHMOND PHILLIPS, AND LOUIS SCHNEIDER'S PRETRIAL STATEMENT[1]**

Pursuant to Local Civil Rule 16.5 and the Court's June 1, 2007, Pre-trial Scheduling Order, defendants District of Columbia, Anthony Ramirez, Thaddeus Modlin, Richmond Phillips, and Louis Schneider, by and through counsel, respectfully submit the following pre-trial statement.

**A.  Statement of the Case**

Plaintiff Emile Mazloum alleges that in the early morning hours of March 12, 2005, at FUR Nightclub in the District of Columbia, defendants Ramirez, Modlin, Phillips and Schneider assaulted and battered him because of his Arab ethnicity, in violation of his constitutional rights under 42 U.S.C. §§ 1981, 1983, and the D.C. Human Rights Act. These defendants deny all allegations of misconduct.

**B.  Description of Parties and Claims and Defenses before the Court**

Plaintiff Emile Mazloum is an individual residing at the time of the events at issue in Alexandria, VA. He makes the following claims:

---

[1] Defendants Thaddeus Modlin, Richmond Phillips, and Louis Schneider have appealed the denial of their qualified immunity defense, and proceed only to trial for the common law claims asserted against them.

1. <u>Assault and Battery</u>. Plaintiff alleges assault and battery and excessive force pursuant to common law and constitutional claims under the Fourth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

2. <u>Racial Discrimination</u>. Plaintiff alleges that the defendants racially discriminated against him because of his Arab ethnicity in violation of 42 U.S.C. § 1981.

3. <u>D.C. Human Rights Act</u>: Plaintiff alleges that the defendants removed him from the FUR Nightclub because of his ethnicity in violation of the D.C. Human Rights Act (DCHRA), D.C. Official Code § 2-1402.31.

<u>Defendants District of Columbia, Ramirez, Modlin, Phillips and Schneider</u>

1. Defendants deny all allegations of wrongdoing.

2. Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action for conspiracy against these defendants. See 42 U.S.C. § 1981.

3. Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action for excessive force and/or negligent training or supervision. 42 U.S.C. § 1983, *et seq, see also,* DCHRA, D.C. Official Code § 2-1402.31.

4. The actions of these defendants were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia. See 42 U.S.C. §§ 1981, 1983, and D.C. Official Code § 2-1402.31.

3. Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action for excessive force and/or negligent training or supervision. 42 U.S.C. § 1983, *et seq, see also,* DCHRA, D.C. Official Code § 2-1402.31.

4. The actions of these defendants were taken in good faith and with a reasonable belief in their lawfulness. *Id.*

    5.    If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.  See Civil Jury Instruction 19-6

    6.    Plaintiff cannot prove that these defendants acted with any discriminatory motive. See Record herein.

**C.**    **Statement of Facts Alleged to Give Rise to the Litigation**

    See Part A, *supra.*

**D.**    **Stipulations of Fact and Law**

    None.

**E.**    **Schedule of Witnesses**

    **Will Call**

    1.    Anthony Ramirez
            11459 South Bannock Street
            Phoenix, AZ 85044

    This witness will testify as to the circumstances surrounding the alleged incident at FUR Nightclub on March 11-12, 2005.

    2.    Thaddeus Modlin
            310 Mc Millan Drive, NW
            Washington, D.C. 20001

    This witness will testify as to the circumstances surrounding the alleged incident at FUR Nightclub on March 11-12, 2005.

    3.    Richmond Phillips
            310 Mc Millan Drive, NW
            Washington D.C 20001

    This witness will testify as to the circumstances surrounding the alleged incident at FUR Nightclub on March 11-12, 2005.

    4.      Louis Schneider
            310 Mc Millan Drive, NW
            Washington D.C. 20001

This witness will testify as to the circumstances surrounding the alleged incident at FUR Nightclub on March 11-12, 2005.

    5.      Humberto Alexander Trapero
            2003 Mill Road,
            Alexandria, Virginia 22314

This witness will testify as to his observations of the defendant subsequent to the alleged incident at FUR Nightclub on March 11-12, 2005.

    6.      Sultan Alhomoud
            8330 Westchester Drive,
            Vienna, Virginia 22182

This witness will testify as to his observations of the defendant subsequent to the alleged incident at FUR Nightclub on March 11-12, 2005.

