UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
EMILE MAZLOUM,                   )
                                                )
        Plaintiff,           )        Civil Action No. 1:06 CV 00002
                                                )        (JDB)
      v.                           )
                                               )
DISTRICT OF COLUMBIA, *et al.*,    )
                                               )
        Defendants.         )
_____)

**PLAINTIFF'S OBJECTIONS TO THE OFF-DUTY
OFFICERS' PRETRIAL STATEMENT**

Plaintiff Emile Mazloum, by counsel, for his objections to the Pretrial Statement[1] of co-defendants Anthony Ramirez, Thaddeus Modlin, Richmond Phillips, and Louis Schneider (the "Off-Duty Officers"), hereby states as follows:

**1.**    **Objections to Witness Schedule**

Plaintiff objects to the designation of the Custodian of Records of the Fairfax County General District Court. The Off-Duty Officers likely seek to offer this testimony as proof of Imad Alkadi's fraud conviction, but this Court has already ruled that under Fed. R. Evid. 608(b), the parties are barred from offering extrinsic evidence to prove prior "bad acts," and accordingly this testimony is inadmissible.

---

[1] Plaintiff makes these formal written objections in an effort to present to the Court, in advance of the pending March 31, 2008 pretrial conference, those disputed issues raised by the parties' recent joint filing of their respective pretrial submissions. Plaintiff reserves the right to raise additional objections to the defendants' pretrial submissions prior to the start of the trial and/or final Pretrial Order.

**2.      Objections to Exhibits to be Offered by Off-Duty Officers**

Plaintiff objects to the Off-Duty Officers' purported use of the Mazloum "financial records" that were the subject of a motion *in limine* this fall (Exhibits 1-3 on the Off-Duty Officers' Exhibit List). This Court has ruled that these items of evidence are not relevant to the matters in dispute, nor may they be offered to prove any extrinsic facts under Fed. R. Evid. 608(b). Plaintiff also objects, on the same basis, to the proposed exhibit establishing Alkadi's fraud conviction (Exhibit 6).

**3.      Objections to Deposition Designations**

The Off-Duty Officers have offered deposition designations from two witnesses (Officer Trapero and Sultan Alhomoud) who are, upon information and belief, residents of the D.C. Metropolitan region and thus can be subpoenaed for trial. Indeed, the Off-Duty Officers have expressed their intent to potentially call both of these individuals. In addition, these witnesses are not parties, whose deposition statements constitute admissions. Accordingly, under Fed. R. Civ. P. 32 and Local Rule 16.5(7), these are improper deposition designations and should be stricken. In the event it is determined that these witnesses are in fact unavailable at trial for live testimony, Plaintiff reserves the right to submit counter-designations with respect to each individual's testimony.

**4.      Objections to Proposed *Voir Dire* Questions**

No. 16: "Six days" should be changed to "ten trial days," given the possible length of the trial as previously discussed amongst the parties.

No. 17: This proposed question is unreasonably one-sided. If it is not stricken, the following sentence should be added: "Would you be likely to award less money to the plaintiff against the

2

District of Columbia because the District is a municipal corporation which gets its money from taxpayers?"

5.   **Objections to Proposed Jury Instructions**

   A. *Proposed Standard Instructions*:

   Standard Instruction 16-2 (punitive damages against corporation) should also be included.

   Plaintiff otherwise reserves the right to articulate objections to the proposed form jury instructions at the appropriate time in these proceedings, to the extent they require refinement or reconciliation with the non-standard instructions proposed in the Plaintiff's Pretrial Statement. This can be done at the appropriate time in the proceedings.

   B. *Proposed Special Instructions*:

   No. 1: This proposed instruction should be stricken as duplicative of existing standard instructions (*see* Standard Instruction No. 2-08).

   No. 3: This proposed instruction should be stricken as duplicative of existing standard instructions (*see* Standard Instruction No. 1-11).

   No. 5: This proposed instruction should be revised as follows: "You are instructed that punitive damages are not allowed against the District of Columbia because it is a municipal corporation. You may, however, make an award of punitive damages against any or all of the other defendants."

   No. 7: This instruction is one-sided, and suggests that the Plaintiff's Section 1983 and 1981 claims arise under D.C. Code rather than federal law. It must also be reconciled with Plaintiff's proposed instructions regarding probable cause and his Section 1983 claims.

No. 8: This instruction mischaracterizes the applicable law governing how probable cause is judged and is unreasonably deferential, since it suggests that the Off-Duty Officers' subjective understanding of events (which they will be testifying to in hindsight) is dispositive of whether their conduct was objectively reasonable or not. It must also be reconciled with Plaintiff's proposed instructions regarding probable cause and his Section 1983 claims.

Respectfully submitted,

Dated: March 18, 2008

/s/
Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum