UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
EMILE MAZLOUM,                      )
                                    )
       Plaintiff,              )      Civil Action No. 1:06 CV 00002
                                    )      (JDB)
    v.                              )
                                    )
DISTRICT OF COLUMBIA, *et al.*,     )
                                    )
       Defendants.             )
_____)

**PLAINTIFF'S OBJECTIONS TO THE
FUR DEFENDANTS' PRETRIAL STATEMENT**

Plaintiff Emile Mazloum, by counsel, for his objections to the Pretrial Statement[1] of co-defendants Night & Day Management, LLC and Michael Persons (the "FUR Defendants"), hereby states as follows:

**1.    Objections to Witness Schedule**

Plaintiff objects to the designation of the Custodian of Records of the Fairfax County General District Court. The FUR Defendants likely intend to offer the testimony of this witness as proof of Imad Alkadi's alleged fraud conviction, but this Court has already ruled that under Fed. R. Evid. 608(b) the parties are barred from offering extrinsic evidence to prove prior "bad acts" relating to collateral matters, and accordingly this testimony is inadmissible.

---

[1] Plaintiff makes these formal written objections in an effort to present to the Court, in advance of the pending March 31, 2008 pretrial conference, those disputed issues raised by the parties' recent joint filing of their pretrial submissions. Plaintiff reserves the right to raise additional objections to the defendants' pretrial submissions prior to the trial and/or the final Pretrial Order.

**2.     Objections to FUR Defendants' Exhibit List**

Plaintiff reserves the right to object to the FUR Defendants' proposed exhibits on grounds of hearsay, and to the extent that they are otherwise inadmissible.

**3.     Objections to FUR Defendants' Deposition Designations**

The FUR Defendants improperly offer designations from two depositions of John Fiorito, a principal of Night & Day Management LLC and still a party to this action (although the claims against him have been dismissed). The Plaintiff will shortly be filing a motion *in limine* seeking to prohibit the FUR Defendants from using Mr. Fiorito's deposition in lieu of his live testimony. To the extent the FUR Defendants are permitted to offer Mr. Fiorito's testimony in deposition form, notwithstanding Plaintiff's objections, Plaintiff will offer counter-designations at the appropriate time.

**4.     Objections to FUR Defendants' Statement on Pending Motions**

The FUR Defendants have indicated their intent to seek reconsideration of this Court's ruling that video evidence, and the adverse inference related to the destruction of same, is relevant and admissible in this action. Their basis for so doing is the recently-taken deposition of a FUR witness, Diego Sequeira, whose testimony, they purport, resolves the issue of whether the video evidence would have shown anything of the incident.

The Plaintiff objects to permitting the FUR Defendants to reargue this matter, which was fully briefed and decided against them and is therefore law of the case. This Court has conclusively determined as a matter of law that the adverse inference is available to a party when evidence has been destroyed with knowledge of its potential significance. And the Court has repeatedly

acknowledged the existence of a plethora of evidence suggesting that FUR personnel knew that (i) Mazloum was complaining of the incident as of the moment he lodged his complaint, and (ii) the destroyed evidence at issue had relevance to the incident, and thus to Mazloum's claims. In asking the Court to decide that Mr. Sequeira's testimony "proves" that the cameras would not have captured the incident, FUR essentially asks this Court to make fact determinations and weigh evidence (in particular, the testimony of Mr. Sequeira) when that is the province of the jury. The relevance of the video evidence, and its established capacity to have captured the incident, is not diminished by the inconsistent, self-serving testimony of a single party witness. Moreover, because the video evidence at issue was unquestionably destroyed, and because the adverse inference exists in part to punish litigants for knowingly or negligently allowing potentially relevant evidence to be extinguished, it is reasonable for the Plaintiff to seek this evidentiary sanction against the FUR Defendants at trial.

**5.      Objections to Proposed *Voir Dire* Questions**

No. 9: Plaintiff objects to the use of the word "promise" in this proposed question. Jurors are not required to promise anything as a matter of law. In addition, this question is redundant of Proposed *Voir Dire* Question Number 10. This proposed question should accordingly be stricken.

No. 14: Plaintiff objects to this proposed question as too one-sided and therefore potentially misleading to a potential juror. If it is not stricken, it should be revised to add the following second sentence: "If the plaintiff does prove his case, would you be able to follow the law, as given to you by the Judge, and award to the plaintiff full and fair compensatory and punitive damages against the defendants whom you find to be responsible for the plaintiff's injuries?"

**6.**     **<u>Objections to Proposed Jury Instructions</u>**

Plaintiff reserves the right to articulate objections to the proposed form jury instructions at the appropriate time in these proceedings, to the extent they require refinement or reconciliation with the non-standard instructions proposed in the Plaintiff's Pretrial Statement.  This can be done at the appropriate time in the proceedings.

With respect to the proposed special instructions, Plaintiff objects as follows:

<u>Proposed instruction No. 1:</u> This instruction is legally improper.  Attorneys fees may as a matter of law be considered as an element of a punitive damages recovery.

<u>Proposed instruction No. 2:</u> This instruction is redundant of other proposed instructions (*see* Standard Instructions 1-2, 1-11 and 1-12).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  March 18, 2008 | /s/_____<br>Brian H. Corcoran (Bar No. 456976)<br>Katten Muchin Rosenman LLP<br>1025 Thomas Jefferson St., NW<br>Suite 700 East Lobby<br>Washington, D.C.  20007<br>Ph: (202) 625-3500<br>Fax: (202) 298-7570<br>Brian.Corcoran@kattenlaw.com<br><br>Susan Huhta (Bar No. 453478)<br>Warren R. Kaplan (Bar No. 034470)<br>Washington Lawyers' Committee for<br>Civil Rights and Urban Affairs<br>11 Dupont Circle, NW<br>Suite 400<br>Washington, D.C.  20036<br>Ph: (202) 319-1000<br>Fax: (202) 319-1010<br>Warren_Kaplan@washlaw.org<br><br>Attorneys for Plaintiff<br>Emile Mazloum |