## Corcoran, Brian H.

**From:** Corcoran, Brian H.
**Sent:** Monday, March 24, 2008 3:09 PM
**To:** Fitzsimmons, Paul A.
**Cc:** Warren Kaplan
**Subject:** Mazloum - John Fiorito

Paul -

  As you know from our recently-filed response to your pre-trial statement, the Plaintiff objects to the FUR Defendants' proposed use of excerpts from the Fiorito deposition in lieu of his live testimony. We presume that in offering portions of his deposition testimony, you are relying upon Federal Rule 32 (A) (4) (B), which permits the use of a deposition where the witness is "unavailable" because he is more than 100 miles from the courthouse (assuming his absence was not procured by the offering party). However, we believe that provision is inapplicable under the circumstances, for several reasons:

  * Mr. Fiorito is technically still a party to this case. Even though the claims against Mr. Fiorito have been dismissed, there has been no final order of dismissal;

  * Mr. Fiorito is also a sufficiently high-level FUR employee and principal to amount to an "officer or director" of the N & D corporate entity, which is a party. There is no dispute that Fiorito is a (i) part-owner (using his wife's name) and founder of defendant Night & Day, and (ii) a significant N & D employee with first-hand knowledge of many disputed issues in this action. Indeed, you deemed him significant enough to designate him as a corporate representative in response to a 30(b)(6) deposition notice, such that his answers at that deposition were deemed to bind N & D; and

  * Mr. Fiorito comes to DC frequently on business, and has done so while this case was pending, and thus regularly transacts business here.

  In light of the above, Mr. Fiorito is not in fact "unavailable" to Night & Day, and could be brought to trial by the FUR Defendants (just as he was brought last year for his 30(b)(6) deposition). Even if it were the case that Mr. Fiorito will not so cooperate, the FUR Defendants could easily subpoena him under Rule 45 due to his capacity as a high-level FUR employee. See Fed. R. Civ. P. 45(c)(3)A)(ii); *In re Vioxx Products Liability Litigation*, 438 F. Supp.2d 664, 666 (E.D. La. 2006)(citations omitted).

  Because of the importance of his testimony, if Fiorito is to testify, we believe it is essential that the jury see him - either live or by videotape. We are prepared to litigate this issue if you refuse to strike the proposed designations. However, we believe there are some compromise solutions that might work for everyone. Accordingly, we propose any of the following:

  1. Fiorito testifies live at trial in DC, like any other witness;

  2. The parties take his trial testimony by videotape in advance of trial. If you decline to produce him for that purpose here in DC, or if he is for any reason unable or unwilling to come to DC, we are willing to travel to Florida to do this. You could either join us in Florida, or participate by video and/or telephonic hookup here in DC. You could then either use the prior deposition excerpts you have designated as his direct testimony, or create a new direct examination - in either case, we would cross-examine him at that time. The entire video would then be played at trial (and objections to questions subject to the Court's determination); or

  3. We can have him testify live at trial by video feed from Florida. He would be testifying from some law office in his area which has the necessary electronic facilities. In our experience, Judge Bates has permitted this to occur in the past when a witness could not be brought to DC for his testimony.

Please let us know if any of the above are acceptable to you, and if so, which one you would prefer. We are prepared to discuss a sharing of costs on such matters as well. If you are unwilling to agree to any of the above alternatives, please let us know your reasons, so that we can raise the issue appropriately with Judge Bates.


Brian H. Corcoran
Katten Muchin Rosenman LLP
(202) 625-3679 (phone)
(202) 298-7570 (facsimile)
Brian.Corcoran@Kattenlaw.com

CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer