# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

EMILE MAZLOUM,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

C.A. No. 06-0002 (JDB)

## DEFENDANTS DISTRICT OF COLUMBIA, ANTHONY RAMIREZ, THADDEUS MODLIN, RICHMOND PHILLIPS AND LOUIS SCHNEIDER'S OBJECTIONS TO PLAINTIFF EMILE MAZLOUM'S PRETRIAL STATEMENT[1]

Defendants District of Columbia, Anthony Ramirez, Thaddeus Modlin, Richmond Phillips and Louis Schneider (hereinafter "defendants"), by and through counsel, hereby raise the following objections to plaintiff's Pretrial Statement:

**1.** **Objections to Plaintiff's Exhibits ("Will Use" Documents):**

    **1.** **Plaintiff's Complaint Report**

These defendants object to this exhibit on the grounds that this Report constitutes a self-serving statement of plaintiff's allegations, it is hearsay, and is cumulative since plaintiff will be testifying at trial as to the alleged events that form the basis for this action.

    **4.** **Records of Mazloum's Emergency Department visit at INOVA Alexandria Hospital**
    **5.** **Operative Report and related records from Mazloum's Nasal Reduction Surgery at INOVA Franconia Springfield Surgery Center**
    **6.** **Progress Notes of Dr. Heydarian re Nasal obstruction and congestion**
    **7.** **Mazloum Receipt for ER Deposit**
    **8.** **Statement for Anesthesia Services**

---

[1] Defendants District of Columbia, Anthony Ramirez, Thaddeus Modlin, Richmond Phillips and Louis Schneider reserve the right to raise additional objections to the plaintiff's pretrial submissions during the pretrial, prior to the start of the trial and/or final Pretrial Order.

  9.  **Compilation of Bills from 03/12/2005 Emergency Department Visit**
  10.  **Compilation of Bills from 03/18/2005 Nasal Reduction Surgery**
  11.  **Bills from 03/28/05 Spine Lumbosacral**
  12.  **Statement for 03/12/2005 Emergency Department Visit**
  13.  **Statement for 03/18/2005 Nasal Reduction Surgery**
  14.  **Patient Ledger, INOVA Franconia Springfield Surgery Center**
  15.  **Receipt for $110 Payment**
  16.  **Statement for 3/12/05 Emergency Department Visit and proof of Payment**
  17.  **Statement for 03/28/05 INOVA visit**
  18.  **Statement for 03/22/05 Eye Exam**

These defendants object to plaintiff's exhibits 4 through 18 on hearsay grounds, and as to relevance as to the herein named defendants because their actions did not cause plaintiff's injuries.

  19.  **Letter from DC Crime Victims Compensation Program**

These defendants object to plaintiff's exhibit 19 as it is hearsay, irrelevant, and immaterial as to whether these defendants are liable for the subject incident or claimed resulting injuries.

  20.  **Dr. Orfaly Prescription**

These defendants object to plaintiff's exhibit 20 on hearsay grounds.

  21.  **Letter from Office of Police Complaints**
  22.  **Referral of investigation by MPD Office of Professional Responsibility**
  23.  **MPD Complaint Summary Sheet**

These defendants object to plaintiff's exhibits 21 through 23 as hearsay, irrelevant, and immaterial.

  24.  **Invoice and Receipt for Eye Exam**
  25.  **Dr. Heydarian Statement**
  26.  **Records from Mazloum Visit to Henrico Doctors' Hospital in Richmond, Va.**

These defendants object to plaintiff's exhibits 24 through 26 on hearsay grounds.

  27.  **Application for Crime Victims Compensation Program**
  28.  **5/18/05 Letter from DC Crime Victims Compensation Program and attachment**
  29.  **6/01/05 Letter from DC Crime Victims Compensation Program and**

       attachments
30. 6/15/05 Letter from FBI to DC Crime Victims Compensation Program and attachments
31. 6/16/05 Letter from DC Crime Victims Compensation Program
32. Compilation of Medical Bills paid through DC Crime Victims Compensation Program
33. 7/11/05 Faxed letter from FBI to DC Crime Victims Compensation Program re Mazloum
34. 9/08/05 Letter from DC Crime Victim Compensation Program to Medicredit
35. 3/29/05 DC Crime Victim Compensation Program Law Enforcement Verification Form

These defendants object to plaintiff's exhibits 27 through 35 as hearsay, irrelevant, and immaterial.

36. 3/18/05 Mazloum Payment Agreement at INOVA Surgery Center

These defendants object to plaintiff's exhibit 36 on hearsay grounds.

38. MPD Special Order (SO-04-07): "Carrying Service Firearms While Off-Duty in the District of Columbia"
39. MPD General Order (GO - RAR - 901.07) "Use of Force"
40. MPD "Table of Offenses and Penalties"
41. Excerpts from Video taken during Rule 34 Inspection of FUR Nightclub

These defendants object to plaintiff's exhibits 36 through 41 as irrelevant and immaterial.

