UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EMILE MAZLOUM, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:06 CV 00002 (JDB) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS MOTION
*IN LIMINE* TO PRECLUDE THE FUR DEFENDANTS FROM USING
DEFENDANT JOHN FIORITO'S DEPOSITION TESTIMONY AT TRIAL**

The FUR Defendants' memorandum of law opposing the Plaintiff's Motion to Preclude the use of John Fiorito's deposition testimony at trial is as notable for its lofty flights of rhetoric as it is for its evasiveness. This is because the opposition strenuously avoids mention of two facts of great significance to the resolution of Plaintiff's motion: (1) John Fiorito is a central witness in this case; and (2) there is no *bona fide* reason why his live or videotaped testimony could not be presented at trial instead of reading his deposition into the record.

The evidence supporting Fiorito's centrality is ample. To recap: Fiorito has a substantial and highly lucrative ownership interest in FUR Nightclub.[1] He possesses first-hand knowledge of significant portions of the altercation between the Plaintiff and the individual Defendants. And he orchestrated FUR's "response" to the incident by attempting to intimidate a key eyewitness to the

---

[1] Despite his newly undertaken position as a deputy sheriff in Florida, Mr. Fiorito presumably continues to get his weekly check for $2500 from FUR for his ownership interest, as he stated in his deposition. There has been no suggestion that the FUR Defendants cannot afford to bring Mr. Fiorito to attend the trial or that it would result in any financial hardship for them to do so.

beating Mazloum experienced (Imad Alkadi), while also destroying or ordering the destruction of videotape evidence of the same after being told by another defendant, Anthony Ramirez, that the Plaintiff had filed a police complaint regarding the beating.

Significantly, Fiorito is not simply a high-level party witness.  Rather, **he remains an actual party to this matter**, potentially subject to appeal of the summary judgment decision in his favor once a final judgment is rendered.  The fact that he has been granted summary judgment on the claims asserted against him does not alter his party status as a matter of federal procedure. *See* Fed. R. Civ. P. 54(b) ("any order or decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *does not end the action* as to *any* of the claims or parties") (emphasis added).

The FUR Defendants clearly agree that Fiorito is a significant witness - they have designated **sixty-six (66)** separate portions from the two Fiorito depositions (*see* FUR Defendants' Pretrial Statement, dated March 3, 2008, at 5-6 (Docket No. 164)).  This is more than quadruple the number of deposition citations offered for any other single witness by any other party in the case.  Once counter-designations from the Plaintiff are factored in (and there will be numerous counter-designations if a compromise of this matter cannot be fashioned), virtually the entirety of both of Fiorito's deposition transcripts—a total of three-hundred pages of transcripts all together—will have to be offered, and laboriously read, to the jury.  This is plainly not a desirable or efficient use of trial time.

To justify their tactical decision[2] to use Fiorito's deposition transcript in lieu of live testimony, the FUR Defendants point to the "pellucid" language of Rule 32, which permits the use of a deposition at trial regardless of party status. However, they ignore the fact that the rule, as its very title suggests, does not come into play unless it is unquestionably the case that the witness at issue—party or not—is unavailable. *See* Fed. R. Civ. P. 32(a) (4) ("Unavailable Witness"). And availability is not resolved in the FUR Defendants' favor simply because Fiorito purports to live in Florida, beyond the 100-mile limit mentioned in Rule 32(a)(4)(B). On the contrary, Fiorito's status as a party and/or party witness means that he is by definition *available* even if he happens to be literally outside the 100-mile limit set forth in Rule 32. This is due to the fact that, if a Rule 45 trial subpoena were served on Fiorito in Florida issuing from this very Court, Fiorito could not (due to his party/party witness status) successfully quash it, would be compelled to appear, and then could be examined in person by the FUR Defendants. Fed. R. Civ. P. 45(c)(3)(A)(ii). Under such circumstances, the status of a witness as a party himself, or a significant party witness, enables a federal court to issue a subpoena to him regardless of whether the witness is found within 100 miles of the courthouse. (*See* Pl.'s Mot. at 7-8.)

Far from being "utterly groundless," "muddled," or "invent[ing] judicial authority," as the FUR Defendants conclusorily assert, Plaintiff's construction of Rule 45 is embraced by "the majority of courts." *Clark v. Wilkin*, No. 2:06 cv 693 TS DN, 2008 WL 648542, at *1 (D. Utah March 10, 2008) (citing decisions from district courts in Arkansas, New York, Kansas, Iowa, Minnesota, Utah,

---

2 Fiorito's depositions were characterized by snide comments by the witness, self-serving speeches, and innumerable arguments with Plaintiff's counsel over the meaning of properly-formed questions. As such, it is Plaintiff's reasoned belief that the FUR Defendants would prefer to present Fiorito's testimony in transcripted form, in order to prevent the jury from observing his untrustworthy demeanor first-hand.

