UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMILE MAZLOUM, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 1:06 CV 00002 (JDB) |
| v. | ) ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE TO THE FUR DEFENDANTS'**
**OBJECTION TO PLAINTIFF'S PROPOSED COUNTER-DESIGNATION DOCUMENT**

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, for his response to the objections of defendants Night & Day Management, LLC ("FUR") and Michael Persons (together, the "FUR Defendants"), dated April 17, 2008, to Plaintiff's proposed counter-designated document in response to the deposition designations offered for John Fiorito, states as follows:

In the proposed counter-designations to the deposition designations for John Fiorito offered by the FUR Defendants, Plaintiff included a document - a prior statement of Mr. Fiorito's prepared in July 2005, which was signed and sworn under penalty of fine or imprisonment (citing D.C. Code §22-2514).  *See* July 28, 2005 MPD Form P.D. 199 Statement, a true copy of which is attached as Exhibit A.  As the Court is aware, Mr. Fiorito's testimony will be offered at trial via his deposition, making him an unavailable declarant.  His prior deposition, being offered by the FUR defendants, is thus admissible as a hearsay exception under FRE 804(b)(1) as "former testimony."

Rule 806 specifically addresses the means of attacking the credibility of an unavailable declarant such as Mr. Fiorito.  As Rule 806 states,

> [w]hen a hearsay statement… has been admitted in evidence, the credibility of the declarant may be attacked…by any evidence which would be admissible for those purposes if the declarant had testified as a witness.

Fed. R. Evid. 806 (2008). The framers of the Rules of Evidence clearly recognized that in such a situation, the opponent has already been barred from cross-examination, and it would be unfair to deny the opponent the all-important technique of impeaching the witness by showing a prior inconsistent statement.

The impeaching nature of this statement is evident from its face. Fiorito swore in his July 28, 2005 statement that he *witnessed* the start of the altercation - that he saw the plaintiff attack the FUR bouncer, Michael Persons. *See* Exhibit A at 1. He goes on to describe in detail the additional involvement of Plaintiff's two friends in the attack upon Persons, after which (he says) he saw two of the off-duty officers come over to assist Persons. But in his deposition, Fiorito tells a very different story. There, he says he did not become aware of the situation until he saw Mazloum being taken across the dance floor, and did not see anything that had gone before.

If Fiorito were to testify in person consistently with his deposition, his attention would of course be called to his prior signed statement, and he would be in the position of trying to reconcile two hopelessly inconsistent versions. (Presumably, it was precisely to avoid this sort of situation that the FUR defendants have elected to use the Fiorito deposition at trial in lieu of live testimony, and thus avoid any cross- examination). But because his testimony will only come into the record via his transcripted deposition testimony, it would be grossly unfair to permit Fiorito to tell his story by deposition, and then bar plaintiff from adducing the totally inconsistent prior statement. Rule 806 was plainly designed to prevent just such unfairness.

Mr. Fiorito's prior inconsistent statement is to be read into the record not as substantive evidence, but solely to impeach his deposition testimony. Thus, its proposed use is not contrary to the case cited by the FUR Defendants, *U.S. v. Livingston,* 661 F.2d 239 (D.C. Cir. 1981). In

*Livingston*, the D.C. Circuit not only did not mention FRE 806, but also held that a prior inconsistent statement clearly *could* be used for impeachment – the very purpose for which the Fiorito statement is being offered.

                        Respectfully submitted,

Dated: April 21, 2008              /s/
                                        Brian H. Corcoran (Bar No. 456976)
David J. Gonen (Bar No. 500094)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Susan Huhta (Bar No. 453478)
Warren R. Kaplan (Bar No. 034470)
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Warren_Kaplan@washlaw.org

Attorneys for Plaintiff
Emile Mazloum