**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

EMILE MAZLOUM,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

C.A. No. 06-0002 (JDB)

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AND CROSS-CLAIM AGAINST DEFENDANTS NIGHT AND DAY MANAGEMENT, LLC, d/b/a FUR NIGHTCLUB**

The Defendant District of Columbia ("the District"), by and through counsel, answers Plaintiff's Second Amended Complaint in like numbered paragraphs.

**FIRST DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**NATURE OF THE CASE**

1.    Paragraph 1 contains conclusions of law and of the pleader and as, such no answer is required.

2.    The District denies the allegations contained in paragraph 2 of the Second Amended Complaint.

3.    The District denies the allegations contained in paragraph 3 of the Second Amended Complaint.

4.    The District denies the allegations contained in paragraph 4 of the Second Amended Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 contains conclusions of law and of the pleader and as, such no answer is required.

6. Paragraph 6 contains conclusions of law and of the pleader and as, such no answer is required.

7. Paragraph 7 contains conclusions of law and of the pleader and as, such no answer is required.

## THE PARTIES

8. The District has insufficient information to admit or deny the allegations contained in paragraph 8 of the Second Amended Complaint.

9. The District admits that it is a municipality, and that the D.C. Metropolitan Police Department is an agency within the District government.

10. The District has insufficient information to admit or deny the allegations contained in paragraph 10 of the Second Amended Complaint.

11. The District admits that at the time of the incident that is the subject of this lawsuit, Defendants Ramirez, Modlin, Phillips and Schneider were employed as police officers with the Metropolitan Police Department. Further answering, the District admits that the Defendant police officers were off-duty when they visited the FUR Nightclub on March 12, 2005.

12. The District has insufficient information to admit or deny the allegations contained in paragraph 12 of the Second Amended Complaint.

13. The District admits the allegations contained in paragraph 13 of the Second Amended Complaint.

14. The District has insufficient information to admit or deny the allegations contained in paragraph 14 of the Second Amended Complaint.

## **FACTS**

15. The District has insufficient information to admit or deny the allegations contained in paragraph 15 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

16. The District has insufficient information to admit or deny the allegations contained in paragraph 16 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

17. The District has insufficient information to admit or deny the allegations contained in paragraph 17 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

18. The District has insufficient information to admit or deny the allegations contained in paragraph 18 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

19. The District has insufficient information to admit or deny the allegations contained in paragraph 19 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

20. The District has insufficient information to admit or deny the allegations contained in paragraph 20 of the Second Amended Complaint. The District denies any

inference of any wrongdoing.

21. The District has insufficient information to admit or deny the allegations contained in paragraph 21 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

22. The District admits that defendants Modlin, Phillips, Schneider and Ramirez were off-duty when the were patrons of Fur Nightclub, and that they intervened to restore law and order. The District denies the remaining allegations.

23. The District denies the allegations contained in paragraph 23 of the Second Amended Complaint.

24. The District has insufficient information to admit or deny the allegations contained in paragraph 24 of the Second Amended Complaint. The District denies any inference of any wrongdoing. wrongdoing.

25. The District admits that the officers identified themselves as police officers, and presented their badges for identification. The remaining allegations are denied.

26. The District denies the allegations contained in paragraph 26 of the Second Amended Complaint.

27. The District admits that defendant Ramirez' handcuffed were used to restrain plaintiff. The remaining allegations are denied.

28. The District denies the allegations contained in paragraph 28 of the Second Amended Complaint.

29. The District denies the allegations contained in paragraph 29 of the Second Amended Complaint.

30. The District denies the allegations contained in paragraph 30 of the Second Amended Complaint.

31. The District denies the allegations contained in paragraph 31 of the Second Amended Complaint.

32. The District admits that an MPD squad car arrived at Fur Nightclub on the day of the subject incident. The District has insufficient information to admit or deny the remaining allegations contained in paragraph 32 of the Second Amended Complaint. The District denies any inference of any wrongdoing. wrongdoing.

33. The District denies the allegations contained in paragraph 33 of the Second Amended Complaint.

34. The District has insufficient information to admit or deny the allegations contained in paragraph 34 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

35. The District has insufficient information to admit or deny the allegations contained in paragraph 35 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

36. The District has insufficient information to admit or deny the allegations contained in paragraph 36 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

37. The District has insufficient information to admit or deny the allegations contained in paragraph 37 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

38. The District has insufficient information to admit or deny the allegations contained in paragraph 38 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

39. The District has insufficient information to admit or deny the allegations contained in paragraph 39 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

40. The District has insufficient information to admit or deny the allegations contained in paragraph 40 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

41. The District has insufficient information to admit or deny the allegations contained in paragraph 41 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

42. The District has insufficient information to admit or deny the allegations contained in paragraph 42 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

43. The District has insufficient information to admit or deny the allegations contained in paragraph 43 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

44. The District has insufficient information to admit or deny the allegations contained in paragraph 44 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

45. The District admits that defendant Ramirez saw plaintiff at the First District

police station. The District has insufficient information to admit or deny the remaining allegations contained in paragraph 45 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

46. The District has insufficient information to admit or deny the allegations contained in paragraph 46 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

47. The District admits that written statements were taken from Mr. Abi-Aad and Mr. Alkadi, and that a photograph was taken of plaintiff. The District lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 47 of the Second Amended Complaint.

48. The District has insufficient information to admit or deny the allegations contained in paragraph 48 of the Second Amended Complaint. The District denies any inference of any wrongdoing.

49. The District admits that no criminal or disciplinary action has been taken against the defendant officers.

50. The District has insufficient information to admit or deny the allegations contained in paragraph 50 of the Second Amended Complaint. The District denies any inference of any wrongdoing

51. The District has insufficient information to admit or deny the allegations contained in paragraph 51 of the Second Amended Complaint. The District denies any inference of any wrongdoing

52. The District has insufficient information to admit or deny the allegations

contained in paragraph 52 of the Second Amended Complaint. The District denies any inference of any wrongdoing

53. The District has insufficient information to admit or deny the allegations contained in paragraph 53 of the Second Amended Complaint. The District denies any inference of any wrongdoing

54. The allegations in paragraph 54 are the legal conclusions of the pleader to which no response is required.

55. The District has insufficient information to admit or deny the allegations contained in paragraph 55 of the Second Amended Complaint.

56. The District denies the allegations contained in paragraph 56 of the Second Amended Complaint.

### COUNT I – 42 U.S.C. § 1983
**(as against Defendants Ramirez, Modlin, Phillip and Schneider)**

57. The District repeats and re-alleges each of its answers to paragraphs 1 through 56 as if fully incorporated herein.

58. Paragraph 58 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

59. Paragraph 59 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

60. Paragraph 60 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

61. Paragraph 61 of the Second Amended Complaint does not pertain to the District

and, therefore, no answer is required.

62.     Paragraph 62 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

63.     Paragraph 63 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

### COUNT II – Assault and Battery
### (as against Defendants Ramirez, Persons, Modlin, Phillip and Schneider, District of Columbia and FUR Nightclub)

64.     The District repeats and re-alleges each of its answers to paragraphs 1 through 63 as if fully incorporated herein.

65.     The District denies the allegations contained in paragraph 65 of the Second Amended Complaint.

66.     The District denies the allegations contained in paragraph 66 of the Second Amended Complaint.

67.     The District denies the allegations contained in paragraph 67 of the Second Amended Complaint.

68.     The District denies the allegations contained in paragraph 68 of the Second Amended Complaint.

69.     The District denies the allegations contained in paragraph 69 of the Second Amended Complaint.

70.     The District denies the allegations contained in paragraph 70 of the Second Amended Complaint.

71.     The District denies the allegations contained in paragraph 71 of the Second

Amended Complaint.

72. The District denies the allegations contained in paragraph 72 of the Second Amended Complaint.

### COUNT III – RACIAL DISCRIMINATION (42 U.S.C. § 1981)
**(as against Defendants District of Columbia, Ramirez, Modlin, Phillip and Schneider)**

73. The District repeats and re-alleges each of its answers to paragraphs 1 through 73 as if fully incorporated herein.

74.-76. Plaintiff consented and this Court approved dismissal of this Count against the District. Therefore, no response is required to these allegations.

### COUNT IV – D.C. Human Rights Act (D.C. Code § 2-1401.01, *et seq.*)
**(as against all Defendants)**

77. The District repeats and re-alleges each of its answers to paragraphs 1 through 76 as if fully incorporated herein.

78. Paragraph 78 of the Second Amended Complaint contains conclusions of law and, therefore, no response is required.

79. Paragraph 79 of the Second Amended Complaint contains conclusions of law and, therefore, no response is required.

80. The District denies the allegations contained in paragraph 80 of the Second Amended Complaint.

81. The District denies the allegations contained in paragraph 81 of the Second Amended Complaint.

82. Paragraph 82 of the Second Amended Complaint contains conclusions of law and, therefore, no response is required.

83. The District denies the allegations contained in paragraph 83 of the Second Amended Complaint.

84. The District denies the allegations contained in paragraph 84 of the Second Amended Complaint.

### COUNT V – Reckless/Negligent Spoliation of Evidence
**(as against Defendants Rehman, the Nightclub, and Fiorito)**

85. The District repeats and re-alleges each of its answers to paragraphs 1 through 84 as if fully incorporated herein.

86. Paragraph 86 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

87. Paragraph 87 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

88. Paragraph 88 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

89. Paragraph 89 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

90. Paragraph 90 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

91. Paragraph 91 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

92. Paragraph 92 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

**COUNT VI – Aiding and Abetting Spoliation of Evidence**
**(as against Defendant Ramirez)**

93.     The District repeats and re-alleges each of its answers to paragraphs 1 through 92 as if fully incorporated herein.

94.     Paragraph 94 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

95.     Paragraph 95 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

96.     Paragraph 96 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

97.     Paragraph 97 of the Second Amended Complaint does not pertain to the District and, therefore, no answer is required.

Further answering the Second Amended Complaint, the District denies all allegations not specifically admitted or otherwise answered, including allegations of assault and battery, excessive force, deprivation of constitutional and civil rights.

**THIRD DEFENSE**

The District denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, deliberate indifference, and denies the existence of an unconstitutional policy or custom that led to plaintiff's injuries.

**FOURTH DEFENSE**

Plaintiff cannot establish municipal liability against the District pursuant to 42 U.S.C. § 1983, because no District custom, policy or practice led to plaintiff's alleged injuries.

**FIFTH DEFENSE**

The District cannot be held liable under 42 U.S.C. § 1983, for the alleged constitutional misconduct of its employees or other persons or entities under a theory of *respondeat superior* liability.

**SIXTH DEFENSE**

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

**SEVENTH DEFENSE**

If plaintiff was injured and damaged as alleged in the Second Amended Complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

**EIGHTH DEFENSE**

If plaintiff was injured or otherwise damaged as alleged in the Second Amended Complaint, such injuries and/or damages were the result of the intentional misconduct of a person or persons other than the District, its agents, employees or servants acting within the scope of employment.

**NINTH DEFENSE**

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Official Code Section 12-309 (2001).

**TENTH DEFENSE**

Plaintiff may have failed to mitigate his damages.

**ELEVENTH DEFENSE**

The District asserts immunity, and absence of bad faith and absence.

### TWELFTH DEFENSE

The action may be barred by the statute of limitations.

### THIRTEENTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

### FOURTEENTH DEFENSE

Plaintiff cannot establish that any actions taken by any District employee was the result of racial discrimination, and therefore his claim filed under the D.C. Human Rights Act fails as a matter of law.

### SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of plaintiff, including medical care, and any funds he received from the D.C. Victim's Fund.

### JURY DEMAND

The District hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

   /s/ Leticia L. Valdes
MICHAEL P. BRUCKHEIM [455192]
Chief, Criminal Section
LETICIA L. VALDES [461327]
Assistants Attorney General
SHAMEKA L. GAINEY [493891]
Special Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 727-3807; (202) 442-9845; (202) 727-6295
(202) 730-1881 (fax)

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

EMILE MAZLOUM,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

C.A. No. 06-0002 (JDB)

## DEFENDANTS DISTRICT OF COULMBIA'S CROSS CLAIM AGAINST DEFENDANTS NIGHT AND DAY MANAGEMENT, LLC, d/b/a FUR NIGHTCLUB, AND MICHAEL PERSONS

Defendants District of Columbia ("the District"), Anthony Ramirez, Richmond Phillips, Thaddeus Modlin and Louis Schneider, by and through counsel, and pursuant to Fed. R. Civ. P. 13(g), hereby asserts their Cross-claim against Defendants Night and Day Management, LLC, d/b/a Fur Nightclub, and Michael Persons. In support thereof, the District states that:

    1.    Plaintiff Emile Mazloum filed a Second Amended Complaint against the District, off-duty D.C. Metropolitan Police officers Anthony Ramirez, Richmond Phillips, Thaddeus Modlin and Louis Schneider, and on-duty D.C. Metropolitan Police officers Jose Acosta and David Smith, Night and Day Management, LLC, d/b/a Fur Nightclub, and its employees Michael Persons, John Fiorito, Michael Rehman. Plaintiff's claims stem from injuries he alleges he sustained from these defendants while he was a patron of Fur Nightclub on or about March 12, 2005. See Docket Entry #110.

2. By Court Order, defendants Jose Acosta, David Smith, John Fiorito, and Michael Rehman have been dismissed as party defendants.

3. Defendant District denies any act or omission on its part or by its employees which caused and/or contributed to Plaintiff's alleged injuries.

4. If Plaintiff sustained any injuries or damages as alleged in his Second Amended Complaint, those injuries were the result of the actions of defendants Michael Persons and Night and Day Management, LL, d/b/a Fur Nightclub, and not the District or its employees.

5. If Plaintiff sustained any injuries or damages as alleged in his Second Amended Complaint, Defendants Michael Persons and Night and Day Management, LL, d/b/a Fur Nightclub, caused and/or contributed to those injuries and the District is entitled to indemnification and/or contribution from Defendants Michael Persons and Night and Day Management, LL, d/b/a Fur Nightclub.

WHEREFORE, the District demands judgment by way of indemnification and/or contribution from Defendants Night and Day Management, LL, d/b/a Fur Nightclub, and Michael Persons.

    Respectfully submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Patricia A. Jones
    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV

   /s/ Leticia L. Valdes
MICHAEL P. BRUCKHEIM [455192]
Chief, Criminal Section
LETICIA L. VALDES [461327]
Assistants Attorney General
SHAMEKA L. GAINEY [493891]
Special Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 727-3807; (202) 442-9845; (202) 727-6295
(202) 730-1881 (fax)