UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-002 (JDB) |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | : |

NOTICE OF FILING

Defendants District of Columbia, Anthony Ramirez, Thaddeus Modlin, Richmond Phillips and Louis Schneider, by and through counsel, herein submit this notice of filing as it relates to Plaintiff's email to the Court regarding the special interrogatories that were provided to the jury pre-deliberations.

1. Plaintiff's counsel's email to the Court is in violation of Court rules.

2. The District defendants' position is that the jury must return a unanimous verdict, and we would object to anything less. When the Court submitted the special interrogatories to the jury, the jury was told that their verdict must be unanimous. Having provided the special interrogatories to the Court, the Court can not now tamper with the jury's deliberations. The Court can not now say that we're going to disregard the special interrogatories.

3. Plaintiff relies upon *Johnson v. Breeden*, 280 F. 3d 1308, 1318 (11th Cir. 2002) for support that the Court may disregard the special interrogatories that have already been provided to the jury, since the Court wants the answers to assist it in its determination of the qualified immunity issue. Citing *Jazzabi v. Allstate Ins. Co.*, 278

F.3d 979 (9th Cir. 2002), Plaintiff argues that civil juries need not reach unanimous agreements on all the preliminary factual issues which underlie the verdict, but must render unanimous verdicts on the ultimate issues of a given case, not just the final verdict itself.  Contrary to Plaintiff's arguments, the special interrogatories that were given to this jury go to the ultimate issues in the Mazloum case; those issues being whether the officers made the "al qaeda" statement, heard the statement, and/or assaulted and battered Plaintiff.  The mere fact that the jury cannot agree the on the special interrogatories presents a problem.  This is highlighted by the jury's question posed to the Court on Friday, May 3, 2008.  The jury asked whether they could find liability if they believed that Officer Ramirez uttered the statement "you fucking al qaeda" to Plaintiff.  Without more, liability cannot be found.  For instance, if the jury believes that Officer Ramirez uttered the offending language, but did not hit Plaintiff, then no liability can be found.  Mere words do not establish constitutional liability.  If the jury believed that Officer Ramirez uttered the offending language, but did not kick (as opposed to sweep Plaintiff's legs as he was trained to do), again, there is no liability.  The question also becomes whether the jury believes that the "al qaeda" comment was made inside the Fur Nightclub and was the motivation behind Plaintiff's removal from the club, or whether the comment was only made outside and was the motivation behind the alleged assault and battery allegedly committed by Defendant Ramirez.

                                        Respectfully submitted,

                                        PETER J. NICKLES
                                        Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec.  IV


   /s/ Leticia L. Valdes
MICHAEL P. BRUCKHEIM [455192]
Chief, Criminal Section
LETICIA L. VALDES [461327]
Assistants Attorney General
SHAMEKA L. GAINEY [493891]
Special Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 727-3807; (202) 442-9845; (202) 727-6295
(202) 730-1881 (fax)