UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMILE MAZLOUM,

Plaintiff,

v.

DISTRICT OF COLUMBIA, et al.,

Defendants.

Civil Action No. 06-0002 (JDB)

FILED
MAY 0 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## VERDICT FORM

THE JURY MUST UNANIMOUSLY AGREE ON THE ANSWERS TO ALL OF THE QUESTIONS. THE COMPLETED VERDICT FORM MUST BE SIGNED AND DATED BY THE FOREPERSON.

### SECTION I -- LIABILITY

**Part A -- Claims Against Michael Persons**

1. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Persons is liable for assault?

    Yes _____    No ✓\_\_\_\_\_

2. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Persons is liable for battery?

    Yes ✓\_\_\_\_\_    No _____

**Part B -- Claims Against Anthony Ramirez**

1. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez is liable for assault?

    Yes _____    No ✓\_\_\_\_\_

2. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez is liable for battery?

    Yes _____    No ✓\_\_\_\_\_

3. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez deprived Mr. Mazloum of his constitutional rights to be free from unlawful arrest or the use of excessive force under the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983?

   Yes __✓__       No _____

4. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez discriminated against Mr. Mazloum on the basis of his race, in violation of 42 U.S.C. § 1981?

   Yes _____       No __✓__

5. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez discriminated against Mr. Mazloum on the basis of actual or perceived race, appearance, religion, or national origin in violation of the D.C. Human Rights Act?

   Yes _____       No __✓__

**Part C -- Claims Against Thaddeus Modlin**

1. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Modlin discriminated against Mr. Mazloum on the basis of his race, in violation of 42 U.S.C. § 1981?

   Yes _____       No __✓__

2. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Modlin discriminated against Mr. Mazloum on the basis of actual or perceived race, appearance, religion, or national origin in violation of the D.C. Human Rights Act?

   Yes _____       No __✓__

**Part D -- Claims Against Richmond Phillips**

1. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Phillips discriminated against Mr. Mazloum on the basis of his race, in violation of 42 U.S.C. § 1981

   Yes _____       No __✓__

2.  Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Phillips discriminated against Mr. Mazloum on the basis of actual or perceived race, appearance, religion, or national origin in violation of the D.C. Human Rights Act?

    Yes _____    No ___✓___

**Part E -- Claims Against Louis Schneider**

1.  Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Schneider discriminated against Mr. Mazloum on the basis of his race, in violation of 42 U.S.C. § 1981?

    Yes _____    No ___✓___

2.  Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Schneider discriminated against Mr. Mazloum on the basis of actual or perceived race, appearance, religion, or national origin in violation of the D.C. Human Rights Act?

    Yes _____    No ___✓___

### SECTION II -- DAMAGES

If you have found in favor of Mr. Mazloum on any of his claims, you must consider what amount of damages, if any, is appropriate:

1.  Damages against Anthony Ramirez for unlawful arrest or the use of excessive force under 42 U.S.C. § 1983
    Compensatory: $ __5,000__
    Punitive: $ __25,000__

2.  Damages against Anthony Ramirez for assault or battery
    Compensatory: $ _____
    Punitive: $ _____

3.  Damages against Michael Persons for assault or battery
    Compensatory: $ __5,000__

4.  Damages for discrimination in violation of 42 U.S.C. § 1981
    Compensatory: $ _____
    Punitive against Anthony Ramirez only: $ _____

5.  Damages for discrimination in violation of the D.C. Human Rights Act:
    Compensatory: $ _____
    Punitive against Anthony Ramirez only: $ _____

-3-

## SECTION III -- SPECIAL INTERROGATORIES

If you have found in favor of Mr. Mazloum on any of his federal civil rights claims against Mr. Ramirez, Mr. Modlin, Mr. Phillips, or Mr. Schneider -- that is, if you answered "yes" to Questions 3 or 4 in Section I, Part B, or Question 1 in Section I, Parts C, D, or E -- you must answer the following special factual interrogatories.

DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT:

1. Prior to the intervention by the off-duty officers in the incident between Mr. Mazloum and Mr. Persons, Mr. Mazloum had engaged in any conduct that warranted the involvement of the police?

    Yes ✓          No _____

2. Mr. Persons initiated the physical contact with Mr. Mazloum?

    Yes ✓          No _____

3. Mr. Mazloum was pinned to the ground prior to the intervention by the off-duty officers?

    Yes ✓          No _____

4. The off-duty officers witnessed the start of the interaction between Mr. Mazloum and Mr. Persons?

    Yes _____     No ✓

5. Mr. Mazloum was a threat to the safety of the off-duty officers before they were involved in the incident?

    Yes _____     No ✓

6. Mr. Mazloum was a threat to the safety of other persons at the FUR Nightclub before the off-duty officers became involved in the incident?   *except insofar as he and Mr. Persons were scuffling.*

    Yes _____     No ✓

7. The off-duty officers clearly announced that they were District of Columbia police officers in the presence of Mr. Mazloum in the area of the stage?

    Yes _____     No _____

*We find by a preponderance of the evidence that the DC police identified themselves but we also find that Mr. Mazloum may not have heard them.*

-4-

8. The off-duty officers clearly announced that they were District of Columbia police officers in the presence of Mr. Mazloum in the area of the stairs to the tunnel?

   Yes _____   No _____ *we find that the DC police identified themselves but we also find that Mr. Mazloum may not have heard them.*

9. Mr. Mazloum resisted the off-duty officers' attempts to remove him from the FUR Nightclub?

   Yes ✓   No _____

10. The off-duty officers dragged and hit Mr. Mazloum? *We find by a preponderance of the evidence that the off-duty officers forced Mr. Mazloum across the floor and roughly handled him with excessive force.*

    Yes _____   No _____

11. Mr. Mazloum behaved in an intoxicated and disorderly manner toward the off-duty officers after they intervened?

    Yes ✓   No _____

12. Mr. Ramirez punched Mr. Mazloum after Mr. Mazloum was handcuffed? *For 12, 13, 14, we find that Mr. Ramirez was overally aggressive with Mr. Mazloum and Mr. Ramirez employed excessive force against Mr. Mazloum.*

    Yes _____   No _____

13. Mr. Ramirez kicked Mr. Mazloum after Mr. Mazloum was handcuffed?

    Yes _____   No _____

14. Mr. Ramirez slammed Mr. Mazloum's head on the sidewalk while Mr. Mazloum was handcuffed?

    Yes _____   No _____

15. Mr. Ramirez called Mr. Mazloum a "fucking al-qaeda"? *We, the jury cannot unanimously agree whether or not "fucking al-qaeda" by Mr. Ramirez was said. We do all unanimously agree that the entire incident was not racially motivated.*

    Yes _____   No _____

16. If your answer to question 15 is yes, do you find that defendants Modlin, Phillips, and Schneider heard Mr. Ramirez refer to Mr. Mazloum as a "fucking al-qaeda"?

    Yes _____   No _____

5/6/08
DATE

-5-