UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:06 CV 00002 |
| | ) (JDB) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF JUDGMENT AGAINST
DEFENDANT RAMIREZ ON PLAINTIFF'S BATTERY CLAIM
OR, ALTERNATIVELY, FOR A NEW TRIAL ON THAT CLAIM**

Following a six-day trial, during which the parties presented radically different accounts of the incident in question, the jury returned a verdict finding that Defendant Anthony Ramirez deprived Emile Mazloum of his Fourth Amendment rights to be free from unlawful arrest and/or the use of excessive force under 42 U.S.C. § 1983, and awarded Mazloum $5,000 in compensatory damages and $25,000 in punitive damages for that claim. The jury also unanimously and specifically found — in answering special interrogatories in words of the jury's own choosing — that the off-duty officers "forced Mr. Mazloum across the floor and roughly handled him with excessive force" and, in particular, that "Mr. Ramirez was overly aggressive with Mr. Mazloum and Mr. Ramirez employed excessive force against Mr. Mazloum." (Docket Entry #204.)

As elaborated below, the jury's special interrogatory findings of excessive force dictate the entry of judgment for Mazloum and against Ramirez on the battery claim. As the District has

itself acknowledged, Mazloum's excessive force and battery claims are legally co-extensive; a finding of excessive force necessarily entails a finding of unprivileged battery. The jury's finding for Ramirez on Plaintiff's battery claim in its general verdict therefore conflicts with its special interrogatory findings that Ramirez unequivocally engaged in excessive force. Under the Federal Rules of Civil Procedure and well-established principles of the law of verdicts, in the event of such a conflict, a jury's special interrogatory answers take precedence over its general verdict and a court has authority to enter judgment accordingly. Therefore, the Court should, pursuant to Fed. R. Civ. P. 49(b) and/or 59(e), set aside and/or amend the general verdict on battery and enter judgment against Ramirez and the District of Columbia[1] on that claim in accordance with the jury's interrogatory answers.

Alternatively, in light of the trial evidence and the jury's special findings of excessive force, the Court should, at a minimum, grant a new trial on the battery claim pursuant to Fed. R. Civ. P. 59(a)(1)(A).[2]

## PROCEDURAL BACKGROUND[3]

At trial, Ramirez moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) on, *inter alia*, Mazloum's Section 1983 claim based on excessive force and his claim for assault and battery. The Court denied the motion, holding that there was sufficient evidence to justify submitting both claims to the jury. After the close of evidence, the jury was accordingly instructed on these claims. *See* Jury Instructions, pp. 34-37 (assault and battery), pp. 44-46

---

[1] Because scope of employment was conceded by the District of Columbia, a verdict against Ramirez on the battery claim would apply against the District of Columbia by operation of law.

[2] Mazloum's motion, filed on May 20, 2008, indicated that he also intended to request a new trial due to the inadequacy of the jury's compensatory damages awards against Ramirez and the FUR defendants. Mr. Mazloum has since determined not to pursue that ground of relief and accordingly hereby withdraws that aspect of his motion.

[3] Mazloum will include a fuller background statement, including a review of the trial evidence, in his opposition to the District's Rule 50 and 59 motions.

(unlawful arrest and excessive force).

On May 6, 2008, after three days of deliberation, the jury returned its verdict. *See* Verdict Form (Docket Entry #204). As is relevant here, the jury's general verdict (Sections I and II of the form) found for Ramirez on the assault and battery claims; found for Mazloum on his Section 1983 claim that Ramirez deprived him of his "constitutional rights to be free from unlawful arrest or the use of excessive force"; and found that Ramirez was liable for $5,000 in compensatory damages and $25,000 in punitive damages on the Section 1983 claim. Verdict Form, pp. 1-3. The jury also completed special interrogatories (Section III of the form) in which the jury unanimously determined, in its own words, that "the off-duty officers forced Mr. Mazloum across the floor and *roughly handled him with excessive force*" (Jury's resp. to Interrog. #10) (emphasis added), and that "Mr. Ramirez was overly aggressive with Mr. Mazloum and Mr. Ramirez *employed excessive force* against Mr. Mazloum" (Jury's resp. to Interrogs. #12-14) (emphasis added).

After the jury returned the verdict but prior to disclosure of the substance of the verdict, the Court examined the verdict form in chambers. Upon return, the Court disclosed the verdict, announced that it did not find any inconsistencies in it, and without entertaining objection from the parties or counsel, shortly thereafter discharged the jury. The verdict form was then docketed. (Docket Entry #204.) On May 9, 2008, the judgments against Defendant Persons for battery and against Ramirez for violation of Section 1983 were docketed. (Docket Entries #206-208.)

The Court issued orders on May 7 and 14, 2008, setting a briefing schedule for post-trial motions. The schedule provided that post-verdict motions were to be filed no later than May 20th; memoranda in support of those motions no later than June 6th; and replies no later than

June 20th. Mazloum duly filed his motion on May 20, 2008 and now submits the present memorandum in support of that motion.

## ARGUMENT

**I.  Judgment Should Be Entered Against Ramirez on the Battery Claim in Accordance with the Jury's Special Interrogatory Findings that Ramirez Committed Excessive Force.**

    **A.  Where There Is an Inconsistency, a Court Is Authorized to Set Aside the General Verdict and Enter Judgment on the Jury's Special Interrogatory Answers.**

It is well-established in the law of verdicts that, as Justice Cardozo put it, the "special controls the general." *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332 (1934) (Cardozo, J.). The rationale for this rule is that a jury's responses to special interrogatories are considered to be more concrete and reliable than its responses in a general verdict, and thus take precedence in the event of a conflict. *See* Wright & Miller, 9B Fed. Prac. & Proc. Civ.2d § 2513 (2008); *Elliott v. Watkins Trucking Co.*, 406 F.2d 90, 92 (7th Cir. 1969). Given the primacy of interrogatory answers, it follows that a court "may not enter judgment on a verdict inconsistent with interrogatories." *Blackwell v. Cities Service Oil Co.*, 532 F.2d 1006, 1008 (5th Cir. 1976).

Although courts must first attempt to harmonize apparent inconsistencies between a general verdict and the interrogatories, where an inconsistency cannot be reconciled, courts have authority pursuant to Fed. R. Civ. P. 49(b) and/or 59(e) to set aside the general verdict and enter judgment in accordance with the interrogatory answers. That is, the court may "disregard the general verdict entirely and order that a judgment be entered on the basis of the jury's answers to the interrogatories on the theory that they are more reliable than the general verdict." Wright &

Miller, § 2513 (discussing Rule 49(b)). Rule 49(b)[4] expressly provides for this procedure in the event of an inconsistency: "[I]f the answers to the interrogatories are inconsistent with the verdict, the trial judge may either enter judgment in accordance with the answers and notwithstanding the general verdict, may return the jury for further consideration of its answers and verdict, or may order a new trial." *Blackwell*, 532 F.2d at 1008 (citing Rule 49(b)). *See also Julien J. Studley, Inc. v. Gulf Oil Corp.*, 407 F.2d 521, 526 (2d Cir. 1969) (noting that Rule 49(b)'s provision of authority to conform a general verdict to the interrogatories "embodies old and sound learning").

Similarly, Rule 59(e), which authorizes a court to alter or amend a judgment, is also a proper vehicle for correcting an inconsistency in the verdict. *See, e.g., Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1275 (10th Cir. 2005) (joining other Circuits in holding that Rule 59(e), "in its role of correcting manifest errors of law," may be used to correct "verdict inconsistencies") (collecting cases); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (stating that under Rule 59(e), a court has discretion to alter or amend a judgment to "correct a clear error" and/or to prevent "manifest injustice").

These principles apply in a wide variety of contexts, including cases like the present one, where a general verdict conflicts with a special interrogatory designed to aid the Court in

---

[4] Fed. R. Civ. Proc. 49(b) provides in relevant part:

> **(1) *In General.*** The court may submit to the jury forms for a general verdict, together with written questions on one or more issues of fact that the jury must decide. The court must give the instructions and explanations necessary to enable the jury to render a general verdict and answer the questions in writing, and must direct the jury to do both.
> **(2) *Verdict and Answers Consistent.*** When the general verdict and the answers are consistent, the court must approve, for entry under Rule 58, an appropriate judgment on the verdict and answers.
> **(3) *Answers Inconsistent with the Verdict.*** When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may:
>> (A) approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict;
>> (B) direct the jury to further consider its answers and verdict; or
>> (C) order a new trial.

determining qualified immunity. *See Hundley v. District of Columbia*, 494 F.3d 1097, 1102-04 (D.C. Cir. 2007) (analyzing, under Rule 49(b), a claimed inconsistency between a general verdict on excessive force and a response to a special interrogatory used for determining qualified immunity);[5] *Warlick v. Cross*, 969 F.2d 303 (7th Cir. 1992) (similar). When courts have determined that apparent inconsistencies between a general verdict and special interrogatories cannot be reconciled — as is the case here — they have not hesitated to exercise their authority to override an inconsistent general verdict and enter judgment in conformance with the interrogatory answers. *See, e.g., Conte v. General Housewares Corp.*, 215 F.3d 628, 638-39 (6th Cir. 2000) (affirming district court's decision, pursuant to Rule 49(b), to enter judgment with augmented damages awards, notwithstanding the damages given in the general verdict, in order to conform to special interrogatory responses regarding each parties' negligence); *Stoddard v. School Dist. No. 1, Lincoln County, Wyo.*, 590 F.2d 829, 834 (10th Cir. 1979) (upholding the district court's entry of judgment under Rule 49(b) against three defendants in their individual capacities, notwithstanding the general verdict finding them not liable, where jury's special interrogatory answers found that the defendants acted with an impermissible purpose).[6] In light of this longstanding practice, commentators have observed that the "constitutionality of entering judgment on the basis of the answers to the interrogatories and

---

[5] In *Hundley*, as the District of Columbia's brief acknowledged, the "sole purpose" of the special interrogatory in question was to "assist the trial court in determining qualified immunity." *See* Response and Reply on Behalf of District of Columbia and Marcus Gaines at *1, *Hundley v. District of Colombia*, 494 F.3d 1097 (D.C. Cir. 2007).

[6] *See also, e.g., Ingrum v. Nixa Reorganized School Dist. R-2*, 966 F.2d 1232, 1233 (8th Cir. 1992) (finding inconsistency between general verdict against defendant and interrogatory response regarding causation, and concluding that the "the district court did not commit any error when it found that the special interrogatory is inconsistent with the general verdict. We affirm the entry of judgment notwithstanding the verdict in accordance with Fed.R.Civ.P. 49(b)."); *Wayne v. New York Life Ins. Co.*, 132 F.2d 28, 36 (8th Cir. 1942) (holding that district court erred in not correcting inconsistency in verdict; amending judgment to increase general verdict's award of unpaid insurance benefits to conform to interrogatory responses, and noting, "Having in mind the jury's answer to Interrogatory No. 4, it is clear that it endeavored to follow the court's instructions but through carelessness, inadvertence, or mistake it made an error…").

disregarding an inconsistent general verdict seems beyond question." Wright & Miller, § 2513 & n.5.

### B. Because the Jury's Interrogatory Answers Finding that Ramirez Used Excessive Force are Irreconcilably Inconsistent with its General Verdict on Battery, Judgment Should be Entered in Accordance with the Interrogatories and Thus Against Ramirez for Battery.

Here, the jury's special interrogatory answers finding that Ramirez used excessive force against Mazloum irreconcilably conflict with its general verdict finding that Ramirez did not commit battery. As established by the case law, the jury instructions, and the District's concessions, the legal standards governing excessive force and battery are co-extensive, and there is therefore no "reasonably possible" account of the evidence that could reconcile the jury's contrary findings on these two claims. *See Los Angeles Nut House v. Holiday Hardware Corp.* 825 F.2d 1351, 1353 (9th Cir. 1987) ("When there is an inconsistency between a general verdict and a written interrogatory, if reasonably possible we resolve the inconsistency in favor of sustaining the judgment.").

*First,* the D.C. Circuit and D.C. Court of Appeals have held that excessive force and battery claims are legally co-extensive. For example, in *Hundley*, the D.C. Circuit held that "[a]n officer's unreasonable use of force violates the Fourth Amendment. . . . Such an unreasonable use of force also is an assault and battery under D.C. law." 494 F.3d at 1101 (citations omitted). Likewise, the D.C. Court of Appeals has stated that, "excessive force 'is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties.'" *Holder v. District of Columbia,* 700 A.2d 738, 742 (D.C. 1997) (citing *District of Columbia v. Tinker,* 691 A.2d 57, 64 (D.C. 1997)).

*Second,* the jury instructions confirm that a finding of excessive force logically dictates a finding of battery. The jury was properly instructed that a police officer uses "excessive force"

in effectuating an arrest if the amount of force he used was "greater" than that a "reasonable officer would have employed." *See* Jury Instructions, p. 45-46. Likewise, the jury was instructed that a police officer commits battery when he "unlawfully and intentionally touches or uses force on another person in a harmful, offensive, or insulting way." *Id.* at 35. A police officer succeeds on an affirmative defense to battery if he shows that he used an amount of force "reasonably necessary" to carry out a lawful act. *Id.* at 37. In fact, the jury instruction on that defense was entitled "Assault and/or Battery—*Excessive Force* in Doing Lawful Act." *Id.* at 36 (emphasis added). Thus, although the verbal formulations of the excessive force and battery standards differ, an officer is liable under both standards where he uses more force than is reasonable. And it logically follows that an officer found to have committed an act of excessive force is also liable for battery for that same act.[7]

*Finally*, Defendant Ramirez and the District have already conceded in filings in this Court and in the D.C. Circuit that Mazloum's excessive force and battery claims are co-extensive. *See* Mem. in Supp. of Def. Anthony Ramirez's Mot. for J. Notwithstanding the Verdict, at 17 (discussing the similarity between the two standards and stating that the "jury's finding that there was no battery directly and effectively dictates the conclusion that there was no excessive force"); Mot. by the District of Columbia Appellants To Hold Briefing Schedule in Abeyance or in The Alternative for an Extension of Time, at 3 (arguing that the "district court's ruling that Mazloum failed to present a prima facie claim of common law assault and battery against the three appellants here [Defendants Phillips, Modlin, and Schneider] should dispose of the constitutional excessive force claims against them arising from the same facts. If there was

---

[7] In fact, it is easier for a plaintiff to establish battery, since with respect to battery, the officer carries the burden of proving that the force he used was reasonably necessary and thus privileged, while a plaintiff alleging excessive force carries the burden of proof on that point.

no unreasonable force under the common law, the constitutional excessive force claim should fall as a matter of law.") (attached).[8]

Thus, in light of the legal standards governing excessive force and battery, the proper instructions given to the jury, and the District's concessions on this issue, it is clear that there is an irreconcilable inconsistency between the jury's interrogatory answers finding that Ramirez employed unconstitutional excessive force and its general verdict finding that he did not commit battery. Given this conflict, this Court should hold, in accordance with Rule 49(b) and/or Rule 59(e), that the special interrogatory answers control over the general verdict; that the general verdict on battery should be set aside and/or amended; and that judgment should be entered against Ramirez and the District of Colombia for battery.

## II.   Alternatively, the Court Should Grant a New Trial on the Battery Claim.

Alternatively, if the Court does not enter judgment against Ramirez and the District on Plaintiff's assault and battery claim, then, at a minimum, the Court should grant a new trial on that claim under Fed. R. Civ. P. 59(a), because the jury's finding of no liability on that claim represents a "seriously erroneous result" and a "clear miscarriage of justice" in light of the trial evidence and the jury's special interrogatory findings of excessive force, which should have precedence. *See Hudson v. District of Columbia*, 517 F. Supp. 2d 40, 46 (D.D.C. 2007) (noting that a Rule 59 motion should be granted "where the court is convinced that the jury verdict was a 'seriously erroneous result' and where denial of the motion will result in a 'clear miscarriage of justice'") (quoting *Sedgwick v. Giant Food Inc.*, 110 F.R.D. 175, 176 (D.D.C. 1986)).

---

[8] Plaintiff intends to appeal the Court's determination that there was insufficient evidence offered at trial that Defendants Phillips, Modlin, and Schneider committed battery. Plaintiff contends that there was sufficient evidence to authorize a jury to conclude that these officers committed battery, as well as excessive force, based on their actions towards Mazloum upon finding him pinned to the ground by Mr. Persons. Indeed, the jury specifically found that the "off-duty officers forced Mr. Mazloum across the floor and roughly handled him with excessive force." (Docket Entry # 204.)

There is ample reason to conclude under the circumstances that the jury's battery verdict was seriously erroneous in light of its contrary Section 1983 verdict. The jury's special interrogatories indicate the jurors' reasoned view, based upon the evidence adduced at trial, that Ramirez violently and improperly man-handled Mazloum in the course of removing him from the interior of the Nightclub. The Plaintiff's own testimony, corroborated by unrebutted eyewitness testimony of two witnesses, Imad Alkadi and Marwan Abi-Aad, established that (i) Ramirez kicked and/or struck Mazloum once they were outside the Nightclub, and (ii) Ramirez (or potentially one of the other off-duty officers)[9] struck Mazloum at the bottom of the stairs leading out of the Nightclub as well, in the course of attempting to handcuff Mazloum. Given such a glaring inconsistency, it would be unjust to permit the inconsistent claims to stand — especially since the District appears prepared to try to exploit the inconsistency and use it as an improper basis to assert qualified immunity with respect to the jury's verdict that Ramirez engaged in an unconstitutional use of excessive force.

## CONCLUSION

For the reasons stated above, the Court should enter judgment for Mazloum and against Ramirez and the District of Colombia for battery, or, alternatively, grant a new trial on that claim. Plaintiff requests oral argument regarding this motion.

Dated: June 6, 2008       /s/ Warren K. Kaplan
                          Susan Huhta (Bar No. 453478)
                          Warren K. Kaplan (Bar No. 034470)
                          Washington Lawyers' Committee for
                          Civil Rights and Urban Affairs

---

[9] Mazloum testified that he saw an individual (whose identity he did not know at that precise moment) strike him while he was at the bottom of the stairs leading off the dance floor, and that later (once he saw Ramirez's face outside the Nightclub) he realized this person was in fact Ramirez. Abi-Aad testified that he saw a fist raised and then swung, in a striking motion, while Mazloum was being held down to be handcuffed; he admitted he did not see the punch connect, but he logically assumed that it had after he saw Mazloum's bruised and battered face.

11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036
Ph: (202) 319-1000
Fax: (202) 319-1010
Susan_Huhta@washlaw.org
Warren_Kaplan@washlaw.org

Brian H. Corcoran (Bar No. 456976)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C. 20007
Ph: (202) 625-3500
Fax: (202) 298-7570
Brian.Corcoran@kattenlaw.com

Attorneys for Plaintiff
Emile Mazloum