UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

EMILE MAZLOUM,

      Appellee,

v.                                        No. 07-7169

DISTRICT OF COLUMBIA, *et al.*,

      Appellees,

THADDEUS MODLIN, *et al.*,

      Appellants.

MOTION BY THE DISTRICT OF COLUMBIA APPELLANTS
TO HOLD BRIEFING SCHEDULE IN ABEYANCE
OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME

    The District of Columbia appellants (Richmond Phillips, Thaddeus Modlin, and Louis Schneider) move to hold the briefing schedule in this interlocutory appeal in abeyance pending further proceedings in the district court that may moot this appeal. In the alternative, if the Court declines to hold briefing in abeyance, the appellants move for a 30 day enlargement of time to June 26, 2008, to file their brief here.

    Counsel for Emile Mazloum indicated that they oppose this motion in its entirety.

Background

    This case arises from an incident on the evening of March 11, 2005, at the FUR Nightclub in the District of Columbia. Emile Mazloum was a patron at the club that evening. The three appellants here, off-duty, plain-clothed MPD officers, were also patrons at the club that evening. There was an altercation involving Mazloum, the appellants, another off-duty officer named Anthony Ramirez, and a FUR bouncer named Michael Persons. The off-duty officers

physically removed Mazloum from the club.

Mazloum brought this lawsuit alleging, *inter alia*, constitutional and common law claims that he was arrested without probable cause and that the police used excessive force against him in the course of the arrest. He claimed that they dragged him across the floor of the nightclub while pushing him and hitting him in the back and that Officer Ramirez punched him in the face, breaking his nose.

The three appellants here, Phillips, Modlin, and Schneider, moved below for summary judgment on the constitutional claims on the ground of qualified immunity because they had probable cause to arrest Mazloum, or at least did not violate any clearly established right in doing so, based on their perception that Mazloum was assaulting the bouncer, and because the undisputed facts showed that they used only reasonable force. The district court denied that motion finding that, based on Mazloum's version of events, the off-duty officers subjected Mazloum to an unprovoked assault. See *Mazloum v. District of Columbia Metropolitan Police Dep't*, 522 F.Supp.2d 24, 33-35 (D.D.C. 2007).

The three appellants noted this interlocutory appeal. This Court denied Mazloum's motion for summary affirmance. The appellants' brief is due May 27, 2008.

This lawsuit recently proceeded to trial in the district court on the claims not at issue in this interlocutory appeal, including common law claims of assault and battery against the three appellants. On April 28, 2008, at the close of the plaintiff's case-in-chief, the district court granted the three appellants judgment as a matter of law on the assault and battery claims against them. The court found there was no evidence that they assaulted or battered Mazloum except for dragging him across the floor as they removed him from the club, and they did so with the

minimal amount of force necessary since Mazloum was struggling with them. The court cited *Etheredge v. District of Columbia*, 635 A.2d 908 (D.C. 1993) (police officer has qualified privilege to use reasonable force to effect arrest).

## Discussion

The Court should hold further briefing here in abeyance pending further proceedings in the trial court that may moot this appeal.

The district court's ruling that Mazloum failed to present a prima facie claim of common law assault and battery against the three appellants here should dispose of the constitutional excessive force claims against them arising from the same facts. If there was no unreasonable force under the common law, the constitutional excessive force claim should fall as a matter of law.

Common law assault and battery claims related to arrests "turn on 'whether the officer's conduct was reasonably necessary and thereby privileged.'" *Smith v. District of Columbia*, 882 A.2d 778, 791 (D.C. 2005), quoting *Holder v. District of Columbia*, 700 A.2d 738, 742 (D.C. 1997). The common law and the Fourth Amendment both require that "the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and the "calculus of reasonableness" must allow for the fact that police officers have to make split-second judgments about the amount of force necessary in a particular situation. *Etheredge v. District of Columbia*, 635 A.2d at 916 and n.10 (D.C. 1993), quoting *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). See also *Rogala v. District of Columbia*, 161 F.3d 44, 57 (D.C. Cir. 1998) (standard of reasonableness under common law similar to excessive force standard under Constitution). See also *Scott v. District of Columbia*, 101

F.3d 748 (D.C. Cir. 1996). Accordingly, under the facts here, the dismissal of the common law assault and battery claims requires dismissal of the related constitutional claims as a matter of law.

The appellants are preparing a post-judgment motion to file with the district court. That motion is due May 16, 2008, under Fed. R. Civ. P. 50(b) and 59(b), although the district court is allowing memoranda in support of such motions to be filed in June. See attached Order. One of the issues the appellants intend to raise is that they are entitled to judgment as a matter of law on Mazloum's constitutional claims of excessive force in light of the dismissal of his common law claims of assault and battery arising from the same facts. If the district court indicates a willingness to grant the District's motion on this issue, the District will ask this Court to remand the case to the district court to allow a final judgment to be entered in favor of the appellants, as provided in *Smith v. Pollin*, 194 F.2d 349, 350 (1952).

Thus, the Court should hold briefing in abeyance in this appeal pending resolution of appellants' post-judgment motion below because resolution of that motion may moot this interlocutory appeal.

In the alternative, if the court denies this motion, the District requests a 30 day extension from May 27, 2008, to June 26, 2008, to file its brief here. This extension is warranted in light of the press of numerous other appeals involving the District of Columbia in this Court and the District of Columbia Court of Appeals, detracting from the time government counsel has to work on this case.

## Conclusion

The Court should hold further briefing in abeyance here pending resolution of the appellants' post-trial motion in the district court or, in the alternative, enlarge the time to June 26, 2008, to file the appellants' brief.

                        Respectfully submitted,

                        PETER J. NICKLES
                        Interim Attorney General of the District of Columbia

                        TODD S. KIM
                        Solicitor General

                        DONNA M. MURASKY
                        Deputy Solicitor General

                        */s/ Mary L. Wilson*
                        MARY L. WILSON
                        Senior Assistant Attorney General
                        Office of the Solicitor General

                        Office of the Attorney General
                        One Judiciary Square
                        441 4th Street N.W. 6th Floor South
                        Washington, D.C. 20001
                        (202) 724-5693

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed, postage prepaid, May 9, 2008, to:

Brian H. Corcoran
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St NW
Suite 700 East Lobby
Washington DC 20007

Susan E. Huhta
Warren R. Kaplan
Washington Lawyers' Committee for
    Civil Rights and Urban Affairs
11 Dupont Circle NW Suite 400
Washington DC 20036

_/s/ Mary L. Wilson_
MARY L. WILSON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendants. | Civil Action No. 06-0002 (JDB) |

## SCHEDULING ORDER

Pursuant to the jury verdict entered on May 6, 2008, and the Court's reconsideration of the requirements of Fed. R. Civ. P. 50(b) & 59(b), it is hereby **ORDERED** that the parties shall file any post-trial motions by not later than May 16, 2008 as required by those rules. Any <u>memoranda</u> in support of or in opposition to those motions, however, shall be filed according to the following briefing schedule:

1. Defendants shall file any memoranda in support of their post-trial motions by not later than June 6, 2008.

2. Plaintiff shall file his memoranda in opposition thereto by not later than June 20, 2008.

3. Defendants shall file any reply memoranda by not later than June 27, 2008.

**SO ORDERED.**

                                                 /s/
                                      JOHN D. BATES
                               United States District Judge

Dated:  May 7, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**MAY 0 6 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EMILE MAZLOUM,

Plaintiff,

v.

DISTRICT OF COLUMBIA, et al.,

Defendants.

Civil Action No. 06-0002 (JDB)

### VERDICT FORM

THE JURY MUST UNANIMOUSLY AGREE ON THE ANSWERS TO ALL OF THE QUESTIONS. THE COMPLETED VERDICT FORM MUST BE SIGNED AND DATED BY THE FOREPERSON.

### SECTION I -- LIABILITY

**Part A -- Claims Against Michael Persons**

1. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Persons is liable for assault?

    Yes _____    No ___✓___

2. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Persons is liable for battery?

    Yes ___✓___    No _____

**Part B -- Claims Against Anthony Ramirez**

1. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez is liable for assault?

    Yes _____    No ___✓___

2. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez is liable for battery?

    Yes _____    No ___✓___

3. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez deprived Mr. Mazloum of his constitutional rights to be free from unlawful arrest or the use of excessive force under the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983?

   Yes __✓__        No _____

4. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez discriminated against Mr. Mazloum on the basis of his race, in violation of 42 U.S.C. § 1981?

   Yes _____        No __✓__

5. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Ramirez discriminated against Mr. Mazloum on the basis of actual or perceived race, appearance, religion, or national origin in violation of the D.C. Human Rights Act?

   Yes _____        No __✓__

**Part C -- Claims Against Thaddeus Modlin**

1. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Modlin discriminated against Mr. Mazloum on the basis of his race, in violation of 42 U.S.C. § 1981?

   Yes _____        No __✓__

2. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Modlin discriminated against Mr. Mazloum on the basis of actual or perceived race, appearance, religion, or national origin in violation of the D.C. Human Rights Act?

   Yes _____        No __✓__

**Part D -- Claims Against Richmond Phillips**

1. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Phillips discriminated against Mr. Mazloum on the basis of his race, in violation of 42 U.S.C. § 1981

   Yes _____        No __✓__

2. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Phillips discriminated against Mr. Mazloum on the basis of actual or perceived race, appearance, religion, or national origin in violation of the D.C. Human Rights Act?

    Yes _____    No ___✓___

**Part E -- Claims Against Louis Schneider**

1. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Schneider discriminated against Mr. Mazloum on the basis of his race, in violation of 42 U.S.C. § 1981?

    Yes _____    No ___✓___

2. Did Mr. Mazloum prove by a preponderance of the evidence that Mr. Schneider discriminated against Mr. Mazloum on the basis of actual or perceived race, appearance, religion, or national origin in violation of the D.C. Human Rights Act?

    Yes _____    No ___✓___

### SECTION II -- DAMAGES

If you have found in favor of Mr. Mazloum on any of his claims, you must consider what amount of damages, if any, is appropriate:

1. Damages against Anthony Ramirez for unlawful arrest or the use of excessive force under 42 U.S.C. § 1983
    Compensatory: $ __5,000__
    Punitive: $ __25,000__

2. Damages against Anthony Ramirez for assault or battery
    Compensatory: $ _____
    Punitive: $ _____

3. Damages against Michael Persons for assault or battery
    Compensatory: $ __5,000__

4. Damages for discrimination in violation of 42 U.S.C. § 1981
    Compensatory: $ _____
    Punitive against Anthony Ramirez only: $ _____

5. Damages for discrimination in violation of the D.C. Human Rights Act:
    Compensatory: $ _____
    Punitive against Anthony Ramirez only: $ _____

-3-

### SECTION III -- SPECIAL INTERROGATORIES

If you have found in favor of Mr. Mazloum on any of his federal civil rights claims against Mr. Ramirez, Mr. Modlin, Mr. Phillips, or Mr. Schneider -- that is, if you answered "yes" to Questions 3 or 4 in Section I, Part B, or Question 1 in Section I, Parts C, D, or E -- you must answer the following special factual interrogatories.

DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT:

1. Prior to the intervention by the off-duty officers in the incident between Mr. Mazloum and Mr. Persons, Mr. Mazloum had engaged in any conduct that warranted the involvement of the police?

    Yes __✓__   No _____

2. Mr. Persons initiated the physical contact with Mr. Mazloum?

    Yes __✓__   No _____

3. Mr. Mazloum was pinned to the ground prior to the intervention by the off-duty officers?

    Yes __✓__   No _____

4. The off-duty officers witnessed the start of the interaction between Mr. Mazloum and Mr. Persons?

    Yes _____   No __✓__

5. Mr. Mazloum was a threat to the safety of the off-duty officers before they were involved in the incident?

    Yes _____   No __✓__

6. Mr. Mazloum was a threat to the safety of other persons at the FUR Nightclub before the off-duty officers became involved in the incident?   *except insofar as he and Mr. Persons were scuffling.*

    Yes _____   No __✓__

7. The off-duty officers clearly announced that they were District of Columbia police officers in the presence of Mr. Mazloum in the area of the stage?

    Yes _____   No _____

*We find by a preponderance of the evidence that the DC police identified themselves but we also find that Mr. Mazloum may not have heard them.*

-4-

8. The off-duty officers clearly announced that they were District of Columbia police officers in the presence of Mr. Mazloum in the area of the stairs to the tunnel?

   Yes _____    No _____ *we find that the DC police identified themselves but we also find that Mr. Mazloum may not have heard them.*

9. Mr. Mazloum resisted the off-duty officers' attempts to remove him from the FUR Nightclub?

   Yes ✓    No _____

10. The off-duty officers dragged and hit Mr. Mazloum? *we find by a preponderance of the evidence that the off-duty officers forced Mr. Mazloum across the floor and roughly handled him with excessive force.*

    Yes _____    No _____

11. Mr. Mazloum behaved in an intoxicated and disorderly manner toward the off-duty officers after they intervened?

    Yes ✓    No _____

12. Mr. Ramirez punched Mr. Mazloum after Mr. Mazloum was handcuffed? *For 12, 13, 14, we find that Mr. Ramirez was overally aggressive with Mr. Mazloum and Mr. Ramirez employed excessive force against Mr. Mazloum*

    Yes _____    No _____

13. Mr. Ramirez kicked Mr. Mazloum after Mr. Mazloum was handcuffed?

    Yes _____    No _____

14. Mr. Ramirez slammed Mr. Mazloum's head on the sidewalk while Mr. Mazloum was handcuffed?

    Yes _____    No _____

15. Mr. Ramirez called Mr. Mazloum a "fucking al-qaeda"? *We, the jury cannot unanimously agree whether or not "fucking al-qaeda" was said by Mr. Ramirez. We do all unanimously agree that the entire incident was not racially motivated.*

    Yes _____    No _____

16. If your answer to question 15 is yes, do you find that defendants Modlin, Phillips, and Schneider heard Mr. Ramirez refer to Mr. Mazloum as a "fucking al-qaeda"?

    Yes _____    No _____

5/6/08
DATE

-5-