**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| EMILE MAZLOUM, | |
| Plaintiff, | |
| | C.A. No. 06-0002 (JDB) |
| v. | |
| DISTRICT OF COLUMBIA, *et al.*, | |
| Defendants. | |

**DEFENDANT ANTHONY RAMIREZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON PLAINTIFF'S BATTERY CLAIM OR, ALTERNATIVELY, MOTION FOR A NEW TRIAL**

Defendant Anthony Ramirez ("Ramirez"), by and through counsel, hereby opposes

Plaintiff's Motion for Judgment on Plaintiff's Battery Claim or, Alternatively, Motion for a New

Trial. In support thereof, this defendant states as follows:

**INTRODUCTION**

Plaintiff's Motion for Entry of Judgment or Motion for a New Trial asserts that the jury

verdict should be set aside or, in the alternative, a new trial granted because of the purported

conflict between the jury's finding that there was excessive force and the jury's finding that there

was no battery. If any conflict exists, the proper way to reconcile the conflict is that the jury's

excessive force finding should be set aside. The jury's special interrogatory answers and its

conclusion that there was no "battery" (a term that the jury equated with punching and kicking

but not excessive force in roughly forcing him across the floor) make clear that the basis for the

excessive force finding was the same conduct that the Court previously concluded was

insufficient to establish liability against the off-duty officers – *i.e.*, roughly removing Mr.

Mazloum across the floor to remove him from the club as he resisted arrest, not the punching and kicking that the plaintiff alleged but that the jury did not find. Moreover, those same interrogatories and the same battery verdict make clear that, as defendants' motion for judgment explains in greater detail, defendant Ramirez is entitled to qualified immunity on the excessive force claim, and a qualified privilege on the battery claim. *See* Docket Entry # 210.

Plaintiff also offers no serious basis for a new trial as an alternative form of relief. Reformation of either verdict would obviate the need for a new trial because the damages for battery are the same as the damages for excessive force that the jury found. And in the event that the Court concludes that neither verdict should be reformed, it makes no sense to assert that a "miscarriage of justice" to plaintiff would result from a verdict that there was excessive force but no battery. To the contrary, a new trial on battery would be completely pointless because the plaintiff could not recover additional damages beyond those recovered for the excessive force claim. Plaintiff's motion should therefore be denied.

## STATEMENT OF FACTS

This case arose out of an alleged racially motivated beating sustained by plaintiff while he was at Fur Nightclub on March 11-12, 2005. On April 23, 2008, the jury trial commenced on plaintiff's claims against defendant Anthony Ramirez, a former D.C. Metropolitan Police Department officer, for assault and battery under common law, false arrest and excessive force pursuant to 42 U.S.C. § 1983, discrimination on the basis of race in violation of 42 U.S.C. § 1981, and discrimination on the basis of actual or perceived race, appearance, religion, or national origin in violation of the D.C. Human Rights Act, D.C. Official Code §§ 2-1401.01, *et seq*. Plaintiff's claims for assault and battery, discrimination on the basis of race in violation of 42 U.S.C. § 1981, and discrimination on the basis of actual or perceived race, appearance,

religion, or national origin in violation of the D.C. Human Rights Act were tried against

defendants Richmond Phillips, Thaddeus Modlin and Louis Schneider, D.C. Metropolitan Police

Department officers.  Plaintiff's claim for assault and battery against defendant Anthony Persons

was also tried before the jury.

At the close of plaintiff's case-in-chief, this Court granted defendants Phillips, Modlin

and Schneider's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a)(1) on

plaintiff's claims against them for assault and battery.  The Court found that defendants Phillips,

Modlin and Schneider had a qualified privilege to remove plaintiff from the FUR Nightclub, and

that at the time of the incident plaintiff was resisting his removal from the club.

At the close of the evidence, the jury received its instructions, as well as a set of special

interrogatories to answer, the answers to which would aid the Court in its determination of

defendant Ramirez's qualified immunity defense.  The jury was instructed to answer either "yes"

or "no" to the special interrogatories.

During deliberations, the jury questioned whether their answers to the special

interrogatories had to be unanimous.  They were instructed that while their verdict had to be

unanimous, if they could not answer "yes" or "no," they could answer in some other format as

long as their verdict was unanimous.  They were also told that any special interrogatory that the

jury could not unanimously answer, even in another format, could be left unanswered.  *See* Jury

Note and Instruction, at Docket Entries 200-201.

On May 6, 2008, the jury returned a verdict in favor of defendants Phillips, Modlin and

Schneider on plaintiff's § 1981, and DCHRA claims.  The jury returned a verdict in favor of

plaintiff and against defendant Persons on the assault and battery claim.  Lastly, the jury found in

favor of defendant Ramirez on all counts against him, save for the single count of false arrest or

excessive force pursuant to 42 U.S.C. § 1983.  The jury found that plaintiff had engaged in

conduct that warranted the involvement of the police, was intoxicated, behaved in a disorderly

manner, and resisted the off-duty officers' attempts to remove him from the FUR Nightclub.

However, the jury also found that defendant Ramirez was overly aggressive with plaintiff and

employed excessive force against him in violation of plaintiff's constitutional rights as he

removed plaintiff from the Fur Nightclub.   *See* Docket Entry #204, Verdict Form.

        The jury awarded compensatory damages in the amount of $5,000.00 against defendant

Persons, and $5,000.00 in compensatory damages and $25,000.00 as punitive damages.  *See*

Court Docket #204.  On May 6, 2008, the jury verdict form was docketed.  *See* Docket Entry

#204*.*  On May 9, 2008, the Clerk docketed the judgments.  *See* Docket Entries ##206-208.

        By Order, dated May 7, 2008, the Court ordered that post-trial motions be filed by May

16, 2008, memorandums in support of the motion be filed no later than June 6, 2008, oppositions

be filed by June 20, 2008, and Reply memorandums be filed by June 27, 2008.  See Docket

Entry # 205.  By Minute Entry, dated May 14, 2008, the Court ordered that post-trial motions be

filed by May 20, 2008.

        On May 20, 2008, defendants Ramirez, Phillips, Modlin and Schneider filed a motion for

judgment as a matter of law on the excessive force or false arrest claims pursuant to 42 U.S.C. §

1983. *See* Docket Entry #210.  Pursuant to LCvR 7(a), these defendants also filed their

Memorandum of Points and Authorities in support of their Rule 50 motion.  *Id.*

        On May 20, 2008, plaintiff filed his motion for a new trial on his assault and battery

claim against both defendants Anthony Ramirez and Michael Persons.  Plaintiff did not attach

his memorandum of points and authorities as required by LCvR 7(a).  Instead, on May 20, 2008,

plaintiff filed his memorandum of points and authorities in support of his post-trial motion.

Within his motion, plaintiff argues that the jury's verdict was irreconcilably inconsistent with its finding that defendant Ramirez was liable under 42 U.S.C. § 1983, for excessive force. Plaintiff abandoned his request for a new trial against defendant Persons. For the reasons set forth below, plaintiff's motion for a new trial must be denied.

## ARGUMENT

**I.**     **Plaintiff is Not Entitled to Judgment Against Defendant Ramirez on the Battery Claim.**

Plaintiff argues that he is entitled to judgment on his battery claim against defendant Ramirez because the jury's verdict is "irreconcilably inconsistent." Specifically, plaintiff argues that because the jury found in favor of plaintiff on his § 1983 claim against defendant Ramirez, then the jury also should have found for plaintiff on the battery claim. As set forth below, the verdict is not "irreconcilably inconsistent" and a new trial is not mandated.

Battery is defined as the unlawful and intentional touch or use of force on another person in a harmful, offensive, or insulting way. *See* Standardized Jury Instructions for the District of Columbia, Instruction 19-3. A police officer's defense to a claim of battery is the privilege to use reasonable force. *See Jackson v. District of Columbia*, 412 A.2d 948, 955-56 (D.C. 1980). Just as the Court determined that defendants Phillips, Modlin, and Schneider did not commit an assault and battery on plaintiff because they had a right to remove him from the nightclub as he resisted his removal, the jury also found that defendant Ramirez had the same right to remove plaintiff from the nightclub.

Plaintiff specifically built his case on three alleged instances of battery: 1) that defendant Ramirez punched him after he was handcuffed, 2) that defendant Ramirez kicked him after he was handcuffed, and 3) that defendant Ramirez slammed his head on the sidewalk after he was

handcuffed.  At trial, plaintiff swore under oath that he had not participated in any conduct that

justified the intervention of the police, that he was not intoxicated, and that the defendant officers

punched, kicked and beat him while he was handcuffed.  It is clear from the jury's verdict that it

rejected and/or did not credit plaintiff's full version of the events.  Instead, the jury found that

plaintiff engaged in conduct that warranted police involvement, and rejected plaintiff's claim that

defendant Ramirez punched, kicked or beat him while he was handcuffed.[1]  See Docket Entry

#4.

Plaintiff argues that the jury's finding of excessive force is contrary to its finding of

battery.  While the jury found that defendant Ramirez had the right to touch plaintiff to carry out

a lawful act, the jury also found that defendant Ramirez engaged in excessive force by being

"overly aggressive" with the plaintiff.  This finding cannot justify an entry of judgment against

defendant Ramirez for battery as there is no specific factual evidence that was accepted by the

jury to support a finding of battery.  Absent evidence that the removal of plaintiff from the

premises as he resisted removal was against police practices of removing intoxicated persons

from a premise as he resists removal, no jury could find the commission of a battery.

In fact, at the close of plaintiff's case-in-chief, this Court granted defendants Phillips,

Modlin and Schneider's motion for judgment as a matter of law pursuant to Fed. R. Civ. P.

50(a)(1) on plaintiff's claims against them for assault and battery.  The Court found that

defendants Phillips, Modlin and Schneider had a qualified privilege to remove plaintiff from the

FUR Nightclub.  The Court found that at the time of the incident which gave rise to this lawsuit,

plaintiff was resisting his removal from the club.  Defendant Ramirez is entitled to the same

---

[1] The jury's rejection of plaintiff's battery claims against defendant Ramirez was no doubt aided by co-defendant Persons' own admission under oath that *he* was the individual who punched plaintiff in the face and bloodied his nose before defendant Ramirez even arrived at the scene.

qualified privilege granted to defendants Phillips, Modlin and Schneider by this Court.  As found

by this Court and this jury, at the time of the incident, plaintiff was resisting his removal from the

nightclub.  The jury found that he was intoxicated and engaged in conduct that warranted police

involvement.  See Jury Verdict Form, Docket #204.  Because the jury rejected plaintiff's version

of events, i.e., that defendant Ramirez kicked and punched him as he was being removed from

the club in handcuffs, so must this Court find that defendant Ramirez did not commit an assault

and battery against plaintiff.  This finding is consistent with the jury's finding on the general

verdict form, and the Court's grant of defendants' Phillips, Modlin and Schneider's Rule 50

Motion on the assault and battery claim.

Plaintiff argues that the jury's special interrogatory responses control the general verdict

form.  See Pl.'s Motion at page 4.  As support, plaintiff relies upon a bankruptcy case, *Davis v.*

*Aetna Acceptance Co.,* 293 U.S. 328, 332 (1934).  In *Davis,* the trial court made a special finding

as follows: "The court finds that the defendant in this case was not actuated by willful, malicious

or criminal intent in disposing of the car in question." The reviewing court determined that in

that circumstance, the respondent was not helped by the later and general finding that the

petitioner was "guilty of legal conversion of the property, as described in the count in trover."

Citing *Walker v. New Mexico & S.P.R. Co.,* 165 U.S. 593, 598 (1967), "[t]he special controls the

general, just as upon the verdict of a jury.

According to *Walker*, "it is within the power of the legislature of a Territory to provide

that on a trial of a common law action the court may, in addition to the general verdict, require

specific answers to special interrogatories, and, when a conflict is found between the two, render

such judgment as the answers to the special questions compel."  As is clearly shown by the jury's

answers to the special interrogatories, plaintiff is not entitled to a new trial.

The jury's responses to the special interrogatories provided to it establishes that no

assault and battery can be found on this record. The jury unanimously found that plaintiff's own

acts instigated the incident. In special interrogatory no. 1, the jury was asked the following

question:

> Q.    Prior to the intervention by the off-duty officers in the incident between
> Mr. Mazloum and Mr. Person, Mr. Mazloum had engaged in any conduct
> that warranted the involvement of the police?

The jury answered in the affirmative. *See* Court Docket #204, Jury Verdict Form, Interrogatory

Answer No. 1. Thus, the jury found that plaintiff's actions warranted police involvement.

Furthermore, the jury found that plaintiff was involved in a scuffle with defendant Persons, and

he behaved in an intoxicated and disorderly manner toward the off-duty officers after they

intervened. *See* Court Docket #204, Jury Verdict Form, Interrogatory Answer Nos. 6 and 11.

The jury **also** found that plaintiff resisted the off-duty officers' attempts to remove him from the

Fur Nightclub. *See* Court Docket #204, Jury Verdict Form, Interrogatory Answer No. 9. When

asked whether defendant Ramirez punched, kicked or slammed plaintiff's head on the sidewalk,

the jury did not find that he committed these acts. Instead, the jury simply stated that

defendant Ramirez was overly aggressive with plaintiff and employed excessive force against

him. *See* Jury Verdict Form, Interrogatory Answer No. 10, 12, 13, and 14. Based on the jury's

answers to the special interrogatories, the Court can find as a matter of law that defendant

Ramirez did not commit a battery

Plaintiff largely relies on *Hundley v. District of Columbia,* 494 F.3d 1097 (D.C. Cir.

2007), for his argument that the jury's verdict is irreconcilably inconsistent. Plaintiff's reliance

on *Hundley* is misguided, and does not support his claim that the jury's verdict in this case is

"irreconcilably inconsistent". *Hundley* involved a shooting where the defendant officer testified

that he shot the plaintiff's decedent in self-defense. *Hundley,* 494 F.3d at 1101. In assessing the claims at the close of the evidence, the jury rejected the officer's self-defense claim, but nevertheless found in favor of the defendant officer on the assault and battery claim. *Id.* The *Hundley* Court found that the jury's verdict was inconsistent with its findings on the special interrogatories. *Id.* Because the officer claimed that his defense to shooting the decedent was self-defense which was rejected by the jury, the verdict finding that the officer did not commit a battery was inconsistent with its rejection of the officer's self defense claim. Therefore, the Court was within its authority to award a new trial. According to the Appellate Court, "[c]laims that a jury verdict is internally inconsistent impose a special obligation on the court to view the evidence in a manner that reconciles the verdicts if possible, and to grant a new trial if not." *Id., citing Smith v. District of Columbia,* 413 F.3d 86, 97 (D.C. Cir. 2005); *see Gallick v. Baltimore & Ohio R.R. Co.,* 3372 U.S. 108, 119 (1963) (courts have duty to harmonize jury's answers "if it is possible under a fair reading of them: Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.")

The *Hundley* case required the jury to make one of two findings: 1) either accept that the officer shot the plaintiff's decedent in self-defense, or 2) he shot plaintiff's decedent without justification. *Id.* The facts and circumstances of this case are starkly different from those confronted in *Hundley.* Unlike *Hundley* who admitted to shooting the decedent on the basis of self-defense, defendant Ramirez did not admit to punching, kicking or slamming plaintiff's head to the curb. While the jury rejected the officer's self defense claim in *Hundley,* the jury *accepted* defendant Ramirez's testimony as to why he touched plaintiff and sought to remove him from the nightclub. More importantly, the jury also accepted the defense witnesses' testimony that plaintiff was intoxicated and resisted removal from the nightclub.

Defendant Ramirez submits that the Court can reconcile the verdicts even based on the

jury's special interrogatory responses, and find as a matter of law that defendant Ramirez is not

liable for battery. Because plaintiff was intoxicated and resisted arrest, defendant Ramirez's

"aggressiveness" or use of additional force was reasonable in order to remove plaintiff from the

nightclub. *See Gabrou v. May Dep't Stores Co.,* 462 A.2d 1102, 1105 n. 4 (D.C. 1983), holding

plaintiff must establish that the force used was "clearly excessive." As shown by the jury's

special interrogatory responses, defendant Ramirez's use of force was not "clearly excessive,"

especially since the jury rejected plaintiff's claim that he was punched, kicked, and his head was

slammed on the curb. Accordingly, plaintiff's motion for a new trial should be denied.

II.    **A New Trial on Plaintiff's Assault and Battery Claim Would Be Futile Since the Issue of Damages Has Been Litigated And Plaintiff Would Not Be Entitled to Additional Damages**

Plaintiff seeks a new trial on his battery claim. However, a new trial on this claim

would be futile since the jury has already entered an award of compensatory damages on his

excessive force claim. *See* Jury Verdict Form, at Docket Entry 204. Plaintiff is not entitled to

double recovery. As shown by the trial evidence, plaintiff did not show that he incurred separate

damages under his battery theory of liability than under his excessive force theory of liability.

Instead, the damages proof was the same for each claim. *Standardized Civil Jury Instruction for*

*the District of Columbia,* Instruction 12-1, instructs the jury to award plaintiff a sum of money

which would fairly and reasonably compensate him for all the damage which he experienced

which was proximately caused by the defendant. Based on the evidence presented at trial, the

jury found that $5,000.00 was reasonable as compensatory damages, and $25,000.00 was

reasonable for punitive damages. Therefore, even if this Court granted plaintiff a new trial, he

could be awarded no more than the $5,000.00 that was awarded by the jury for compensatory

damages, or the $25,000.00 for punitive damages.  Therefore, plaintiff's request for a new trial

should be denied.

### III.    Plaintiff's Motion is Untimely

Fed. R. Civ. P. 50(b) and 59(e) mandate that the filing of a motion for judgment as a

matter of law or a motion to alter or amend the judgment **shall** be served not later than 10 days

after entry of the judgment. (Emphasis added).  As this Circuit has stated, "there is no doubt that

strict compliance is required." *Derrington-Bey v. District of Columbia Department of*

*Corrections,* 39 F.3d 1224, 1225 (D.C. Cir. 1994).  District courts do not have  the customary

discretion given by Fed. R. Civ. P. 6(b) to enlarge the Rule 50(b) or 59(e) period. *Id.*  In this

case, plaintiff's motion was untimely.  Judgment was entered on May 9, 2008.[2]  Rules 50(b) and

59(e) therefore required plaintiff to file the instant motion by May 20, 2008, as Ordered by this

Court.

While plaintiff filed a "placeholder" motion on May 20, 2008, that filing was insufficient

for two reasons.  First, the filing was non-compliant with LCvR 7(a), which provides that "[e]ach

motion **shall** include or be accompanied by a statement of the specific points of law **and**

**authority** that support the motion…"  (Emphasis added).  Plaintiff's filing on May 20, 2008,

neither included nor was accompanied by a statement of points of law **and** authority as required

by LCvR 7(a).  Under the framework of the federal and local rules, if plaintiff were to file a

compliant Rule 50 and/or 59(e) motion, then he had to have been filed the motion *in its entirety*

---

[2] The docketing of the verdict form on May 6., 2008, created some confusion as to when the post-trial motion was due, i.e. on May 20, 2008, if May 6, 2008, was the operative date, or by May 23, 2008, if May 9, 2008, was the operative date since the clerk entered judgment on that date.  However, by Court Order, the post-trial motion had to be filed by no later than May 23, 2008.  While the Court can shorten the time period for filings, it can not lengthen the time period for filing post-trial motions pursuant to Fed. R. Civ. P. 50 or 59.

by May 20, 2008.  Because plaintiff's filing did not comply with either Rule, it must be stricken

from the record.

The second reason that plaintiff's May 20, 2008, filing is insufficient as a "placeholder"

filing is because such filings are not permissible under the reasoning of *Feldberg v. Quechee*

*Lakes Corp.,* 463 F.3d 195 (2d Cir. 2006).  The *Feldberg* Court's concern regarding the

circumvention of Rule 6(b) is exactly what has come to light in this case, although under slightly

different circumstances.  In *Feldberg,* plaintiffs filed a placeholder motion which did not comply

with Fed. R. Civ. P. 7(b)(1).  The filing failed to give any indication of the grounds upon which

the motion was based.  The *Feldberg* Court held that the plaintiffs could not supplement a

"timely yet insufficient 'placeholder' Rule 59(e) motion" with a subsequent augmented filing

because it would "afford them an easy way to circumvent Rule 6(b)'s prohibition on granting an

enlargement of time for filing motions under Rule 59(e)."  *Feldberg,* 463 F.3d at 197.

In this case, plaintiff's filing circumvented LCvR 7(a) by failing to include the requisite

memorandum of points and authorities.  Plaintiff's late filing of his memorandum of points and

authorities has the effect of circumventing the Rule 6's prohibition that the Court can not  extend

the deadline for post-trial motions.  These defendants complied with the 10-day deadline

established by Fed. R. Civ. P. 50(b)[3] by timely filing their post-trial motion in its entirety.

However, plaintiff failed to properly comply with the same requirement.

While plaintiff relied on the Court's order that extended the period for filing

memorandums in support of the post-trial motion, the Court was without authority to extend the

filing deadline.  *See Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 402 (2d Cir. 2000)

(holding that the unique circumstances principle had no application to extensions of time

---

[3] The 10-day filing deadline under Rule 50(b) is the same as the deadline under Rule 59(e).  Moreover, the Rule 50(b) filing deadline also is exempt from extension under Rule 6(b).

prohibited by the Rules, and adopted by the parties and the Court).  These defendants argue that

the "unique circumstances principle" should also not apply in this case.  Just as these defendants

read the rules which required that memorandums **shall** be filed with any motion, plaintiff had a

duty to also read the rules and comply with those same rules.  Moreover, plaintiff was not

prevented from timely filing his memorandum of points and authorities in support of his motion.

Plaintiff cannot proffer any legitimate reason why the strict filing deadlines established by the

Rules should not apply to him.  Accordingly, plaintiff's motion must be stricken as untimely.

> Respectfully submitted,
>
> PETER J. NICKLES
> Interim Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
>
>    /s/ Patricia A. Jones
> PATRICIA A. JONES [428132]
> Chief, General Litigation Sec.  IV
>
>
>    /s/ Leticia L. Valdes
> MICHAEL P. BRUCKHEIM [455192]
> Chief, Criminal Section
> LETICIA L. VALDES [461327]
> Assistant Attorney General
> SHAMEKA L. GAINEY [493891]
> Special Assistant Attorney General
> 441 Fourth Street, N.W.
> Sixth Floor South
> Washington, D.C. 20001
> (202) 727-3807; (202) 442-9845; (202) 730-1881 (fax)

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

EMILE MAZLOUM,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

C.A. No. 06-0002 (JDB)

## ORDER

    Upon consideration of Plaintiff's Motion for Judgment on His Battery Claim or

Alternatively for a New Trial, defendant Anthony Ramirez's opposition thereto, and the record

herein, it is, this _____ day of _____, 2008;

    ORDERED; that Plaintiff's Motion for Judgment on His Battery Claim or Alternatively

for a New Trial is hereby denied for the reasons set forth in defendant Ramirez's opposition.


                                       _____

                                       Judge John D. Bates
                                       United States District Court Judge