UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, | ) |
| Plaintiff, | ) Civil Action No. 1:06 CV 00002 |
| | ) (JDB) |
| v. | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF
PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AGAINST
DEFENDANT RAMIREZ ON PLAINTIFF'S BATTERY CLAIM
OR, ALTERNATIVELY, FOR A NEW TRIAL ON THAT CLAIM**

Plaintiff Emile Mazloum ("Mazloum"), by his undersigned counsel, for his reply in support of his motion for (i) entry of judgment against Defendant Ramirez on Plaintiff's battery claim pursuant to Rule 49(b) and/or Rule 59(e); or, alternatively, (ii) a new trial on the battery claim pursuant to Rule 59(a), hereby states as follows:

Defendant Ramirez' opposition ("Ramirez Opp.") fails to rebut the key propositions that entitle Mazloum to entry of judgment on the battery claim, including the following: (1) as Ramirez has previously conceded, applying the law governing excessive force and battery, a finding that an officer committed excessive force logically entails a finding that the officer committed an unprivileged battery as well; (2) the jury's special interrogatory finding that "Mr. Ramirez employed excessive force against Mr. Mazloum" therefore squarely conflicts with its general verdict finding that Ramirez did not commit battery; (3) the principles under Rules 49(b) and 59(e) for interpreting general verdicts and special interrogatories govern the interpretation of

the verdict in this case; and (4) under those principles, special interrogatory findings control over a conflicting general verdict and courts have well-established authority to enter judgment in accordance with the special findings, "notwithstanding the general verdict."

Unable to rebut those propositions, Ramirez makes a series of erroneous arguments. First, he strains to read the special interrogatory answers to support a finding of no battery, and then asserts that the jury's no battery verdict could be justified on a narrow (but completely incorrect) understanding of the jury instructions. However, as explained below and in Plaintiff's opposition to Ramirez' Rule 50 motion, Ramirez makes these arguments in direct contravention of the clear principles governing the interpretation of verdicts. Second, Ramirez is incorrect in his contention that the Court's briefing schedule was somehow contrary to law and rendered Mazloum's memorandum in support of his motion untimely.

The Court should accordingly enter judgment for Mazloum on the battery claim or, alternatively, grant a new trial on that claim.

I.  **The Jury's Finding Of Excessive Force In Its Special Interrogatory Responses Conflicts With Its General Verdict on Battery And Warrants Entry Of Judgment In Mazloum's Favor On Battery**

There can be no serious question that—under both the case law defining battery and excessive force and the jury instructions in this case—a finding that Ramirez committed "excessive force" necessarily entails the conclusion that he committed an unprivileged battery. *See* Mem. in Support of Plaintiff's Motion for Entry of Judgment Against Def. Ramirez on Plaintiff's Battery Claim ("Pl. Mem.") at 7-9. With regard to both claims, an officer is liable—even if acting to effectuate a lawful purpose, such as making an arrest—if he uses more force than is objectively reasonable.[1]  Ramirez in fact acknowledged the co-extensiveness of these

---

[1] Ramirez incorrectly states that Mazloum must show that Ramirez' use of force was "clearly excessive" in order to establish battery. Ramirez Opp. at 10. As the decision Ramirez cites makes clear, the stricter "clearly excessive"

claims in his brief in support of his Rule 50 motion (even if he drew the opposite conclusion). *See* Mem. in Supp. of Def. Anthony Ramirez's Mot. for J. Notwithstanding the Verdict, at 17 (discussing the relevant case law and jury instructions and arguing: "The jury's finding that there was no battery directly and effectively dictates the conclusion that there was no excessive force.").

Ramirez has opportunistically backtracked from that position, now arguing that there is no "irreconcilable inconsisten[cy]" between the jury's general verdict of no battery and its special interrogatory finding of excessive force. Ramirez Opp. at 5. Ramirez, however, offers no coherent theory that explains away this square contradiction. Each of Ramirez' efforts is unpersuasive.

Ramirez halfheartedly argues that the special interrogatory responses actually *support* a finding of no battery. *Id.* at 8 ("The jury's responses to the special interrogatories provided to [the jury] establishes that no assault and battery can be found on this record."). But this argument avoids the most telling of the jury's special interrogatory findings. The jury squarely and unequivocally found, in its own words, that "Mr. Ramirez employed excessive force against Mr. Mazloum." *See* May 6, 2008 Verdict, Response to Interrogatory No. 12-14 (Docket Entry #204). This interrogatory response must be evaluated in light of the well-established principle that a verdict must be interpreted in accordance with the jury instructions. *See, e.g.*, *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) ("[W]e review the consistency of the jury's verdict 'in light of the instructions given.'"). By finding that Ramirez engaged in excessive force, the jury plainly found (as the Court instructed the jury with respect

---

standard only applies to claims of common law *assault* (*i.e.*, threatened touching or force). *See Gabrou v. May Dep't Stores Co.*, 462 A.2d 1102, 1105 n.4 (D.C. 1983) ("Appellant's burden is somewhat higher on his assault claim; to prevail on that claim he would have to demonstrate that the threatened use of force was 'clearly excessive.'"). As reflected in the jury instructions, a claim of privilege to *battery* will not succeed where the force used was merely "excessive" to the needs presented. *Id.* at 1105.

to the relevant law) that the "amount of force" that Ramirez used "was greater than a reasonable officer would have employed" under "similar circumstances." Jury Instructions, at 46 (defining excessive force). Because special interrogatory findings control over a contrary general verdict (a legal principle that Ramirez never disputes), the jury's special interrogatory finding of excessive force logically dictates a finding that Ramirez committed a battery on Mr. Mazloum and that that battery was unprivileged, *i.e.* that Ramirez "used . . . more force than was reasonably necessary to do an otherwise [allegedly] lawful act." *Id.* at 36 (describing privilege to battery).

Despite the jury's clear special finding of excessive force, Ramirez desperately argues that the *other* interrogatory answers support the conclusion that his battery of Mazloum was privileged. But Ramirez' interpretation sets the interrogatory answers at war with one another and thus flatly contravenes the Court's duty to *harmonize* the answers if at all possible. *See, e.g., Gallick v. Baltimore and Ohio R.R. Co.*, 372 U.S. 108, 119 (1963) "[I]t is the duty of the courts to attempt to harmonize the answers, if it is possible under a fair reading of them: 'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.' We therefore must attempt to reconcile the jury's findings, by exegesis if necessary.") (internal citations omitted).[2] As explained at length in Mazloum's opposition to Ramirez' Rule 50 motion, there exists not only a plausible—but a probable—interpretation of the jury's interrogatory answers that harmonizes all the answers, including the finding of excessive force that Ramirez studiously avoids. *See* Pl. Br. in Opp. to Defendants' Mots. for Judgment as a Matter of Law, at 29-33.

---

[2] Under Rule 49(b)(4), if the Court concludes that the jury's interrogatory answers are *internally* inconsistent and cannot be harmonized, the Court's only option would be to grant a new trial. Judgment cannot be granted for one party or another because, in the event of a conflict, there is no basis for privileging one interrogatory answer over another.

Contrary to Ramirez' self-serving interpretation, the interrogatory answers can be readily harmonized. The jury found that Persons not only initiated the contact with Mazloum, but also that he had Mazloum pinned to the ground when the police officers intervened (Questions 2 and 3). That would have provided the officers no grounds to believe that *Mazloum* was engaged in criminal conduct. The jury found that the physical altercation itself and Mazloum's initial attempts to break free from Persons may have "warranted the involvement of the police" (Question 1), particularly given that it was occurring in a crowded nightclub. But the jury did not find that Mazloum engaged in any *criminal* conduct, nor did Ramirez ask that the jury be instructed on the elements of any crimes that Mazloum was supposedly engaged in at the time he was pinned by Persons or at any other time. Thus, as this Court previously held, "these facts do not justify the use of *any* force against [Mazloum] since he had engaged in no culpable conduct." *Mazloum v. District of Columbia Metropolitan Police Dep't*, 522 F. Supp. 2d 24, 34-35 (D.D.C. 2007). And although the jury found that Mazloum resisted and acted disorderly in response to the off-duty officers' conduct towards him (Questions 9, 11), jury could have plausibly concluded—and, indeed, most likely did conclude—that Mazloum legitimately attempted to defend himself against the use of excessive force and that such defense does not somehow render the original use of excessive force reasonable. *See also DeGraff v. District of Columbia,* 120 F.3d 298, 302 (D.C. Cir. 1997); *Dixon v. Richer*, 922 F.2d 1456, 1463 (10th Cir. 1991).[3]

Moreover, the interrogatory answers can be further harmonized in light of the fact that, under the jury instructions, the jury's finding that Ramirez engaged in excessive force

---

[3] This conclusion is bolstered by the jury's finding that Mazloum may not have heard the off-duty officers identify themselves as such (Questions 7-8). Moreover, the jury's finding that Mazloum was "intoxicated" (Question 11) does not help Ramirez as he claims given the utter absence of any finding that this intoxication led Mazloum to commit criminal conduct. And, of course, even an intoxicated person is permitted to defend himself against unidentified attackers.

necessarily means that the jury believed that Ramirez used objectively greater force than was necessary *in the circumstances*—whatever those circumstances might be. *See* Jury Instructions, at 46 (defining excessive force and explaining *Graham* factors for evaluating reasonableness, including any criminal conduct, threat, or resistance on the part of the plaintiff). Thus, even if Ramirez were correct in his aggressive, self-serving interpretation that the jury found that Mazloum engaged in wrongful conduct, the jury necessarily concluded that Ramirez used force in *excess* of that which was necessary in light of that conduct.[4] That is the essence of an *excessive* force finding—and it logically follows that Ramirez' battery was not privileged. *See* Jury Instructions, at 36 (jury must find battery if Ramirez "used . . . more force than was reasonably necessary to do an otherwise lawful act").

Thus, while Ramirez studiously ignores the jury's special finding of excessive force and urges the most aggressive interpretation possible of all the other interrogatory responses, a plausible interpretation exists that harmonizes *all* the answers. Once harmonized, those answers are in irreconcilable conflict with the jury's general verdict on battery and thus mandate entry of judgment in Mazloum's favor on battery.[5]

Ramirez also seems to argue that one way to reconcile the divergent findings on battery and excessive force is for this Court to assume that the jury "equated" battery with "punching and kicking" and that the jury found that such acts of violence did not occur. Ramirez Opp. at 1.

---

[4] In fact, the majority of excessive force cases appear to involve plaintiffs who engaged in suspicious or criminal conduct, including resistance to a legitimate arrest. It is thus clear that criminal conduct in no way excuses excessive force. *See, e.g.*, *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004); *Jones v. Buchanan*, 325 F.3d 520, 529, 5432-534 (4th Cir. 2003); *see also* Pl. Br. in Opp. to Defendants' Mots. for Judgment as a Matter of Law, at 17-18.

[5] Ramirez also suggests that the jury's special findings warrant a finding of no battery *as a matter of law*. Ramirez Opp. at 8. It is well established, however, that whether there is legally sufficient evidence to support a claim is unaffected by the jury's actual findings on that claim. *See, e.g.*, *Chaney v. City of Orlando, Fl.*, 483 F.3d 1221, 1227 (11th Cir. 2007); *Mosley v. Wilson*, 102 F.3d 85, 89 (3d Cir. 1996). Taking the evidence in the light most favorable to Mazloum, there is ample evidence to support a reasonable jury's finding of battery. *See Hudson v. District of Columbia*, 517 F. Supp. 2d 40, 45 (D.D.C. 2007) (describing standard for judgment as matter of law).

But this supposition is not warranted when the standards for interpreting verdicts are properly applied. *First*, as explained in Mazloum's opposition to Ramirez's Rule 50 motion, the jury's response to questions 12-14 ("For 12, 13, 14, we find that Mr. Ramirez was overly aggressive with Mr. Mazloum and Mr. Ramirez employed excessive force against Mr. Mazloum.") is best interpreted to mean that the jury found that Ramirez engaged in at least one such act of violence (punch, kick, head slam) but could not unanimously agree on the particular act that occurred. *See* Pl. Br. in Opp. to Defendants' Mots. for Judgment as a Matter of Law, 32.  Ramirez' assertion that the jury found that none of these acts occurred is plainly incorrect given that the jury was instructed to answer all questions "yes" or "no" as to which it had a unanimous answer (Docket Entries #200-201); the jury did not answer these questions "no" and thus did not find that these events did not occur.

*Second,* Ramirez' assertion that the jury "equated" battery with a punch or a kick fails for another reason.  While a court may parse ambiguous interrogatory questions and answers in a way that resolves an apparent inconsistency in the verdict,[6] a court *may not* resolve an inconsistency by assuming that the jury misapplied the jury instructions defining the claims in question, *see, e.g.*, *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) ("[W]e review the consistency of the jury's verdict 'in light of the instructions given.'").  Here, the jury was properly instructed that it was required to find Ramirez liable for battery if he "unlawfully and intentionally touche[d] or use[d] force on another person in a harmful, offensive, or insulting way," subject only to Ramirez' affirmative defense that that harmful or offensive touching was privileged.  Jury Instructions, at 35.  The instructions plainly *did not*

---

[6] *See, e.g., Gallick*, 372 U.S. at 119 (reconciling answers by positing that "[t]he answer to Question 20 thus might mean simply that while an insect bite was foreseeable, there was no reason to anticipate a 'mishap' or 'injury' from such a bite"); *Barnhart v. Dollar Rent A Car Sy. Inc.*, 595 F.2d 914, 918 (3rd Cir. 1979) (reconciling answers by assuming that the reference to the "contract" in one interrogatory question was to the written contract, while the same reference in the other interrogatory question was to the alleged oral modification).

require the jury to find a particular kind of harmful or offensive "touching" to find battery—any such touching would suffice, such as handcuffing, manhandling, leg sweeping, etc. Given the jury's special finding of excessive force, the jury necessarily found that Ramirez engaged in some form of unprivileged harmful or offensive touching.[7]

## II. Ramirez Is Incorrect In Arguing That A New Trial On This Claim Would Be "Completely Pointless"

Mazloum has moved in the alternative for a new trial of the battery claim because the jury's finding of no battery constitutes a "seriously erroneous result" and a "clear miscarriage" of justice in light of the trial evidence and special interrogatory findings. *See Hudson v. District of Columbia*, 517 F. Supp. 2d 40, 46 (D.D.C. 2007). Ramirez argues that a new trial on battery (and presumably an amended verdict on battery) would be "completely pointless" and "futile since the jury has already entered an award of compensatory damages on his excessive force claim [and] Plaintiff is not entitled to double recovery." Ramirez Opp. at 2, 10. Mazloum, however, does not now seek compensatory and punitive damages for battery in addition to those already awarded for the Section 1983 claim, but he is nevertheless legally entitled to entry of judgment on the battery claim, in conformance with the interrogatory answers.[8] And, contrary to Ramirez, a battery judgment in favor of Mazloum would not be "pointless" or "futile." Such a battery judgment would be valuable in the (hopefully unlikely) event that this Court or the Court of Appeals finds that Ramirez is entitled to qualified immunity on both excessive force and

---

[7] Although it need not be speculated as to how the jury could have found no battery yet also found excessive force, one likely explanation is that the jury misunderstood the instruction that "you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim—he is only entitled to be made whole again, not to recover more than he lost." Jury Instructions, at 47. It is likely that the jury did not know how to avoid awarding a double recovery for the same injury (*e.g.*, it did not know whether to award damages for only claim, or divide damages between the two claims, etc.), so the jury simply voted against one of the claims.

[8] In the event of a retrial, however, Mazloum reserves his right to argue that his constitutional and common law injuries are separate and that he can recover separately for each.

unlawful arrest and thus strips Mazloum of his Section 1983 verdict. The battery judgment would thus be an independent basis for supporting the compensatory and punitive damages award the jury has already returned. Additionally, judgment against Ramirez on battery would also require judgment against the District on conceded respondeat superior grounds, and a judgment running against two defendants is more valuable than a judgment running against just one. Thus, Ramirez' "futility" argument is both legally irrelevant and incorrect on its own terms.

### III.   Mazloum's Memorandum of Law Was Not Untimely Under This Court's Briefing Schedule

Finally, having little to say on the merits, Ramirez makes the last-ditch assertion that Mazloum's memorandum of law in support of his post-trial motion—which Ramirez *admits* was timely filed under the Court's briefing schedule[9]—was nevertheless untimely because the Court acted unlawfully in setting that briefing schedule. Putting aside the fact that the defendants did not raise this alleged illegality when the Court set the briefing schedule—instead choosing to stay silent, perhaps because they also saw the benefit of additional time given the burdens of trial and indeed *requested the additional time themselves*—this argument is patently meritless.

Ramirez does not dispute that Mazloum's motion satisfied the 10-day limitation set out in Fed. R. Civ. P. 59(e), but instead argues that Mazloum violated Local Rule 7(a), which states that "each motion shall include or be accompanied by a statement of the specific points of law and authority that support that motion." But it is axiomatic that courts have broad discretion to enter briefing schedules—particularly in the absence of any objection or claim of prejudice—that call for motions and memoranda in support of those motions to be filed at separate times. *See* Fed. R. Civ. P. 6(b)(1) (court may extend the time to act with or without motion if it does so before

---

[9] On May 7, 2008, the Court set a briefing schedule requiring that post-trial motions be filed by May 16, 2008; memoranda in support be filed by June 6, 2008; oppositions be filed by June 20, 2008; and reply memoranda be filed by June 27, 2008. (Docket Entry #205). On May 14, 2008, the Court made a minute entry ordering that post-trial motions be filed by May 20, 2008.

the original time limit expires); *see also Institute for Policy Studies v. U.S. Central Intelligence Agency*, 246 F.R.D. 380 (D.D.C. 2007) (recognizing that court's power under Fed. R. Civ. P. 6(b) applies to the Local Rules).  And even if such commonly granted briefing schedules are viewed as a "departure" from Local Rule 7(a)—which itself strains credulity—the Court plainly had the authority to exercise its discretion to so depart here, which it did as a reasonable accommodation to the parties.  *See Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (emphasizing the "great deference we owe district courts in what are effectively their 'case-management decisions'"); *United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 215 (3d Cir. 2000) (noting widespread recognition that a district court possesses "inherent discretion" to depart from Local Rules); *Wight v. BankAmerica Corp.*, 219 F.3d 79 (2d Cir. 2000).

## CONCLUSION

For the reasons given in Mazloum's memorandum of law and his opposition to Ramirez' Rule 50 motion, and those stated above, the Court should enter judgment for Mazloum and against Ramirez and the District of Columbia for battery, or, alternatively, grant a new trial on that claim.  Plaintiff requests oral argument regarding this motion.


Dated:  July 3, 2008            ___/s/ Susan Huhta_____
                                Susan Huhta (Bar No. 453478)
                                Warren K. Kaplan (Bar No. 034470)
                                Roberto J. Gonzalez (Bar. No. 501406)
                                Washington Lawyers' Committee for
                                Civil Rights and Urban Affairs
                                11 Dupont Circle, NW
                                Suite 400
                                Washington, D.C.  20036
                                Ph: (202) 319-1000
                                Fax: (202) 319-1010
                                Susan_Huhta@washlaw.org

Warren_Kaplan@washlaw.org

David Gonen (Bar No. 500094)
Katten Muchin Rosenman LLP
1025 Thomas Jefferson St., NW
Suite 700 East Lobby
Washington, D.C.  20007
Ph: (202) 625-3500
Fax: (202) 298-7570
David.Gonen@kattenlaw.com

Attorneys for Plaintiff
Emile Mazloum