**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>_____) | C.A. No.: 06-002 (JDB) |

**DEFENDANTS ANTHONY RAMIREZ, THADDEUS MODLIN, RICHMOND PHILLIPS AND LOUIS SCHNEIDER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORAL ARGUMENT ON THE PARTIES' POST-TRIAL MOTIONS**

Defendants Anthony Ramirez, Thaddeus Modlin, Richmond Phillips and Louis Schneider (hereinafter "defendants"), by and through counsel, hereby oppose plaintiff's Motion for Oral Argument on the Parties' Post-Trial Motions. In support of their opposition, these defendants state as follows:

**I.    PRELIMINARY STATEMENT**

After becoming intoxicated at a night club, initiating a fight, and then refusing to leave the establishment when asked to do so by those in authority, plaintiff filed this case against the herein-named defendants. Beginning with an extensive period of discovery during which time plaintiff took almost 20 depositions, followed by a 10-day trial that concluded on May 6, 2008, the jury decided that the individually named defendants did not commit an assault and battery on plaintiff as he claimed, and the only alleged excessive force was the rough handling of plaintiff, who was intoxicated, as he was resisting removal from the nightclub. Se Jury Verdict Form, at Docket Entry # 204.

1

This is a fee shifting case under 42 U.S.C. § 1983. See Amended Complaint, at Docket # 110. This case has been fully briefed and litigated. As more fully argued below, there is no real basis to entertain plaintiff's motion for an oral hearing. Therefore, these defendants respectfully request that this Court exercise its discretion and deny the plaintiff's motion.

## II.    ARGUMENT

LCvR 7(f) states that "a party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the court." In this instance, defendants respectfully submit that this Court should exercise its discretion and deny the plaintiff's motion. Plaintiff's reasons for the hearing are not compelling. Plaintiff first argues that the motions implicate the public interest in vindicating Fourth Amendment rights against "unwarranted police intrusion." This statement directly contradicts the jury's finding that plaintiff's actions *warranted* police involvement. Clearly, the public would not be concerned with vindicating the alleged Fourth Amendment rights of an individual who, in the jury's view, was untruthful about the amount of alcohol he consumed, his own role in the incident, and the role and actions of the named defendants. In fact, there was **no finding** that defendant Ramirez or the other defendants wantonly punched, beat or kicked the plaintiff as he lay defenseless, as the plaintiff claimed. See Verdict Form at Docket Entry # 204.

Plaintiff's argument that an oral hearing would allow him to respond to the alleged "new" arguments in defendants' reply brief is also without merit. The defendants' arguments in their reply brief are not "new." As set forth in their motion and reply brief, and as supported by case law, defendant Ramirez can only be held liable for his actions, not the actions of the other named defendants. Conversely, the other named defendants cannot be held liable for defendant Ramirez' claimed actions. The arguments contained in these defendants' Reply brief, do just

that; reply to the arguments made in plaintiff's opposition. *See* Reply brief, at Docket Entry # 220.

To the extent plaintiff believed that the defendants' Reply brief contained "new" arguments, he could have moved for leave to file a sur-reply, but opted not to do so. He should not be rewarded with an opportunity for oral argument in a matter which clearly doesn't warrant it. The grant of a party's request for an oral hearing is not mandatory. In fact, it is within the sound discretion of the Court. See LCvR 7(f). An oral hearing on the parties' cross-motions simply isn't necessary, and would unjustifiably add legal fees to a case that has already been thoroughly briefed and argued before this Court at various stages of litigation of this case. Accordingly, defendants respectfully request that this Court deny plaintiff's motion.

WHEREFORE, these defendants request that plaintiff's Motion for Oral Argument on the Parties' Post-Trial Motions be denied.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

    /s/ Michael P. Bruckheim
MICHAEL P. BRUCKHEIM [455192]
Chief, Criminal Section
LETICIA L. VALDES [461327]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 727-3807; (202) 442-9845; (202) 727-6295;
(202) 741-8599 (fax); (202) 730-1881 (fax)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILE MAZLOUM, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 06-002 (JDB) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **ORDER**

Upon consideration of plaintiff's Motion for Oral Argument on the Parties' Post-Trial Motions, defendants Anthony Ramirez, Thaddeus Modlin, Richmond Phillips and Louis Schneider's Memorandum of Points and Authorities in Opposition thereto, and the record herein, it is this ___ day of _____, 2008,

ORDERED: Plaintiff's Motion for Oral Argument on the Parties' Post-Trial Motions is hereby DENIED for the reasons set forth in defendants Anthony Ramirez, Thaddeus Modlin, Richmond Phillips and Louis Schneider's opposition.

_____
Judge John D. Bates
U.S. District Court for the District of Columbia