**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMILE MAZLOUM, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et. al.*, <br><br> Defendants. | Civil Action No. 01:06 – CV 00002 (JDB) |

### DEFENDANT RAMIREZ'S CONSENT MOTION TO VACATE JUDGMENT AGAINST HIM

Defendant Anthony Ramirez, by and through counsel, herein moves by consent, and pursuant to Fed. R. Civ. P. 7, LCvR 7, 60(b)(5) and/or 60(d), to have this Court vacate the judgment entered against him on May 9, 2008; however, this defendant requests that the Court hold this Motion in abeyance until he and Plaintiff Mazloum file a joint praecipe pursuant to their settlement agreement reporting that Plaintiff Mazloum has received the settlement Payment.

As reasons therefore, this defendant states as follows:

1.  On May 6, 2008, a jury entered a verdict against defendant Ramirez for false arrest and/or use of excessive force against plaintiff Emile Mazloum on or about March 12, 2005, pursuant to 42 U.S.C. § 1983.  *See* Docket Entry #204.  The judgment was docketed on May 9, 2008.  *See* Docket Entry #207, 208.

2.  Conversely, the jury found in favor of this defendant on plaintiff's other claims, including his claims for assault and battery, discrimination on the basis of race in violation of 42 U.S.C. § 1981, and discrimination based on race, appearance, religion, or

national origin in violation of the D.C. Human Rights Act. *See* Docket Entry #204. At all times during the alleged incident, this defendant was working within the scope of his employment.

3. Fed. R. Civ. P. 60(b)(5) provides that "the court may relieve a party … from a final judgment [or] order…for one of the following reasons: (5) the judgment has been … released…or (6) any other reason that justifies relief." Similarly, Rule 60(d) gives this Court other powers to grant relief from judgment. In fact, the court has authority to "entertain an independent action to relieve a party from a judgment, [or] order…."

4. Defendant Ramirez now moves, by consent, to have this Court vacate the judgment against him as plaintiff and the District of Columbia have entered a settlement to resolve all claims, including attorney fees and costs, against this defendant. The claims against this defendant arise from his employment as a police officer with the D.C. Metropolitan Police Department. The judgment entered by this jury not only negatively impacts upon this defendant's professional career, but his personal life as well. A balance of the equities in this case would suggest that since the parties consent to the relief requested, the motion should be granted. If this Court grants the relief herein requested, no party will suffer undue prejudice as plaintiff will recover the compensation awarded to him by the jury, and other relief agreed to by plaintiff and the District of Columbia.

5. Pursuant to the settlement agreement between the District and plaintiff, this defendant requests that the Court hold this Motion in abeyance until he and Plaintiff Mazloum file a joint praecipe pursuant to their Settlement Agreement reporting that

Plaintiff Mazloum has received the Settlement Payment. *See* Settlement Agreement filed under Seal.[1]

WHEREFORE, this defendant requests this Court hold this Motion in abeyance.

Respectfully Submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____*/s/* Patricia A. Jones_____.
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


_____*/s/* Dwayne C. Jefferson_____
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649 (202) 727-6295 p | (202) 741-0554 f
dwayne.jefferson@dc.gov

### 7(m) CERTIFICATION

In April 2010, and again on June 29, 2010, plaintiff agreed to the relief herein sought in this motion.


_____*/s/* Patricia A. Jones_____
Patricia A. Jones
Chief, General Litigation Section IV

---

[1] Plaintiff does not believe that filing the Settlement Agreement under seal is necessary.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EMILE MAZLOUM,

        Plaintiff,

        v.

DISTRICT OF COLUMBIA, *et. al.*,

        Defendants.

Civil Action No. 01:06 – CV 00002 (JDB)

### DEFENDANT RAMIREZ'S MEMORANDUM OF POINTS AND AUTHORITEIS IN SUPPORT OF HIS CONSENT MOTION TO VACATE JUDGMENT AGAINST HIM

This defendant submits this memorandum of points and authorities in support of his Motion to Vacate Judgment Against him and refers this Court to the following:

1. Fed. R. Civ. P. 7;
2. Fed. R. Civ. P. 60(b)(5);
3. Fed. R. Civ. P. 60(d);
4. LCvR 7;
5. Plaintiff's consent;
6. The Court's equitable powers.

        Respectfully Submitted,

        PETER J. NICKLES
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

     ____/s/ Patricia A. Jones_____.
     PATRICIA A. JONES [428132]
     Chief, General Litigation Sec. IV


     _____/s/  Dwayne C. Jefferson_____
     DWAYNE C. JEFFERSON [980813]
     Assistant Attorney General
     One Judiciary Square
     441 4th St., N.W., 6th Floor South
     Washington, D.C. 20001
     (202) 724-6649 (202) 727-6295 p | (202) 741-0554 f
     dwayne.jefferson@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| EMILE MAZLOUM,<br><br>        Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et. al.*,<br><br>        Defendants. | Civil Action No. 01:06 – CV 00002 (JDB) |

ORDER

Upon consideration of defendant Anthony Ramirez's Consent Motion to Vacate the Judgment Against Him, and the record herein, it is this ___ day of _____, 2010,

ORDERED: that the motion is hereby granted for the reasons set forth herein, and it is,

FURTHER ORDERED: that the judgment entered against defendant Ramirez on May 6, 2008, and docketed on May 7, 2008, is hereby vacated.

SO ORDERED.

                                                                                              _____
                                                                                              JUDGE JOHN D. BATES