    7.      John Paglianite
            12609 Yardarm Place
            Woodbrige, Virginia 22192

This witness will testify as to his observations of the defendant subsequent to the alleged incident at FUR Nightclub on March 11-12, 2005.

    8.      Michael Person
            10709 Elizabeth Parnum Place,
            Upper Marlboro, Maryland 20772

This witness will testify as to the circumstances surrounding the alleged incident at FUR Nightclub on March 11-12, 2005.

**May Call**

1.       Emile Mazloum
   4910 Ravensworth Road
   Annandale, Virginia 22003

This witness will testify as to the circumstances surrounding the alleged incident at FUR Nightclub on March 11-12, 2005, and any alleged damages of the plaintiff that resulted thereof.

2.       Imad Alkadi
   2262 Pimmit Runs Lane,
   Falls Church, Virginia 20043

This witness will testify as to the circumstances surrounding the alleged incident at FUR Nightclub on March 11-12, 2005, and any alleged damages of the plaintiff that resulted thereof.

3.       Marwan Abi-aad
   7501 Long Pine Drive,
   Springfield, Virginia 22151

This witness will testify as to the circumstances surrounding the alleged incident at FUR Nightclub on March 11-12, 2005, and any alleged damages of the plaintiff that resulted thereof.

4.       Jose Acosta
   310 Mc Millan Drive, NW
   Washington, D.C. 20001

This witness will testify as to his observations of the defendant subsequent to the alleged incident at FUR Nightclub on March 11-12, 2005.

5.       David Smith
   310 Mc Millan Drive, NW
   Washington, D.C. 20001

This witness will testify as to his observations of the defendant subsequent to the alleged incident at FUR Nightclub on March 11-12, 2005.

6.       Francis Allman
   Address unknown

This witness will testify as to his observations of the defendant subsequent to the alleged incident at FUR Nightclub on March 11-12, 2005.

7.   John Fiorito
     Address unknown

This witness will testify as to the circumstances surrounding the alleged incident at FUR Nightclub on March 11-12, 2005.

8.   Derek Simms
     Address unknown

This witness will testify as to his observations of the defendant during the alleged incident at FUR Nightclub on March 11-12, 2005.

9.   Sean Jones
     Lenham Drive
     Fort Washington, Maryland 20744

This witness will testify as to his observations of the defendant during the alleged incident at FUR Nightclub on March 11-12, 2005.

10.  William Hamm
     Transportation Security Administration,
     700 7th St., S.W.
     Washington, D.C. 20024

This witness will testify as to his observations of the defendant during the alleged incident at FUR Nightclub on March 11-12, 2005.

11.  Custodian of Records,
     Fairfax County General District Court Criminal Division

This witness will testify that Imad Alkadi was convicted of fraud within the past 10 years.

12.  Witnesses identified by Plaintiff

13.  Witnesses identified by FUR Nightclub

F.  **Exhibit List**

    1.  Uniform Residential Loan Application filed by Emile Mazloum on April 28, 2005.

    2.  Occupancy Affidavit filed by Emile Mazloum on May 27, 2005.

    3.  2005 Income Tax Return filed by Emile Mazloum, dated April 15, 2006.

    4.  All witness statements for impeachment purposes.

    5.  Plaintiff's medical records.

    6.  Imad alkadi's Fraud Conviction

    7.  Any Exhibit listed by any other party in this litigation, subject to these defendants' objections.

G.  **Deposition Designations**

    1.  Humberto Alexander Trapero's dep. at 4:14-22; 5:1-2; 7:12-22; 8:1-19; 9:21-22; 8:1-19; 11:14-22; 12:1-17; 16:21-22; 17:1-22; 18:1-22; 19:1-7; 19:22; 20:1-22; 21:1-22; 22:11-18; 28:7-22; 29:1-17

    2.  Sultan Alhomoud dep. at 4:11-22; 9:10-16; 10:15-22; 11:1-22; 12:1-19; 13:15-22; 14: 1-22; 15:1-22; 16:7-22; 17:1-7; 19:7-19; 20:14-22; 21:1-22; 22:1-22; 23:1-22; 24:1-17; 66:3-21;  67:13-22.

These defendants reserve the right to designate deposition testimony for use at trial if any witness not named above is unavailable at the time of trial.  These defendants further reserve the right to use deposition testimony for rebuttal, impeachment, cross-examination, and any other purposes allowed by the Rules.

H.  **Special Damages, Injuries, and Other Relief Sought**

    Dismissal of all claims.

I.  **Estimated Length of Trial**

    4–6 days.

**J.     Settlement**

The parties have not engaged in settlement discussions.

**K.     Pending Motions**

None.

**L.     Proposed Amendments to Pleadings**

None.

**M.     Waiver of Jury Trial**

No.

**N.     Proposed Voir Dire**

1. Has any member of the jury panel heard or have knowledge of any of the facts or events involved in this case?

2. Do any of you know the plaintiff Emile Mazloum in this case?

3. Do any of you know Michael P. Bruckheim and Leticia L. Valdes who represent the District of Columbia or Brian Corcoran or Paul A. Fitzsimmons who represent plaintiff Emile Mazloum?

4. Do any of you know any of the witnesses named to testify in this case?

5. Has any member of the panel ever sat on a jury in a civil case? What kind of case?

6. Are any of you lawyers, law students, paralegals, or do any of you work in a law office, or ever studied law in the past? In what area of law do you or does your employer specialize? Has the firm ever sued the District?

7. The District of Columbia is a defendant in this case. Have any of you ever been employed by the District of Columbia or the District of Columbia Metropolitan Police Department? Do any of you have relatives or close friends who presently work for or who have in the past worked for the District of Columbia.

8.     Have you or any family member or close friend had an experience, either positive or negative, with the District of Columbia government or the District of Columbia Metropolitan Police Department that might affect your ability to serve as a juror?

9.     Have you or any family member or close friend ever sued or filed a complaint against the District of Columbia?

10.    Have you or any family member or close friend ever been sued by the District of Columbia?

11.    Have you or any family member or close friend ever been sued by any person or organization for any reason?

12.    Do you believe that the District of Columbia is unresponsive to the complaints of the citizens?

13.    Have any of you testified as a witness in any trial?

   For those answering yes:

   a. Was it a criminal or civil case?

   b. Which side called you as a witness?

   c. Did the case involve matters relating to the District of Columbia?

14.     Have you or any family member or close friend ever had an experience, an encounter, or a confrontation with the District of Columbia, a District of Columbia agency, or any other agent or division of the District of Columbia which made a strong impression on you or which would make it difficult for you to fairly judge the facts of' this case because the District of Columbia is a defendant?

15.     Do you have any reason why you feel that you cannot render a fair verdict in this case based on the evidence admitted and the law as the Court instructs you, without regard to passion, prejudice, or sympathy?

16.     This trial may last up to six days. Are you unable to serve on this jury due to an unavoidable conflict during that period of time?

17.     Do any of you believe that you would be more or less likely to award damages to the plaintiff versus the District of Columbia in this case because the District is a municipal corporation? In other words, would you be more likely to award money to the plaintiff because you do not think the award comes from an individual?

18.     Are any of' you under any medication or suffering from any infirmity that might cause drowsiness or in any way affect your ability to give full time and attention to this case?

19.     Have any of you ever been convicted of any offense?

20.     Is there any other reason at all why you would be uncomfortable sitting on this jury or why you would prefer to be excused?

21.     For those jurors who are unemployed or retired, please state your occupation prior to your unemployment or retirement?

22.     Have you ever read or heard about the January 5, 2006, Washington Post article written by Henri E. Cauvin titled 'Off-Duty Officers Sued in Club Incident'?

23.     Have any of you ever visited the FUR Nightclub? If so, have you ever had a negative experience at the club which would affect your ability to render a fair verdict in this case?

24.     Have any of you ever had any negative experiences with the D.C. Metropolitan Police Department which would affect your ability to render a fair verdict in this case?

25.     Have any of you ever felt that you were discriminated against because of your ethnicity? If so, would that affect your ability to render a fair verdict in this case

The defendants respectfully reserve the right to supplement these proposed jury voir dire questions.

**M.** **Jury Instructions**

    Chapter 1:    1-1 through 1-10, 1-11, 1-12

    Chapter 2:    2-1 through 2-10

    Chapter 3:    3-1, 3-2, 3-4, 3-5, 3-8 through 3-10

    Chapter 4:    4-3, 4-5.

    Chapter 12:    12-1 through 12-5, 12-7.

    Chapter 13:    13-1

    Chapter 16:    16-1, 16-3

    Chapter 19:    19-1, 19-3, 19-5, 19-6

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


    /s/ Michael P. Bruckheim
MICHAEL P. BRUCKHEIM [455192]
LETICIA L. VALDES [461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 442-9845; (202) 727-3625