42. Demonstrative exhibit summarizing Mazloum hospital and medical expenses
43. Demonstrative Exhibits Depicting FUR Nightclub floor plan and camera positioning within
44. 1/22/06 Excerpt from video taken by Skip Coburn at FUR Nightclub

These defendants reserve the right to object to plaintiff's exhibits 42 through 44 upon inspection.

46. Items of Clothing worn by Emile Mazloum at FUR Nightclub on March 11-12, 2005

These defendants object to plaintiff's exhibit 46 as it is irrelevant and because any probative value is outweighed by the prejudice that would result.

3

**47.**     **7/24/05 Medical Record from Mazloum's Emergency Department Visit to Henrico Doctors' Hospital**

These defendants object to plaintiff's exhibit 47 on hearsay grounds.

**2.   Objections to Plaintiff's Exhibits ("May Use" Documents):**

**MPD Witness Statements of Imad Alkadi and Marwan Abi-Aad; FBI Statements of Emile Mazloum (2), Marwan Abi-Aad, David McLeod, Skip Coburn, Emile Mazloum, John Fiorito, Imad Alkadi, Anthony Ramirez, Thaddeus Modlin, Louis Schneider, Michael Persons.**

These defendants object to these exhibits on the grounds that the statements are hearsay and cumulative as the plaintiff and witnesses will be testifying at trial.

**Audio tape of March 10, 2005 phone answering machine message left by Anthony Ramirez, Transcript of March 10, 2005 phone answering machine message left by Anthony Ramirez and Transcript of September 5, 2006 trial proceedings in Arizona v. Ramirez (No. 20059036831).**

These defendants object to these exhibits on the grounds that the statements are irrelevant and immaterial. Further, these exhibits were the subject of a Motion in Limine filed by defendant Anthony Ramirez. This Court ruled that the statements are inadmissible at trial.

**Interrogatory Responses of Anthony Ramirez, Anthony Ramirez's Responses to Plaintiff's First and Second Requests for Admission, Responses of Off-Duty Officers to Plaintiff's Requests for Admission, Off-Duty Officer Defendants' Rule 26(a) Disclosures, Off-Duty Officer Defendants' Amended Rule 26(a) Disclosures, Ramirez's Answer to Second Amended Complaint.**

These defendants object to the use of discovery responses, other than for impeachment purposes, as cumulative as the witnesses will be testifying at trial.

**Deposition Testimony of Anthony Ramirez, Thaddeus Modlin, Richmond Phillips, Louis Schneider, Michael Persons, David McLeod and Diego Sequiera.**

These defendants object to the use of deposition testimony, other than for impeachment purposes, as cumulative since the witnesses will be testifying at trial.

3.  **Other issues:**

These defendants object to the use of an interpreter unless the interpreter meets the qualifications of Fed. R. Evidence 702.

4.  **Plaintiff's Proposed Non-Standard Jury Instructions:**

   a. **General Introductory Statement, Section 1983; Elements of Cause of Action for Use of Excessive Force and Unlawful Arrest; 42 U.S.C. § 1983 Claim: Deprivation of Constitutional Rights; Probable Cause and Section 1983 Claim; 42 U.S.C. § 1983 Claim: Reasonableness of Conduct of Police Officers; "Color of Law" Aspect of Excessive Force and Unlawful and Causation Element if Claim Arising Under 42 U.S.C. § 1983; Alternative Basis for Liability under 42 U.S.C. § 1983 "Bystander Liability."**

Defendants Modlin, Schneider and Phillips object to any mention of § 1983 claims against them since they have a pending appeal in the United States Court of Appeals for the District of Columbia.

These defendants reserve their rights to object on all proposed jury instructions until all of the evidence is before the jury.

5.  **Plaintiff's Proposed Fact Stipulations.**

Defendants District, Ramirez, Modlin, Phillips and Schneider will stipulate to the following proposed fact stipulations:

   a. That on March 12, 2005, defendants Ramirez, Modlin, Phillips and Schneider were all employed as officers of the D.C. Metropolitan Police Department.

   b. On March 12, 2005, defendants Ramirez, Modlin, Phillips and Schneider were patrons at FUR nightclub.

These defendants will not stipulate to plaintiff's other proposed fact stipulations.

                Respectfully submitted,

                PETER J. NICKLES
                Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division


          /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Sec. IV


          /s/ Leticia L. Valdes
        MICHAEL P. BRUCKHEIM [455192]
        LETICIA L. VALDES [0461327]
        Assistants Attorney General
        SHAMEKA L. GAINEY [493891]
        Special Assistant Attorney General
        441 Fourth Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 442-9845; (202) 730-1881