Illinois, New Jersey, and Pennsylvania).[3] And it is a sensible approach as well, as there is less need to afford special protections to party or party-affiliated witnesses from the inconvenience of responding to trial subpoenas issuing from far-off U.S. courts. As noted in *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002), "[t]he purpose of the 100 mile exception is to protect witnesses from being subject to excessive discovery burdens in litigation in which they have little or no interest." It simply cannot be said that Fiorito has "little or no interest" in the results of this lawsuit.

In support of their position, the best the FUR Defendants can do is cite (at inordinate length) a <u>single</u> case from an Illinois district court, *JamSport & Entm't, LLC. v. Paradama Prods., Inc.,* 2005 WL 14917 (N.D. Ill. Jan. 3, 2005), that embraced the construction of Rule 45 they favor. However, the *JamSport* decision on its face does not appear to involve the sort of "party" witness and/or high level party employee witness that is at issue here.[4] Moreover, other cases decided in the *same* Illinois district court favor the Plaintiff's position. *See, e.g., Venzor v. Chavez Gonzalez,* 968 F. Supp. 1258, 1267 (N.D. Ill. 1997). Accordingly, the FUR Defendants' pleas that the *JamSport* case be enshrined as the "best" reading of Rule 45 should be taken with the proverbial grain of salt. The great weight of authority from at least ten federal district courts overwhelmingly supports Plaintiff's

---

3 Plaintiff is aware of no D.C. District Court case squarely addressing the interplay between Rules 45(b)(2)(B) and 45(c)(3)(A)(ii). A motion to quash a subpoena issued from this Court would be appropriately addressed in this forum rather than in Florida, since D.C. is the location for trial (Fed. R. Civ. P. 45(a)(2)(A)) and this Court the appropriate source of such a subpoena. However, in one recent Florida district court case, *Williams v. Asplundh Tree Expert Co.,* No. 3:05-cv-479-J-33MCR, 2006 WL 2598758 (M.D. Fla. Sept. 11, 2006), a district court recognized the majority rule in federal district courts that party witnesses and "high level employees" of parties could be served with a trial subpoena even if they were outside the 100-mile limit for service, and denied a motion to quash the service of such a Florida trial subpoena on a party witness found in Pennsylvania.

4 The defendant in *JamSport* was an entity called Paradama Productions, Inc., whereas the subpoenaed party was an officer of Clear Channel. There may have been a relationship between the two that elevated Clear Channel to the status of a party, but it is not evident from the face of the decision.

position that Fiorito could be subpoenaed in Florida to appear at trial in the District, given his status in this case.

In ruling on this motion, this Court should take into account the lack of cooperation displayed by the FUR Defendants or their counsel in searching for a resolution of the dispute. Plaintiff is not suggesting that the only alternative to presenting Fiorito's deposition testimony is to bring him to trial in person. Instead, Plaintiff has proposed that, to the extent it is in fact inconvenient for Fiorito to travel to the District of Columbia for trial, he be made available in advance to videotape his testimony, and/or that his testimony be transmitted by video and audio hook-up during the trial itself, as a substitute to his traveling to D.C. Any such compromise would avoid prejudice to the Plaintiff, which is inevitable if such an important witness is allowed to testify solely through his deposition transcript.

The FUR Defendants have rejected all such proposed compromises out of hand and now chastise the Plaintiff for not videotaping the deposition in advance, ignoring the fact that Fiorito was unquestionably a non-nominal party at the times both of his depositions were taken and was therefore expected to be present at trial. The lack of courtesy inherent in the extreme position on this matter staked out by the FUR Defendants, combined with its self-evident desire to shield a witness from cross-examination, is troubling. At the very least, the FUR Defendants are acting inconsistently with the mandate of Fed. R. Civ. P. 1, which seeks to secure the "just, speedy and inexpensive" determination of every action. The proposals to resolve this impasse suggested by the Plaintiff, on the other hand, will help secure a more efficient trial.

## CONCLUSION

For the foregoing reasons, Plaintiff reiterates his requests that this Court rule that Fiorito's deposition testimony may not be used in lieu of live testimony.  If the FUR Defendants wish to present his testimony, it must be either in person, or by videotaped deposition, or by live feed at the time of trial.

Respectfully submitted,

Dated:  April 7, 2008  /s/
Brian H. Corcoran (Bar No. 456976)
David J. Gonen (Bar No. 500094)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C.  20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C.  20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum